IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON,               :
                                :
        Plaintiff,              :
                                :
    v.                          :    Civil Action No. 05-714-JJF
                                :
WARDEN CARROLL, CAPTAIN         :
SAGERS, and LT. FORBES,         :
                                :
        Defendants.             :

Devearl L. Bacon, Pro Se Plaintiff.

## MEMORANDUM OPINION

November 21, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Plaintiff, Devearl L. Bacon, a pro se litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, the Court will dismiss Plaintiff's forgery claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The Court, however, will not dismiss Plaintiff's remaining claims for violations of the First Amendment freedom of speech and the Fourteenth Amendment right to access the courts.

I.  **STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $7.87. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds Plaintiff's

---

[1]These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint

1

Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only

---

is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers, or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id.

## II. DISCUSSION

By his Complaint, Plaintiff alleges that his incoming and outgoing legal mail have been withheld or returned to the sender, that he has not been permitted to witness the opening of his legal mail, and that he has had to use other parties to send and receive legal mail. Plaintiff further contends that Superior Court Judge Del Pesco ordered verified hand-delivery to Plaintiff of an opinion and that someone at the Delaware Correctional Center ("DCC") forged the incorrect date on the envelope. The Court liberally construes Plaintiff's Complaint as alleging forgery and violations of the First Amendment freedom of speech and Fourteenth Amendment right to access the courts.

The Court concludes that Plaintiff has failed to establish a claim for forgery under Section 1983, and therefore, will dismiss the claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

---

[2]Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

In order to establish a claim under Section 1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived the plaintiff of a federally-secured right. Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). Allegations of forgery implicate only state law and not federally-secured rights. Taylor v. Denniston, 111 Fed. Appx. 864, 865 (8th Cir. 2004); DeAngelis v. Lynch, No. 87-4610, 1988 U.S. Dist. LEXIS 2142, at *2 (E.D. Pa. March 15, 1988). Accordingly, the Court will dismiss Plaintiff's forgery claim for failure to state a claim under Section 1983.

### III. CONCLUSION

Because Plaintiff has failed to establish a claim for forgery under Section 1983, the Court will dismiss that claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The Court will not dismiss Plaintiff's remaining claims for violations of the First Amendment freedom of speech and Fourteenth Amendment right to access the courts, because the Court concludes that they are not frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).