# Exhibit B

soon as he entered. (See 6-19-01 T.T. pgs. 25-27, 38, 46, 48-49; 55, 60-61, 65-66; 74) This robber also placed the gun barrel end directly to the forehead of the clerk, and, the right side of the temple of a customer.

In the 7-11 robbery, at the first sign of the noncompliance to his demands no shots are fired. The robber here was nervous, the gun being held sideways, and didn't stay still. Also, different was that this robber "didn't directly face [ ] it at us" as testified. This robber's request, (and how many different ways are there really to tell someone "gimme the loot") was different, he says, "give me all the money," and cusses at the clerks. (See 6-20-01 T.T. pgs. 47, 49-52, 60, 63, 70, 81.) And, he didn't rob any customers.

The contrasting facts are clear. The actual use of the gun firing off shots. The ordering of everybody on the floor. Placing the end of the gun barrel and sticking it to each victim's head. A calmness in his demeanor, no nervousness in his voice. The Star Liquors job was pulled-off by a professional bandit. Clearly, the tempo that he was in complete control of that robbery is evident down to the accommodation of a get away car.

Whereas, at 7-11, we have a nervous bandit, hand shaking as he holds the gun, he holds it sideways and never points it directly at any of the clerks despite their boldness in approaching him. He loses his cool, gets angry and cusses the clerks rather than being calm. He did not rob any customers either.

The character of these two robbers is probably about as different as could be if you have a gun and a robber performing a robbery at one of these convenience type stores. Moreover, these types of stores are particularly vulnerable to this kind of crime. They are usually staffed with one or two female clerks, and are natural targets for both professional and non professional bandits.

*Handwritten Grounds 1 & 2 lost in Delaware Correctional Center mail—will forward if received*

Ground Three:

Defendant incorporates the "Procedural History," the "Facts" sections above, as well as the pertinent facts and arguments surrounding Counsel's stipulation to defendant's status on the PDWPP counts that this Court relied on in its determination to deny Defendant's Motion for a Mistrial concerning the State's introduction of evidence that defendant

Devearl Bacon
221242 Unit 21-C-U-6, DCC
1181 Paddock Road
Smyrna DE 19977

April 11, 2005

The Honorable Susan C. Del Pesco
Superior Court
500 N. King Street
Wilmington, DE 19801

Re: Argument for Ground One and Argument for Ground Two for the insertion in Defendant's Reply to the States Response to Defendant's Motion for Post-Conviction Relief Under Rule 61 filed on January 10, 2205.

Dear Judge Del Pesco:

I would like to clarify the reason for the tardiness of Argument One and Argument Two. You will note by the attached envelope that the Arguments were mailed by Jeffrey Fogg on January 2, 2005. Jeffrey is the inmate who helped me write my Reply. After grievances were filed and much searching, someone discovered in an office the sealed envelope ready for mailing laying on top of a filing cabinet with papers on top of that. Therefore the envelope with the arguments did not get mailed to Mrs. Meyer who was doing the typing for me. Mrs. Meyer called your law clerk and explained what happened and she said just to mail the two arguments when received.

Also attached are the Exhibits A-E which were also enclosed in the envelope with the Arguments.

Mrs. Meyer's husband was in the hospital at the time she received the Arguments on March 17, 2005, that is why the additional delay in getting them to you.

Many thanks for your patience and consideration in this matter.

Respectfully submitted,

Devearl Bacon
Pro-se

The Honorable Susan C. Del Pesco
April 11, 2005
Argument for Ground One and Argument for Ground Two for the insertion in Defendant's Reply to the States Response to Defendant's Motion for Post-Conviction Relief Under Rule 61 filed on January 10, 2205.
Page 2



Enclosures
cc:   Prothonotary
      Edmund M. Hillis, Esquire
      Sean P. Lugg



IM. JEFFREY FOGG
SBI# 269794  UNIT 17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

JAN 31, 2005

J.P. MEYER
119 E DELAWARE CAVALIER CT.
MIDDLETOWN, DE 19977

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page     8
                         ( as of  08/08/2005 )

State of Delaware v.   DEVEARL L BACON                     DOB: 11/27/1969
State's Atty: SEAN P LUGG , Esq.         AKA: DEVERAL BACON
Defense Atty:                                 DAVID JOHNSON


