Exhibit B

IV.  Retaliation

Plaintiff alleges that Defendants violated his First Amendment right to free speech by placing him in administrative segregation in retaliation for his having drafted a civil lawsuit against correctional officials. In order to prevail on a claim for retaliation in violation of First Amendment rights, a plaintiff must prove "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). The Third Circuit has adopted the burden-shifting framework articulated by the Supreme Court in Mount Healthy Bd. Of Ed. v. Doyle, 429 U.S. 274 (1977), which shifts the burden to prison officials to prove that their decision to take adverse action against the prisoner would have been the same, irrespective of the protected conduct, for reasons that are reasonably related to a legitimate penological interest. Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).

In the instant case, it is undisputed that Defendants' decision to place Plaintiff in administrative segregation was based on Plaintiff's confiscated document. Plaintiff contends the document was the draft of a lawsuit, while Officer McComb

7

contends that it was not a legal document, but rather handwritten threats against her. Specifically, Defendants contend that Plaintiff's document "presented a threat to the security or safety of the institution" (D.I. 88), and therefore, the decision to transfer Plaintiff was based on a legitimate penological interest. Viewing the facts in the light most favorable to the non-moving party, the Court concludes that Plaintiff's conduct, possessing a draft of a lawsuit document, was constitutionally protected. Here, Plaintiff was transferred to administrative segregation, brought back to his tier and housed among the general prison population, and then returned to segregation only days later. The Third Circuit has determined that, with respect to the adverse action requirement, confinement in administrative segregation can constitute adverse action. Szemple v. Talbot, 141 Fed. Appx. 52, 54-55 (3d Cir. 2005)(citing Allah v. Seiverling, 229 F.3d 220, 225-26 (3d Cir. 2000).

There is no question that "prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002)(citing Bell v. Wolfish, 441 U.S. 520, 547 (1979). Applying this principle however, the Court concludes that there is a genuine issue of material fact whether Defendants could

8

reasonably interpret Plaintiff's lawsuit draft document as a threat to the security and safety of the prison, and thus, whether Defendants had a legitimate penological interest in placing plaintiff in administrative segregation. Accordingly, the Court will deny Defendant's Motion For Summary Judgment with respect to Plaintiff's claim of retaliation.

## VI. Qualified Immunity

A public official is entitled to qualified immunity if the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Good v. Dauphin County Soc. Servs. For Children and Youth, 891 F.2d 1087, 1091 (3d Cir. 1989). A court confronted with a claim of qualified immunity must consider, first, whether the facts alleged, when taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If not, the inquiry ends, and the officer is entitled to qualified immunity. Id. If, however, a constitutional violation could be alleged when viewing the injured party's allegations favorably, the Court must next consider whether the right was clearly established. Id. For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v.

9

Creighton, 483 U.S. 635, 640 (1987). Knowledge of general concepts, however, is not enough. Rather, the "inquiry must be undertaken in light of the case's specific context, not as a broad general proposition." Saucier, 533 U.S. at 201-202.

Because the Court has concluded that Plaintiff has alleged a First Amendment violation, the Court turns to the second consideration: whether the right was clearly established. In this regard, the Court must determine whether a reasonable person in Defendants' or Officer McComb's position would have understood that they were violating Plaintiff's First Amendment rights. Defendants contend that a reasonable officer would not have known that Plaintiff's document, which included a Section 1983 form, was a legal document. Further, Defendants contend that for this reason an officer would not have known they were violating Plaintiff's First Amendment rights by placing him in administrative segregation. The Court concludes that, accepting Plaintiff's version of the facts, reasonable officials would have known that their conduct violated Plaintiff's rights. Accordingly, the Court concludes that Defendants are not shielded from liability under the doctrine of qualified immunity.

VII. Sovereign Immunity

It is well-established that Section 1983 claims for compensatory and punitive monetary damages against a state or a state official in his or her official capacity are barred by the

10

Eleventh Amendment of the United States Constitution. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989). As for state officials in their official capacities, the Supreme Court has further recognized that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." <u>Id.</u> at 71 (citations omitted). "In a suit against state officials in their 'personal' capacity, however, where the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment." <u>Melo v. Hafer</u>, 912 F.2d 628, 635 (3d Cir. 1990).

Here, Plaintiff alleges that Defendants are liable in their individual capacities and does not seek compensation from the State. Accordingly, the Court concludes that Plaintiff's claim is not barred by sovereign immunity under the Eleventh Amendment.

### CONCLUSION

For the reasons discussed, the Court will grant Defendants' Motion For Summary Judgment with respect to Plaintiff's ETS and denial of access claims. However, the Court will deny Defendants' Motion For Summary Judgment with respect to Plaintiff's claim of retaliation. An appropriate Order will be entered.

11