Exhibit 8

IN THE SUPREME COURT OF THE STATE OF DELAWARE

453 , 2005

PRO SE                                  DEVEARL L. BACON,
(DCC - #00221242)                          Defendant Below,
                                           Appellant,
                                        v.

L. C. MEYERS                            STATE OF DELAWARE,
                                           Plaintiff Below,
                                           Appellee.

DF $ 00.00

2005

| 1 | Sep | 27 | Notice of appeal from the order dated 8/29/05, in the Superior Court, in and for New Castle County, by Jugge Del Pesco, in Cr.ID No. 0006017660, without designation of transcript. (no service shown-copy sent) (eas) |
|---|---|---|---|
| 2 | Sep | 27 | Motion to proceed in forma pauperis by appellant. (no service shown-copy sent) (eas) |
| 3 | Sep | 27 | Order dated 9/27/05 by Clerk, appellant's motion to proceed in forma pauperis is GRANTED, limited only to waiver of docketing fee. (eas) |
| 4 | Sep | 27 | Brief schedule issued. (opening brief due 11/14/05) (eas) |
| 5 | Sep | 27 | Letter dated 9/27/05 from Senior Court Clerk to Prothonotary, record is due to be filed by 10/20/05. (eas) |
| 6 | Oct | 17 | Record as ordered. (eas) |
| 7 | Oct | 25 | Motion under Rule 15(b) by appellant. (served by mail 10/25/05) (eas) |
| 8 | Oct | 26 | Order dated 10/26/05 by Steele, C.J., appellant's opening brief and appendix are due 12/14/05. (eas) |
| 9 | Oct | 28 | Motion under Rule 14(d) by appellant. (served by mail 10/25/05) (eas) |
| 10 | Oct | 28 | Letter dated 10/26/05 from appellant to Senior Court Clerk, inquiring as to the status of his motion for extension of time. (docket sheet sent) (eas) |
| 11 | Nov | 01 | Order dated 11/1/05 by Steele, C.J., appellant's opening brief is not to exceed 45 pages in length (afb) |
| 12 | Nov | 22 | Motion under Rule 15(b) by appellant. (served by mail 11/20/05) (eas) |
| 13 | Nov | 28 | Order dated 11/28/05 by Berger, J., appellant's opening |

brief and appendix are due 1/16/05 (mjd)

14    Dec   20      Motion under Rule 15(b) by appellant.
                    (served by mail 12/18/05)(clh)

15    Dec   21      Order dated 12/21/05 by Holland, J., appellant's
                    opening brief and appendix are due 1/30/06. No further
                    extensions will be considered. (eas)

2006

16    Jan   20      Appellant's opening brief and attached exhibits (served
                    by mail 1/20/06) (afb).

17    Jan   23      Letter dated 1/19/06 from appellant to Clerk, inquiring
                    as to whether this Court has received his opening
                    brief. (docket sheet sent) (eas)

18    Jan   24      Letter dated 1/24/06 from Assistant Clerk to appellee
                    enclosing copy of appellant's opening brief and
                    advising that the answering brief is due 2/27/06 (afb).

19    Jan   30      Motion to Replace Handwritten Pages by appellant to be
                    deemed appellant's brief corrections. (served by mail
                    1/20/06) (eas)

20    Feb   02      Letter dated 1/31/06 from appellant to Assistant Clerk,
                    inquiring as to whether his Motion was received. (eas)
                    (docket sheet sent)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVEARL L. BACON | ) | |
| APPELLANT/DEFENDANT | ) | |
| | ) | |
| BELOW | ) | No. 453, 2005 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE | ) | COURT BELOW: SUPERIOR COURT |
| APPELLEE/PLAINTIFF | ) | OF THE STATE OF DELAWARE IN |
| | ) | AND FOR NEW CASTLE COUNTY |
| BELOW | ) | |

ON APPEAL FROM THE SUPERIOR COURT OF
THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

APPELLANT'S OPENING BRIEF

Loren C. Meyers, Esquire
Department of Justice
820 N. French Street
Wilmington, DE 19801

Devearl L. Bacon
221242
1181 Paddock Road
Smyrna, DE 19977

Date: _1 – 20 – 6_

## TABLE OF CONTENTS

Pages

Table of Authorities ............................................................................. ii-iii

