IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVEARL BACON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-714-JJF |
| | ) | |
| WARDEN CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CARROLL AND FORBES' ANSWER TO THE COMPLAINT**

COME NOW Defendants Warden Thomas Carroll and Lt. Peter J. Forbes, Jr., by and through the undersigned counsel, and hereby answer the Complaint as follows:

<u>Nature and Stages</u>

Defendants are without sufficient information to admit or deny the allegations set forth in the paragraph beginning "On September 17, 2004."

As to paragraph beginning "On October 3, 2004," denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

As to paragraph beginning "Plaintiff filed a grievance," admitted that Plaintiff submitted a grievance dated October 9, 2004 concerning legal mail. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

As to paragraph beginning "On January 3, 2005," denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without

sufficient information to admit or deny the remaining allegations set forth in this paragraph.

Denied as to paragraph beginning "On September 14, 2005," except it is admitted that on September 14, 2005, Plaintiff received a copy of an opinion by Judge Susan Del Pesco.

As to paragraph beginning "The Plaintiff now can prove," denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

Count I - Right to the Court

1. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

2. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

3. This paragraph sets forth legal argument to which no reply is required. To the extent that a reply is required, it is denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner.

4. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

5. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

6. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

7. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

8. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

9. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

10. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

11. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

12. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

13. Admitted that on September 14, 2005, Plaintiff received a copy of an opinion by Judge Susan Del Pesco. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

14. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

Count II - Forgery

15. Plaintiff's forgery claim was dismissed pursuant to order of this Court dated November 21, 2005. [D.I. 9, 10]. Therefore, no response to this paragraph is required.

16. Plaintiff's forgery claim was dismissed pursuant to order of this Court dated November 21, 2005. [D.I. 9, 10]. Therefore, no response to this paragraph is required.

17. Plaintiff's forgery claim was dismissed pursuant to order of this Court dated November 21, 2005. [D.I. 9, 10]. Therefore, no response to this paragraph is required.

18. Plaintiff's forgery claim was dismissed pursuant to order of this Court dated November 21, 2005. [D.I. 9, 10]. Therefore, no response to this paragraph is required.

19. Plaintiff's forgery claim was dismissed pursuant to order of this Court dated November 21, 2005. [D.I. 9, 10]. Therefore, no response to this paragraph is required.

## **RELIEF**

1. It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

2. It is specifically denied that Plaintiff is entitled to declaratory, injunctive or any other relief.

## AFFIRMATIVE DEFENSES

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff has failed to exhaust his administrative remedies.

5. Defendants are immune from liability under the Eleventh Amendment.

6. Defendants are entitled to qualified immunity.

7. As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

8. As to any claims under state law, Defendants are entitled to sovereign immunity in their official capacity.

9. Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

10. To the extent that Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

11. Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

12. Insufficiency of service of process.

13. Insufficiency of process.

14. Lack of jurisdiction over the person and subject matter.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to them.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th fl.
Wilmington, DE  19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants

Date:  February 24, 2006

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2006, I electronically filed *Defendant Carroll and Forbes' Answer to the Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on February 24, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Devearl Bacon.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us