IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVEARL BACON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-714-JJF |
| | ) | |
| WARDEN CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CARROLL AND FORBES' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND STAY OF CLASSIFICATION**

Defendants Warden Thomas Carroll and Lt. Peter J. Forbes, Jr. hereby oppose Plaintiff's Motion for Protective Order and Stay of Classification [D.I. 19], and, in support thereof, state as follows:

1. In this *pro se* prisoner civil rights action, Plaintiff claims that Defendants adversely impacted his ability to pursue an unrelated state court action by mishandling his legal correspondence. Plaintiff is currently incarcerated at the Delaware Correctional Center ("DCC") and was incarcerated at DCC during the time period relevant to this action.

2. Plaintiff claims that he is at a "critical" stage of the state court proceeding. He anticipates that when he goes through the classification process this month, he will be transferred to a higher security housing unit. He alleges that, when he is transferred, his possessions will be taken from him to be inventoried and transferred separately. He further alleges that his legal paperwork will not be returned to him for 8 – 15 days. He also suggests that his paperwork might not be returned to him at all.

According to Plaintiff, his ability to pursue his state court action will be in jeopardy if he does not have access to his legal paperwork.

3. Plaintiff, therefore, asks that this Court order Defendants to stay his classification. Surprisingly, rather than asking that the stay continue until resolution of the state court proceeding, Plaintiff requests a stay until the trial of an unrelated matter pending in this Court, *Bacon v. Taylor*, C.A. No. 02-431-JJF.[1] *Bacon v. Taylor* is a retaliation action which concerns events which took place in 2002 when Plaintiff was incarcerated at the Howard R. Young Correctional Institution ("HRYCI").

4. In support of his Motion, Plaintiff makes various unsupported allegations that have no relevance to this matter. He asserts that he received three points to his classification status due to an improper write-up related to factual assertions in *Bacon v. Taylor*.[2] He claims that under the new "unfair" classification system, the improper write-up from 2002 will affect his classification status.

5. Plaintiff has, in effect, moved for injunctive relief. He is asking that this Court enjoin Defendants from classifying him this month. He offers no evidence that these particular Defendants are responsible for the classification process.

6. "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989) (*quoting Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The grant or denial of a motion for injunctive relief is within the sound discretion of the district court. *Eli Lilly &*

---

[1] Plaintiff has filed his Motion in both the instant case and in *Bacon v. Taylor* [D.I. 103].
[2] This claim regarding points resulting from an improper write-up is not even presented in *Bacon v. Taylor*.

2

*Co. v. Premo Pharmaceutical Laboratories, Inc.,* 630 F.2d 120, 136 (3d Cir.), *cert. denied*, 449 U.S. 1014 (1980).

  7. A plaintiff moving for injunctive relief must demonstrate that: 1) he is likely to succeed on the merits; 2) denial will result in irreparable harm; 3) granting the injunction will not result in irreparable harm to the defendant; and 4) granting the injunction is in the public's interest. *Maldonado v . Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998), *cert. denied,* 526 U.S. 1130 (1999). An injunction should issue only where all four factors favor relief. *S&R Corp. v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

  8. "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chemicals Corp.,* 614 F.2d 351, 359 (3d Cir. 1980) (*quoting Holiday Inns of America, Inc. v. B&B Corp.,* 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling System, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

  9. Plaintiff is correct in his assertion that his classification will take place this month. Pursuant to DCC's classification process, a number of factors are taken into account in determining an inmate's points. *See* Atallian Affidavit attached hereto as Exhibit A. For example, the severity of the offense for which the inmate has been incarcerated is considered as is the inmate's prison disciplinary history. *Id.*

  10. The inmate's points play a role in his classification, that is, his security

level and housing assignment.  Generally, an inmate with a higher point level will be classified to a higher security level.  *Id.*  The classification process ensures that inmates that pose a greater risk to the safety and security of the institution, staff and other inmates are housed at an appropriate security level.  *Id.*

