# Westlaw.

Slip Copy    Page 1

Slip Copy, 2006 WL 318667 (D.Del.)

**(Cite as: 2006 WL 318667 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Steven D. CRAWFORD, Plaintiff,
v.
Warden Thomas CARROLL, et al., Defendants.
**No. Civ. 05-815-SLR.**

Feb. 10, 2006.

Steven D. Crawford, Smyrna, DE, pro se.

MEMORANDUM ORDER

ROBINSON, J.

*1 Plaintiff Steven D. Crawford brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on December 31, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I.3) The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I. THE COMPLAINT

Plaintiff names as defendants Warden Thomas Carroll ("Warden Carroll"), Attorney General Jane Brady ("AG Brady"), Capt. Hazzard ("Hazzard"), Lt. Floyd Dixon ("Dixon"), Counselor Mike McMahon ("McMahon") and Sgt. Marvin Creasey ("Creasey"). Plaintiff alleges Hazzard conspired with the other defendants to have a kidnapping charge placed in his institutional record which then resulted in his placement in a higher security status. He alleges this "could have changed" his sentence. Plaintiff also alleges that Hazzard, Dixon, Creasey and McMahon defamed his character after being charged with the alleged offense. Attached to the complaint is a grievance filed by plaintiff regarding his transfer to the medium-high housing unit ("MHU") and a letter from McMahon indicating that plaintiff was correct in stating he had never been charged or convicted of kidnapping, and advising plaintiff that points wrongly assessed had been removed from his classification. The letter states that plaintiff's placement in MHU continued to be appropriate based upon his write-ups and risk assessment score of 12. Plaintiff seeks punitive damages for defamation of character.

II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996)(citing *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir.1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ' *Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(quoting *Conley v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                Page 2

Slip Copy, 2006 WL 318667 (D.Del.)

**(Cite as: 2006 WL 318667 (D.Del.))**

*Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

III. ANALYSIS

A. Personal Involvement/Respondeat Superior

\*2 Plaintiff names as defendants Warden Carroll and AG Brady. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed,* 323 F.3d 236, 249 (3d Cir.2003)(quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). The complaint contains absolutely no mention of Warden Carroll and AG Brady other than to include them in "Item III" as defendants and list them in the caption of the case. Also, plaintiff provides no facts to support a claim against these defendants.

It may be that plaintiff seeks to hold these two defendants liable on the basis of their supervisory positions. Supervisory liability, however, cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir.1989) (citing *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

There is nothing in the complaint to indicate that either of the mentioned defendants was the "driving force [behind]" plaintiff's alleged constitutional violations. As noted above, the complaint makes no mention at all of Warden Carroll and AG Brady.

Based upon the foregoing analysis, the claims against Warden Carroll and AG Brady lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(E)(2)(b).

B. Conspiracy

In the first sentence of his statement of claim, plaintiff alleges that Hazzard conspired with the other defendants to have a kidnapping charge placed in his institutional record. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor,* 69 F.Supp.2d 649, 665-66 (M.D.Pa.), *aff'd,* 211 F.3d 1263 (3d Cir.2000) (citing *Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir.1999)). *See also Parkway Garage, Inc. v. City of Philadelphia,* 5 F.3d 685, 700 (3d Cir.1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); *Kelley v. Myler,* 149 F.3d 641, 648-49 (7th Cir.1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist).

The complaint fails to contain sufficient allegations to indicate how the defendants acted in concert to deprive plaintiff of his constitutional rights. Therefore, the conspiracy claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

C. Transfer to MHU

\*3 Liberally construing the complaint, plaintiff also appears to raise a due process claim contesting his transfer to MHU. He alleges the kidnapping charge caused an elevation of his security level status and that "could have change[d] the ex post facto clause of [his] sentence". (D.I.2, para.1) The claim, however, does not survive review.

Neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* Del.Code Ann. tit. 11, § 6529(e). " 'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 3
Slip Copy, 2006 WL 318667 (D.Del.)
**(Cite as: 2006 WL 318667 (D.Del.))**

itself subject an inmate's treatment by prison authorities to judicial oversight." ' *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (quotations omitted). Thus, the transfer of a prisoner from one classification to another has been found to be unprotected by " 'the Due Process Clause in and of itself," ' even though the change in status involves a significant modification in conditions of confinement. *Hewitt,* 459 U.S. at 468 (citation omitted); *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); ***Brown v. Cunningham,* 730 F.Supp. 612 (D.Del.1990)** (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Accordingly, the placement of plaintiff in MHU cannot be viewed as violating his constitutional rights, particularly when there is no indication that plaintiff's placement in MHU imposed an "atypical or significant hardship on [him] in relation to the ordinary incidents of prison life" so as to impinge upon his protected liberty interests.

D. Defamation

Finally, plaintiff's allegation of defamation against Hazzard, Dixon, Creasey and McMahon is not cognizable under § 1983. Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983. *Daniels v. Williams,* 474 U.S. 327, 332 (1986) (quoting *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)) ("We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." '); *see also Hernandez v. Hunt,* Civ.A. No. 89-4448, 1989 WL 66634 (E.D. Pa. Jun 16, 1989).

Plaintiff's defamation claim is not cognizable under § 1983. Rather, his remedy for such a claim lies within the state court system. Therefore, the claim is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

IV. CONCLUSION

At Wilmington this 10th day of February, 2006 for the reasons set forth above, IT IS ORDERED that Steven D. Crawford's complaint is DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Slip Copy, 2006 WL 318667 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.