IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Devearl L. Bacon )
　　　　　　　　　　)
　　Plaintiff　　　 )
　　　　　　　　　　)
v.　　　　　　　　　) CASE NO. 05-714-JJF
　　　　　　　　　　)
Warden Carroll, etc.,)
　　　　　　　　　　)
　　Defendant.　　　 )
　　　　　　　　　　)

FILED
MAR 1 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

## MOTION TO AMEND, JOINDER OF PERSONS

COME NOW, Plaintiff Devearl L. Bacon in pursuant to Fed. Civ., P. Rule's 15 (A), (B); Fed. Civ., P. Rule 19 (A). Plaintiff seeks to amend and the Joinder of Defendant's from each of their continued, deliberate, impairments, and preventions of Plaintiff's Right To Access & Freedom of Speech. Defendant's are Retaliating against Plaintiff.

In support of thee above Plaintiff asserts the following:

① After Plaintiff filed suit for denied access to the Court Plaintiff is "still" being denied right to freedom of Speech and is being prevented and impaired from

"inartfully filen Legal Claims on Direct Appeal in the Supreme Court of Delaware".

② On January 5, 2006 Plaintiff trusted c/o Ms. Scott (of 4pm - 12 mid.) to mail legal mail, this envelope had 5 stamps on it (See Exhibit A). This Legal Document had handwritten Legal Opening Brief Arguments which was being sent to Mrs. J.P. Meyer, 119 E. Del. Canal Ct., Middletown, Del.; Mrs. Meyer (GOD BLESS HER) has been helping Plaintiff raise Claims on Plaintiff's Post-Conviction Appeal Since July of 2002. (Once Mrs. Meyer typed out Plaintiff's Memorandum Sept. 17, 2004 for Post-Conviction Appeal, Plaintiff has suffered by having being prevented from litigating Claims.)

③ Mrs. J.P. Meyer (3rd party help) recieved Plaintiff's Documents (Mailed Jan. 5, 2006) on January 23, 2006 (See Exh. A). The Post Office "stamped" Date Recieved is Jan. 21, 2006. It took a total of 18 daies for Ms. Meyer to recieve Legal Document that Plaintiff needed to have typed and sent back in a timely matter (See Exh. B). This is a clear violation of Right to

Access and Freedom of Speech.

(4) In this above document mailed was plaintiff's handwritten documents that was needed to be typed because, plaintiff was "impaired and prevented" from filen' Original plans for Plaintiff's Opening Brief in the Supreme Court. (More on this impairment + preventions later.) ; Plaintiff had to file "Both" A handwritten + typed Post-Conviction Appeal because of denied access. (See Exh. C), Whom ever C/O handed (or placed) this legal document (which was written on the outside of this outgoing 'envelope'), held this document for the longest period of time as possible. When Plaintiff asked C/O's, Build. Sgt., And C/O Ms. Scott "who or were did she place the documents", C/O Scott stated that "this document was handed to Build. 24 staff". (Build. 24 is were heavy outgoing mail is sent from, logged in with pay-to's. Build 24 has St. Lt's, Sgt., C/O's inside were mail 'can' held or sent at anyone of the D.C.C. Staff discretion).

(5) On Jan. 26, 2006 Plaintiff recieved the information "that legal document wasn't recieved until 18 daies after it was sent" (info. from Mrs. J.P. Meyer), Plaintiff agrieved

(3)

this violation (SEE Exh. D).

⑥ On Sep. 22, 2005 Plaintiff filed Notice of Appeal in The Supreme Court of Delaware. (SEE Exh. E, D.I #1), The Opinion which was decided on by Hon. Judge Susan C. Del Pesco "was sent" back to Judge's Chambers, "twice", this issue has been discussed (with Warden Carroll and Lt. Forbes as Defendant's 05-714-JJF), However, on January 3, 2006 Plaintiff suffered an "Irreparable Damage" from being denied Access and right to Freedom of Speech, when the preventions occurred, and Hon. Judge Susan C. Del Pesco Opinion was sent back to her twice. :

⑦ On Sep. 14, 2005, 10:00 AM Plaintiff was called out of cell and was talked to by Ms. Brittinham (counselors), Mrs. Attian (counselor) and Lt. Seacord. Plaintiff was handed "Hand-Delivery Verification" to sign with Opinion, and a copy 2 different outside envelopes that shown dates of Sep. 6, 2005 and Sep. 1?, 2005 (someone written over this unkown date), which was ordered by Superior Court Judge Hon. Susan C. Del Pesco. Hon. Judge made decision on Aug. 29, 2005, Plaintiff recieved Opinion on Sep. 14, 2005. (SEE Exh. F.)

