Exhibit G

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

[1] DEVEARL L. BACON,

    [2] MOVANT Below,
Appellant,

    v.

[3] STATE OF DELAWARE,

    [4] RESPONDANT Below,
Appellee.

No. [5]_____, 200__

### NOTICE OF APPEAL

To: [6] _CLERK OF SUPREME COURT_____.

PLEASE   TAKE   NOTICE   that   [1] DEVEARL L. BACON.

[2] MOVANT_____ below-appellant, does hereby appeal to the

Supreme Court of the State of Delaware from the [7] DENIED Post Conviction of the

[8] SUPERIOR Court___, in and for [9] NEW CASTLE___ County, by

[10] HON. Judge S. DelfESCO  dated  [11] August 29, 2005. in (SEE)

[12] Exhibit_____ in that court. A copy of the decision sought to be reviewed

is attached hereto. [13]

Form revised 11/25/03
g:\public\forms\notice of appeal

The name and address of the attorney below for appellee is

[6] _Deputy Attor. Gen. Sean Lugg_. The party against whom the appeal

is taken is [3] _State of Delaware_.

The name and address of the attorney below for the party against whom the

appeal is not taken is [14] _Devearl L. Bacon Prose_. The party against whom

the appeal is not taken is [15]_____.

PLEASE TAKE FURTHER NOTICE that appellant hereby designates the

transcript in accordance with Rules 7(c)(6) and 9(e)(ii) in the following manner:

[16]_Attorney Response in Post Conviction_

[or]    [17]_____

Dated: _Sept. 22, 2005_          _Devearl L. Bacon_

[18]_____

Attorney for [1]_____

[2]_____ Below-Appellant

IN THE SUPREME COURT OF THE STATE OF DELAWARE

*DEVEARL L. BACON* ,                §
                                    §
       *MOVANT* Below-              §  No. _____, _____
       Appellant,                   §  [Clerk will insert appeal number]
                                    §
                                    §
       v.                           §
                                    §
*STATE OF DELAWARE* ,               §
                                    §
       *RESPONDANT* Below-          §
       Appellee.                    §

## MOTION AND AFFIDAVIT TO PROCEED IN FORMA PAUPERIS

(1)     Pursuant to Supreme Court Rules 20, 26, and 30, I, *DEVEARL L. BACON* [insert your name], being duly sworn, declare that I am the appellant in the above-captioned case; that because of my financial circumstances I am unable to make prepayment of fees or costs or to give security therefor; and that I believe I am entitled to relief.

(2)     I appeal from an order of the *Superior Court* [insert name of trial court], entered on the date of *August 29, 2005* [insert date of order being appealed], in the case of *STATE* v. *BACON 369-2001* [insert case caption], in Civil/Criminal [circle appropriate designation] Action No. *0006017660* [insert trial court case number].

(3)     You must circle either A or B below and complete the information in the selected paragraph:

A.    I am presently employed.   The name of my employer is

_____.    My   employer's   address   is

_____.    My total take home pay per pay period is

$_____ per _____ [e.g., week or month].

B.    I am not employed.   My last date of employment was

*June, 2000*_____.   The name and address of my last employer is

*Young Lumber Yard / Port of Wilm*.  The total amount I last received as

salary   or   wages   was   $*420 00*_____.    I   presently   receive

unemployment compensation in the weekly amount of $_____ [if

this does not apply, write "N/A"].

(4)    You *must* circle either "yes" or "no" for each statement below.

I have received within the last 12 months money from:

| | |
|---|---|
| a business, profession, or self-employment | yes (no) |
| rent payment, interest, or dividends | yes (no) |
| pensions, annuities, or life insurance payments | yes (no) |
| workers' compensation or other disability payments | yes (no) |
| gifts or inheritances | yes (no) |
| any other source | yes (no) |

If you answered "yes" to any statement above, please describe each source of

income and the total value or amount received within the last 12 months:

2

(5)    I have $ _OOO_ in cash (not held in an account).  I have the

following bank accounts (whether individual or joint accounts):

| Type of Account | Account No. | Name of Bank/Institution | Current Balance |
|---|---|---|---|
| | | | |

(6)    You *must* circle either "yes" or "no" for each statement below,

whether  title  is  held  in  your  name  alone  or  jointly  held  with  another

person(s).

I own:

| | | |
|---|---|---|
| real estate | yes | (no) |
| bonds or stocks | yes | (no) |
| notes | yes | (no) |
| cars | yes | (no) |
| other valuable property (except ordinary household furnishings and clothes) | yes | (no) |

If  you  marked  "yes"  to  any  statement  above,  you  must  provide  further

information in the space provided.  If you own real estate, please provide the

address OR Tax Parcel ID for each parcel of real estate, the current value of

the property, and the amount of any mortgages or liens against the property.

