IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVEARL BACON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-714-JJF |
| | ) | |
| WARDEN CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CARROLL AND FORBES' RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Defendants Warden Thomas Carroll and Lt. Peter J. Forbes, Jr. ("Defendants") hereby oppose Plaintiff's Motion to Amend the Complaint [D.I. 26], and in support thereof, state as follows:

1. In his Motion to Amend the Complaint, Plaintiff requests leave to add allegations that, on January 5, 2006, a Correctional Officer Scott failed to send out his legal mail in a timely manner. Plaintiff also seeks to add Correctional Officer Scott as a defendant in this matter.

2. Without waiving any jurisdictional, service or any other defenses which may be available, Defendants take no position on Plaintiff's Motion to Amend as to Correctional Officer Scott.

3. Plaintiff also requests leave to add the following individuals as defendants: Commissioner Stan Taylor, Deputy Warden Betty Burris, St. Lt. Ramone Taylor, St. Lt. Profaci, Lt. Boone, Sgt. Kruschel, Cpl. Oney and Correctional Officer Washington. However, Plaintiff offers no factual allegations in support of adding these individuals as

parties to his action. In fact, other than listing their names, Plaintiff does not mention them at all in his Motion to Amend, or in the original Complaint.

      4.     Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the court has discretion to deny leave to amend when the amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment would be futile for the purposes of Rule 15(a) if, accepting all the well pleaded facts as true, the amended complaint does not state a claim upon which relief may be granted. *See Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington,* 646 F. Supp. 118, 120 (D. Del. 1986). That is, "the court should apply the same standards as are applied to Rule 12 (b)(6) motions to dismiss." *Id.*

      5.     "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (*quoting Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Plaintiff's Motion to Amend contains no mention of the proposed new defendants, other than Scott, and provides no facts to support a claim against them. Thus, there can be no showing of personal involvement, Plaintiff's proposed amendment fails to state a claim, and his Motion to Amend must be denied.

      6.     It is possible that Plaintiff seeks to hold certain individuals, such as Commissioner Taylor and Deputy Warden Burris, liable on the basis of their supervisory positions. However, supervisory liability cannot be imposed under Section 1983 on a *respondeat superior* theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). In order for a supervisory public official to be held liable for

a subordinate's constitutional tort, the official must be either the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (*citing Canton v. Harris*, 489 U.S. 378, 389 (1989)).

7. There is nothing in Plaintiff's Motion to Amend, or in the original Complaint, to suggest that any of the proposed defendants were the "moving force" behind any alleged violation of Plaintiff's constitutional rights. As noted above, other than Correctional Officer Scott, none of the proposed defendants are mentioned at all in the Motion to Amend.

8. Plaintiff's proposed amended complaint fails to state a claim against Commissioner Stan Taylor, Deputy Warden Betty Burris, St. Lt. Ramone Taylor, St. Lt. Profaci, Lt. Boone, Sgt. Kruschel, Cpl. Oney and Correctional Officer Washington. Therefore, any amendment to the complaint would be futile, and the Motion to Amend must be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion to Amend the Complaint.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th fl.
Wilmington, DE  19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants

Date:  March 17, 2006

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 17, 2006, I electronically filed *Defendants Carroll and Forbes' Response to Plaintiff's Motion to Amend the Complaint* with the Clerk of Court using CM/ECF.  I hereby certify that on March 17, 2006, I have mailed by United States Postal Service, the document to the following non-registered party:  Devearl Bacon.

      /s/ Eileen Kelly
      Deputy Attorney General
      Department of Justice
      820 N. French St., 6th Floor
      Wilmington, DE 19801
      (302) 577-8400
      eileen.kelly@state.de.us