Exhibit A

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:  (N)    K    S        CIVIL ACTION NUMBER:_____

Civil Case Code _____        Civil Case Type _CPIN , CMAL___
                                   (See Reverse Side for Code and Fees)

| Caption: | Name and Status of Party filing document: |
|---|---|
| See Attach Sheet | Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| | Non-Arbitration ___ (CERTIFICATE OF VALUE MAY BE REQUIRED) |
| | Arbitration ___   Mediation ___    Neutral Assessment ___ |
| | DEFENDANT (CIRCLE ONE)   ACCEPT   REJECT |
| | JURY DEMAND (YES)___    No ____ |
| | TRACK ASSIGNMENT REQUESTED (CIRCLE ONE) |
| | EXPEDITED   (STANDARD)   COMPLEX |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| ATTORNEY ID(S): | N/A |
| FIRM NAME: | EXPLAIN THE RELATIONSHIP(S): |
| ADDRESS: | |
| TELEPHONE NUMBER: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| FAX NUMBER: | N/A |
| E-MAIL ADDRESS: | |
| | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 6/2002

IN THE SUPERIOR COURT OF DELAWARE

IN FOR NEW CASTLE COUNTY

DEVEARL L. BACON )
   Plaintiff )
       )
    V. )     C.A. NO.
       )
       )
WARDEN CARROLL ; )   JURY OF TWELVE DEMAND
Deputy WARDEN McGuigan ; )  NON-ARBITRATION
JOE HUDSON, )
Lt. CARROTHERS, )
Lt. LEGATES, )
Lt. BOONE, )
Lt. PROFACI, )
Lt. FORBES, )
Sgt. SNEAD, )
C.M.S., )
F.C.M: DR. TAMMY KASTRE )
   DEFENDANT. )
       )

AMENDED COMPLAINT

(i)

Comes Now, The Plaintiff Sevearl L. Bacon Pro-Se in presenting His Complaint and Cause of Action Against The Above Named Defendant's Asserts The following In Support of His Claim:

## COUNT I

## Common Allegations

1. This Civil action damages exceeding 50,000. This Court has original jurisdiction pursuant to 10 Del. C. § 1322-(A).

2. Plaintiff Sevearl L. Bacon is a Resident of State of Delaware and is housed at S.C.C. Prison.

3. Defendant, Warden Carroll of S.C.C., a Resident of Del., He is sued in His individual capacity.

4. Defendant, Deputy Warden McGuigan of D.C.C. (now Warden of Webb Corrections), a resident of Del., He is sued in His individual capacity.

5. Defendant, Joe Hudson of D.C.C., a resident of Del., He is sued in His individual capacity.

6. Defendant, Lt. Carrothers of D.C.C., a resident of Del., He is sued in His individual capacity.

7. Defendant, Lt. Legates of D.C.C., a resident of Del., He is sued in His individual capacity.

8. Defendant, Lt. Boone of D.C.C., a resident of Del., He is sued in His individual capacity.

9. Defendant, Lt. Profaci of D.C.C., a resident of Del., She is sued in Her individual capacity.

10. DEFENDANT, Lt. FORBES of D.C.C., A RESIDENT
OF Del., He is SUED in His individual CAPACITY.

11. DEFENDANT, Sgt. SNEAD of D.C.C., A RESIDENT
OF Del., He is SUED in His individual CAPACITY.

12. DEFENDANT, CORRECTIONAL Medical SERVICES
(C.M.S.) 10 CORPORATE CIRCLE, NEW CASTLE, Del.
19720, is AND AT All MATERIAL TIME HEREIN UNTIL
SEPTEMBER 19, 2005, WAS the D.C.C. HEALTH CARE
PROVIDER. IN their OFFICIAL CAPACITY AND
INDIVIDUAL CAPACITY PROVIDING HEALTH CARE
SERVICES, THEY ARE RESPONSIBLE FOR INMATES
MEDICAL NEEDS WHILE THEY ARE INCARCERATED AT
D.C.C., THEY ARE SUED IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITY.

