Exhibit C

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:  ( N )   K   S          CIVIL ACTION NUMBER:_____

Civil Case Code _____      Civil Case Type $CPIN$ , $CMAL$
                                (See Reverse Side for Code and Type)

| Caption: | Name and Status of Party filing document: |
|---|---|
| | Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| | Non-Arbitration ___ (CERTIFICATE OF VALUE MAY BE REQUIRED) |
| | Arbitration ___ Mediation ___ Neutral Assessment ___ DEFENDANT (CIRCLE ONE) ACCEPT REJECT JURY DEMAND (YES) ___ No ____ TRACK ASSIGNMENT REQUESTED (CIRCLE ONE) EXPEDITED (STANDARD) COMPLEX |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| ATTORNEY ID(S): | |
| FIRM NAME: | EXPLAIN THE RELATIONSHIP(S) |
| ADDRESS: | |
| TELEPHONE NUMBER: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| FAX NUMBER: | |
| E-MAIL ADDRESS: | |
| | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 6/2002

IN THE SUPERIOR COURT OF DELAWARE

IN FOR NEW CASTLE COUNTY

DEVEARL L. BACON )
  Plaintiff )
)
    V. )   CA. NO.
)
WARDEN CARROLL ; )  JURY OF TWELVE DEMAND
Deputy WARDEN McGuigan, )  NON-ARBITRATION
Joe Hudson, )
Lt. CARROTHERS, )
Lt. LEGATES, )
Lt. BOONE, )
Lt. PROFACI, )
Lt. FORBES, )
Sgt. SNEAD, )
C.M.S., )
F.C.M: DR. TAMMY KASTRE )
  DEFENDANT. )
)

## Amended Complaint

Comes Now, The Plaintiff Sevear/ L. Bacon
Pro-Se in presenting His Complaint and Cause
of Action Against The Above Named Defendant's
Asserts The following In Support of His Claim:

COUNT I
Common Allegations

1. This Civil Action damages exceeding
50,000. This Court has original jurisdiction
pursuant to 10 Del. C. § 1322(A).

2. Plaintiff Sevear/ L. Bacon is A Resident
of State of Delaware and is housed at S.C.C.
prison.

3. Defendant, Warden Carroll of S.C.C., A
Resident of Del-, He is sued in His individual
capacity.

②

4. Defendant, Deputy Warden McGuigan of D.C.C. (now Warden of Webb Corrections), a resident of Del., He is sued in His individual capacity.

5. Defendant, Joe Hudson of D.C.C., a resident of Del., He is sued in His individual capacity.

6. Defendant, Lt. Carrothers of D.C.C., a resident of Del., He is sued in His individual capacity.

7. Defendant, Lt. Legates of D.C.C., a resident of Del., He is sued in His individual capacity.

8. Defendant, Lt. Boone of D.C.C., a resident of Del., He is sued in His individual capacity.

9. Defendant, Lt. Profaci of D.C.C., a resident of Del., She is sued in Her individual capacity.

(3)

10. Defendant, Lt. Forbes of D.C.C., A resident of Del., He is sued in His individual capacity.

11. Defendant, Sgt. Snead of D.C.C., A resident of Del., He is sued in His individual capacity.

12. Defendant, Correctional Medical Services (C.M.S.) 10 Corporate Circle, New Castle, Del. 19720, is And At All material time herein until September 19, 2005, was the D.C.C. health care provider. In their official capacity And individual capacity providing health care services, they Are responsible for inmates medical needs while they Are incarcerated At D.C.C., They Are sued in their individual And official capacity.

④

·13. Defendant, First Correctional Medical (F.C.M.) 1575 Mckee Rd, Suite 201, Dover, Del. 19904, is and at all material time herein until July 2005, was the D.C.C. health care provider. In their official capacity and individual capacity providing health care services, they are responsible for inmates medical needs while they are incarcerated at D.C.C., They are sued in their individual and official capacity.

