IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVEARL BACON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-714-JJF |
| | ) | |
| WARDEN CARROLL, et al., | ) | TRIAL BY JURY DEMANDED |
| | ) | |
|     Defendants. | ) | |

**DEFENDANTS SCOTT, HANSEN, TINGLE AND KEMP'S
ANSWER TO THE COMPLAINT AND AMENDED COMPLAINTS**

COME NOW Defendants Officer Raina Scott, Officer Jeffrey Hansen, Officer Dawn Tingle and Officer Ernest Kemp ("Defendants"), by and through the undersigned counsel, and hereby answer the Complaint and Amended Complaints in this action as follows:

**Original Complaint (9/30/05) as amended (11/25/05) [D.I. 2, 11]**

Defendants adopt and incorporate herein by reference the Answer to Complaint filed by Defendants Warden Thomas Carroll and Lt. Peter J. Forbes, Jr. on February 24, 2006 [D.I. 21].

**March 13, 2006 Amended Complaint [D.I. 26]**

    1.    Denied.

    2.    Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

    3.    Denied that Defendants engaged in any wrongdoing or violated Plaintiff's

rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

4. Denied that Plaintiff's mail was "held" by Defendants. Denied that Plaintiff's mail was held or sent at Defendants' "discretion." Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

5. Admitted that Plaintiff prepared a grievance dated January 30, 2006 regarding his legal mail. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

6. Denied that Defendants denied Plaintiff access to the courts or violated his right to freedom of speech. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

7. Admitted that Hand-Delivery Verification, concerning Judge Susan C. Del Pesco's August 29, 2005 opinion, was signed on September 14, 2005 by Master Correctional Counselor Cindy Atallian, Lt. Thomas Seacord and Plaintiff. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

8. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

9. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

10. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

11. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

12. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

13 (A) – (B)   Denied that Defendants held or lost Plaintiff's mail. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

14. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

15. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

16. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

17 (A) – (B)   Denied that Defendants denied Plaintiff's right to access to the courts. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

18 (A) – (C)   Denied that Defendants retaliated against Plaintiff. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner.

Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

19. Denied that Plaintiff "entrusted" Defendant Scott with his mail. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

20 (A) – (B). Denied that Defendants held or failed to send out Plaintiff's mail. Denied that Defendants denied Plaintiff his right to access to the courts or his right to freedom of speech. Denied that Defendants retaliated against Plaintiff. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

21. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

22 (A) – (B)  Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

23. Denied that Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner. Denied that Plaintiff suffered any damages as the result of any conduct by Defendants. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

24. This paragraph states legal argument to which no response is required.

25. This paragraph states legal argument to which no response is required.

**April 13, 2006 Amended Complaint [D.I. 30]**

    1.    Denied.

    2.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

    3.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

    4.    This paragraph requests relief and therefore no response is required.

**April 28, 2006 Amended Complaint [D.I. 32]**

    1.    Admitted that Motion to Amend was filed April 24, 2006.

    2.    Admitted.

    3.    Admitted.

    4.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

    5.    Denied that Defendants Kemp or Tingle wrote on Plaintiff's box of documents. Further denied that Defendants have engaged in any type of conspiracy. Denied that Defendants had any knowledge of the deadline for Plaintiff's Superior Court filing. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

**June 29, 2006 Amended Complaint [D.I. 38]**

    1.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

    2.    Denied.

    3.    Denied.

4. Denied.

## RELIEF

1. It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

2. It is specifically denied that Plaintiff is entitled to declaratory, injunctive or any other relief.

## AFFIRMATIVE DEFENSES

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff has failed to exhaust his administrative remedies.

5. Defendants are immune from liability under the Eleventh Amendment.

6. Defendants are entitled to qualified immunity.

*7.* As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

8. As to any claims under state law, Defendants are entitled to sovereign immunity in their official capacity.

9. Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

10. To the extent that Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

11. Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 U.S.C. § 1983.

12. Insufficiency of service of process.

13. Insufficiency of process.

14. Lack of jurisdiction over the person and subject matter.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to them.

          **STATE OF DELAWARE**
          **DEPARTMENT OF JUSTICE**

          /s/ Eileen Kelly
          Eileen Kelly, I.D. No. 2884
          Deputy Attorney General
          Carvel State Office Building
          820 North French Street, 6th fl.
          Wilmington, DE 19801
          (302) 577-8400
          eileen.kelly@state.de.us
          Attorney for Defendants

Date: October 20, 2006

8

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2006, I electronically filed *Defendants Scott, Hansen, Tingle and Kemp's Answer to the Complaint* with the Clerk of Court using CM/ECF.  I hereby certify that on October 20, 2006, I have mailed by United States Postal Service, the document to the following non-registered party:  Devearl Bacon.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us