IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVEARL BACON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-714-JJF |
| | ) | |
| WARDEN CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICER RAINA SCOTT'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Officer Raina Scott ("Defendant") hereby responds to Plaintiff's First Set of Interrogatories ("Interrogatories"):

**GENERAL OBJECTIONS**

1. Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendant objects to the Interrogatories to the extent that they purport to place duties upon him not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in his possession, custody or control.

5. Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendant, but will not be produced.

6. Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendant's Responses, Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1. What is your name and rank?

**RESPONSE:** Raina Scott, Correctional Officer.

2. How long have you been a correctional officer?

**RESPONSE:** 6 years, 4 months.

3. While you've been working in SHU/MHU areas have you ever been entrusted to mail mail for an inmate?

**RESPONSE:** Objection. This Interrogatory is vague, overly broad and unduly burdensome. Without waiving this objection, yes.

4. On January 5, 2006 Inmate Devearl Bacon gave you mail to mail true or

false?

**RESPONSE:** True.

    5.    Did this mail have a pay-to with it?

**RESPONSE:** I don't remember seeing one.

    6.    Who was the Lt. working that night in Building 24?

        A.    If there wasn't a Lt. was a Captain or Sgt. working in Building 24?

**RESPONSE:** Objection. This Interrogatory is vague and overly broad. Further objection that the Interrogatory does not identify the time period in question.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
820 North French Street, 6th fl.
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants

Dated: November 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2006, I electronically filed *Defendant Officer Raina Scott's Response to Plaintiff's First Set of Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on November 30, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Devearl Bacon.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

VERIFICATION AS TO ANSWERS:

    I hereby declare under penalty of perjury that the attached Responses to Plaintiff's First Set of Interrogatories are true and correct.

                                                                                                                 _____
                                                                                                                   Officer Raina Scott