IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON,                :
                                 :
        Plaintiff,               :
                                 :
    v.                           :    Civil Action No. 05-714 JJF
                                 :
WARDEN CARROLL, et al.,          :
                                 :
        Defendants.              :

Devearl L. Bacon, Pro se Plaintiff.

Eileen Kelly, Esquire, Deputy Attorney General, Wilmington, Delaware.
Attorney for Defendant

**MEMORANDUM OPINION**

July 17, 2007
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are Plaintiff's Motion To Amend, Joinder Of Person, Adding Of Prejudicial Language (D.I. 53); Motion To Remove Issue D.I. 30, C/O Hansen (D.I. 65); and Motion To Compel (D.I. 72). For the reasons discussed, Plaintiff will be permitted to amend the Complaint to add Sergeant Kusheul as a defendant; Correctional Officer Hansen will be dismissed as a defendant; and Plaintiff's Motion To Compel will be denied.

I.   **BACKGROUND**

Plaintiff Devearl L. Bacon, a prisoner incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have mishandled his legal mail, thereby adversely impacting his ability to pursue a state court action and violating his First Amendment right to freedom of speech and his Fourteenth Amendment right to access the courts. (D.I. 2, 3). On November 25, 2005, Plaintiff filed a motion to amend the complaint. His motion was granted on January 18, 2006, at which point his first amended complaint, whereby he rearranged the order of the paragraphs and added "prejudice" language to the complaint, was deemed filed. (D.I. 11). On February 24, 2006, Defendants filed their answer to the Complaint. (D.I. 21). On July 19, 2006, the Court resolved five additional motions to amend the Complaint. (D.I. 39).

1

## II. ANALYSIS

### A. Motions To Amend

#### 1. Legal Standard

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990)(citations omitted). Amendment, however, is committed to the sound discretion of the district court. Thus, in exercising its discretion, the Court understands that leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

#### 2. Discussion

##### a. Motion To Amend, Joinder Of Person, Adding Of Prejudicial Language (D.I. 53)

By his motion, Plaintiff seeks to add three new defendants: Counselors Jayme Jackson ("Jackson") and Cindy Atallian ("Atallian"), and Lieutenant Thomas Seacord ("Seacord"). Plaintiff also requests reconsideration of the Court's July 19, 2006 Order denying joinder of Sergeant Kusheul, as well as leave to amend the complaint to add "prejudicial language."

2

First, Plaintiff contends that, on September 14, 2005, Jackson, Atallian and Seacord came to his cell to hand-deliver Superior Court Judge Susan C. Del Pesco's opinion regarding Plaintiff's post-conviction appeal. He contends that he also received two copies of envelopes containing the opinion that had been marked "undeliverable." Plaintiff alleges that this delivery "is proof of personal involvement with regards to [his] First and Fourteenth Amendment issues." Defendants have not responded to this motion.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)(citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980). Additionally, when asserting a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff has clearly alleged the conduct, time, place and persons responsible for hand delivering a specific piece of legal mail, thereby demonstrating "personal involvement" with the delivery of Judge Del Pesco's opinion. However, Plaintiff has failed to aver that this action resulted in a constitutional deprivation. Based upon Plaintiff's exhibits and allegations, it

3

cannot be said that the hand-delivery of legal mail implicates a constitutional violation. Thus, Plaintiff's proposed amendments to add Jackson, Atallian and Seacord fail to state a claim upon which relief may be granted, making amendment futile.

Plaintiff further requests that the Court reconsider its July 19, 2006 Order declining to join Sgt. Kusheul as a defendant. By that Order, the Court noted that Sgt. Kusheul could not be added because Plaintiff's proposed amendment did not offer any allegations specific to him. (D.I. 39 at 4). In the present Motion, Plaintiff sets forth allegations specific to Sgt. Kusheul, and requests that the Court now add Sgt. Kusheul as a defendant.

Plaintiff contends that on October 3, 2004, Sgt. Kusheul handed Plaintiff legal mail, containing a docket sheet, which had already been opened. (D.I. 53). Plaintiff further contends that the docket sheet clearly had paper torn from the top sheets, evidenced by paper remnants stuck under the staple in the top corner. Discovery in this case reveals that, on October 3, 2004, Sgt. Kusheul was working in Building 24. (D.I. 53, Ex. E). Plaintiff has alleged that retaliatory actions were taken by the staff of Building 24, and, in the present motion, Plaintiff has clearly linked Sgt. Kusheul to Building 24, as well as to an alleged deprivation of rights. In light of these new averments,

4

the Court will allow Plaintiff to add Sgt. Kusheul as a defendant.

Finally, Plaintiff seeks to amend his Complaint to add "prejudicial language." After reviewing this section of Plaintiff's motion, the Court concludes that Plaintiff's proposed amendment would be futile, as it does not add anything new to the Complaint. Accordingly, this part of Plaintiff's motion will be denied.

      b.    Motion To Remove Issue D.I. 30, C/O Hansen
           (D.I. 65)

By his Motion, Plaintiff is seeking to voluntarily dismiss Defendant C/O J. Hansen, and requesting that D.I. 30 be removed from the case. Defendants do not oppose the dismissal of C/O Hansen. Because the Court does not remove docketed motions from the docket sheet, the Court will deny that part of Plaintiff's Motion, but will otherwise grant the Motion. Accordingly, C/O J. Hansen will be dismissed from this case.

  **B.    Motion To Compel**

      1.    Legal Standard

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Such discovery is not limited to admissible evidence, but to evidence that is reasonably calculated to lead

to the discovery of admissible evidence. Id. A court may limit discovery "if the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

    2.   Discussion

Plaintiff is seeking an order compelling Defendants to produce (1) a copy of Inmate Jeffery Fogg's grievances filed between November 2005 and January 2006; and (2) "logs" from specific dates as set forth in Interrogatories 1, 8, 9, 11(a) and (b). Plaintiff contends that Mr. Fogg has helped him with his case, but does not otherwise explain how access to Mr. Fogg's grievances are relevant to this case. Plaintiff next contends that Defendants failed to provide the names of any Lieutenants or Captains working in specific buildings on the specific dates detailed in the specified interrogatories.

The Court concludes that Plaintiff's Motion To Compel (D.I. 72) must be denied. Inmate Fogg's grievances are confidential, and protected from discovery by 11 Del. C. § 4322. Further, Inmate Fogg's grievances are not relevant or likely to lead to admissible evidence, and Plaintiff cannot point to any use for the material that would support his claims. Additionally, the

Court accepts Defendants' assertion that their responses to Interrogatories 1, 8 and 9 are fully responsive to Plaintiff's requests. The Court also accepts Defendants' assertion that Plaintiff's requests in Interrogatories 11(a) and (b) are overly vague and unanswerable, in that Plaintiff simply requested copies of "logs from Mail Room." Accordingly, the Motion To Compel (D.I. 72) will be denied.

### III. CONCLUSION

For the reasons set forth, the Court will grant Plaintiff's Motion To Amend, Joinder Of Person, Adding Of Prejudicial Language (D.I. 53) to the extent it seeks to add Sgt. Kusheul as a defendant, and will deny the motion in all other respects. The Court will also grant Plaintiff's Motion To Remove Issue D.I. 30, C/O Hansen (D.I. 65) to the extent that it voluntarily dismisses C/O Hansen, but deny it to the extent it seeks to remove D.I. 30 from the docket. Finally, the Court will deny Plaintiff's Motion To Compel (D.I. 72).