IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON )
  Plaintiff )
v. ) Case No. 05-714-JJF
WARDEN CARROLL; Etc. )
  Defendants. )

RECEIVED
SEP 10 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PRELIMINARY INJUNCTION RELIEF

COMES NOW, Plaintiff DEVEARL L. BACON Pro-Se moves This Honorable Court to Grant Injunction Relief under the Extraordinary Circumstances caused by the Defendant's Deliberate, Preventions, and Impairments To Plaintiff's Right To Access + Freedom of Speech causing Plaintiff Irreparable Damage.

Plaintiff asserts the following:

1. On September 17, 2004 Plaintiff filed Post Conviction Remedies in the Del. Superior Court (see Appendix pgs A1-2). On October 3, 2004 Plaintiff received Legal Mail from S.C.C c/o Kruschel (Appen A4-12), Plaintiff received documents:
  A. That never was ordered from the Court
  B. That was open, then placed inside

Prison Envelope, then stamped by S.C.C. Prison's Mail Room as "Recieved on October 3, 2004." (Appen. A-4)

C. The Documents had a message (Appen A-5) that was not ment for Plaintiff and had an Arrow pointing to Deputy Attorney General Sean Lugg, Esq.

2. Plaintiff never filed for any Court Docket Sheet and wrote Hon. Judge Susan C. DelPesco (Appen. A, 13-15) apon the matter and sent original documents to her., Plaintiff had done the following:

  A. Filed an Agrievance (Appen. A-16).

  B. Wrote Law Librarian Ms. Maria Lyons asking for her help (Appen A, 17-18).

  C. Filed for a "Current" Court Docket Sheet (Appen. A-11, S± #51).

Law Librarian Ms. Maria Lyons (Appen. A-18, L, 1-3) in Reply (H) to Plaintiff: (dated October 14, 2004)

"... The docket sheet (which Plaintiff did not "file for", until After Oct. 3, 2004 Incident) was "in one MHU/SHU mailbags not attached to "anything. It was put in an envelope' and "delivered to you with legal mail."

2.

Clearly this is a Violation of Right to See Legal Mail opened and Right to Privacy.

3. On January 3, 2005 a 3rd party (which was helping Plaintiff raise Grounds on Post-Conviction and Rule 35 Appeals) sent Arguments for Reply to State's Answer (to Plaintiff's Post-Conviction); This 3rd party's outgoing Legal Mail was "so-called" lost for over 2 months (See Appen. A, 20-23). Because of Defendant's Deliberate, Preventions, and Impairments Plaintiff had to do the following:

A. File Post-Conviction Reply Without Grounds 1 and 2 (See Appen. A-20).

B. File to Amend Arguements Grounds One and Two (Appen. A, 22-23) to Hon. Judge Susan C Delfesco See Appen. A-24, DI #'s 60 and 69.

C. Prayed The Court Accepted DI #'s 60 and 69 Appen A, 26-27.

The Defendant's Denied and Impaired Plaintiff's Rights from from "(ind) Inside and Outside Legal Help." Defendant's Denial of these Rights were Agrieved (Appen. A, 32-33). Plaintiff has a Constitutional Right to get help from 3rd Party (Inmate Jeffery Fogg) and 4th party (Mrs. Jeanne P. Meyer).

4. On September 14, 2005, 10:08 am, Plaintiff was given a Hand-Delivery Verification Sheet to prove that Plaintiff received

3.

"Opinion" on Plaintiff's Denied Post-Conviction (Appen. A-29). This Hand-Delivery Verification was Ordered by Trial Judge Hon. Susan C. Delfesco. Hon. Judge Delfesco also Ordered on Lines 5-6 (Hand-Delivery Verification):

"The Opinion consisted of 13 pages 'including' one sheet of copies of <u>envelopes regarding non-delivery of opinion</u> (Appen A-29).

Plaintiff Asserts:

A. Trial Court Denied Post-Conviction on August 29, 2005.

B. Copies of Envelopes Shows (Appen. A-30) the Dates Received are <u>"hand written" over by someone (this same "hand written Evil" shows up in (adder date) twice</u>.

C. Plaintiff "Lost 14-15 daies of Notice of Denied Post-Conviction."

8. Plaintiff Agrieved these Incidents involving The Same Issue that started Oct. 3, 2004. (Appen A, 32-33)

5. Plaintiff in Discovery Request (Appen. A-34) question's #5 And #7:

5. Q. Copy of all grievances filed by Jeffery Fogg #267797 from dates of Nov-Jan. 2004-2005.

R. "This Request seeks production of Confidential

information protected from discovery by 11 Del. C. § 4322."

7. Q. A copy plaintiff's grievance filed 9-15-5 along with prison's response

R. "Defendant's are unable to locate a grievance dated September 15, 2005."

6. Plaintiff at this moment has given a Showing and Pattern of Denied Access To The Court.

7. Plaintiff being Pro-Se only understood that He had 30 days to file Notice of Appeal In The Del. Supreme Court, Opinion was Decided on August 29, 2005, Plaintiff understood to file Notice of Appeal by September 29, 2005. Plaintiff filed Notice of Appeal on September 22, 2005 (Appen A, 35-36); Plaintiff Asserts:

A. Between the 2 weeks this Opinion was Prejudicially sent back to Judge's Chambers, Plaintiff suffered "An Irreparable Injury."

