**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

DEVEARL BACON,
                                      )
        Plaintiff,                  )
                                        )
      v.                          )        C. A. No. 05-714-JJF
                                        )
WARDEN CARROLL, et al.,        )
                                        )
        Defendants.          )

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants hereby oppose Plaintiff's Motion for Preliminary Injunction [D.I. 98], and in support thereof, state as follows:

1.      In this *pro se* prisoner civil rights action, Plaintiff claims that Defendants adversely impacted his ability to pursue an unrelated state court action by mishandling his legal correspondence. Plaintiff is currently incarcerated at the Delaware Correctional Center ("DCC").

2.      In this Motion for Preliminary Injunction, Plaintiff reiterates many of the allegations set forth in his various complaints. He sets forth a series of allegations concerning handling of his legal mail in 2004, 2005 and 2006. He claims that Defendants' actions constituted denial of his right of access to the courts. Plaintiff requests that the Court order his release from prison because of the irreparable damages he has suffered.

3.      "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir. 1989) (*quoting Frank's GMC Truck Center, Inc. v.*

*General Motors Corp.,* 847 F.2d 100, 102 (3d Cir. 1988)).  A plaintiff moving for injunctive relief must demonstrate that:  1) he is likely to succeed on the merits; 2) denial will result in irreparable harm; 3) granting the injunction will not result in irreparable harm to the defendant; and 4) granting the injunction is in the public's interest. *Maldonado v . Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998), *cert. denied,* 526 U.S. 1130 (1999).  An injunction should issue only where all four factors favor relief.  *S&R Corp. v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

   4.  Clearly, Plaintiff has not made a showing that injunctive relief is warranted in this case.  He complains of events that happened one to three years ago.  Thus, he is currently at no risk of suffering irreparable harm.

   5.  Most significantly, there is no legal basis for the granting of the extraordinary relief requested by Plaintiff.  If Plaintiff seeks to challenge his sentence, the pending civil rights action is not the proper mechanism for attempting to do so.

   WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Preliminary Injunction.

            **STATE OF DELAWARE**
            **DEPARTMENT OF JUSTICE**

            /s/ Eileen Kelly
            Eileen Kelly, I.D. No. 2884
            Deputy Attorney General
            Carvel State Office Building
            820 North French Street, 6th fl.
            Wilmington, DE  19801
            (302) 577-8400
            eileen.kelly@state.de.us
Date:  September 20, 2007     Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2007, I electronically filed *Defendants'*

*Response to Plaintiff's Motion for Preliminary Injunction* with the Clerk of Court using

CM/ECF.  I hereby certify that on September 20, 2007, I have mailed by United States

Postal Service, the document to the following non-registered party:  Devearl Bacon.


/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us