IN THE US DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON            )
                            )
     Plaintiff              )
                            )
V.                          )     Civil Action No. 05-714-JJF
                            )
                            )
WARDEN CARROLL, Etc., All   )
                            )
     Defendants             )
                            )

REQUEST FOR RECOPY TO
DEFENDANT'S ANSWER TO
DISCOVERY

FILED
OCT - 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Plaintiff's Request "Another" Copy of Defendant's Answer to Plaintiff's Request for Discovery. In support for Re-Copy Plaintiff Asserts the following:

1. On June 16, 2006 Plaintiff filed Discovery Request S.I #35 on Defendant's.

2. Defendant's Answer S.I #40 Around About 1st Week of July 2006.

3. On June 13, 2006 Plaintiff was moved from MHU Build. 21-A-L-3 to SHU 18-C-L-7. When Inmate is moved

from or to another building, inmate's property is taken and inventoried, then "Returned" in seven days. (See Letter from Counsel Ms. Cindy Attlian and Legal Administrator Mike Little (also Defense Counsel Ms. Kelly, Esq) "Agreement" apon this Property/Legal Documents Issue. Exhibit A).

4. Plaintiff's Property was not Returned until June 27, 2007 (14 days after movement). See Inventory Sheet Exhibit B dated 6-13-07 by C/O William Adams, however "Record of Transfer of Property" has no date or time and Sgt. Roger Raney just places "1200" under C/O Adams Name.

5. On July 5, 2007 the following week Plaintiff was asked to send out items which he could not have by Sgt. Roger Raney. (Exh. B-2)

6. On About 1st Week of September 2007 Plaintiff was Served 1st Set of Interrogatories S.I. #88. At Question #4:

Q.4. "Identify all persons whom you intend to call as witnesses at trial, excluding expert witnesses."

A. At (Answer #2): "I was moved from last location and a-lot of my legal work has been taken by D.C.C. Staff on June 13, 2007."

7. Plaintiff is at a "Disadvantage" with Legal Documents missing and has filed a Grievance which has not been Answered.

8. After an Agreement by Defense and Staff Plaintiff didn't Receive Legal Documents in 7 days and After an inspection has found out "that key Documents" are missing.

WHEREFORE, Plaintiff prays Defendant's Supply Plaintiff Another Copy of D.I #40 "Answer to Discovery" And prays this Court Investigate "This Life-line to the Court Incident."

Deveart L. Bacon
#221242
D.C.C
Smyrna, Del 19977

Dated: September 30, 2007

## Certificate of Service

I, **Devearl L. Bacon**, hereby certify that I have served a true and correct cop(ies) of the attached: **Request for Recopy to Discovery** upon the following parties/person (s):

TO: Ms. Eileen Kelly
Deputy Attorney General
820 N. French St.
Wilmington, Del.
19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __1__ day of __October__, 200_

[signature]

Exhibit A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVEARL BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 02-431-JJF |
| v. | ) |
| | ) |
| ST. LT. R. TAYLOR, LT. MS. FARMER, | ) |
| and C/O MS. MCCOMB, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION FOR PROTECTIVE ORDER AND STAY OF CLASSIFICATION

Defendants Staff Lt. Taylor, Lt. Farmer and Correctional Officer McComb, hereby oppose Plaintiff's Motion for Protective Order and Stay of Classification [D.I. 103], and, in support thereof, state as follows:

1. In this *pro se* prisoner civil rights action, Plaintiff claims that, in 2002, Defendants retaliated against him in response to his preparation of a draft lawsuit. At the time of the events relevant to this action, Plaintiff was incarcerated at the Howard R. Young Correctional Institution ("HRYCI"). He is currently incarcerated at the Delaware Correctional Center ("DCC").

2. Plaintiff claims that he is currently at a "critical" stage of an unrelated state court proceeding. He anticipates that when he goes through the classification process this month at DCC, he will be transferred to a higher security housing unit. He alleges that, when he is transferred, his possessions will be taken from him to be inventoried and transferred separately. He further alleges that his legal paperwork will not be returned to him for 8 – 15 days. He also suggests that his paperwork might not be

11. In the event that the classification results in an inmate's assignment to a different housing unit, as part of his transfer, his personal property is collected and inventoried. *See* Little Affidavit attached hereto as Exhibit B. If an inmate is moved to a higher security level, he may not be able to have certain items in his new housing unit. However, an inmate is permitted to have his legal paperwork. After the property has been inventoried, with any impermissible items separated from the other property, the property is transferred to the inmate. The entire process takes approximately one week. *Id.*

12. In Plaintiff's case, his classification meeting has not been scheduled yet. *See* Exhibit A. The classification process will begin with that meeting, but will also go through several subsequent levels of approval. There has been no determination at this point that Plaintiff will be classified to a higher security level or that he will be moved to a different housing unit. The classification process will take several weeks. *Id.* In the event that Plaintiff is moved to a different housing unit, he will receive his legal paperwork in approximately one week. *See* Exhibit B.

