IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON            )
                            )
    Plaintiff               )
                            )
    v.                      )    Case No. 05-714-JJF
                            )
WARDEN CARROLL, Etc., All   )
                            )
    Defendant's.            )
                            )

MOTION TO RECONSIDER
AMEND, JOINDER
─────────────────────

Plaintiff Pro-Se in pursuant to Fed. Civ., P. Rules 15(A);(B); Fed. Civ., P. Rule 19(A). On 4-24-06 Plaintiff's Motion to Amend/Joinder, D.I. #31 was filed with this Court. The Court (respectfully) denied D.I. #31 (Exhibit A, Order, pg. 10①). Plaintiff asserts the Court "errored" and assert the following:

1. The Court "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteror, 176 F.3d 669, 677 (3d Cir. 1999).

This Court held (Exh. A, pg. 8, parah 6, lines 3-5):

───────────────────
① Exhibit's A-F are

" He appears to allege that failure [of Prothonotary]
" to respond to his request for materials denied him
" access to the courts."

Plaintiff did assert this "Statement", however that's not the gist of what plaintiff "has been" pained to assert in Amend/Joinder D.I. #'s 31 and 32., Plaintiff asserted (Exh. B, pg. 16, parghs. 1, 2, 3):

" On about the week of January 17, 2006 Plaintiff filed
" Civil Suit in Superior Court.... (pargh 1)

" (pargh. 2) Plaintiff not receiving a case number or asigned
" Judge to Civil Suit after 60 days began to ask questions
" to D.C.C. MHU Law Librarians Ms. Maria Lyons and
" Timothy Martin.—

" (pargh 3)

2. The Court "Also" Held In Order Exhibit A at 9 (pargh. 2):

" In viewing the proposed amendment to add Agnew
" (D.I. 31) with plaintiff's subsequent proposed amend-
" ment (D.I. 32) regarding the delay of prison employees
" to provide him with legal mail, it is evident that the
" Prothonotary's office did not hinder plaintiff's efforts
" to pursue a legal claim in state court. Rather, Exhibit's
" submitted by plaintiff indicate that on February 1, 2006,

" the NEW CASE filing was Returned to him as "Rejected",
" with the Reasons for Rejection, and what was necessary to
" remedy the problem. Unfortunately; for reasons unknown,
" plaintiff did not receive the mailing until April 24, 2006.
" Additionally, plaintiff's Request on March 20, 2006, merely
" asked for the Case Number of his new (pg.10) filing."

Plaintiff asserts:

A. The Court Errored in Stating:
   " Rather; Exhibit's submitted by plaintiff indicate
   " that on February 1, 2006, the New Case filing was
   " Returned to him as 'Rejected'." (Exh. A, pg. 9)

(1) This is an Error, "the Prothonotary 'for Reasons 'unknown', Blocked plaintiff's Path to The Court."

(2) Impairment and Denied Access are Injuries by Themselfs.

3. After a "Closer Look" (Exh C, pg. 160; Exh. δ (DI #32/Exh's) pg. 165), the Prothonotary Received Box of New Case filed on January 27, 2006, 4:59 (Exh. C, pg. 160)., Exhibit δ pages 168 and 169 are Dated 2-1-06 (by Prothonotary)., Plaintiff Requested March 20, 2006, Information Regarding this Case at Prothonotary's Office, then asked MHU Law Librarians to help "Receive" Information of where Case (DI #31) was.

3

A. Closely look at Exh. S, pg. 165, on both Right Received (by ACC) Left sides of Envelope on Top of Box (Exh. S, pg. 166):

(1) You have on Left side writings over Received Date, However we can make out 24 (Hand written) and Clearly see 2006.

(2) In the middle of Envelope you can see a line, make out #4, 2006, and Del. Corr. Center Stamped.

(3) On Right side you can make out an "A" and "P" over Del. Corr. Center Stamp.

(4) There is no question that Prothonotary:
  (A) Received Civil Suit January 27, 2006;
  (B) It was "Sent Back" from Prothonotary in "The Month of April."

4. Plaintiff pained himself to get This Court to Investigate the "Authentication" of The "Non-Conforming Sheet":
  A. In SI #32 (Exh. S, pg. 162), pargh. 5; (A);
  B. In SI #31 (Exh. B, pg. 17), conculison;
  C. Preliminary Injunction (Exh. E, pg. 177), pargh 13; (A), (B).

5. The Ink in the "Non-Conforming Sheet" was Freshly Written,

4

there is no way The Non-Conforming Sheet was written "At the Dated" 'Date' which was written (2-1-06)., Plaintiff sent "Original Non-Conforming Sheet" to this Court (Respectfully) to Investigate "Its Authentication."

6. The Same Impairments that happen in ST's 2, and 3 (Exh. F, pgs. 180, 181) of Hand writings over Dates and Preventions, has not stopped.

7. Plaintiff has Demonstrated that "right to Access has been Impaired And Prevented"... independent of whether the prisoner can show 'Actual injury' to his access to the court." Wolf v. McDonnell, 418 US 539; Oliver v. Fauver, 118 F. 3d 175 (3d Cir. 1997).

8. The Issue Involving ST. 31 And 32 Are Prothonotary Issues And Not D.C.C.'s., The Questions that Needs to be Answered Should Come from "The Prothonotary."

WHEREFORE, Plaintiff in order to Investigate with Tolarable Clearness Needs Ms. Sharon A. Agnew to be Amended And Joinder As A Defendant.

Respectfully Submitted,

Dated = October 18, 2007

Deveart L. Bacon
#221242
D.C.C.
Smyrna Del, 19977

## Certificate of Service

I, Deverrl L. Bacon, hereby certify that I have served a true and correct cop(ies) of the attached: Motion To Reconsider _____ upon the following parties/person (s):

TO: Ms. Catherine Damavandi
Deputy Attorney General
820 N. French St.
Wilmington, Del.
19801

TO: _____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 18 day of October, 2007.