Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON            )                        #31
     Plaintiff              )
                            )
     V.                     )          CASE NO. 05-714-JJF
                            )
WARDEN CARROLL, ETC.,       )
     DEFENDANTS.            )
                            )
                            )
                            )
                            )

MOTION TO AMEND, JOINDER
OF PERSONS

COMENOW, Plaintiff DEVEARL L. BACON in pursuant to
Fed. Civ. P. Rule's 15(A),(B); Fed. Civ. P. Rule 19(A).
Plaintiff seeks to Amend and Joinder of Defendant's
from each of their continued, deliberate, impairments,
preventions, Right to Access, and Freedom of Speech.
There is a "Conspiracy" and Acts of Retaliations in
which plaintiff is suffering from.

In support of thee Above Plaintiff Asserts the following:

(1)

16

① On about the week of January 17, 2006 Plaintiff filed Civil Suit in The Superior Court (New Castle County) of Delaware Exhibit A.

② Plaintiff not recieving a Case Number or asigned Judge to Civil Suit after 60 days began to ask questions to D.C.C. MHU Law Librarians Ms. Maria Lyons and Mr. Timothy Martin as to why this has not happen. Plaintiff mailed 13 copy's of Civil Suit to Superior Court from MHU Law Library.

③ On March 20, 2006 Plaintiff filed for Prothonotary Request Form, this form was sent directly to Ms. Sharon S. Agnew (Respectfully). (See Exh. B)

④ In the week of April 10, 2006 Plaintiff asked Ms. Maria Lyons of MHU Law Library if She could help Plaintiff "locate" the whereabouts of "Costly" Civil Suit package. Ms. Lyons (Respectfully) stated "She would help".

②

⑤ On April 20, 2006 Ms. Lyons investigated and sent E-Mail's to the Prothonotary Office an nobody seems to know were Plaintiff's Civil Suit is.

⑥ Plaintiff never recieved no information from Prothonotary after filen for Requested Information form.

WHEREFORE, Plaintiff's prays this Court Amend and Joinder Ms. Sharon D. Agnew as Defendant. Plaintiff also seeks any help or Interpretation as to Investigations of Plaintiff Denied Access and Freedom of Speech. Plaintiff "Life Line To The Court's" is being Cut-off.

Devearl L. Bacon
D.C.C.
1181 Paddock Rd
Smyrna, Del 19977

③

## Certificate of Service

I, _Deverel L Bacon_, hereby certify that I have served a true

and correct cop(ies) of the attached: _Motion To Amend +_

_Joinder_                                              upon the following

parties/person (s):

TO: _Ms. Eileen Kelly_            TO: _____

_Deputy Attorney General_            _____

_820 N. French St._            _____

_Wilmington, Del_            _____

_19801_            _____

TO: _____            TO: _____

_____            _____

_____            _____

_____            _____

_____            _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this _21_ day of _April_, 2006

Exhibit A

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: (N) K S     CIVIL ACTION NUMBER: _____

Civil Case Code _____     Civil Case Type $CPIN$, $CMAL$

(See Reverse Side for Code and Type)

| Caption: | Name and Status of Party filing document: |
|---|---|
| *See Attach Sheet* | Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| | Non-Arbitration ___ (CERTIFICATE OF VALUE MAY BE REQUIRED) |
| | Arbitration ___ Mediation ___ Neutral Assessment ___ <br> DEFENDANT (CIRCLE ONE) **ACCEPT** **REJECT** <br> JURY DEMAND (Yes) ___ No ____ <br> TRACK ASSIGNMENT REQUESTED (CIRCLE ONE) <br> **EXPEDITED** (**STANDARD**) **COMPLEX** |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| ATTORNEY ID(S): | N/A |
| FIRM NAME: | EXPLAIN THE RELATIONSHIP(S): |
| ADDRESS: | |
| TELEPHONE NUMBER: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| FAX NUMBER: | N/A |
| E-MAIL ADDRESS: | |
| | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 6/2002