        Event
No.     Date            Event                                    Judge
-------------------------------------------------------------------------
        DEFENDANT'S RESPONSE FILED. RE: POSTCONVICTION RELIEF.
        REFERRED TO JUDGE DEL PESCO
59      12/29/2004
        MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY ( PRO SE) FILED.
        REFERRED TO JUDGE DELPESCO
60      01/04/2005
        MOTION TO AMEND SUBISSUES OF GROUND ONE (RULE 61) FILED. PRO SE
        REFERRED TO JUDGE DEL PESCO.
61      01/06/2005
        MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY (PRO SE) FILED.
        REFERRED TO JUDGE DEL PESCO.
62      01/10/2005
        MOTION TO WITHDRAW DEFENDANT'S REPLY TO STATE'S RESPONSE FILED.
        FILED PRO SE
        REFERRED TO JUDGE DELPESCO
65      01/19/2005
        DEFENDANT'S LETTER FILED.
        LETTER ASKING TO STRIKE THE FIRST REPLY LETTER TO THE COURT FROM THE
        RECORD.  REFERRED TO JUDGE DEL PESCO.
66      02/15/2005
        DEFENDANT'S REQUEST FILED.
        COPY OF JURY INSTRUCTIONS
67      04/14/2005
        DEFENDANT'S RESPONSE FILED. RE: RULE 61
        REFERRED TO JUDGE DELPESCO
69      05/17/2005
        MOTION FOR LEAVE TO FILE DEFENDANT'S COMPLETE REPLY FILED.
        PRO SE
        REFERRED TO JUDGE DEL PESCO
68      05/18/2005
        STATE'S REPLY TO THE DEFENDANT'S MOTION FOR POST-
        CONVICTION RELIEF.
        REFERRED TO JUDGE DELPESCO
70      06/27/2005
        AFFIDAVIT OF TRIAL COUNSEL IN RESPONSE TO DEFENDANT'S MOTION FOR
        POSTCONVICTION RELIEF PURSUANT TO SUPERIOR  COURT CRIMINAL RULE 61
        FILED BY EDMUND HILLIS, ESQ
        REFERRED TO JUDGE DELPESCO
71      07/11/2005                                    DEL PESCO SUSAN C.
        LETTER/ORDER ISSUED BY JUDGE: DEL PESCO  TO: DEVEARL BACON.
        RE: RULE 61. ENCLOSED WITH THIS LETTER IS A COPY OF MR. HILLIS'
        AFFIDAVIT FILED WITH THE COURT IN RESPONSE TO YOUR MOTION FOR POST-
```

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page     9
                         ( as of   08/08/2005 )

State of Delaware v.  DEVEARL L BACON                       DOB: 11/27/1969
State's Atty: SEAN P LUGG , Esq.          AKA: DEVERAL BACON
Defense Atty:                                  DAVID JOHNSON

        Event
No.     Date          Event                                    Judge
-----------------------------------------------------------------------------
        CONVICTION RELIEF, IN WHICH YOU ALLEGE INEFFECTIVENESS ASSISTANCE OF
        COUNSEL AT YOUR TRIAL FOR ROBBERY AND RELATED CHARGES. MR. HILLIS
        CAUSED A COPY OF HIS AFFIDAVIT TO BE SERVED ON YOU AT D.C.C. AND JUNE
        27, 2005. PURSUANT TO RULE 61(G)(3) YOU NOW HAVE THE OPPORTUNITY TO
        ADMIT OR DENY(THE) CORRECTNESS OF MR. HILLIS' ASSERTIONS. IF YOU
        CHHOSE TO TAKE THIS OPPORTUNITY, YOUR RESPONSE SHALL BE FILED WITH THE
        PROTHONOTARY ON OR BEFORE MONDAY, JULY 25, 2005. IT IS SO ORDERED.
72      07/27/2005
        DEFENDANT'S RESPONSE FILED. PRO SE
        REFERRED TO JUDGE DELPESCO
73      08/05/2005
        DEFENDANT'S LETTER FILED. MR. BACON LETTER ASK IF THE DEFENDANT'S
        RESPONSE FILED IN APRIL 2005 WAS RECEIVED BY THE COURT.
        THE DOCKET INDICATES RESPONSE FILED.
        SENT COPY OF DOCKET

                *** END OF DOCKET LISTING AS OF  08/08/2005 ***
                        PRINTED BY: CSCAHAI
```

YOUR FILE COPY

Devearl Bacon
221242  DCC
1181 Paddock Road
Smyrna DE 19977

July  31 , 2005
[date]

PROTHONOTARY
Criminal Division
Superior Court
500 N. King Street
Wilmington, DE 19801

    Re:   Response Requested

Dear Sir:

    Did the Prothonotary's office receive the Defendant's Reply to the States Response to Defendant's Motion for Post-Conviction Relief Under Rule 61 that I filed in **April 2005** and **was it accepted by the Court**? I have not heard anything and I would appreciate knowing.

    Enclosed is a self-addressed stamped envelope for your reply.

    Thanking you in advance for your time and response in this matter.



Yours truly,

/s/
Devearl Bacon
Pro-se

Enclosure