Nature and Stages. ......................................................... ....................1-3

Statement of Facts .............................................................................. 4

Arguments:

    I.    Prejudicial Joinder of PDWPP (Prior Crime Evidence) Offenses Violated Due Process,
           and Caused Irreparable Damage Prejudicing Defendant's Right to a Fair Trial . . . . . . . . . . . . . . 6-11

    II.    Prejudicial Joinder of Charges Committed at Four Separate and Distinct Time and
           Locations Severely Prejudiced Defendant's Right to a Fair Trial . . . . . . . . . . . . . . . . . . . . . . . 11-21

    III.    Ineffective Counsel for Failure to Object to Introduction of Prior Bad Acts, on
           Request a Hearing (404) under DeShields v. State, Del. Supr. 706 A.2d 502 . . . . . . . . . . . . .21-27

    IV.    In-court Identification of Defendant by State Witness Dawn Smith Violated
           Defendant's Right to a Fair Trial, When There Was No "Independent Origin for
           this "In-Court Identification. Defense Counsel Was Ineffective for His Failure to
           Raise this Issue on Direct Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28-33

    V.    Ineffective Assistance of Counsel for Failure to Raise the Amendment to Defendant's
           Indictment Counsel Argues Prior to Trial. Defendant Is Prejudiced Because He Would
           Have Had More Favorable Review on Direct Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .33-37

    VI.    Prosecutorial Misconduct; Ineffective Assistance of Counsel for Failure to Identify
           and Raise this Super. Ct. Crim. Rule 16(A)(d) Discovery Violation Concerning a
           Videotape Made of Defendant's Statement at Police Station, Either During Trial
           or on Direct Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37-43

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44-45

\* Note: All Endnotes and Exhibits Are in Accord.

## TABLE OF AUTHORITIES

Allen v. State, 644 Aa.2d 982 (Del. 1984)......................................................9,13,27
Bacon v. State, No. 369, 2001 (Del.)..............................................................34
Bantum v. State, 85 A.2d 741 (Del. 1952)..........................................................12
Bates v. State, 386 A.2d 1139 (Del. 1978)......................................................12,18
Berryman v. Morton, 100 F.3d 1089 (3rd Cir. 1996)..............................................10,19
Bullock v. State, 775 A.2d 1043 N. 4 (Del. 2001).................................................9,26
Cobb v. State, 7, 65 A.2d 1252 (2001).............................................................9,26
Coffield v. State, 794 A.2d 588 (Del. 2002) ...................................................12,17,18
DeLuca v. Lord, 77 F.3d 528 (2nd Cir. 1996)........................................................19
DeShields v. State, 706 A.2d 502 (Del. 1998) ..........................................9,13,14,26,27,42
Drew v. US, 331 F.2d 85 N.12 ................................................................11,14,15,16,17
Farmer v. State, 698 A.2d 949 (1997) ...........................................................13,26
Flonnery v. State, 778 A.2d 1044 (Del. 2001) ....................................................8, 26
Getz v. State, 538 A.2d 726 (Del. 1988) .....................................................9, 14,23,27
Gilbert v. US, 388 US 263 (1967).................................................................31
Harley v. State, 534 A.2d 255 (Del. 1987).........................................................36
Hoey v. State, 689 A.2d 1177 (1997)..............................................................14
Holtzman, 718 A.2d 528 ........................................................................24,26
Howard v. State, 549 A.2d 692 (Del. 1988) ........................................................9,26
Jenkins v. State, 230 A.2d 262 (1967) ............................................................18
Johnson v. State, 550 A.2d 903.............................................................*24,40,41,42
Johnson v. US, 613 A.2d 1381 (D.C. App.1982).....................................................35
Johnson v. State, 711 A.2d 18 (1998)...........................................................34,36
Lyons v. Cotter, 770 F.2d 529 (5th Cir. 1985)......................................................19
Major v. State, 1995 WL 236658 (Del. Supreme) ...............................................9,26,33
Mallory v. State, 462 A.2d 1088 (1983)............................................................34
Manson v. Brathwaite, 432 US 96 at 122 (1977).....................................................28
McDonald v. State, 307 A.2d 796 (1973) ...........................................................12
McElroy v. US, 164 US 76 (1896)................................................................11,15
Milligan v. State, 761 A.2d 6 N. 6,7 (2000)........................................................9,26
Niel v. Biggers, 409 US 188 .....................................................................28
O'Conner v. State, 577 A.2d 754 (1990)........................................................11,12,14
O'Neal v. State, 691 A.2d 50 (Del.)...............................................................35
Pointer v. US, 151 US 396 (1894)..................................................................11
Pope v. State, 632 A.2d 73 N. 6, 7, 8 (1993).......................................................12
Roberts v. State, 1998 WL 231269 (Del.).........................................................34,35
Robinson v. State, 600 A.2d 356 (1991)............................................................36
Sawyer v. State, 634 A.2d 377 N.41 (Del. 1993).....................................................9
Scott v. State, 642 A.2d 767 (Del. 1994)...........................................................27
Sexton v. State, 397 A.2d 540 (Del. 1979)..........................................................7
State v. Dorsey, 2001 WL 1079013 (Del. Super.).....................................................9,26
State v. Green, 376 A.2d 424 (1977)...............................................................35
State v. Walls, 541 A.2d 591 (Del. Super. 1987) ....................................................7
State v. McKay, 382 A.2d 260 (Del. Super. 1978).................................................7, 25