11.    In the event that the classification results in an inmate's assignment to a different housing unit, as part of his transfer, his personal property is collected and inventoried.  *See* Little Affidavit attached hereto as Exhibit B.  If an inmate is moved to a higher security level, he may not be able to have certain items in his new housing unit.  However, an inmate is permitted to have his legal paperwork.  After the property has been inventoried, with any impermissible items separated from the other property, the property is transferred to the inmate.  The entire process takes approximately one week.  *Id.*

12.    In Plaintiff's case, his classification meeting has not been scheduled yet.  *See* Exhibit A.  The classification process will begin with that meeting, but will also go through several subsequent levels of approval.  There has been no determination at this point that Plaintiff will be classified to a higher security level or that he will be moved to a different housing unit.  The classification process will take several weeks.  *Id.*  In the event that Plaintiff is moved to a different housing unit, he will receive his legal paperwork in approximately one week.  *See* Exhibit B.

13.    Plaintiff's claim that his discipline from 2002 will impact his current classification process is incorrect.  That discipline, and any associated points, will not be considered during his classification this month.  *Id.*

4

14.     In this case, the four factors to be considered in evaluating a request for injunctive relief do not favor the granting of Plaintiff's Motion.

15.     With respect to the first factor, that plaintiff is likely to succeed on the merits, the subject of this Motion does not even arise from Plaintiff's cause of action. To the extent that Plaintiff is complaining about a change in his classification status, the transfer from one classification to another does not rise to the level of a constitutional violation. *See Brown v. Cunningham*, 730 F. Supp. 612 (D. Del. 1990). *See also Crawford v. Carroll*, 2006 WL 318667, at *3 (D. Del. Feb. 10, 2006) (attached hereto as Exhibit C).

16.     Plaintiff cannot show that denial of his motion will result in irreparable harm. His claim that he will be without his legal paperwork at a critical time in his state court litigation is speculative and unsupported by the facts. He has not identified the specific critical time at issue. There is no evidence that he will actually be moved, or have his legal paperwork taken from him, during any particular time period. He has not shown any effort to obtain additional time in which to file his pleadings from the appropriate state court.[3] Finally, the length of the requested stay exceeds his factual allegations. He offers no basis for his request that the stay continue until the trial of *Bacon v. Taylor.*

17.     The granting of Plaintiff's Motion will result in irreparable harm to the prison administration and will be against the public interest. The classification system is designed to maintain the safety and security of the institution. Inmates deemed to pose a greater risk to the institution, staff and other inmates are placed in higher security

---

[3] Clearly, a request for additional time directed to state court would be a more appropriate means of addressing Plaintiff's concerns than the request of an injunction.

5

housing.  Plaintiff's speculative and unsupported allegations should not take precedence over the prison classification process.

18.   Plaintiff cannot show that he is in danger of suffering irreparable harm at this time.  An injunction should not be issued "simply to eliminate a possibility of a remote future injury." *Continental Group, Inc.*, 614 F.2d at 359.  Therefore, Plaintiff's Motion must be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Protective Order and Stay of Classification and enter an order in the form attached hereto.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants Carroll and Forbes

Date:  March 6, 2006

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DEVEARL BACON,                )   |   |
|           Plaintiff,          )   |   |
|                               )   |   |
|      v.                       )   C. A. No. 05-714-JJF |
|                               )   |   |
| WARDEN CARROLL, et al.,       )   |   |
|                               )   |   |
|           Defendants.         )   |   |

**O R D E R**

**IT IS SO ORDERED,** this _____day of _____, 2006, that Plaintiff's Motion for Protective Order and Stay of Classification is hereby **DENIED.**

_____
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2006, I electronically filed *Defendants Carroll and Forbes' Response to Plaintiff's Motion for Protective Order and Stay of Classification* with the Clerk of Court using CM/ECF. I hereby certify that on March 6, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Devearl Bacon.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us