(4)

(8) Plaintiff being Pro-Se "only understood" that Plaintiff had 30 daies to file Notice of Appeal In The Supreme Court of Delaware from the time "Opinion" was Decided on which this Pro-Se Plaintiff "understood to be" Aug-29, 2005 to Sep. 29, 2005. Plaintiff filed the Notice of Appeal on Sep. 22, 2005. (See Exh. G)., Between the 2 weeks this Opinion was prejudicially sent back to Judge's Chamber's, Plaintiff suffered an Irreparable Damage. (*This Damage will be shown).

(9) Plaintiff's Opening Brief was due 11-14-05, Plaintiff filed 1st Motion to Extend on Oct. 25, 2005 (Exh. A) in this Motion page 2, paragraph 2, Plaintiff told the Supreme Court "Appellant has 3rd & 4th parties to help "type" and go over Ruff copy of Opening brief when completted, Motion for Extension was Granted Due date Dec. 14, 2005.

(10) The "3rd & 4th party's" in which Plaintiff is reffering to are: 3rd party, Mrs. Jeanne P. Meyer, 119 E. Del. Canal Ct, 4th party, Mr. Jeffery Fogg, an Inmate also housed in S.C.I. Prison., Plaintiff wrote Mrs. Meyer on about

the 2nd week of Sep. 2005 to ask "Party's" if they would help Plaintiff with Opening Brief. Plaintiff understood thee importants on time that's needed to Recieve Messages from 3rd & 4th parties by Messages being passed from Plaintiff to Mrs. Meyer, then to Mr. Fogg, and back to Plaintiff. Both 3rd & 4th parties Agreed to Help Plaintiff.

(11) On Nov. 20, 2005 Plaintiff filed 2nd Motion to Extend this Motion was GRANTED, Due Date Jan. 14, 2006 (See Exh. I)

(12) On Nov. 10, 2005 3rd Party Mrs. Meyer wrote Plaintiff with message from 4th Party Mr. Fogg, Mrs. Meyer writes in 1st paragraph (See Exh. J): "Just a note — I can't remember what the date was that you said you got your Extension for. Please let me know ASAP. Jeff (4th party) said he would do it as it be 3 or 4 pages. (Reffering to Extension). That is if he has time by the time I find out from you and get back to Him".

(13) At that moment of time between Sep. 22, 2005 - Dec. 1, 2005 the 3rd & 4th parties was unaware that Plaintiff was also putting together an Opening Brief without their aid. Plaintiff knew the "past dangers" with legal mail being held or "so-called" lost by D.C.C. staff that Plaintiff had to have a "back up plan". Plaintiff's plans were:

 (A) To file Extension by Himself.

 (B) To put together a Opening Brief and have 3rd party (Mrs. Meyer) type Plaintiff's Opening Brief incase 4th party (Mr. Fogg) dosen't "come through" in a timely matter. (This plan BY HIS GRACE, was a good plan, for 3rd party's aid was impaired & prevented along with 4th party.

(14) With Plaintiff filen Extension and writing Opening Brief, Plaintiff asked 3rd & 4th parties "Questions". Mrs. Meyer answered Plaintiff's Questions regarding to Plaintiff's Opening Brief: (Exh. K) (Letter dated Dec. 3, 2005)

Mrs. Meyer:

"Recieved your letter yesterday. I know it must be so hard for you not to know what is going on. Okay, the answer to your questions".

Q: 1. You said Jeff will help me on Opening Brief or something else? I got another extention until Jan. 14, 2006 (enclosed). Be sure to write and let me know Jeff's plans.