For  other  personal  property  marked  "yes"  above,  please  describe  the

property, provide its current value, and the amount of any liens against the

property.

3

Description of Property                    Current Value          Amount of Lien

(7)    I am/am not married [circle appropriate response]. If you are married, please provide your spouse's name: _____ . If your spouse is employed, please provide the name of your spouse's employer: _____ and your spouse's total take-home pay per pay period: _____ per _____ .

(8)    I do/do not have dependents [circle appropriate response]. Please provide the names, ages, and addresses of any dependents:

Name                          Age                          Address

(9)    I have the following debts and regular monthly expenses:



4

(10)  You must circle either A or B below and complete the information as appropriate.

A.    I have previously moved to proceed in forma pauperis in the Supreme Court of Delaware. For each case, please provide the case name and number and indicate whether the request was granted or denied.

Case Name                        Case Number              Granted/Denied


B.    I have not previously moved to proceed in forma pauperis in the Supreme Court of Delaware.

(11)  I am/am not an inmate [circle appropriate response].  If you are an inmate, you must have the Department of Correction fill out the attached certified statement of your inmate account.

WHEREFORE, having shown just cause for relief, appellant moves for leave to proceed in forma pauperis.

_____
Appellant

SWORN AND SUBSCRIBED before me this _22nd_ day of _September_, _2005_.

Commission expires:
_June 14th_, _2006_

_Timothy J. Mats_
(Notary Public)

5

<u>Department of Correction Certified Statement</u>

I hereby certify that the appellant named herein has the sum of $\_\_\_\_\_$ on account to the appellant's credit at the institution where the appellant is confined.  I further certify that the appellant has the following securities to the appellant's credit according to the institution's records:


_____

Authorized Officer of Institution

IN THE SUPREME COURT OF DELAWARE

| | | |
|---|---|---|
| _____, | § | |
| | § | |
| _____ Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | No. ____, _____ |
| | § | |
| _____, | § | |
| | § | |
| _____ Below, | § | |
| Appellee. | § | |

O R D E R

This _____ day of _____, _____, upon consideration of appellant's motion for leave to proceed in forma pauperis, it is hereby ORDERED that appellant's motion is GRANTED/DENIED, limited only to waiver of the docketing deposit required by Supreme Court Rule 20(a).

BY THE COURT:

_____
Justice

7

## Certificate of Service

I, _Neveal L. Bacon_ , hereby certify that I have served a true and correct cop(ies) of the attached: _NOTICE OF APPEAL IN Supreme Court, Hand-Delivery Ved_ upon the following parties/person (s):

TO: _Hon. Juge SusanC. DelPesco_  TO: _____
_Superior Court_ _____
_500 N. King St., 300 Suite 500_ _____
_Wilmington, Del. 19801_ _____

_____

TO: _Mrs. J. P. Meyer_   TO: _____
_3rd Party_ _____
_119 E. Del. Canal Ct._ _____
_Middletown, Del. 19709_ _____

_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _22_ day of _September_ , 2005

_____

HAND-DELIVERY VERIFICATION

By my signature listed below, I certify that on Wednesday, September 14, 2005, I

received a copy of an Opinion regarding case numbers IN 00-07-01666-1667R1,

1671-1673-R1; and IN  00-07-0347-0349-R1, 0351-0352-R1, 0356-0358-R1

0358-R1 – ID 0006017660 from Judge Susan C. Del Pesco decided upon on

August 29, 2005.   The opinion consisted of 13 pages including one sheet of

copies of envelopes regarding non-delivery of opinion.

_____
Devereal L. Bacon

_____
(Print name)

_____
Staff Witness  - Cindy Atallian
Master Correctional Counselor

_____
(Print name)

_____
Staff Witness - Thomas Seacord
Lieutenant

_____
(Print name)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | IN 00-07-1666-1667R1, |
| | : | 1671-1673-R1; and |
| v. | : | IN 00-07-0347-0349-R1 |
| | : | 0351-0352-R1, 0356-0358-R1 |
| DEVEARL L. BACON. | : | 0358-R1 − ID 0006017660 |
| | : | |
| Defendant. | : | |

# OPINION

*Upon Consideration of:*
*Defendant's Motion for Postconviction Relief* - DENIED;

*Defendant's Motion for Enlargement of Time*
*to File Reply to State's Answer* - **GRANTED**; *and*

*Defendant's Motion to File Amended Reply to State's Answer* - GRANTED.