④

13. Defendant, First Correctional Medical (F.C.M.) 1575 Mckee Rd, Suite 201, Dover, Del. 19904, is and at all material time herein until July 2005, was the D.C.C. health care provider. In their official capacity and individual capacity providing health care services, they are responsible for inmates medical needs while they are incarcerated at D.C.C., They are sued in their individual and official capacity. (F.C.M., 12795 North Wildlife Avenue, P.O. Box 69370, Tucson, Arizona 85731-0015)

14. On May 1, 2004 Plaintiff was leaving out of Building 24 "B" dining hall D.C.C., as Plaintiff was walking towards door Plaintiff slipped down on a wet spot on the floor. Plaintiff turned to get up from the floor Plaintiff felt sharp pain in lower back, a correctional officer (no name given) told

Plaintiff "don't try to move"; Lt. Carrothers (Shift Commander) said to plaintiff "Stay on floor until nurse gets here". Nurse placed plaintiff in wheel chair and plaintiff was taken to nurses office, nurse asked plaintiff "do you fill any pain", plaintiff answered "yes". Lt. Carrothers and nurse asked plaintiff "what happen" plaintiff stated: "I slipped landed on my back I turned left to right to get up off the floor and felt like a knife stuck me up my back, a c/o told me not to move along with Sgt. Snead". The nurse wrote a report down and orderd plaintiff something for the pain. Lt. Carrothers orderd his staff members to "write a incident report".

15. Plaintiff filed paper work through; Kitchen Commander, M.H.U. Shift Commanders, and

INTERNAL Affairs ASKING For A photo(s) of
this hAZArdous AREA, AND-Asked "why wasN't
there ANY wARNING signs (wet floor signs), TheN
Plaintiff filed for All medicAl AND incident
Reports, AND NEither wAs given (SEE Exhibit-A).

16. This incident wAs Also witNess by three
other inmates Mr. MArtin Roberts #174059, Mr.
MARk Tingle #381464, AND Mr. Gregory DeShields
#256942 (SEE Exh. A).

17. ON May 7, 2004 Plaintiff Along with Inmate
MArtin Roberts #174059 wAs wAlking in diNing hAll
"B" Building 24 S.C.C., As we went to sit down At
first tAble we SEEN A-lot of wAter on the tAble
AND floor we didN't sit At the wet tAble, As we
looked up to the ceiling to See were the wAter
wAs coming from, we NOTICE that the wAter

⑦

was coming from a out going (sc) sewage pipe". The water from the pipe caused the hazardous area were plaintiff had fell on May 1, 2004. Mr. Roberts and Plaintiff filed paper work and asked "why wasn't Inmate's not being cautioned about these hazardous and unsanitary area's" (see exh. B) Both Mr. Roberts and Plaintiff filed for an investigation as to why Inmate's were not being cautioned and asked for photo's of the hazardous area's so that the evidence maybe preserved, no photo's was taken, nor was Plaintiff informd of any investigation. (See Exh. B).

18. From May 1, 2004 — May 17, 2004 Plaintiff recieved 500 mg. Ibuprofen for pain in lower back. Plaintiff filed sick-call slips explaining pain and suffering. (See Exh. C), on May 14, Plaintiff 2004

was seen by Doctor, Doctor stated: "you have swelling in lower back and a sprain". Plaintiff was orderd rubbing cream and pain killers. Plaintiff had to pay for medical treatment (see Exh. C). On May 17, 2004 Plaintiff filed sick-call and asked for 'memo' stating: "what Plaintiff could pick up or not", Plaintiff needed to get a job and was given a job in the kitchen., On Aug. 29, 2004 (while working) Plaintiff filed sick-call and stated: "For the past 3 weeks I been bending and moving my back, I'm still in pain I need my Ibuprofen re-newed. I also need a x-ray of my back (see Exh. D).