14. On May 1, 2004 plaintiff was leaving out of Building 24 "B" dining hall D.C.C., as plaintiff was walking towards door plaintiff slipped down on a wet spot on the floor. Plaintiff turned to get up from the floor plaintiff felt sharp pain in lower back, A correctional officer (no name given) told

⑤

: Plaintiff "don't try to move"; Lt. Carrothers (Shift Commander) said to plaintiff "stay on floor until nurse gets here". Nurse placed plaintiff in wheel chair and plaintiff was taken to nurses office, nurse asked plaintiff "do you fill any pain", plaintiff answered "yes". Lt. Carrothers and Nurse asked plaintiff "what happen" plaintiff stated: "I slipped landed on my back I turned left to right to get up off the floor and felt like a knife stuck me up my back, A C/o told me not to move along with Sgt. Snead". The nurse wrote a report down and ordered plaintiff something for the pain. Lt. Carrothers ordered his staff members to "write a incident report".

15. Plaintiff filed paper work through; Kitchen Commander, M.H.U. Shift Commanders, and

Internal Affairs asking for a photo(s) of this hazardous area, and asked "why wasn't there any warning signs (wet floor signs).; Then Plaintiff filed for all medical and incident reports, and neither was given (see exhibit A).

16. This incident was also witness by three other inmates Mr. Martin Roberts #174059, Mr. Mark Tingle #381464, and Mr. Gregory DeShields #256942 (see exh. A).

17. On May 7, 2004 Plaintiff along with Inmate Martin Roberts #174059 was walking in dining hall "B" Building 24 D.C.C., as we went to sit down at first table we seen a-lot of water on the table and floor we didn't sit at the wet table, as we looked up to the ceiling to see were the water was coming from, we notice that the water

⑦

was coming from A out going (see) SEWAGE PIPE".

The WATER from the PIPE CAUSED the hAZARDOUS AREA WERE PLAINTIFF HAD FELL ON MAY 1, 2004. MR. ROBERTS AND PLAINTIFF FILED PAPER WORK AND ASKED "WHY WASN'T INMATE'S NOT BEING CAUTIONED ABOUT THESE hAZARDOUS AND UNSANITARY AREA'S" (SEE Exh. B). BOTH MR. ROBERTS AND PLAINTIFF FILED FOR AN INVESTIGATION AS TO WHY INMATE'S WERE NOT BEING CAUTIONED AND ASKED FOR PHOTO'S OF THE hAZARDOUS AREA'S SO THAT THE EVIDENCE MAYBE PRESERVED, NO PHOTO'S WAS TAKEN, NOR WAS PLAINTIFF INFORMD OF ANY INVESTIGATION. (SEE Exh. B).

18. FROM MAY 1, 2004 — MAY 17, 2004 PLAINTIFF RECIEVED 500 mg. IBUPROFEN FOR PAIN IN LOWER BACK. PLAINTIFF FILED SICK-CALL SLIPS EXPLAINING PAIN AND SUFFERRING. (SEE Exh. C), ON MAY 14, PLAINTIFF 2004

⑨

. WAS SEEN by Doctor, Doctor stated : " you
have swelling in lower back and a sprain ".
Plaintiff was ordered rubbing cream and pain
killers. Plaintiff had to pay for medical treatment
(see Exh. C). On May 17, 2004 Plaintiff filed sick-
call and asked for 'memo' stating : " what Plaintiff
could pick up or not ", Plaintiff needed to get a
job and was given a job in the kitchen., On Aug. 29,
2004 (while working) Plaintiff filed sick-call and
stated : " for the past 3 weeks I been bending and
moving my back, I'm still in pain I need my Ibuprofen
re-newed. I also need a X-ray of my back (see exh. D).