Plaintiff's Opening Brief was due 11-14-5, Plaintiff filed 1st Motion To Extend October 25, 2005 (Appen. A-39, DI #7); Plaintiff "informed" 3rd and 4th Parties of Opening Due Dates and asked if they would aid plaintiff in filen Opening Brief and they stated Yes (Appen A-43).

4th Party Mrs. Jeanne P. Meyer has been aware of

5.

Impairments and Denied Access which Plaintiff has been suffering. In Appen. A-42 Mrs. Meyer asks: (11-10-5)

"Just a note - I can't remember what the date was that you said you got your extension for."

8. Plaintiff was also preparing an Opening Brief along with 3rd and 4th Parties preparing an Opening Brief for Plaintiff.

9. Plaintiff filed for 3rd Motion to Extend Opening Brief from January 14, 2006 to February 14, 2006, However the Supreme Court denied this Request and Granted Final Deadline to January 30, 2006. 3rd and 4th Parties wasn't aware of 3rd Motion to Extend, 4th Party wrote Plaintiff (Appen. A, 44-45) on January 3, 2006 asking Plaintiff to file Motion to Extend Opening Brief dated to from January 14, 2006 to February 14, 2006 (Appen A, 44-45), Mrs. Meyer also "included" a Typed Motion for Extension (Appen A, 46-49).

Plaintiff Asserts:

A. The Lost and Denied Access to the Court from Aug. 29, 2005 to September 14, 2005 when Plaintiff Received Denied Superior Court Opinion Caused an Irreparable Damage, this "Damages" was Amended (Appen. A-37) D.I #38 05-714-JJF.

B. Because of 3rd and 4th Parties needing Extra 14 days from which Plaintiff had until January

6.

30, 2006 per-order of the Del. Supreme Ct. to file Opening Brief.

C. Plaintiff had to file Opening Brief without 3rd and 4th parties aid, and Plaintiff's lost his Appeal In the Del. Supreme Ct. (Appen A-37).

10. We will "Never Know" if Plaintiff would have won Appeal In the Delaware Supreme Court because the Defendant's have taken this Probability away with "Each" of their Impairments and Deliberate Preventions.

11. Plaintiff on January 5, 2006 handed c/o R. Scott "outgoing" Legal Document's to be sent to 4th party Mrs. Jeanne P. Meyer so that Plaintiff could have Opening Brief typed (Appen. A, 50-53), and sent back to Plaintiff in order to met Opening Brief deadline in The Supreme Court of Delaware. Plaintiff's outgoing documents had 5 stamps on it (more then enought to cover mailing cost), the Documents did not make it out to 4th party until January 23, 2006 (Appen. A, 50-52). This Deliberate and Impairments has been Agrieved and Explained in 05-714-JJF's S.I #26 pgs 1-18.

12. On April 4, 2006 Plaintiff (PE) Received Open Legal Mail from c/o Hansen that had Already been Open without Plaintiff to Witness the Opening, Plaintiff Agrieved this Incident (Appen. A-54). This Right to Privcy was Explained in S.I #30 05-714-JJF.

7.

13. On April 24, 2006 Plaintiff received a Box of Legal Mail with Envelope on outside with received Dates "hand written" over received Dates (Appen. A-59). The Box was filled with 12 Superior Civil Suit's and a "Non-Conforming Document Sheet" Dated "February 1, 2006", However, Plaintiff received this Information April 24, 2006 from C/O's Ms. Tingle and Kemp. Plaintiff Asserts:

A. The Ink was "Still Freshly Written."

B. Plaintiff filed this Incident 05-714-JJF D.I.#32 (Appen. A, 55-63) And Prayed the Court would "Authenticate the "Non-Conforming Sheet" by Expanding the Record. See Appen A-56 parph. 5 (A) and (B). Also see Habeas Corpus Rule 7(A).

These Documents were held by Either the MHU, Build. Staff, or The Prothonotary's office for almost 90 days! This is a Clear Showing of Deliberate Preventions, Denied Access, and Impairments to the Courts.

14. Plaintiff Inhouse And Outgoing Mail has not been making it out and to him Timely where as other Inmate are not receiving these Right To Access Impairment and Irreparable Damages this gives rise to Due Process and atypical hardship upon the Plaintiff in jail with Denied Appeal.

8.

15. Appendix A-64, Lines 1-6 Law Librarian Ms. Maria Yons wrote:

" I have made phone calls to have people look for your envelope. — "

Plaintiff does not and hasn't had a clear path to the Court!

WHEREFORE, Plaintiff prays this Court Order D.C.C.'s Warden Carroll to "Free Plaintiff Deverall L. Bacon from Custody" because of the irreparable damage suffered above, and to make these Evil's a Public Notification.

Date: September 6, 2007

Deverall L. Bacon #221242
D.C.C.
Smyrna, Del. 19977

9.

# Certificate of Service

I, Several L. Bacon, hereby certify that I have served a true and correct cop(ies) of the attached: Motion Preliminary Injunction Relief upon the following parties/person (s):

TO: Ms. Eileen Kelly
Deputy Attorney General
820 N. French St.
Wilmington, Del.
19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 6 day of September, 2007