13. Plaintiff's claim that his discipline from 2002 will impact his current classification process is incorrect. That discipline, and any associated points, will not be considered during his classification this month. *Id.*

14. In this case, the four factors to be considered in evaluating a request for injunctive relief do not favor the granting of Plaintiff's Motion.

15. With respect to the first factor, that plaintiff is likely to succeed on the merits, the subject of this Motion does not even arise from Plaintiff's cause of action. To the extent that Plaintiff is complaining about a change in his classification status, the

4

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVEARL BACON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 02-431-JJF |
| v. ) | |
| ) | |
| ST. LT. R. TAYLOR, LT. MS. FARMER, ) | |
| and C/O MS. MCCOMB, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF CINDY ATALLIAN

I, Cindy Atallian, having been duly sworn according to law, depose and state as follows:

1. I make this Affidavit based upon personal information.

2. I am employed by the State of Delaware's Department of Correction as a Correctional Counselor at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

3. DCC's classification process is based, in part, on a system whereby an inmate is assigned a certain number of points. Inmates receive points for various categories of information. For example, the severity of the offense for which the inmate has been incarcerated is considered as is the inmate's prison disciplinary history.

4. The inmate's points play a role in his classification, that is, his security level and housing assignment. Generally, an inmate with a higher point level will be classified to a higher security level.

5. One of the goals of the classification process is to identify inmates that pose a greater risk to the safety and security of the institution, staff and other inmates and then

assign them to the appropriate security level.

6. The classification process involves a number steps, including a meeting with the inmate, and several subsequent levels of approval. The classification process takes several weeks to complete.

7. As of the date of this Affidavit, Devearl Bacon's classification meeting has not been scheduled, although it should take place during the month of March 2006. At this time, there has been no determination that Mr. Bacon will be classified to a higher security level or assigned to a different housing unit.

8. Mr. Bacon received a discipline and accompanying points for an incident which occurred in 2002 at Howard R. Young Correctional Institution. However, that discipline and any associated points will not be considered during his classification in March 2006.

/s/ Cindy Atallian
Cindy Atallian

**SWORN AND SUBSCRIBED** before me this _____ day of March, 2006.

_____
Notary

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVEARL BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 02-431-JJF |
| v. | ) |
| | ) |
| ST. LT. R. TAYLOR, LT. MS. FARMER, | ) |
| and C/O MS. MCCOMB, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF MICHAEL LITTLE

I, Michael Little, having been duly sworn according to law, depose and state as follows:

1.  I make this Affidavit based upon personal information.

2.  I am employed by the State of Delaware's Department of Correction as the Legal Services Administrator at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

3.  If an inmate is transferred to a different housing unit, as part of his transfer, his personal property is collected and inventoried. If an inmate is moved to a higher security level, he may not be able to have certain items in his new housing unit. However, an inmate is permitted to have his legal paperwork.

4.  After the property has been inventoried, with any impermissible items separated from the other property, the property, including any legal paperwork, is transferred to the inmate. The entire process takes approximately one week. *Id.*

/s/ Michael Little
Michael Little

**SWORN AND SUBSCRIBED** before me this _____ day of March, 2006.

_____
Notary

Exhibit B

5/ Toby Briley)
JSU. 6 Boxes

## INMATE ACQUIRED OR CONFISCATED PROPERTY

INMATE NAME: Deveal Bacon              SBI#: 00221242
HOUSING UNIT: MHU 21  AL3  DATE: 6-13-07  TIME: 1300  Page ___ of ___