IN THE SUPERIOR COURT OF DELAWARE

IN FOR NEW CASTLE COUNTY

DEVEARL L. BACON )
     Plaintiff )
          )
V.        ) C.A. NO.
          )
          )
WARDEN CARROLL ;     ) JURY OF TWELVE DEMAND
Deputy WARDEN McGuigan, ) NON-ARBITRATION
Joe Hudson, )
Lt. CARROTHERS, )
Lt. LEGATES, )
Lt. BOONE, )
Lt. PROFACI, )
Lt. FORBES, )
Sgt. SNEAD, )
C.M.S., )
F.C.M: DR.TAMMY KASTRE )
     DEFENDANT. )
          )

Amended Complaint

①

22

COMES NOW, THE Plaintiff SEVEAR/ L. BACON PRO-SE IN PRESENTING His Complaint AND CAUSE OF Action Against The Above NAMED Defendant's ASSERTS The following IN Support of His Claim:

## COUNT I
### Common Allegations

1. This Civil Action damages Exceeding 50,000. This Court has ORIGINAL jurisdiction PURSUANT to 10 Del. C. § 1322 (A).

2. Plaintiff SEVEAR/ L. BACON is A Resident Of STATE OF Delaware AND is housed At S.C.C. PRISON.

3. Defendant, WARDEN Carroll of S.C.C., A Resident of Del-, He is sued in His individual CAPACITY.

②

4. Defendant, Deputy Warden McGuigan of D.C.C. (now Warden of Webb Corrections), a resident of Del., He is sued in His individual capacity.

5. Defendant, Joe Hudson of J.C.C., a resident of Del., He is sued in His individual capacity.

6. Defendant, Lt. Carrothers of J.C.C., a resident of Del., He is sued in His individual capacity.

7. Defendant, Lt. Legates of J.C.C., a resident of Del., He is sued in His individual capacity.

8. Defendant, Lt. Boone of J.C.C., a resident of Del., He is sued in His individual capacity.

9. Defendant, Lt. Profaci of J.C.C., a resident of Del., She is sued in Her individual capacity.

③

10. Defendant, Lt. Forbes of D.C.C., A Resident of Del., He is sued in His individual capacity.

11. Defendant, Sgt. Snead of D.C.C., A Resident of Del., He is sued in His individual capacity.

12. Defendant, Correctional Medical Services (C.M.S.) 10 Corporate Circle, New Castle, Del. 19720, is And At All material time herein until September 19, 2005, was the D.C.C. health care provider. In their official capacity And individual capacity providing health care services, they Are Responsible for inmates medical needs while they Are incarcerated At D.C.C., They Are sued in their individual And official capacity.

④

13. Defendant, First Correctional Medical (F.C.M.) 1575 Mckee Rd, Suite 201, Dover, Del. 19904, is and at all material time herein until July 2005, was the D.C.C. health care provider. In their official capacity and individual capacity providing health care services, they are responsible for inmates medical needs while they are incarcerated at D.C.C., They are sued in their individual and official capacity. (F.C.M., 12795 North Wildlife Avenue, P.O. Box 69370, Tucson, Arizona 85731-0015)

14. On May 1, 2004 Plaintiff was leaving out of Building 24 "B" dining hall D.C.C., as Plaintiff was walking towards door Plaintiff slipped down on a wet spot on the floor. Plaintiff turned to get up from the floor Plaintiff felt sharp pain in lower back, a Correctional Officer (no name given) told

Plaintiff "don't try to move"; Lt. Carrothers (Shift Commander) said to plaintiff "Stay on floor until nurse gets here". Nurse placed plaintiff in wheel chair and plaintiff was taken to nurses office, nurse asked plaintiff "do you fill any pain", plaintiff answered "yes". Lt. Carrothers and nurse asked plaintiff "what happen" plaintiff stated: "I slipped landed on my back I turned left to right to get up off the floor and felt like a knife stuck me up my back, a C/o told me not to move along with Sgt. Snead". The nurse wrote a report down and ordered plaintiff something for the pain. Lt. Carrothers ordered his staff members to "write a incident report".