State v. Minnick, 168 A.2d 93 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34,36
State v. Deedon, 189 A.2d 660 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
Strickland v. Washington, 466 U.S. 668 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,21
US v. Yizar, 956 F.2d 230 (11th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
US v. Willis, 759 F.2d 1486 (11th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .31
US v. Valenzuela-Bernall, 458 US 858 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21
US v. Gray, 878 F.2d 702 (3rd Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
US v. Myers, 892 F.2d 642 (7th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
Vela v. Estelle, 708 F.2d 954 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21
Walls v. State, 560 A.2d 1038 (Del. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28
Wiest v. State, 542 A.2d 1193 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,14
Wiggins v. Smith, 539 US 510 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10
Williams v. Washington, 59 F.3d 673 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
Williams v. Taylor, 529, US 391 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,21
Williamson v. State, 668 A.2d 95 (Del. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
Woodford v. Visciotti, 537 U.S. 19 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11,19,21
Wooters v. State, 625 A.2d 280[*5] (Del. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Younger v. State, 496 A.2d 546 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
Zimmerman v. State, 565 A.2d 887 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONSTITUTION AUTHORITIES
Article 1, Section 8 (Del.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

STATUTES AND RULES
Super. Ct. Crim. Rule 7(E). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
Superior Court Crim. Rule 16(A)(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40,41,42

DRE
401; 403; 608(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23
402, 404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
404 (A)(1) and (B); 608 (A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22,23,27
803(6) (8). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .40

## NATURE AND STAGE

Defendant was originally indicted on 24 separate and distinct criminal offenses that alleged he violated sections of the Del. Criminal Code between June 21 and June 22, 2000. There were four sets of charges that alleged violations at three different locations in New Castle County. Of these four sets of charges, two sets alleged the same location, but on two separate dates.

Specifically, NONE of these indictments contain any written language alleging, "a pattern of criminal behavior," and also noteworthy, absolutely NO language in any of the 24 indictments that state, or is meant to infer, "that the offenses comprising of a common scheme or plan, occurring over a two-day period, "nothing whatsoever."

The first five indictments were dropped against the Defendant by the State because the evidence was deemed much too weak against Defendant to proceed to trial. In fact, this Gulf Station (Dupont Highway Rt. 13) evidence alleged to have been part of the video tape evidence, the video tape that stays on the entire time a suspect is held in Wilmington Police Station process and interview area, was allegedly taped over by the detective in charge of this investigation. This video tape that contained Miranda's warnings allegedly read to Defendant at 2:30 (Exhibit B) and any of the Detective's comments on Defendant's answers from 2:18 a.m. at time of arrival until Defendant was removed and placed in lockup. Defense Counsel did, however, discuss before trial that State Attorney refrain from eliciting Defendant's release from the (Department of Corrections) Plummer Center. Mr. Lugg tactically and purposely elicits this harmful evidence anyhow. Defendant swears his counsel, Mr. Hillis, DID NOT EVER EXPLAIN ANYTHING regarding the Stipulation Agreement that was made between his counsel and the State Attorney.