A: "Answer: Wow! Am I excited, that means we can do the final touches after Christmas. Thanks for getting that next extension!"

Q: 2. Did you recieve those pages I needed to be typed out? What are your plans? Are you going to type it for me? Be sure to put 44-46 on 2 pages, so 46 will be put on page 45, I got an extention for 45 pages on Opening Brief. (See Motion Exh. E & I #9, 14).

A: "Answer: Yes, I did recieve your pages, "copied" and mailed them to Jeff". The 'plans' are that He ... is working on it and said that <u>He thinks that He can keep it to 20 or 30 pages since so much of</u>

(8)

"<u>it is being taken from the Argument of</u>
"<u>the Reply</u>. He wrote the Reply the way
"he did so that He could use it for your
"Opening Brief".

(15) Plaintiff was preparing an Opening Brief along with 3rd & 4th parties preparing an Opening Brief for Plaintiff. Plaintiff had to prepare an Opening Brief as a Back up plan.

(16) Plaintiff filed for 3rd Motion to Extend, Plaintiff tryed to Extend Opening Brief Due Date from January 14, 2006 to Feb. 14, 2006 (see Exh. L), The Supreme Court of Delaware Stated "..., NOW, THEREFORE, <u>IT IS HEREBY ORDERED</u> that the Appellant's Opening Brief and Appendix are due to be filed no later than January 30, 2006. No further Extensions will be Considered (Exh. B). The 3rd & 4th parties wasn't aware of this 3rd Motion to Extend nor The Supreme Court's Order for Due Date. The parties was only "Aware" of the Due Date of January 14, 2006.

(17) On January 3, 2006 3rd Party wrote Plaintiff with message from 4th Party (see Exh. M) in this letter was also a Motion for Extension. Mrs. Meyer (unaware of final due date) asked for extension "for January 14, 2006 until February 14, 2006; In 3rd Party's letter 1st paragraph 4th sentence it states: "Jeff (4th Party) said he is so busy with his case that he hasn't had time to work on yours, but if you can get an extension he is sure he will be able to do it".

This is an Irreparable Damage:

(A) By D.C.C. Staff Denying Plaintiff's "Access Rights" (see paragraph #6 pg-4) to Hon. Judge Susan C. DelPesco Opinion Decided on Aug. 29, 2005, Plaintiff suffered from Defendant's actions of impairment and preventions, until, finally, the Opinion was "Hand-Delivered" on Sep. 14, 2005.

(B) Plaintiff (Being Pro-Se) lost 2 weeks of Access to the Court., We will never know the probability of Plaintiff having a "Finished Opening Brief" with the "Aid" of 3rd & 4th Party's had Plaintiff not suffer from the "prevention to litigate Claims in the Supreme Court".

(18) In letter (exh. M) Mrs. Meyer also states in 3rd paragraph, 1st sentence: "Hopefully, yours will be granted (Motion for Extension) However, just in case it isn't, <u>I am sending your draft that you had written</u>. (Mrs. Meyer is reffering to plaintiff's "back up" opening brief which plaintiff had written incase something didn't go as plan see paragraph 14 pg. 7). I didn't start on it because Jeff had hoped to do it for you befor this - which he still is hoping, but we have to be logical and make sure 'all your bases are covered'".

(A) 3rd & 4th parties was unaware plaintiff filed for 3rd extension which the Supreme Court has ordered "Final" due date to January 30, 2006. Mrs. Meyer & Mr. Fogg (were) were trying to have an extension to Feb. 14, 2006 within which 3rd & 4th parties "felted" they could have opening brief finished exh. M. letter. 1st paragraph 6th sentence: "... but if you can get extension he is sure He (Jeff) will be able to do it".

(B) With due date Jan. 30, 2006, party's were trying to extend to Feb. 14, 2006. The "prevention and impairment" prejudice suffered from Aug. 29, 2005 - Sep. 14, 2005 was a "<u>Critical Injury</u>".

(C) Plaintiff can show through Discovery this these acts were "Deliberate Retaliations", for all impaired and prevented mail passed through the "hands" of Lt's, Sgt's, and C/O Plaintiff has filed suit & Agrievances Against.