Submitted: July 27, 2005
Decided: August 29, 2005

This is the Court's opinion on Defendant Devearl Bacon's motion for postconviction relief, filed pursuant to Super. Ct. Crim. R. 61("Rule 61"). As explained below, Defendant has not presented adequate grounds for relief from his convictions or sentence, and his motion for postconviction relief is therefore denied. His motion to amend his reply to the State's answer and his motion to extend the time for filing his reply are granted.

## POSTURE

Defendant was indicted for numerous crimes stemming from three robberies and one attempted robbery, all of which occurred on June 21 and 22, 2000. Prior to trial in June 2001, this Court granted the State's motion to amend one of the robbery charges to allege theft of United States currency rather than car keys and a car. The parties stipulated that Defendant was prohibited from owning or possessing firearms because of prior felony convictions. As a result of the stipulation, language referring to Defendant's criminal history was stricken from the indictment, and the Court directed the attorneys to refrain from discussing or referring to Defendant's criminal record in the presence of the jury. The State entered a *nolle prosequi* on the charges related to one of the robberies.

Following a three-day trial, the jury returned guilty verdicts on the charges related to the two robberies and verdicts of not guilty of the charges related to the attempted robbery. Defendant was convicted of five counts of Robbery First Degree, one count of Carjacking First Degree, two counts of Aggravated Menacing, two counts of Possession of a Firearm During the Commission of a Felony, two counts of Possession of a Deadly Weapon by a Person Prohibited (PDWPP), and two counts of Wearing a Disguise During the Commission of a Felony. Defendant was sentenced to 34 years of imprisonment to be followed by 12 years of probation. His convictions and sentence were affirmed

1

on appeal.[1]

Defendant has filed a motion for postconviction relief, alleging six instances of ineffective assistance of counsel. The Court has received an affidavit from defense counsel, as well as Defendant's response to that affidavit.[2] The Court has also received the State's answer to the motion.[3] Defendant initially filed a handwritten reply, which he subsequently moved to withdraw and substitute with a so-called "Complete Reply." The Court hereby grants that motion.

## FACTS

At trial, the evidence showed the following facts. On June 21, 2000, a man wearing a dark, hooded sweatshirt and a bandana over his face and carrying a gun entered the Star Liquor Store on New Castle Avenue. He told everyone in the store to get down onto the floor and when they did not, he fired two shots. Everyone got down. The man then held the gun to the clerk's head and demanded money. The clerk gave him the cash, and, as he turned to leave the store, he also took a customer's car keys. He drove away in the stolen car.

When police officers arrived to investigate, they found two shell casings and bullet fragments in the store. The victim of the car-jacking described his car as a silver or gray 1997 Ford Escort with Delaware tag number 999159. Witnesses described the robber as a somewhat short black man with a slight build.

Another robbery was attempted at the Star Liquor Store on the next day, June 22, 2000. A man in a hooded coat entered the store and with gun in hand demanded money from the clerk (a

---

[1]*Bacon v. State*, 2001 WL 1472287 (Del. Supr.).

[2]Rule (g)(2).

[3]Rule 61(f)(1).

different individual than the clerk who had been threatened in the prior robbery). The clerk picked up a Polaroid camera to take the man's picture. She refused to give him any money and told him his best bet was to leave. He took her advice and left the store, got into a grayish-colored car and drove away. The clerk did not get his picture on the Polaroid, but she described the man to the police as being 5' 6" or 5' 8" tall, approximately 165 or 175 pounds, with facial hair and dark clothes. The police recovered no physical evidence from this incident.

Later that night, a man with a hood and bandana covering his face entered the Seven-Eleven Store on North Du Pont Highway. The store's surveillance camera captured images of the man pointing his gun at the two clerks and taking money from them. The robber fled the store and drove away in a small silver car with Delaware registration number 999159. The clerks' description of the robber as a black man with a slight build was confirmed by the surveillance video.

On June 23, 2000, probation officers saw three men working on a gray Ford Escort parked near 17th and Spruce Streets in Wilmington. The car had a Delaware license plate with the number 999159. The men were detained and the police were called. Two of the men were six feet or more. The third man, who was later arrested for the robberies, was 5'7" tall and weighed approximately 140 pounds.

Inside the Ford Escort, police found a hooded jacket, money, and a .22 caliber handgun. A comparison of the handgun and the ballistics evidence from the Star Liquor Store robbery showed that the shots fired during that robbery were fired from the gun found in the Escort.