19. On June 17, 2004 – January 16, 2005 Plaintiff filed to have x-ray's of back and for pain killers. (see Exh. D).

20. On Feb. 11, 2005 Plaintiff was given a x-ray at D.C.C. medical, the nurse who gave the x-ray stated to Plaintiff: "if you want to see your results of your x-ray's, they will be done by Feb. 15, 2005, just put sick-call slip in so you can 'see' your x-ray's", Plaintiff filed for results of x-ray's (see exh. D). On about 3rd week of April 2005 Plaintiff recieved copy of sick-call filed March 16, 2005, at bottom of sick-call was message from Ms. Leslie Robinson stating: "no results at present time, Doctor will notify if abnormal". (see exh. D)

21. After not physically seeing results of x-rays on April 5, 2005 Plaintiff filed Medical Grievance and requested: "to physically see x-ray's" (see exh. E); on May 12, 2005 Plaintiff talked with Investigator to above Medical Grievance, Plaintiff asked to

physically see Results of X-Ray's, Ms. Anita
Ellen stated: "Plaintiff 'could not'" (see Exh. E).
Plaintiff had a right to see X-Ray Results. This caused
a indifference.

22. As a direct result of fall. Plaintiff suffered
serious and permanent injuries to back.

23. As a direct result of aforesaid fall, Plaintiff
suffere severe injuries that prevented him from
sleeping or free movement of bending

24. As a direct result of fall Plaintiff sustained
and suffered over an extended period of time,
severe physical pain. (see exh- A-8).

25. As a direct result of fall Plaintiff was deprived
of or had much difficulty in many everyday physical
and pleasurable activities. (see exh A-8).

26. As a direct result of proximate result of

injuries sustained in fall, Plaintiff developed an dependency on pain killers (see Exh A-D).

27. As a direct result of not recieving incident report's or photo's of hazardous area's, Plaintiff could not preserve the evidence.

28. As a direct result of water falling down on table from sewage pipe and by these area's not being cautioned, Plaintiff (Mr. Roberts #174059, Mr. Tingle #381464, and Mr. DeShields #256942), was exsposed to hazardous & unsanitary conditions.

## COUNT II

CONVERION, INTERFERENCE WITH PROSPECTIVE ADVANTAGE, BADFAITH LIABILITY

27. Plaintiff realleges paragraph 14 through 28 of COUNT I as if allegations herein by

(12)

this REFERENCE.

30. Defendant's Joe Hudson, Lt. Legates, Lt. Profaci, Lt. Boone, Lt Forbes, And Lt. Carrothers, despite receiving letters asking for forms, photo's, and incident reports of hazardous area's Refused to perserve the evidence.

31. Defendant's F.C.M., C.M.S., despite receiving sick-call slips and medical grievances Refused to perserve and give plaintiff prove of injury. This causes a "DELIBERATE INDIFFERENCE".

32. Defendant's Joe Hudson, Lt. Legates, Lt. Profaci, Lt. Boone, Lt. Forbes, Lt. Carrothers, F.C.M., and C.M.S., as a direct and proximate result of the above actions described herein, has shown

"Bad Faith" in its activities by not providing copies or X-Ray's of Plaintiff's records.

## COUNT III
## NEGLIGENCE

33. The Plaintiff realleges paragraphs 14 through 28 of COUNT I as if fully alleged in this action and incorporates them herein by this reference.

34. The Plaintiff after much research and discovery and after not receiving reports nor X-Ray's made an immediate effort to contact Defendant's.

35. That as a further, direct and proximate consequence of aforesaid fall incurred expenses in medical, and will require medical

Attention in the future.

36. That the Plaintiff has been physically damaged in His Ability to earn income in the future and will suffer inability into the future.

## COUNT IV
## NEGLIGENCE, MALPRACTICE, MEDICAL INDIFFERENCE AND EMOTIONAL DISTRESS

37. Plaintiff realleges paragraphs 14 through 28 of Count I as if fully alleged in this action and incorporates them herein by this reference.