19. On June 17, 2004 — January 16, 2005 Plaintiff
filed to have X-ray's of back and for pain killers
(see exh. D).

(9)

· 20 · ON FEB. 11, 2005 PlaintiFF WAS given A
X-RAY At D.C.C. medical, the NURSE who gAVE the
X-RAY Stated to PlaintiFF: "if you WANT to SEE YOUR
RESults of YOUR X-RAY'S, they will be doNE by Feb. 15, 2005,
just put sick-CAll slip iN So YOu CAN 'SEE' YOUR X-RAY'S",
PlaintiFF filed FoR RESults oF X-RAY'S (SEE EXH. D). ON
About 3rd WEEK of ApRil 2005 PlaintiFF RECiEVEd copy
of sick-CAll filed MARCH 16, 2005, At bottom of sick-
CAll WAS mEssAgE From Ms. Leslie RobiNSON StAting: "
NO REsults At pRESENT timE, DoctoR will NotiFY iF
AbNoRMAl". (SEE EXh. D)


21. AftER Not physicAlly SEEing REsults oF X-RAYS
ON April 5, 2005 PlaintiFF filed Medical GRIEVANCE
ANd REquESted: "to physicAlly SEE X-RAY'S" (SEE EXh. E)
; ON MAY 12, 2005 PlaintiFF tAlkEd with INVESTigAtoR
to AbovE Medical GRIEVANCE, PlaintiFF AskEd to

physically see results of X-ray's, Ms. Anita Ellen stated: "Plaintiff 'could not' " (see Exh. E). Plaintiff had a right to see X-ray results. This caused A indifference.

22. As a direct result of fall. Plaintiff suffered serious and permanent injuries to Back.

23. As a direct result of aforesaid fall, Plaintiff suffere severe injuries that prevented him from sleeping or free movement of bending

24. As a direct result of fall Plaintiff sustained and suffered over an extended period of time, severe physical pain. (see Exh. A-8).

25. As a direct result of fall Plaintiff was deprived of or had much difficulty in many everyday physical and pleasurable activities. (see Exh. A-8).

26. As a direct result of proximate result of

⑪

injuries sustained in fall, Plaintiff developed an dependency on pain killers (see Exh. A-8).

27. As a direct result of not recieving incident report's or photo's of hazardous area's, Plaintiff could not preserve the evidence.

28. As a direct result of water falling down on table from sewage pipe and by these area's not being cautioned, Plaintiff (Mr. Roberts #174059, Mr. Tingle #381464, and Mr. DeShields #256942), was exsposed to hazardous + unsanitary conditions.

COUNT II

CONVERION, INTERFERENCE WITH PROSPECTIVE ADVANTAGE, BAD FAITH LIABILITY

29. Plaintiff realleges paragraph 14 through 28 of Count I as if allegations herein by

. this REFERENCE.

30. Defendant's Joe Hudson, Lt. Legates, Lt. Profaci, Lt. Boone, Lt Forbes, And Lt. Carrothers, despite receiving letters Asking for forms, photo's, And incident reports of hazardous Area's Refused to perserve the evidence.

31. Defendant's F.C.M., C.M.S., despite receiving sick-call slips And medical Grievances Refused to perserve And give Plaintiff prove of injury. This causes a "DELIBERATE INDIFFERENCE".

32. Defendant's Joe Hudson, Lt. Legates, Lt. Profaci, Lt. Boone, Lt. Forbes, Lt. Carrothers, F.C.M., And C.M.S., As a direct And proximate result of the Above Actions described herein, has shown

"Bad Faith" in its activities by not providing copies or X-Ray's of Plaintiff's records.

## COUNT III
### NEGLIGENCE

33. The Plaintiff realleges paragraphs 14 through 28 of COUNT I as if fully alleged in this action and incorporates them herein by this reference.

34. The Plaintiff after much research and discovery and after not receiving reports nor X-Ray's made an immediate effort to contact Defendant's.

35. That as a further, direct and proximate consequence of aforesaid fall incurred expenses in medical, and will require medical

(14)

· Attention in the future.