| ITEM# | ITEM | DESCRIPTION/MAKE, MODEL & SERIAL # | SP/PP | QTY | Condition P/F/G |
|---|---|---|---|---|---|
| 1 | Legal Mail | Yellow Envelopes 5 folders | P/P | 895 | P |
| 2 | Legal Mail | White Envelopes 1 L" stack of paper | P/P | 270 | P |
| 3 | Hat | White | S/P | 1 | Poor |
| 4 | Watch | ACQUA | P/P | 1 | Poor |
| 5 | Chap stick | Lip Balm | P/P | 1 | Poor |
| 6 | Cream | Athlete's Foot | P/P | 2 | Poor |
| 7 | Cream | Acetonide | P/P | 1 | Poor |
| 8 | Cream | Bacitracin Zinc Ointment | P/P | 1 | Poor |
| 9 | Bowl w/ Lid | white & clear | P/P | 1 | Poor |
| 10 | Book | E.A. Wallis Budge | P/P | 1 | Poor |
| 11 | Radio (sent to property) | Panasonic RKK0031 | P/P | 1 | Poor |
| 12 | Pills | Multiple Vitamin Plus | P/P | 1 | Poor |
| 13 | Sulfur 8 | 4 Hour | P/P | 1 | Poor |
| 14 | Deodorant | Speed Stick Aqua Sport | P/P | 1 | Poor |
| 15 | Combs | Black | P/P | X1 | Poor |
| 16 | Cup | Clear | P/P | 1 | Poor |
| 17 | Toothpaste | Colgate | P/P | X1 | Poor |
| 18 | Shampoo | Orange VO5 | P/P | 1 | Poor |
| 19 | Conditioner | Orange VO5 | P/P | 1 | Poor |
| 20 | Lotion | Aloe with Cucumber | P/P | 1 | Poor |
| 21 | Cream (sent to hosp.) | Hydrocerin | P/P | 1 | Poor |
| 22 | Soap | Next 2 | P/P | 1 | Poor |
| 23 | Pen | Bic | P/P | 1 | Poor |
| 24 | Glass w/case | Brown | P/P | 1 | Poor |
| 25 | Deodorant | Speed Stick (fresh) | P/P | 1 | Poor |

William Adams                               8x11                    [signature]
Officer Inventorying Property Name (Print Clearly)   Shift   Officer Inventorying Property Signature

Roger Raney
Supervisor Reviewing Documentation (Print Clearly)   Shift  12-8  Supervisor Reviewing Documentation Signature

### RECORD OF TRANSFER OF PROPERTY

_____ on _____ at _____ by _____ within _____
(Person Transferring Property)  (Date)  (Time)  (Person Receiving Property)  (Unit)

_____ on _____ at _____ by _____ within _____
(Person Transferring Property)  (Date)  (Time)  (Person Receiving Property)  (Unit)

_____ on _____ at _____ by _____ within _____
(Person Transferring Property)  (Date)  (Time)  (Person Receiving Property)  (Unit)

Form 537-A(Revised 11/08/06)    **SP= State Property    **PP= Personal Property

DELAWARE CORRECTIONAL CENTER
SMYRNA, DELAWARE

Unauthorized: [ ]

Excessive: [ ]

REMOVAL OF PERSONAL ITEMS

INMATE NAME: Devearl Brown                                DATE: _____
              (Please Print)
SBI#: 231242                                    UNIT: _____

I wish to have my personal belongings removed from the Delaware Correctional Center in the following manner as listed below: (Please check one and initial).

____1.  I authorize the following person to pick up any items. This person will provide
        identification and sign a receipt for all items received. If the items are not
        picked up in 30 days after signing this form, I authorize the institution to
        dispose of the personal items at the departments discretion.

        NAME: _____    ADDRESS: _____
                                              (STREET or P.O. BOX)

        DATE ITEMS WILL BE PICKED UP. _____    _____
                                                    (CITY/TOWN) (STATE) (ZIP)

____2.  I authorize the item(s) to be sent to the following address at my expense.

        NAME: _____    ADDRESS: _____
                                              (STREET or P.O. BOX)

        I WANT THE ITEM(S) INSURED: YES____ NO____  _____
                                                    (CITY/TOWN) (STATE) (ZIP)

__/__3. I authorize the institution to donate my personal items to a charitable organization.

I, __Devearl Brown_____, do hereby remise, release and forever discharge
        (Print Inmate's Name)
for myself, my successors, assigns, heirs, executors, and administators, the Delaware
Correctional Center, the Department of Corrections, and the State of Delaware, their officers,
agents, servants, successors, and assigns, of and from all manner of actions, suits, debts,
dues, accounts, bonds, contracts, agreements, claims, and demands whatsoever; in law or in
equity which I have not, ever had, or may have concerning the handling of my personal
property in storage at the Delaware Correctional Center, and it's disposal by the method I
have selected as listed above.

X _____          , WITNESS: C/O Roger Roney
(Inmate's Signature)
DATE: 7-5-07                              DATE: 7-5-07

FORM #: 208 (3-part)
Revised: 7/95

# Certificate of Service

I, Devearl Bacon, hereby certify that I have served a true and correct cop(ies) of the attached: Exhibit's To Recopy Discovery upon the following parties/person (s):

TO: Ms. Eileen Kelly
Deputy Attorney General
820 N. French St.
Wilmington, Del.
19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 1 day of October, 200_

I/M Senzactuche Brukwa
SBI# 221242 UNIT 17-C-u8
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail S.M.S.P X-RAY

Clerk of Court
US District Court
844 N. King St., Lockbox 18
Wilmington, Del. 19801