15. Plaintiff filed paper work through; Kitchen Commander, M.H.U. Shift Commanders, and

Internal Affairs asking for a photo(s) of this hazardous area, and asked "why wasn't there any warning signs (wet floor signs)., Then Plaintiff filed for all medical and incident reports, and neither was given (see exhibit A).

16. This incident was also witness by three other inmates Mr. Martin Roberts #174059, Mr. Mark Tingle #381464, and Mr. Gregory DeShields #256942 (see exh. A).

17. On May 7, 2004 Plaintiff along with Inmate Martin Roberts #174059 was walking in dining hall "B" Building 24 D.C.C., as we went to sit down at first table we seen a-lot of water on the table and floor we didn't sit at the wet table, as we looked up to the ceiling to see were the water was coming from, we notice that the water.

⑦

WAS coming from A out going (SE) SEWAGE pipe [4].

The WATER from the pipe CAUSED the hAzARdous AREA WERE plaintiff had fell on May 1, 2004. MR. RobeRts And Plaintiff filed pApER work And Asked "Why WASN'T Inmate's not being cAutioned About these hAzARdous And unSANitARy AREA'S" (SEE Exh B). Both MR. RobeRts And Plaintiff filed for AN investigAtion As to why Inmate's WERE Not being cAutioned And Asked for photo's of the hAzARdous AREA's so that the evidence mAybe pRESERVED, No photo's WAS tAken, noR WAS Plaintiff informed of ANy investigAtion. (SEE Exh. B).

18. From May 1, 2004 — May 17, 2004 Plaintiff RECIEVED 500 mg. Ibuprofen for pAIN IN lowER bACk. Plaintiff filed Sick-CAll slips explAININg pAIN And SuffeRRING. (SEE Exh. C), On May 14, Plaintiff

2004

⑨

WAS SEEN by Doctor, Doctor stated: "you have swelling in lower back and a sprain". Plaintiff was ordered rubbing cream and pain killers. Plaintiff had to pay for medical treatment (see exh. C). On May 17, 2004 Plaintiff filed sick-call and asked for 'memo' stating: "what Plaintiff could pick up or not", Plaintiff needed to get a job and was given a job in the kitchen., On Aug. 29, 2004 (while working) Plaintiff filed sick-call and stated: "For the past 3 weeks I been bending and moving my back, I'm still in pain I need my Ibuprofen Re-newed. I also need a x-ray of my back (see exh. D).

19. On June 17, 2004 — January 16, 2005 Plaintiff filed to have x-ray's of back and for pain killers. (See exh. D).

⑨

30

20. On Feb. 11, 2005 Plaintiff was given a x-ray at D.C.C. medical, the nurse who gave the x-ray stated to Plaintiff: "if you want to see your results of your x-ray's, they will be done by Feb. 15, 2005, just put sick-call slip in so you can 'see' your x-ray's"; Plaintiff filed for results of x-ray's (see exh. D). On about 3rd week of April 2005 Plaintiff recieved copy of sick-call filed March 16, 2005, at bottom of sick-call was message from Ms. Leslie Robinson stating: " No results at present time, Doctor will notify if Abnormal". (See exh. D)

21. After not physically seeing results of x-rays on April 5, 2005 Plaintiff filed Medical Grievance and requested: "to physically see x-ray's" (see exh. E); On May 12, 2005 Plaintiff talked with Investigator to above Medical Grievance, Plaintiff asked to

physically see Results of X-ray's, Ms. Anita Ellen stated: "Plaintiff 'could not'" (see exh E). Plaintiff had a Right to see X-ray Results. This caused a indifference.

22. As a direct result of fall. Plaintiff suffered serious and permanent injuries to Back.

23. As a direct result of aforesaid fall, Plaintiff suffere severe injuries that prevented him from sleeping or free movement of bending

24. As a direct result of fall Plaintiff sustained and suffered over an extended period of time, severe physical pain. (see exh A-8).