## RULE 61 PROCEDURAL STANDARDS

There are no procedural bars to defendant's six grounds. This is his first Post Conviction Motion filed under Rule 61. This motion was filed within three years of the finalized Order of his direct appeal concerning the Amendment to Indictment Count XX. (Recently supplied to defendant via State's Response exhibit.) Since all six of defendant's

1

claims assert Ineffective Assistance of Counsel they are not subject to the procedural default rule, See Rule 61(i)(3)(A) in part, because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal unless the claim is adequately raised in the lower court. This satisfies the "external impediment," as the United States Supreme Court explained in Murry v. Carrier, 677 U.S. 478, 487 (1986).

In addition to the above Rule 61(i)(3)(A) and Rule 61(i)(4) (for the Amendment Issue) Ground One through Four and Six, assert "a mistaken waiver" of fundamental rights that fall into the narrow miscarriage of justice that undermined the fundamental legality, reliability, integrity or fairness of proceedings, Rule 61(i)(5) exception (Webster v. State, 604 A.2d 1364 Del. 1992). The Defendant has claimed that counsel's "failure to identify" issues in Ground One "Pre-trial, during Trial and [failure to] raise on Direct Appeal, effectively states "a mistaken waiver, three of them, on those issues. Ground Two consists of the same three mistaken waivers, on the set of issues. Ground Three explains "a mistaken waiver" caused by counsel's failure to object to introduction of Prior Bad Acts, and his failure to request a hearing to determine "even if" they were permitted that "a limiting instruction regarding the relevance of those bad acts be given to the jury. Ground Four explains "a mistaken waiver" caused by Defendant's counsel in his failure to raise this issue on Direct Appeal, concerning confrontation. Ground Six concerns a Due Process issue, "a mistaken waiver" caused by Counsel's failure to develop facts at trial, and raise this issue on Direct Appeal, as Brady material, among others. Rule 61(i)(5) provides for post-conviction issues which have not been previously litigated, where the procedural default was not caused by ineffective assistance of counsel. Finally, because defendant has raised the issue that "the factual basis" at argument in his post-conviction Ground Five is "an important change in the circumstances" then the issue previously poised this opens the gate to this procedural bar, notwithstanding the equitable concern of preventing injustice may trump this procedural bar at Rule 61(i)(4) as well.

Defendant requests that this Court note this distinction concerning the review of his claims that his counsel may have been the cause of these mistaken waivers, because it certainly was not defendant's fault, as he has clean hands, and should not have endured or bear the formably stricter standard of review under Stricklands prejudice

2

prong. This distinction of the different review standard is rarely noted and it is defendant's belief that the Courts of this State tend to gravitate toward the Strickland prong for no other reason than the Rules do not adequately or effectively explain the correct standard of the Superior Court's review of a defendant's Rule 61(i)(5) issues. Apparently the strictest standard here is Rule 61(i)(3) Prejudice Prong, formulated toward Rule 61(i)(3)(A)'s claims of Ineffective Assistance of Counsel, observing closely that defendant must meet, he doesn't have to go beyond, just meet the two prong test set forth in Strictland.

3

## STATEMENT OF ACTS

On June 20, 2000, at approximately 9:30 p.m., an unidentifiable person walked into a busy Star Liquors Store in the Astro Shopping Center on Route 9, New Castle Avenue, right off I-95 and Route 13. According to eye witness accounts at the scene this person had a gun, was wearing a blue bandana, a blue or dark hooded jacket with the hood pulled up over head, and was wearing either jeans or shorts, either sneakers or like insulated work boots, were anywhere between 18 years old and 25 years old, was either 5 feet tall or 5 feet 11 inches tall, was either thin or medium build and weighted either 105 pounds, or 175 pounds, and had dark skin, dark brown or dark black skin or dark complected, and was also wearing gloves.

At 11:00 p.m., June 22, 2000, a person walked into the Star Liquors, with a green raincoat with a hood around the face with a white thing on it, dark blue shorts, facial hair, and was about 5 foot 6 inches or 5 foot 8 inches tall and 165 to 175 pounds. This person was unable to get anything because the Clerk Gina Harris refused his demands.