(19) Having had Plaintiff's hand written Drafts to Opening sent back and recieved by Plaintiff on January 4, 2006, Plaintiff still had time to have his "back up" plan put to works with Due Date January 30, 2006., Plaintiff intrusted C/O Ms. Scott (of 4pm-12 mid.) to mail Plaintiff's handwritten Opening Brief pages back to Mrs. Meyer and a letter informing 3rd & 4th party's that "All was not lost"., Your Honor: Plaintiff knew the same thing that 4th party stated in Exh. K., "2nd Answer", paragraph 14 of these works, A: .... "he can keep it to 20 or 30 pages since so much of it is being taken from the Argument of the 'Reply'. He wrote the Reply the way he did so that he could use it for your Opening Brief." (Plaintiff handwritten Arguments were 12 pages with a typed exhibit page to cover Exhibit's for Plaintiff's "Artful Claims".

(20) Plaintiff mailed "handwritten" pages i-iii, 1, 2, 3, 4, 5,

(12)

20, 32, 44, 45, and Exhibit (single page), on Jan. 5, 2006 this mail was handed to C/O Ms. Scott (explained in paragraph 1-5), However this mail never made it out of the prison to Mrs. Meyer until post office date of January 21, 2006 and recieved by Mrs. Meyer on January 23, 2006. Plaintiff not aware that legal document was being impaired + prevented from being sent out of the prison, had to mail Opening Brief half Handwritten, half typed (Exh. C) in "fear" of being "Time Barred". (see Exh. N):

(A) Defendant's has denied Plaintiff Right to Access, Freedom of Speech by impairing and preventing Plaintiff to raise inartful attempts to litigate Claims.

(B) Through Discovery and Interrogatories Rule's Plaintiff can prove these are Acts of Retaliation by Defendant's. S.C.C. Staff are retaliating against Plaintiff for Agrievances, Suit's, and other related issue Plaintiff is trying to Raise.

(21) On About January 24, 2006 Plaintiff recieved the "Typed" pages Plaintiff needed to place with 'Old Reply' Document that Plaintiff put together as a back up plan (Exh. O). 3rd party Mrs. Meyer sent message, 3rd party states: "Several, If you want to file these replacement pages — then you should 2 copies — Sorry About the delay in mail or I would have had them to you sooner. Hang in there".

(22) Plaintiff recieving "Typed pages" and (have) having already sent "Half Typed/ Half Handwritten Opening Brief Post-Conviction" in the Supreme Court, Plaintiff had to file what Plaintiff called "Motion To Replace Handwritten Pages" on January 27, 2006 (See Exh. P). The Supreme Court Accepted this Motion (Exh. E S.I. #19) and Deemed Plaintiff's Pro-Se Motion as "Appellant's Brief Corrections".:

(A) Defendant's impairments, preventions, and unfairness caused Plaintiff to change "All" "Original Plans" for Plaintiff's Opening Brief.

(B) Plaintiff is being prevented to raise Claims in a Artful Manner.

(23) Plaintiff sent a copy of Motion to Replace Handwritten pages to "The Respectable Patriot" Mrs. Meyer, This retired legal secretary expressed her views (Exh. Q) in letter dated 1-30-06 1st sentence: "Received your letter. I
" hope the Court takes the typed pages in place of the hand-
" written. You did it right, at least the way I see it., Regard-
" ing the mail room I'm glad you included your filing that you
" are still having problems (s) so the Judge is aware of it. I am
" still stamping in the envelopes that I receive. Thanks for
" putting the date on your letter and the outside of the envelopes.
" That is evidence when I make the case against the SCC mail
" room. It is getting to be ridiculous that it takes them 2-3
" weeks to get something sent out from the time you give it to
" them. Last year I received an envelope that took 2½ (months)
" months. (Mrs. Meyer is referring to legal documents that was
" being sent from 4th party Mr. Fogg to 3rd party for Plaintiff's Reply
" brief in The Superior Court); They are fooling with FEDERAL
" MAIL'! And, they are guilty!! That's okay though, I'm still
" saving all the envelopes so I have EVIDENCE the guards or
" the mail room people are messing with the mail! :