As stated previously, Defendant was found guilty of the charges relating to the two robberies and not guilty of the charges relating to the attempted robbery.

3

## DISCUSSION

Defendant raises six grounds for relief, and asserts that the claims were not previously raised because of defense counsel's constitutionally ineffective representation. Defendant argues first that defense counsel was ineffective for not timely objecting to an amendment to the indictment just prior to trial. He also argues that counsel was ineffective for not objecting to joinder of the PDWPP charges with the other charges. Third, he asserts that counsel should have moved to sever the charges stemming from the three separate incidents. Fourth, he claims that he was prejudiced by defense counsel's failure to object to the introduction of evidence of his prior bad acts. Fifth, he contends that defense counsel should have objected to a witness' in-court identification of him as the robber. Finally, he argues that he was prejudiced by defense counsel's failure to object to the State's withholding of exculpatory evidence.

To prevail on any of these claims, Defendant must meet the two-part test set forth in *Strickland v. Washington.*[4] To show that defense counsel was constitutionally ineffective, a defendant must show first that counsel's representation fell below an objective standard of reasonableness.[5] Even a professionally unreasonable error does not warrant setting aside the judgment if the error had no effect on the judgment.[6] Thus a defendant must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability is a probability sufficient to undermine

---

[4] 466 U.S. 668 (1984).

[5] *Id.* at 688.

[6] *Id.* at 691.

4

confidence in the outcome.[7] In applying this test, the Court may reject a defendant's claim if he fails to meet either prong.[8]

Amended indictment. One of the Robbery counts alleged that Defendant sought to take "car keys and a car" from a victim, and the State moved to delete that phrase and substitute the phrase "United States currency." After hearing argument from both sides, this Court granted the motion over defense counsel's objection. Defense counsel raised this issue of direct appeal, and the Delaware Supreme Court affirmed the ruling because the change was one of form only.[9]

Ordinarily, this claim would be barred pursuant to Rule 61(i)(4), which provides that any ground for relief that was formerly adjudicated is thereafter barred unless reconsideration is warranted in the interest of justice. Defendant has not attempted to make this showing, but argues instead that defense counsel should have raised this issue prior to trial so that Defendant would have had a "more favorable review on Direct Appeal."[10] As a factual matter, this assertion is inaccurate. The State made its motion on the day of trial, and this Court granted the motion over defense counsel's objection. Defense counsel acted reasonably in objecting to the motion at the time it was made, and Defendant cannot show any prejudice resulting from counsel's conduct. Defense counsel also raised this issue on appeal and lost. Defendant has not met either prong of the *Strickland* test, and the Court concludes that this ground for relief has no merit.

---

[7] *Id.* at 694.

[8] *Id.* at 697(stating that "[t]here is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the grounds of lack of sufficient prejudice, which we expect will often be so, that course should be followed").

[9] *Bacon v. State*, 2001 WL 1472287 at * 2 (citation omitted).

[10] Motion for Postconviction Relief at 4.

The other five claims which Defendant raises are issues not previously addressed and would ordinarily be subject to procedural default pursuant to Rule 61(i) (3). Defendant asserts that these issues were not addressed because of counsel's ineffective representation. Ironically, the requirements for overcoming the procedural default are analogous to the standard for showing ineffective assistance of counsel, and a defendant who cannot show attorney ineffectiveness also fails to overcome the default rule.[11] The former requires a defendant first to show cause, that is, to explain his reasons for not raising the issue earlier.[12] A defendant who makes this showing must then show a "substantial likelihood" that the outcome of the proceedings would have been different if the issue had been raised.[13] Under the *Strickland* test for attorney ineffectiveness, a defendant must show that counsel's representation fell below an objective professional standard of conduct and that this conduct caused the defendant to suffer actual prejudice during the proceedings.[14]

Joinder of PDWBB with other charges. Defendant argues that defense counsel was ineffective for not objecting to the joinder of the PDWPP charges with the charges related to the robberies. He claims that he was prejudiced by the stipulation which established his status as a "person prohibited" and that it was irrelevant to the robbery charges. Defense counsel asserts in his affidavit that the stipulation protected Defendant by preventing the jury from learning the details of his prior criminal convictions. This assertion is correct. The Delaware Supreme Court has approved

---

[11] *Shelton v. State*, 744 A.2d 465 (Del.), *cert. denied*, 530 U. S. 1218 (2000). *See also Gattis v. State*, 697 A.2d 1174 (Del. 1997), *cert. denied*. 533 U.S. 1124 (1998).

[12] *Rodriguez v. State*, 2004 WL 1656506 at ** 1 (Del.Supr.).