38. On or about May 1, 2004 through Feb. 11, 2005 Plaintiff was seen by the D.C.C. Health Care Staff.

39. The Defendant's C.M.S. and F.C.M. at all times material herein were the sole Health Care providers at D.C.C.

40. As a direct and proximate causation of Defendant's C.M.S. and F.C.M. failure to provide Plaintiff with medical treatment and x-ray for Plaintiff "serious" physical injuries, Plaintiff has suffered emotional distress in the form of pain, grief, anxiety, depression and substantial mental anguish from his physical injuries and his numerous attempts to get treatment.

## CLAIMS FOR RELIEF

41. As to Count I of this Action, the actions of Defendant's Negligent Act failure to warn Plaintiff(s) of hazardous and unsanitary area's, Plaintiff was seriously injured, constitute the tort of Negligence and also causes an infliction of emotional distress under the common laws

of the State of Delaware.

42. As to Count II of this Action, the acts or omissions of above Defendant's voluntary and arbitary actions of refusing and or failing to provide exculpatory records (photo's, x-ray's, etc.,) that Plaintiff depended on for use of Plaintiff's trial, as well as not being able to present exculpatory evidence that would have shown mitigating circumstances in Plaintiff's trial, constitutes the Torts of Conversion, Interference with Prospective Advantage, Negligence and Bad Faith under the common tort Laws of the State of Delaware.

43. As to Count III of this Action, Defendant's by their acts of discovery and medical actions in which the Plaintiff was severely injured

Constituting the torts of Negligence under civil liability under the common tort Laws of the State of Delaware.

44. As to Count IV of this action, the Defendant's C.M.S. and F.C.M by their failure to provide adequate medical treatment for Plaintiff's serious (I) injuries while in custody under contact by aforesaid Defendant's to provide medical care constituting the torts of Negligence, Malpractice, Medical Indifference and Infliction of Emotional Distress under the common tort Laws of the State of Delaware.

## RELIEF

WHEREFORE, the Plaintiff Devearl L. Bacon prays for judgement against the Defendant's granting the following relief:

A. Issue a declaratory judgement
Stating that:

1. As to Count I of this action the
   Defendant's Negligence caused the
   Aforsaid fall in which plaintiff
   Devearl C. Bacon was seriously injured
   due to Defendant's failure to create a
   safe enviorment, constituting Negligence,
   infliction of emotional distress.

2. As to Count II of this Action the Defendant's
   failure and refusal to provide plaintiff
   with exculpatory records for plaintiff case,
   constituted the Torts of Conversion,
   Interference with Prospective Advantage,
   Negligence and Bad Faith.

3. As to Count III of this Action, the

Defendant's by their discovery and medical actions, violation of States A, B, C. Laws, constituted Negligence.

4. As to Count IV of this action, the Defendant's C.M.S. and F.C.M. failure to provide Adequate medical care for the Plaintiff constitutes Negligence, Malpractice, Medical Indifference and Infliction of Emotional Distress.

B. Award Compensatory Damages in the following Amount:

1. ~~xxxxxx~~ Against Defendant's for the physical and emotional injuries sustained as a result of Defendant's Negligence, and infliction of Emotional

distress causing Plaintiff pain and suffering.

2. ~~counts~~ Against Defendant's conversion for their own use, interference with Plaintiff's prospective advantage, Negligence and Bad faith in their failure to provide and supply Plaintiff with his record, Contributing to Plaintiff's pain and emotional suffering.

3. ~~counts~~ Against Defendant's place for their Negligence and unlawful actions of discovery, medical and failure to warn Plaintiff(s) of hazardous and unsanitary area's, caused Plaintiff to fall, causing Plaintiff much Pain and suffering.

4. ▓▓▓▓ Against C.M.S. And F.C.M.
   Medical Services jointly and severally
   for their Negligence, Medical Indifference
   by failing to provide adequate medical
   care as a follow-up of Plaintiff's injuries
   causing Plaintiff to suffer physical
   and emotional pain and contributing to
   Plaintiff's pain and suffering.