36. That the Plaintiff has been physically damaged in His ability to earn income in the future and will suffer inability into the future.

## COUNT IV

## NEGLIGENCE, MALPRACTICE, MEDICAL INDIFFERENCE AND EMOTIONAL DISTRESS

37. Plaintiff realleges paragraphs 14 through 28 of COUNT I as if fully alleged in this action and incorporates them herein by this Reference.

38. On or About May 1, 2004 through Feb. 11, 2005 Plaintiff was seen by the D.C.C. Health Care Staff.

39. The Defendant's C.M.S. and F.C.M. at all times material herein were the sole Health Care providers at D.C.C.

40. As a direct and proximate causation of Defendant's C.M.S. And. F.C.M. failure to provide Plaintiff with medical treatment and x-ray for Plaintiff "serious" physical injuries, Plaintiff has suffered emotional distress in the form of pain, grief, anxiety, depression and substantial mental anguish from his physical injuries and his numerous attempts to get treatment.

CLAIMS FOR RELIEF

41. As to Count I of this Action, the actions of Defendant's Negligent Act failure to warn Plaintiff(s) of hazardous and unsanitary area's, Plaintiff was seriously injured, constitute the tort of Negligence And also causes an infliction of emotional distress under the common Laws

(16)

. of the State of Delaware.

42. As to Count II of this Action; the Acts
or omissions of Above Defendant's voluntary
and Arbitary Actions of Refusing And or failing
to provide Exculpatory records (photo's, x-ray's,
etc.,) that Plaintiff depended on for use of
Plaintiff's trial, As well As not being Able to
present exculpatory evidence that would have
shown mitigating circumstances in Plaintiff's
trial, constitutes the Torts of Conversion,
Interference with Prospective Advantage,
Negligence And Bad Faith under the common tort
Laws of the State of Delaware.

43. As to Count III of this Action, Defendant's
by their Acts of discovery And medical Actions
in which the Plaintiff was severely injured

(17)

constituting the torts of Negligence under civil liability under the common tort Laws of the State of Delaware.

44. As to Count III of this action, the Defendant's C.M.S. and F.C.M by their failure to provide adequate medical treatment for Plaintiff's serious(1) injuries while in custody under contact by aforesaid Defendant's to provide medical care constituting the torts of Negligence, Malpractice, Medical Indifference and Infliction of Emotional Distress under the common tort Laws of the State of Delaware.

RELIEF

WHEREFORE, the Plaintiff Devearl L. Bacon prays for judgement against the Defendant's granting the following relief:

(18)

A. Issue a declaratory judgement
Stating that :

1. As to Count I of this action the
   Defendant's Negligence caused the
   Aforsaid fall in which plaintiff
   DeveArl C. Bacon was seriously injured
   due to Defendant's failure to create a
   Safe enviorment, constituting Negligence,
   infliction of emotional distress.

2. As to Count II of this Action the Defendant's
   failure and refusal to provide plaintiff
   with exculpatory records for Plaintiff case,
   constituted the Torts of Conversion,
   Interference with Prospective Advantage,
   Negligence and Bad Faith.

3. As to Count III of this Action, the

Defendant's by their discovery and medical actions, violation of States A, B, C. Laws, Constituted Negligence.

4. As to Count IV of this action, the Defendant's C.M.S. and F.C.M. failure to provide Adequate Medical care for the Plaintiff constitutes Negligence, Malpractice, Medical Indifference and Infliction of Emotional Distress.

B. Award Compensatory Damages in the following Amount:

1. ~~~~~~~~ Against Defendant's for the physical and emotional injuries Sustained as a result of Defendant's Negligence, and infliction of Emotional

distress causing Plaintiff pain and suffering.

2. ~~~~~ Against Defendant's conversion for their own use, interference with Plaintiff's prospective Advantage, Negligence and Bad Faith in their failure to provide and supply Plaintiff with his record, contributing to Plaintiff's pain and Emotional Suffering.