25. As a direct result of fall Plaintiff was deprived of or had much difficulty in many everyday physical and pleasurable activities. (see exh A-8).

26. As a direct result of proximate result of

32

injuries sustained in fall, plaintiff developed an dependency on pain killers (see Exh. A-d).

27. As a direct result of not recieving incident report's or photo's of hazardous area's, plaintiff could not preserve the evidence.

28. As a direct result of water falling down on table from sewage pipe and by these area's not being cautioned, plaintiff (Mr. Roberts #174059, Mr. Tingle #381464, and Mr. DeShields #256942), was exsposed to hazardous & unsanitary conditions.

COUNT II

CONVERTION, INTERFERENCE WITH PROSPECTIVE ADVANTAGE, BAD FAITH LIABILITY

29. Plaintiff realleges paragraph 14 through 28 of count I as if allegations herein by

(12)

this REFERENCE.

30. Defendant's Joe Hudson, Lt. Legates, Lt. Profaci, Lt. Boone, Lt Forbes, And Lt. Carrothers, despite receiving letters Asking for forms, photo's, And incident reports of hazardous AREA's Refused to perserve the evidence.

31. Defendant's F.C.M., C.M.S., despite receiving sick-call slips And medical Grievances Refused to perserve And give Plaintiff prove of injury. This causes A "DELIBERATE INDIFFERENCE".

32. Defendant's Joe Hudson, Lt. Legates, Lt. Profaci, Lt. Boone, Lt. Forbes, Lt. Carrothers, F.C.M., And C.M.S., As A direct And proximate result of the Above Actions described herein, has shown

(13)

"Bad Faith" in its activities by Not providing copies or X-ray's of Plaintiff's records.

## COUNT III
### NEGLIGENCE

33. The Plaintiff realleges paragraphs 14 through 28 of COUNT I as if fully alleged in this action and incorporates them herein by this reference.

34. The Plaintiff after much research and discovery and after not receiving reports nor X-ray's made an immediate effort to contact Defendant's.

35. That as a further, direct and proximate consequence of aforesaid fall incurred expenses in medical, and will require medical

(14)

Attention in the future.

36. That the Plaintiff has been physically damaged in His Ability to earn income in the future And will suffer inability into the future.

COUNT IV

NEGLIGENCE, MALPRACTICE, MEDICAL INDIFFERENCE AND EMOTIONAL DISTRESS

37. Plaintiff reAlleges paragraphs 14 through 28 of Count I as if fully Alleged in this action And incorporates them herein by this Reference.

38. On or About May 1, 2004 through Feb. 11, 2005 Plaintiff was seen by the D.C.C. Health Care Staff.

39. The Defendant's C.M.S. And F.C.M. At All times material herein were the sole Health Care providers at D.C.C.

40. As a direct and proximate causation of Defendant's C.M.S. And. F.C.M. failure to provide Plaintiff with medical treatment and x-ray for Plaintiff "serious" physical injuries, Plaintiff has suffered emotional distress in the form of pain, grief, anxiety, depression and substantial mental anguish from his physical injuries and his numerous attempts to get treatment.

## CLAIMS FOR RELIEF

41. As to Count I of this Action, the actions of Defendant's Negligent Act failure to warn Plaintiff(s) of hazardous and unsanitary area's, Plaintiff was seriously injured, constitute the tort of Negligence and also causes an infliction of emotional distress under the common laws

of the State of Delaware.

42. As to Count II of this Action; the Acts or omissions of Above Defendant's voluntary and arbitrary actions of refusing and or failing to provide exculpatory records (photo's, x-ray's, etc.) that Plaintiff depended on for use of Plaintiff's trial, as well as not being able to present exculpatory evidence that would have shown mitigating circumstances in Plaintiff's trial, constitutes the Torts of Conversion, Interference with Prospective Advantage, Negligence and Bad Faith under the common tort Laws of the State of Delaware.