About 11:15 p.m. June 22, 2000, a person walked into the Route 13, 7-11 Store, North Dupont Hwy., wearing either all black, or a black bandana, or a green scarf, a windbreaker with a hood. This persons physical characteristics were described by these four witnesses being either really black, dark skinned, or not real light skinned, but light brown complected. This person's height was given to be anywhere between 5 feet tall and 5 feet 8 inches tall, and weighed anywhere from 100 pounds to 175 pounds. *Defendant will show that the suspects in each of these robberies are different. *There certainly was no identification of Defendant all the way up until the trial started, until Dawn Smith was called to the stand.

Legally, you cannot use one crime evidence to prove another crime. And, particularly, an inference must be based on a proven fact. There are no proven facts proving Defendant was at either Star Liquors or 7-11. There is no direct or circumstantial evidence that proves defendant possessed the gun legally.

Defendant will now present arguments supporting the prejudicial effects he suffered as a result of the unfairness in his trial.

4

## ARGUMENTS I AND II

Argument I (Pages 6-11)

Prejudicial Joinder of PDWPP (Prior Crime Evidence) Offenses Violated Due Process, and Caused

Irreparable Damage Prejudicing Defendant's Right to a Fair Trial.

### STANDARD AND SCOPE OF REVIEW

Whether Superior Court Abused it's discretion in it's denial of Appellant's Argument I, the Court

stated "Defense Counsel asserts in his affidavit that the stipulation protected Defendant by

preventing the jury from learning the details of his prior criminal convictions. "This assertion is correct."

(Decision pg. 6)

Argument II (Pages 11-21)

Prejudicial Joinder of Charges Committed at Four Separate and Distinct Time and  Locations Severely

Prejudiced Defendant's Right to a Fair Trial.

### STANDARD AND SCOPE OF REVIEW

Whether Superior Court Abused it's discretion in it's denial of Appellant's Argument II, the Court stated

"Thus even if Defense Counsel had move to sever, the Motion would no doubt have been denied.

(Decision pg. 7)

Appellant will now present Arguments 1 and 2:

5

## ARGUMENTS III AND IV

<u>Argument III</u> (Pages 21-27)

Ineffective Counsel for Failure to Object to Introduction of Prior Bad Acts, on Request a Hearing (404)

under <u>DeShields v. State</u>, Del. Supr. 706 A.2d 502.

### STANDARD AND SCOPE OF REVIEW

Whether Superior Court abused it's discretion in it's denial of Appellant's Argument III, the Court stated

"even if any juror knew that the Plummer Center is a detention facility, no prejudice could result

because all jurors were informed that defendant is a convicted felon via the stipulation." .(Decision pg. 9)

<u>Argument IV</u> (Pages 28-33)

In-Court Identification of Defendant by State Witness Dawn Smith Violated Defendant's Right to a

Fair Trial, When There Was No "Independent Origin for this "In-Court Identification. Defense

Counsel Was Ineffective for His Failure to Raise this Issue on Direct Appeal.

### STANDARD AND SCOPE OF REVIEW

Whether Superior Court Abused it's discretion in it's denial of Appellant's Argument IV, the Court

stated "Defense counsel had no reason to object to the identification". . . (Decision pg. 10)

Appellant will now present Arguments 3 and 4:

20

## ARGUMENTS V AND VI

Argument V (Pages 33-37)

Ineffective Assistance of Counsel for Failure to Raise the Amendment to Defendant's Indictment

Counsel Argues Prior to Trial. Defendant Is Prejudiced Because He Would Have Had More

Favorable Review on Direct Appeal.

### STANDARD AND SCOPE OF REVIEW

Whether Superior Court abused it's discretion in it's denial of Appellant's Argument III, the Court

stated "Defendant cannot show any prejudice resulting from counsel's conduct." (Decision pg. 5)

Argument VI (Pages 37-43)

Prosecutorial Misconduct; Ineffective Assistance of Counsel for Failure to Identify and Raise this

Super. Ct. Crim. Rule 16(A)(d) Discovery Violation Concerning a Videotape Made of Defendant's

Statement at Police Station, Either During Trial or on Direct Appeal.