[13] *Flamer v. State*, 585 A.2d 736, 748 (1990).

[14] *Strickland v. Washington*, 466 U.S. at 668.

6

such joinder,[15] and Defendant therefore cannot fault defense counsel's conduct or show that Defendant was prejudiced by the stipulation. This argument has no merit.

**Joinder of charges from three incidents.** Defendant argues that he was prejudiced by defense counsel's failure to object to the indictment's inclusion of charges from all four incidents and by joinder of three incidents at trial. Defense counsel avers that he saw no basis for severance and therefore did not move to sever.

Pursuant to Super. Ct. Crim. R. 8, multiple counts may be joined if they are of the "same or similar character or are based on the same act or transaction. . . ." In this case, three robberies and one attempted robbery were committed in two days, by a man using a gun, wearing a disguise, and of the same general description. On similar facts, the Delaware Supreme Court has stated that where "the offenses are of the same general character, involve a similar course of conduct, and have occurred within a relatively brief span of time, it is proper to try the offenses together."[16] Thus even if defense counsel had moved to sever, the motion would no doubt have been denied, and Defendant cannot support his assertion that he was prejudiced by counsel's conduct. The Court finds that Defendant has not meet either prong of the *Strickland* test and concludes that this claim must fail.

**Evidence of prior bad acts.** Defendant further contends that defense counsel was ineffective for failing to object to what he loosely refers to as his "prior bad acts." He objects to the admission of testimonial evidence of his status as a prisoner and his escape from custody. As a threshold matter, the Court notes that the record contains no testimony or other evidence regarding Defendant's escape from custody, although there is a reference to the Plummer Center. Corporal

---

[15] *Sexton v. State*, 397 A.2d 540, 545 (Del. 1979).

[16] *Coffield v. State*, 794 A.2d 588, 590-91 (Del. 2002).

7

Mark Spence testified that after Defendant had been taken to the Wilmington Police Station following the robbery at the Seven Eleven, he voluntarily started to talk about the incidents, and Corporal Spence read him his *Miranda* rights even though he was not being interrogated. As Defendant continued to talk, he referred to having been "released from the Plummer Center."[17] The testimony included no further reference to this topic, and no questions were asked or objections entered.

At sidebar, defense counsel moved for a mistrial and explained that he had not objected to Det. Spence's statement because he did want to draw the jury's attention to Defendant's detention at the Plummer Center. This Court denied the motion because the general public, including the jury, is not necessarily aware that the Plummer Center is a correctional facility and even if jurors had been aware of that fact, it would not have been prejudicial to Defendant in light of the stipulation that Defendant is a Person Prohibited.[18]

Cpl. Spence's statement was not affirmative evidence in the State's case, as demonstrated by the record of the sidebar which followed on its heels. Rather, it was a brief reference made while the officer was chronicling the evening's events. In *Muto v. State*, another case where a witness inadvertently referred to a defendant's arguably bad acts without objection from defense counsel, the Delaware Supreme Court reviewed the issue for plain error, that is, whether the allegedly prejudicial statement violated the defendant's "substantial rights."[19] Prejudice is also determinative of the question of ineffective representation. Here, as in *Muto*, the statement was unsolicited, vague, and

---

[17] Transcript of the Trial (5/20/01) at 110 (hereinafter "Tr. (date) at ___)."

[18] Tr. (6/20/01) at 113.

[19] 2004 WL 300441 at **3 (Del. Supr.) (quoting *Capano v. State*, 781 A.2d 556, 586 (Del. 2001)).

8

brief, and was not pursued by the prosecutor. As stated previously, even if any juror knew that the Plummer Center is a detention facility, no prejudice could result because all jurors were informed that Defendant is a convicted felon via the stipulation. Defendant has not shown that counsel was ineffective, and this claim must also fail.

In-court identification. Defendant argues that Dawn Smith's in-court identification of him as the man who held a gun to her head and robbed the Star Liquor Store violated his due process rights and that defense counsel was ineffective for failing to object.

At trial, Ms. Shaw provided numerous details about the robber's appearance on the night of the robbery. She stated that the robber was a short, thin, light-complected African-American male with "skinny" legs, which were visible because he wore shorts. She further testified that he wore a dark blue, hooded jacket with white lettering on it, work boots and black gloves. His face was covered from the nose down by a bandana and the hood was on his head, leaving his eyes visible. When Ms. Shaw saw Defendant again later in the evening, she recognized him as the man who had held a gun to her head and robbed the liquor store.[20] After providing this information, Ms. Shaw was asked by the prosecutor if she saw the robber in the courtroom, and she identified Defendant.