C. Award Consequential Damages in the
following amounts:

1. 30,000 Against Defendants for the
   physical and emotional injuries
   sustained as a result of Defendant's
   Negligence, and infliction of
   Emotional distress causing Plaintiff
   Pain and Suffering.

2. 30,000 Against Defendant's Conversion for their own use, Interference with Plaintiff's Prospective Advantage, Negligence And Bad Faith in their failure to provide and supply Plaintiff with His record, contributing to Plaintiff's pain and emotional suffering.

3. 30,000 Against Defendant's place for their negligence and unlawful actions of discovery, medical and failure to warn Plaintiff(s) of hazardous and unsanitary area's, caused Plaintiff to fall, causing Plaintiff much pain and suffering

4. 30,000 Against C.M.S. and F.C.M. Medical Services jointly and severally for their Negligence, Medical Indifference by failing to provide Adequate medical Care as a follow-up of Plaintiff's injuries causing Plaintiff to suffer physical and Emotional pain and contributing to Plaintiff's pain and suffering.

B. Award Incidental Damages in the following Amounts:

1. 30,000 Against Defendant's for the physical and emotional injuries Sustained as a result of Defendant's Negligence, and infliction of Emotional distress causing Plaintiff Pain and Suffering.

2. 30,000 Against Defendants' Conversion for their own use, Interference with Plaintiff's Prospective Advantage, Negligence and Bad Faith in their failure to provide and supply Plaintiff with his record, contributing to Plaintiff's pain and emotional suffering.

3. 30,000 Against Defendant's Place for their Negligence and unlawful actions Of discovery, medical and failure to warn Plaintiff(s) Of hazardous and unsanitary area's, caused Plaintiff to fall, causing Plaintiff much pain and suffering.

4. 30,000 Against C.M.S and F.C.M. Medical Services jointly and severally for their Negligence, Medical Indifference by failing to provide adequate medical care as a follow-up of Plaintiff's injuries causing Plaintiff to suffer physical and emotional pain and contributing to Plaintiff's pain and suffering.

E. Award Actual Damages in the following Amount:

1. 300,000 Against Defendant's for the physical and emotional (j) injuries sustained as a result of Defendant's Negligence, and infliction of emotional distress causing Plaintiff pain and suffering.

2. 300,000 Against Defendant's Conversion for their own use, Interference with Plaintiff's Prospective Advantage, Negligence and Bad Faith in their failure to provide and supply plaintiff with His record, contributing to Plaintiff's pain and emotional suffering.

3. 300,000 Against Defendant's Place for their Negligence and unlawful Actions of discovery, Medical and failure to warn Plaintiff's of hazardous and unsanitary area's, caused plaintiff to fall, causing Plaintiff much pain and suffering.

4. 300,000 Against C.M.S. And F.C.M. Medical
Services jointly and severally for
their (NEB Negligence, Medical Indifference
by failing to provide Adequate medical
care as a follow-up of Plaintiff's injuries
causing plaintiff to suffer physical and
emotional pain and contributing to
Plaintiff's pain and suffering.

F. Award Hedonic damages in the following Amount:

1. 20,000 Against Defendant's for the
physical and emotional injuries
sustained as a result of Defendant's
Negligence, and infliction of
emotional distress causing Plaintiff
pain and suffering.

2. 20,000 Against Defendant's Conversion for their own use, Interference with Plaitiff's prospective Advantage, Negligence And Bad Faith in their failure to provide And supply Plaintiff with His record, contributing to Plaintiff's pain. And emotional suffering.

3. 20,000 Against Defendant's Place for their Negligence And unlawful Actions of discovery, medical And failure to warn Plaintiff's of hazardous And unsanitary area's, caused Plaintiff to fall, causing Plaintiff much pain And suffering.

4. 20,000 Against C.M.S And F.C.M. Medical Services jointly And severally for their Negligence, Medical Indifference by failing to provide Adequate Medical Care As A follow-up of Plaintiff's injuries causing Plaintiff to suffer physical And emotional PAIN And contributing to Plaintiff's PAIN And suffering.