3. ~~~~~ Against Defendant's place for their Negligence and unlawful Actions of discovery, Medical and failure to warn Plaintiff(s) of hazardous and unsanitary area's, caused Plaintiff to fall, causing Plaintiff much pain and suffering.

4. ~~against~~ AGAINST C.M.S. and F.C.M.
Medical Services jointly and severally
for their Negligence, Medical Indifference
by failing to provide adequate medical
care as a follow-up of Plaintiff's injuries
causing Plaintiff' to suffer physical
and Emotional pain and contributing to
Plaintiff's pain and Suffering.

C. Award Consequential Damages in the
following Amounts:

1. 30,000 Against Defendants for the
physical and emotional injuries
sustained as a result of Defendant's
Negligence, and infliction of
Emotional distress causing Plaintiff
Pain and Suffering.

2. 30,000 Against Defendant's Conversion for their own use, Interference with Plaintiff's Prospective Advantage, Negligence And Bad faith in their failure to provide And supply Plaintiff with this record, contributing to Plaintiff's pain and emotional suffering.

3. 30,000 Against Defendant's Place for their Negligence And Unlawful Actions of discovery, medical And failure to Warn plaintiff(s) of hazardous And unsanitary area's, caused Plaintiff to fall, causing Plaintiff much pain And suffering

(23)

4. 30,000 against C.M.S. and F.C.M. Medical Services jointly and severally for their Negligence, Medical Indifference by failing to provide Adequate medical Care as a follow-up of Plaintiff's injuries causing Plaintiff to suffer physical and Emotional pain and contributing to Plaintiff's pain and suffering.

5. Award Incidental Damages in the following Amounts:

1. 30,000 against Defendants for the physical and emotional injuries Sustained as a result of Defendant's Negligence, and infliction of Emotional distress causing Plaintiff Pain and Suffering.

2. 30,000 Against Defendant's Conversion
for their own use, Interference with
Plaintiff's Prospective Advantage,
Negligence and Bad Faith in their
failure to provide and supply Plaintiff
with His Record, contributing to
Plaintiff's pain and emotional suffering.

3. 30,000 Against Defendant's Place for
their Negligence and unlawful actions
of discovery, medical and failure to
warn Plaintiff(s) of hazardous and
unsanitary area's, caused Plaintiff
to fall, causing Plaintiff much pain
and suffering.

4. 30,000 Against C.M.S and F.C.M. Medical Services jointly and severally for their Negligence, Medical Indifference by failing to provide Adequate medical care as a follow-up of Plaintiff's injuries causing Plaintiff to suffer physical and Emotional pain and contributing to Plaintiff's pain and suffering.


E. Award Actual Damages in the following Amount:

1. 300,000 Against Defendant's for the physical and emotional (g) injuries sustained as a result of Defendant's Negligence, and infliction of Emotional distress causing Plaintiff pain and Suffering.

(26)

2. 300,000 Against Defendant's Conversion for their own use, Interference with Plaintiff's Prospective Advantage, Negligence And Bad Faith in their failure to provide and supply Plaintiff with His record, contributing to Plaintiff's pain and emotional Suffering.

3. 300,000 Against Defendant's Place for their Negligence And unlawful Actions Of discovery, Medical And failure to Warn Plaintiff's Of hazardous And Unsanitary Area's, Caused Plaintiff to fall, Causing Plaintiff much pain And Suffering.

4. 300,000 Against C.M.S. And F.C.M. Medical
Services jointly And Severally for
their (NeD. Negligence, Medical Indifference
by failing to provide Adequate medical
care as a follow-up of Plaintiff's injuries
Causing Plaintiff to Suffer physical and
Emotional pain and contributing to
Plaintiff's pain and suffering.

F. Award Hedonic damages in the following Amount:

1. 20,000 Against Defendant's for the
physical And Emotional injuries
Sustained As A Result of Defendant's
Negligence, And infliction of
Emotional distress causing Plaintiff
Pain And Suffering.