43. As to Count III of this Action, Defendant's by their Acts of discovery and medical actions in which the Plaintiff was severely injured

⑰

constituting the torts of Negligence under civil liability under the common tort Laws of the State of Delaware.

44. As to Count IV of this action, the Defendant's C.M.S. And F.C.M. by their failure to provide adequate medical treatment for Plaintiff's serious (l) injuries while in custody under contact by aforesaid Defendant's to provide medical care constituting the torts of Negligence, Malpractice, Medical Indifference And Infliction of Emotional Distress under the Common tort Laws of the State of Delaware.

## RELIEF

WHEREFORE, the Plaintiff Sevear L. Bacon prays for judgement against the Defendant's granting the following relief:

(18)

A. Issue a declaratory judgement Stating that :

1. As to Count I of this action the Defendant's Negligence caused the Aforsaid fall in which plaintiff Devearl C. Bacon was seriously injured due to Defendant's failure to create a Safe enviorment, constituting Negligence, infliction of Emotional distress.

2. As to Count II of this Action the Defendant's failure and refusal to provide plaintiff with Exculpatory records for plaintiff case, constituted the torts of Conversion, Interference with Prospective Advantage, Negligence and Bad Faith.

3. As to Count III of this Action, the

(19)

Defendant's by their discovery and
medical actions, violation of
States A,B,C. Laws, Constituted
Negligence.

4. As to Count IV of this action, the
Defendant's C.M.S. And F.C.M. failure
to provide Adequate medical care for
the plaintiff Constitutes Negligence,
Malpractice, Medical Indifference
And Infliction of Emotional distress.

B. Award Compensatory damages in the following
Amount:

1. ~~million~~ Against Defendant's for the
physical and Emotional injuries
Sustained As A result of Defendant's
Negligence, And infliction of Emotional

20

distress causing Plaintiff pain and suffering.

2. ~~~~ Against Defendant's conversion for their own use, interference with Plaintiff's prospective Advantage, Negligence and Bad Faith in their failure to provide and supply Plaintiff with his record, Contributing to Plaintiff's pain and Emotional Suffering.

3. ~~~~ Against Defendant's Place for their Negligence and unlawful actions of discovery, medical and failure to warn Plaintiff(s) of hazardous and unsanitary area's, caused Plaintiff to fall, causing Plaintiff much pain and suffering.

42

4. ~~~~~~ AGAINST C.M.S. AND F.C.M.
   Medical SERVICES jointly AND SEVERALLY
   for their Negligence, Medical INdifference
   by failing to provide Adequate medical
   CARE AS A follow-up of Plaintiff's injuries
   Causing Plaintiff to suffer physical
   And Emotional pain and contributing to
   Plaintiff's pain And Suffering.

C. AWARD Consequential Damages in the
   following Amounts:

1. 30,000 Against Defendants for the
   physical And emotional injuries
   Sustained AS A result of Defendant's
   Negligence, and infliction of
   Emotional distress causing Plaintiff
   Pain And Suffering.

(22)

2. 30,000 Against Defendant's Conversion for their own use, Interference with Plaintiff's Prospective Advantage, Negligence And Bad Faith in their failure to provide and supply Plaintiff with his record, contributing to Plaintiff's pain and emotional suffering.

3. 30,000 Against Defendant's Place for their negligence And unlawful actions of discovery, medical And failure to warn Plaintiff(s) of hazardous And unsanitary Area's, caused Plaintiff to fall, causing Plaintiff much pain And suffering

23

44

4. 30,000 AgAinst C.M.S. And F.C.M. Medical
   Services jointly And severally for
   their Negligence, Medical Indifference
   by failing to provide Adequate medical
   care as a follow-up of Plaintiff's injuries
   causing Plaintiff to suffer physical and
   Emotional pain And contributing to
   Plaintiff's pain And suffering.

5. Award Incidental Damages in the following
Amounts:

1. 30,000 Against Defendants for the
   physical and emotional injuries
   Sustained as a result of Defendant's
   Negligence, And infliction of
   Emotional distress causing Plaintiff
   Pain and Suffering.

(29)