### STANDARD AND SCOPE OF REVIEW

Whether Superior Court Abused it's discretion in it's denial of Appellant's Argument VI, the Court

stated "There is nothing in the record to support Defendant's assertion that a statement videotaped

or that the prosecution failed to provide such tape to the defense." (Decision pg. 11)

Appellant will now present Arguments 5 and 6:

32

## CONCLUSION

The legal presumption for "stolen property" where the possessor may be charged with the actual "theft" is two-hours. After that its "receiving stolen property" unless there is reliable evidence to prove otherwise. The States cases "linchpin" in this case is circumstantial evidence of the defendant's single thumb print on the cars interior rearview mirror. Nobody identified the defendant positively at any of the crime scenes, and certainly not in this car. The thumb print is circumstantial evidence that defendant touched the mirror.

The Star Liquors robbery was the day before earlier much earlier in the day, but two full hours have passed. The presumption that the defendant stole the car, was the theft or robber has passed without more evidence coming from the opposite direction presumptions are not available for us here. A time limit has run out. Nobody positively identifies the defendant either at the robberies, and specifically not driving the car.

The car, one like it for evidentiary purposes was identified and a tag number given that matched the tag number on the car. This is not direct evidence that the car was the car, it is circumstantial or an inference made from the tag number description that matches the tag that is on the car. We still do not have a driver. We have an inference from the robbery that the car was at the store, but the occupant or occupants have not been identified, and cannot be inferred from the inference.

The missing nexus. Defense Counsel should have guarded his client's case concerning any evidence the State tried to offer which would unlawfully "bridge" this nexus they needed to prove their case.

One very potent illegal piece of evidence cam in the State's Opening, caused by counsel's stipulation that changed the jury's attitude to "want to convict" the defendant, all they needed was "a hook" to establish even a "subtle link" for the jury to hang the case on. The State opened up with the defendants "status," "he owned a gun and that's a crime," the presumption of innocence is now out the window. The next very damaging evidence concerning this "linkage" or "nexus" came through the State's first witness who made an unreliable "in-court" identification, based primarily on detectives descriptions of defendant after he was arrested. That was the "little

44

hook" the State needed to put the other evidence to work. The nexus link has been "subtly formed," the jury is now eager to put this puzzle together now. Some may have been a little wary yet. So the State offers the "exact" evidence again. They put a "positive definition" on defendants "status" now with evidence of defendant being "release' from the Plummer Center. Under ordinary circumstances this may have slipped by, but the jury was already "primed" to "look" for "more stuff" concerning this "unexplained status" of defendant. This put a "frame" on the status picture "as to defendants criminal background as a convicted criminal. In order to "spotlight" this status and "magnify" its significance, the State offers character evidence of defendant's "attitude," he was really "calm" like it was "an attitude" to be in a position like this. Placing the focus that not only was the defendant a convicted criminal, but he was a "professional" or "experienced" criminal to boot.

Defendant did not have the benefit of a fair trial at this point. The nexus was never proven, because the jury wanted to convict based on defendant's character.

WHEREFORE, for the reasons set forth above in Grounds One through Six, considered each issue first individually, then each ground as a whole and then, all the grounds together, defendant respectfully asserts he has met the standards, and respectfully requests that this Court consider the named standards of review cited herein as the true and correct standards for relief such as *de novo* review in certain issues, and planetary review as to others and only uses the higher threshold of Strickland-Fretwell review where absolutely necessary.

Defendant prays that this Honorable Court grants his Rule 61 Post-conviction Petition and Reverse this case and make a determination as to where to proceed from there.

Respectfully submitted,

Devearl Bacon
SBI#221242
1181 Paddock Road
Smyrna DE 19977

Dated: _January 20, 2006_

45

# EXHIBITS

# TO

# OPENING BRIEF

## CERTIFICATE OF SERVICE

I Devearl Bacon hereby certify that on January _____ 2⊂ _____ , 2006, one copy of:

APPELLANT'S OPENING BRIEF
AND EXHIBITS FOR POST-CONVICTION RELIEF UNDER RULE 61

*were served my first class mail upon the following:*

Loren C. Meyers, Esquire
Dept. of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

Devearl Bacon
SBI#221242
1181 Paddock Road
Smyrna DE 19977
Pro-se