Defendant argues that this identification violated his right to a fair trial because it had no independent origin. The question of whether there has been an independent basis for an in-court identification arises when an unnecessarily suggestive out-of-court identification potentially taints an in-court identification.[21] Defendant incorrectly asserts that Ms. Shaw was unable to identify him

---

[20]Tr. (6/19/01) at 30; 33-39; 40-43.

[21]*Gillis v. State*, 1987 WL 38063 (Del. Supr.) (stating that admission of in-court identification violates due process if preceded by unnecessarily suggestive out-of-court identification which raises a substantial likelihood of misidentification, unless voir dire shows that the in-court identification has independent origin (citing *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977)).

in a photo line-up. Ms. Shaw testified that she was never shown any photographs,[22] and, in fact, the witness who had not been able to pick Defendant out of a photo array was Gina Harris, the clerk who refused Defendant's demand for cash when he attempted to rob the same liquor store on June 22, 2000.[23] The independent origin for Ms. Shaw's in-court identification of Defendant was the evening of June 21, 2000, when Defendant entered the Star Liquor Store and ordered everyone to the floor, fired his gun in the air, demanded that the clerk give him the store's money, stole a customer's car keys and fled the Star Liquor Store. Defense counsel had no reason to object to the identification, and he aggressively cross-examined Ms. Shaw on the details of her description of the robber.[24] The Court concludes that defense counsel was not ineffective for choosing not to object to Ms. Shaw's identification of Defendant as the robber of the Star Liquor Store. This claim has no merit.

**Exculpatory evidence.** Finally, Defendant argues that the State failed to turn over to the defense a videotape of a statement Defendant allegedly made to Det. Spence at the Wilmington Police Station. Defendant asserts that the videotape included exculpatory material and that defense counsel was ineffective for not identifying this issue and raising it on appeal. In his affidavit, defense counsel states that his file notes show that he asked the prosecutor about a tape of Defendant's statement. He further states that the prosecutor said that he believed that Defendant had not given a statement after arriving at the Police Station and that the prosecutor had confirmed this fact with the police.[25] In its answer, the State reiterates that Defendant did not give a formal

---

[22]Tr. (6/19/01) at 34, 36.

[23]Tr. 6/20/01) at 35-36.

[24]Tr. (6/19/01) at 31-36, 40-42.

[25]Defense Counsel's Affidavit at 4, Exh. A, entries for 2/22/01, 2/23/01.

statement while at the police station and that his comments to Det. Spence were not recorded.

At trial, Det. Spence testified that Defendant made certain unsolicited remarks and that he was read his *Miranda* rights but not interrogated. Det. Spence included Defendant's verbal statements in a written report, which was provided to the defense. There is nothing in the record to support Defendant's assertion that a statement was videotaped or that the prosecution failed to provide such a tape to the defense. This claim has no factual basis and does not provide grounds for postconviction relief.

## CONCLUSION

Defendant Devearl Bacon's Motion for Enlargement of Time to File a Reply to the State's Answer and Motion to File Amended Reply are hereby GRANTED. Defendant Bacon's motion for postconviction relief is hereby DENIED.

IT IS SO ORDERED.

Judge Susan C. Del Pesco

Original to Prothonotary
xc:     Sean Lugg, Esquire
        Devearl Bacon, Delaware Correctional Center
        Edmund M. Hillis, Esquire

11

SUPERIOR COURT OF THE STATE OF DELAWARE
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
020310

OFFICIAL BUSINESS, PENALTY FOR PRIVATE USE $300

SUPERIOR COURT OF THE STATE OF DELAWARE
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
020310

OFFICIAL BUSINESS, PENALTY FOR PRIVATE USE $300

RECEIVED
SEP 0 6 2005
JUDGE DEL PESCO'S OFFICE

RECEIVED
SEP 1 8 2005
JUDGE DEL PESCO'S OFFICE

19801-3733 12

Devearl L. Bacon, ID 00006017660
Delaware Correctional Center
1811 Paddock Rd

Devearl L. Bacon, ID 00006017660
Delaware Correctional Center
1811 Paddock Rd
P.O. Box 500
Smyrna, DE 19977
N440

INSUFFICIENT ADDRESS
ATTEMPTED NOT KNOWN
NO SUCH NUMBER/STREET
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
OTHER