G. Award Punitive Damage in the following Amount:

1. ~~[redacted]~~ Against Defendant's for the physical And emotional injuries Sustained As A result of Defendant's Negligence, And infliction of emotional distress causing Plaintiff PAIN And suffering.

2. ~~█████~~ Against Defendant's Converison
for their own use, Interference with
Plaintiff's prospective Advantage,
Negligence And Bad Faith in their
failure to provide And supply Plaintiff
with His record, contributing to
Plaintiff's pain And emotional suffering.

3. ~~█████~~ Against Defendant's Place for
their Negligence And unlawful Actions
of discovery, medical And failure to
warn Plaintiff's of hazardous And
unsanitary Area's, caused plaintiff
to fall, causing Plaintiff much pain
And suffering.

4. ~~Against~~ Aginst C.M.S and F.C.M. Medical
Services jointly and severally for
their Negligence, Medical Indifference
by failing to provide Adequate Medical
Care as a follow-up of Plaintiff's injuries
causing Plaintiff to suffer physical and
emotional pain and contributing to
Plaintiff's pain and suffering.

H. 20,000 jointly and severally against Defendant's
for expenses incurred as the result of being
unable to perform ordinary tasks.

I. 100,000 jointly and severally against
Defendant's for the lose of movement.

J. 100,000 jointly and severally against Defendant's
for the loss of time and pleasurable activities.

K. Award Plaintiff Attorney fees for time in the preparation of this action.

L. Award Plaintiff All medical expenses.

M. Award Plaintiff All interest on momentary amounts held in account.

N. Grant such other relief as it may appear Plaintiff is entittled.

Nov. 30, 2005

Respectfully,

Devearl L. Bacon
D.C.C.
Smyrna, Del. 19977

35

## PROCEDURES FOR COMPLETING A STANDARD SUMMONS WRIT

The standard summons is the most commonly issued writ. The following instructions apply to completing a summons:

1. Enter the caption as it appears on the complaint in the upper left corner of the form. If there are multiple defendants enter each defendant on a new line. List the defendants down the left side of the document, using additional pages if necessary (such as with an asbestos case) until the last defendant is named. (Example of multi-defendant case is included as document ASBSUM.SAM)

2. Leave the Case Number blank. The Prothonotary's Office will assign a new civil action number (C.A. No.) and fill in this line.

3. Below the caption, on the line that reads "To the Sheriff of _NEW CASTLE_ " enter New Castle, Kent or Sussex, depending upon where the defendant resides. If there are multiple defendants residing in more than one County, prepare an original writ for each County, along with the copies for the defendants.

4. In the paragraph body enter the name of the plaintiff's attorney on the space just preceding the words "plaintiff's attorney." In the space following "whose address is" enter the address of the plaintiff's attorney.

5. Leave the date space blank. The Prothonotary's staff will date the document the day it is issued and sent to the Sheriff's Office.

6. Leave the "Per Deputy" space blank. It is for a Prothonotary Deputy's signature.

7. **NOTE**: If you are filing in another County, the County name in the heading and the Prothonotary's name should be changed to reflect the County and Prothonotary where the case is being filed.

## ORDER UPON INITIAL REVIEW OF COMPLAINT

The Court having reviewed the complaint:

1. _____     IT IS ORDERED that the complaint is DISMISSED because:

_____ The complaint was factually frivolous.

_____ The complaint was legally frivolous.

_____ The complaint was malicious.

Service of process shall not issue.

2. _____ The complaint is NOT DISMISSED and service of process shall

issue.

IT IS SO ORDERED.

_____ J.

DATED: _____

ATTACHMENT C

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR <u>New Castle</u> COUNTY

Deveari C. Bacon

Plaintiff

     v.                                  C.A. No.

Defendant

<u>INTERROGATORIES DIRECTED TO</u>

1.  Give the names and last known addresses of all persons who have knowledge of the facts alleged in the pleadings, identifying those who were witnesses to the incident.