2. 20,000 Against Defendant's Conversion for their own use, Interference with Plaintiff's Prospective Advantage, Negligence And Bad Faith in their failure to provide And supply Plaintiff with His record, contributing to Plaintiff's pain. And emotional suffering.

3. 20,000 Against Defendant's Place for their Negligence And unlawful actions of discovery, medical And failure to warn Plaintiff's of Hazardous and unsanitary Area's, caused Plaintiff to fall, causing Plaintiff much pain And suffering.

4. 20,000 Against C.M.S. And F.C.M. Medical
Services jointly And severally for
their Negligence, Medical Indifference
by failing to provide Adequate Medical
Care As A follow-up of Plaintiff's injuries
causing Plaintiff to suffer physical And
emotional pain And contributing to
Plaintiff's pain And suffering.

G. Award Punitive Damage in the following Amount:

1. ~~[struck out]~~ Against Defendant's for the
physical And emotional injuries
sustained As A result of Defendant's
Negligence, And infliction of
emotional distress causing Plaintiff
Pain And Suffering.

30

2. Against Defendant's Conversion for their own use, Interference with Plaintiff's Prospective Advantage, Negligence and Bad Faith in their failure to provide and supply Plaintiff with His Record, contributing to Plaintiff's pain and emotional suffering.

3. Against Defendant's Place for their Negligence and unlawful actions of discovery, medical and failure to warn Plaintiff's of hazardous and unsanitary area's, caused Plaintiff to fall, causing Plaintiff much pain and suffering.

(31)

4. ~~you~~ Against C.M.S. and F.C.M. Medical Services jointly and severally for their Negligence, Medical Indifference by failing to provide Adequate Medical Care as a follow-up of Plaintiff's injuries causing Plaintiff to suffer physical and emotional pain and contributing to Plaintiff's pain and suffering.

H. 20,000 jointly and severally against Defendant's for expenses incurred as the result of being unable to perform ordinary tasks.

I. 100,000 jointly and severally against Defendant's for the lose of movement.

J. 100,000 jointly and severally against Defendant's for the loss of time and pleasurable activities.

K: Award Plaintiff Attorney fees for time in the preparation of this action.

L. Award Plaintiff All medical expenses.

M. Award Plaintiff All interest on momentary amounts held in account.

N. Grant such other relief as it may appear Plaintiff is entittled.

Nov. 30, 2005

Respectfully,

Deveari L. Bacon
D.C.C.
Smyrna, Del. 19977

(53)

## PROCEDURES FOR COMPLETING A STANDARD SUMMONS WRIT

The standard summons is the most commonly issued writ. The following instructions apply to completing a summons:

1.  Enter the caption as it appears on the complaint in the upper left corner of the form. If there are multiple defendants enter each defendant on a new line. List the defendants down the left side of the document, using additional pages if necessary (such as with an asbestos case) until the last defendant is named. (Example of multi-defendant case is included as document ASBSUM.SAM)

2.  Leave the Case Number blank. The Prothonotary's Office will assign a new civil action number (C.A. No.) and fill in this line.

3.  Below the caption, on the line that reads "To the Sheriff of _NEW Castle_" enter New Castle, Kent or Sussex, depending upon where the defendant resides. If there are multiple defendants residing in more than one County, prepare an original writ for each County, along with the copies for the defendants.

4.  In the paragraph body enter the name of the plaintiff's attorney on the space just preceding the words "plaintiff's attorney." In the space following "whose address is" enter the address of the plaintiff's attorney.

5.  Leave the date space blank. The Prothonotary's staff will date the document the day it is issued and sent to the Sheriff's Office.

6.  Leave the "Per Deputy" space blank. It is for a Prothonotary Deputy's signature.

7.  **NOTE**: If you are filing in another County, the County name in the heading and the Prothonotary's name should be changed to reflect the County and Prothonotary where the case is being filed.