RTS
RETURN TO SENDER

POSTAGE DUE

State Mail

State Mail

STATE MAIL

Screened by:
Delaware Capitol
Police



# *DELAWARE CORRECTIONAL CENTER*
# *SUPPORT SERVICES OFFICE*
# *MEMORANDUM*

*TO:* Deveard Bacon   *SBI#:* 221242

*FROM:* Stacy Shane, Support Services Secretary

*RE:* **6 Months Account Statement**

*DATE:* September 1, 2005

---

Attached are copies of your inmate account statement for the months of
March 1, 2005 to August 31, 2005

The following indicates the average daily balances.

| **MONTH** | **AVERAGE DAILY BALANCE** |
|---|---|
| march | 66.68 |
| april | 63.00 |
| may | 89.35 |
| June | 9.45 |
| July | ← |
| aug | 6.74 |

Average daily balances/6 months: 29.13

Attachments
CC:   File

*Stacy Shane*
9/1/05

NOTARY public
9/1/05

Date Printed: 9/1/2005

# Individual Statement

## For Month of March 2005

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $27.37 |
|-----|-----------|------------|----|----|---|---|
| 00221242 | BACON | Devcar | | | | |

Current Location:    22                                    Comments:

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|-----------|------|---------------------|--------------|------------------|---------|---------|--------------|-------|------------|
| Canteen | 3/1/2005 | ($12.75) | $0.00 | $0.00 | $14.62 | 75718 | | | |
| Canteen | 3/15/2005 | ($14.47) | $0.00 | $0.00 | $0.15 | 81103 | | | |

Ending Mth Balance:          $0.15

# Individual Statement

## For Month of April 2005

Date Printed: 9/1/2005

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix |
|-----|-----------|-----------|-----|--------|
| 00221242 | BACON | Devear | | |

Current Location:   22        Comments:

Beg Mth Balance:   $0.15

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|-----------|------|------------------------------|--------------|------------------|---------|---------|--------------|-------|------------|
| Mail | 4/14/2005 | $30.00 | $0.00 | $0.00 | $30.15 | 94352 | 41538571 | | L SUTTON |
| Mail | 4/15/2005 | $25.00 | $0.00 | $0.00 | $55.15 | 94832 | 1300483444 | | N WARD |
| Pay-To | 4/15/2005 | ($0.37) | $0.00 | $0.00 | $54.78 | 94964 | | DST/POSTAGE | |
| Pay-To | 4/15/2005 | ($0.37) | $0.00 | $0.00 | $54.41 | 94966 | | DST/POSTAGE | |
| Mail | 4/19/2005 | $100.00 | $0.00 | $0.00 | $154.41 | 96235 | 36828200 | | F BACON |
| Canteen | 4/26/2005 | ($29.99) | $0.00 | $0.00 | $124.42 | 98166 | | | |
| Pay-To | 4/28/2005 | ($5.70) | $0.00 | $0.00 | $118.72 | 99717 | | | |
| Pay-To | 4/29/2005 | ($22.00) | $0.00 | $0.00 | $96.72 | 99805 | | PRISON INDUSTRIES | |
| Pay-To | 4/29/2005 | ($0.37) | $0.00 | $0.00 | $96.35 | 100177 | | N WARD | DST |
| Pay-To | 4/29/2005 | ($0.37) | $0.00 | $0.00 | $95.98 | 100180 | | DST | DST |

Ending Mth Balance:        $95.98

Date Printed: 9/1/2005

# Individual Statement

## For Month of May 2005

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix |
|---|---|---|---|---|
| 00221242 | BACON | Devear | | |

Current Location: 22

Comments:

Beg Mth Balance: $95.98

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Canteen | 5/11/2005 | ($28.52) | $0.00 | $0.00 | $67.46 | 105864 | | | |
| Mail | 5/12/2005 | $25.00 | $0.00 | $0.00 | $92.46 | 105998 | 154315043 | | JP MEYER |
| Mail | 5/12/2005 | $25.00 | $0.00 | $0.00 | $117.46 | 106041 | 254756412 | | C BACON |
| Canteen | 5/18/2005 | ($18.43) | $0.00 | $0.00 | $99.03 | 108548 | | | |
| Pay-To | 5/20/2005 | ($0.72) | $0.00 | $0.00 | $98.31 | 109577 | | DST/POSTAGE | |
| Pay-To | 5/20/2005 | ($7.90) | $0.00 | $0.00 | $90.41 | 109611 | | DST/POSTAGE | |
| Pay-To | 5/20/2005 | ($0.37) | $0.00 | $0.00 | $90.04 | 109696 | | DST/POSTAGE | |
| Canteen | 5/26/2005 | ($40.14) | $0.00 | $0.00 | $49.90 | 111931 | | | |