    A.

2.  With reference to any report, memorandum, resume, paper, statement, photograph or sketch in your possession pertaining to any of the facts alleged or referred to in the pleadings, describe each item (listing the date, author, recipient and general content).

    A.

3.  Describe in detail each injury, illness, complaint, or disease you claim to have suffered in the incident or as a result of the incident upon which the complaint is based and as to each such separate designation state:

    (a) The date of its onset if different from the date of the incident;

    (b) The name and address of the physician or other person trained in the healing arts who treated you for that condition and the dates of each such treatment and the nature of the treatment;

    (c) If such condition has cleared or resolved, the date of its clearing or resolving.

    A.

4.  If you have been treated since the date of the incident for any medical or psychological condition, whether or not resulting from the incident, which is the subject of this litigation, give a specific description of each condition and each treatment, and state the dates of treatment. If the treatment includes treatment in a hospital, list the name and address of the hospital and the dates.

A.

5.  State whether you are still under the care of a physician, surgeon or other medical personnel, and if so, state his name and address and describe the nature of the care you are presently receiving.

A.

6.  If you are no longer under the care of a physician, surgeon or other medical personnel, give the date on which you were last treated or examined and the name and address of the doctor making such examination or treatment.

A.

7.  If you have fully recovered from any of the injuries, illnesses, complaints, discomforts or diseases, which you claim, resulted directly or indirectly from the incident, describe such injuries, illnesses, complaints, discomforts, or diseases from which you have recovered and, as to each, state the date of such recovery.

A.

14. List names and addresses of any dependents:

I, _Devearl L Bacon_____ , swear or affirm that the above-

information is true and correct and is made under penalty of perjury.

DATED: _Nov. 30, 2005_____

        I understand that if the Court directs that I pay certain fees and court costs but
dismisses my complaint or claim, the Court keeps power over me until all costs and fees are paid.


        SWORN TO AND SUBSCRIBED before me this _____ day of

_____ , _____ .


_____
                            Title

Revised 7.17.03

* All requests for information must be supplied, if possible. Failure to supply information may
result in denial of your motion to proceed *in forma pauperis.*

## SUMMATION

The Respondent Warden *CARRoll* is fully responsible for the conduct and actions of his underlings and it is his duty to uphold the Constitutional Rights of his prisoner wards, but rather than attempt to place any form of control on his subordinates and uphold the Constitution and Rules of the Supreme Court, Mr. *CARRoll* runs a haphazard institution, allowing employees to operate autonomously and without regard for the law, the rules of the United States Supreme Court or the constitutional rights of the prisoners, or the public at large. For these reasons, the writ should issue and the release sought to be granted forthwith.

## RELEASE SOUGHT

THAT THIS HONORABLE COURT ENJOIN THE HEREIN NAMED RESPONDENT TO:

1. Remove the restrictions placed upon this prisoner's First Amendment rights to correspond;

2. Restore the thirty (30) days forfeited by the institution's disciplinary committee;

3. Deliver all correspondence, legal material and law books to this petitioner without any form of dely or censorship;

4. Award compensation for punitive damages due to mental anguish and frustration suffered by this petitioner;

5. Give any other such just and equitable relief as the court may deem warranted by facts which appear herein.

## CONCLUSION

The petitioner in this cause of action is a layman, unrepresented prisoner seeking relief as best he knows how without the aid of qualified counsel, therefore, may the Court be respectfully reminded of such cases as <u>French v. Hayne</u>, 547 F.2d 994 (C.A. 7 1976); <u>Haynes v. Kerner</u>, 404 U.S. 519 (1972); <u>Carmelly v. Gibson</u>, 335 U.S. 41, 45-6 (1957), wherein it has been clearly determined that if an unrepresented prisoner seeks an inappropriate type of relief, they, the courts, will interpret the complaint as seeking whatever type of relief as is warranted by the facts of the case.