Ending Mth Balance: $49.90

# Individual Statement

## For Month of June 2005

Date Printed: 9/1/2005

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix |
|---|---|---|---|---|
| 00221242 | BACON | Devcar | | |

Current Location:  22

Comments:

Beg Mth Balance:     $49.90

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Canteen | 6/1/2005 | ($19.91) | $0.00 | $0.00 | $29.99 | 114762 | | | |
| Canteen | 6/8/2005 | ($19.74) | $0.00 | $0.00 | $10.25 | 117339 | | | |
| Supplies-MailP | 6/14/2005 | $0.00 | $0.00 | ($2.12) | $10.25 | 120289 | | 5/5/04 | |
| Canteen | 6/15/2005 | ($10.04) | $0.00 | $0.00 | $0.21 | 120368 | | | |
| Supplies-MailP | 6/23/2005 | ($0.21) | $0.00 | ($1.91) | $0.00 | 124195 | | 5/5/4 | |

Ending Mth Balance:          $0.00

Date Printed: 9/1/2005

Page 1 of 1

# Individual Statement

## For Month of July 2005

| SBI | Last Name | First Name | MI | Suffix |
|---|---|---|---|---|
| 00221242 | BACON | Devcar | | |

Current Location: 22

Comments:

Beg Mth Balance: $0.00

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Pay-To | 7/18/2005 | $0.00 | $0.00 | ($0.83) | $0.00 | 132860 | | DST/POSTAGE | |
| Pay-To | 7/20/2005 | $0.00 | $0.00 | ($2.67) | $0.00 | 134201 | | DST/POSTAGE | |
| Pay-To | 7/20/2005 | $0.00 | $0.00 | ($2.67) | $0.00 | 134202 | | DST/POSTAGE | |
| Medical | 7/28/2005 | $0.00 | ($6.00) | $0.00 | $0.00 | 137334 | 7/25/05 | | |

Ending Mth Balance: $0.00

# Individual Statement

## For Month of August 2005

Date Printed: 9/1/2005

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: |
|---|---|---|---|---|---|
| 00221242 | BACON | Devear | | | $0.00 |

Current Location:  22

Comments:

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($1.06) | $0.00 | 140559 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($5.30) | $0.00 | 140563 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($3.95) | $0.00 | 140729 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($3.95) | $0.00 | 140730 | | DST/POSTAGE | |
| Mail | 8/12/2005 | $30.00 | $0.00 | $0.00 | $30.00 | 144461 | 243773368 | | J P MEYER |
| Canteen | 8/17/2005 | ($1.58) | $0.00 | $0.00 | $28.42 | 145544 | | | |
| Pay-To | 8/17/2005 | $1.00 | $0.00 | $0.00 | $29.42 | 146103 | | STALE DATED CH#2 | |
| Pay-To | 8/18/2005 | $0.00 | $0.00 | ($0.37) | $29.42 | 146846 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($0.60) | $0.00 | $0.00 | $28.82 | 147044 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($0.60) | $0.00 | $0.00 | $28.22 | 147045 | | DST/POSTAGE | |
| Medical | 8/19/2005 | ($6.00) | $0.00 | $0.00 | $22.22 | 147162 | | 7/25/05 | |
| Pay-To | 8/19/2005 | ($0.83) | $0.00 | $0.00 | $21.39 | 147260 | | DST/POSTAGE | |
| Supplies-MailP | 8/19/2005 | ($1.91) | $0.00 | $0.00 | $19.48 | 147320 | | 5/5/4 | |
| Pay-To | 8/19/2005 | ($2.67) | $0.00 | $0.00 | $16.81 | 147322 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($2.67) | $0.00 | $0.00 | $14.14 | 147323 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($1.06) | $0.00 | $0.00 | $13.08 | 147351 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($5.30) | $0.00 | $0.00 | $7.78 | 147352 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($0.37) | $0.00 | $0.00 | $7.41 | 147368 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($3.95) | $0.00 | $0.00 | $3.46 | 147371 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($3.46) | $0.00 | ($0.49) | $0.00 | 147372 | | DST/POSTAGE | |
| Supplies-MailP | 8/26/2005 | $0.00 | $0.00 | ($3.95) | $0.00 | 149844 | | POSTAGE | |
| Supplies-MailP | 8/26/2005 | $0.00 | $0.00 | ($0.37) | $0.00 | 149848 | | POSTAGE | |
| Supplies-MailP | 8/26/2005 | $0.00 | $0.00 | ($0.37) | $0.00 | 149849 | | POSTAGE | |

Ending Mth Balance:  $0.00