Exhibit A

Case 1:05-cv-00714-JJF    Document 108-3    Filed 10/22/2007    Page 1 of 15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVEARL L. BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-714-JJF |
| | ) |
| WARDEN CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**I.  Background**

Plaintiff Devearl L. Bacon, a prisoner incarcerated at the Delaware Correctional Center ("DCC"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his First Amendment right to freedom of speech and his Fourteenth Amendment right to access the courts. (D.I. 2, 3.)  Plaintiff filed an amended complaint that rearranged the order of the paragraphs and added "prejudice" language to the complaint. (D.I. 11.)  On February 24, 2006, Defendants filed their answer to the complaint. (D.I. 21.)  Since that time, Plaintiff has filed five additional motions to amend the complaint. (D.I. 26, 30, 31, 32, 38.)

**II. ANALYSIS**

**A.   Standard**

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'"  Shane v. Fauver, 213 F.3d 113, 115

(3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D.Pa. 1993).

Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).

B. **Motions to Amend - D.I. 26, 38**

The motions to amend filed March 13, 2006, and June 29,

2006, respectively, seek to add defendants and to amend the complaint. (D.I. 26, 38.) Plaintiff alleges that Defendants are retaliating against him, and that he is being prevented and impaired from filing legal documents in a state post-conviction appeal. Plaintiff wishes to add as defendants Commissioner Stan Taylor ("Commissioner Taylor"), Deputy Warden Betty Burris ("Deputy Warden Burris"), St. Lt. Ramone Taylor ("R. Taylor"), St. Lt. Profaci ("Profaci"), Lt. Boone ("Boone"), Sgt. Kruschel ("Kruschel"), Cpl. Oney ("Oney"), C/O Ms. Scott ("Scott"), and C/O Washington ("Washington").

The gist of the amendments is that the DCC staff denied Plaintiff access to the courts due to delay in receiving the opinion of Superior Court Judge Susan C. Del Pesco. The opinion was issued on August 29, 2005, but Plaintiff alleges that he did not receive it until September 14, 2005. (D.I. 26 at 4.) Plaintiff also refers to delay when on January 5, 2006, he entrusted Scott to mail his legal mail to a typist, but the typist did not receive the mail until January 23, 2006. (D.I. 26 at 2, 12.) He alleges that when he questioned Scott, "who or where did she place the documents", Scott replied that the "document was handed to Build. 24 staff." (D.I. 26 at 3.) Plaintiff alleges that as a result of the foregoing delays, he lost preparation time, and was not able to file a "finished opening brief", but had to file a brief that was partly

handwritten and partly typed. He alleges he suffered in not having the chance to fully litigate his claim and that irreparable harm is evidenced by the Delaware Supreme Court's denial of his request for postconviction relief. Exhibits attached to the motion indicate that Plaintiff's opening brief was timely filed with the Supreme Court of Delaware on June 20, 2006. Exhibits filed with the motion also indicate that Plaintiff filed a motion to replace the handwritten pages.

Defendants responded to the motion to amend, taking no position regarding the addition of Scott, but objecting to the addition of the remaining individuals. More specifically, Defendants object to the addition of Commissioner Taylor, Deputy Warden Burris, R. Taylor, Profaci, Boone, Kruschel, Oney, and Washington arguing that the proposed amendment offers no allegations as to these individuals. Defendants also argue that it is inappropriate to add Commissioner Taylor and Deputy Warden Burris based upon their supervisory positions because liability cannot be imposed under § 1983 on a <u>respondeat superior</u> theory. Plaintiff responds that he can show through discovery that retaliatory actions were taken by Building 24 staff, but does not indicate if any of the proposed defendants work in Building 24. (D.I. 29.) Nor does Plaintiff provide the names of Building 24 staff members.

**C. Motion to Amend - D.I. 30**

Plaintiff moves to amend the complaint to add C/O Hansen as a defendant. Plaintiff alleges that on April 4, 2006, he received "opened legal mail" from Hansen, and he did not witness the opening of his mail.

**D. Motion to Amend - D.I. 31**

Plaintiff moves to amend the complaint to add Prothonotary Sharon D. Agnew ("Agnew") as a defendant. The proposed amendment alleges a conspiracy and acts of retaliation. More particularly, Plaintiff alleges that during the week of January 17, 2006, he mailed for filing a civil suit in the Superior Court for New Castle County, Delaware. Plaintiff alleges that when 60 days had passed and he had received no notification from the court, he sent a request for materials from Agnew. (D.I. 31, Ex. B.) The request is dated March 20, 2006. Plaintiff alleges that he never received a response to his request.

Plaintiff also alleges that during the week of April 10, 2006, he sought assistance from Maria Lyons who advised him that responses to e-mails sent to the Prothonotary's Office indicated that "nobody seem[ed] to know" the whereabouts of his civil suit. (D.I. 31 at 3.)

**E. Motion to Amend - D.I. 32**

This motion to amend contains allegations related to the motion to amend filed at D.I. 31. Plaintiff moves to add as

defendants C/O Mr. Kemp ("Kemp"), C/O Ms. D. Tingle ("Tingle"), Oney from the mailroom, and R. Taylor.

Plaintiff alleges that on April 24, 2006, he received a box of legal materials from Kemp and Tingle which contained the lawsuit he mailed for filing during the week of January 17, 2006. (D.I. 32 at 2.) A "Notice of Non-Conforming Documents" from the Superior Court of Delaware, New Castle County, dated February 1, 2006, was included with the returned documents. (D.I. 32, Ex. B.) Plaintiff alleges that the stamped date on the envelope showing the date the documents were received by DCC is written over, making the actual receipt date illegible. (D.I. 32, Ex. A.)

Plaintiff alleges that there was a conspiracy to withhold his legal mail, and that due to the delay, he missed the limitation period deadline.

F. **Personal Involvement**

Plaintiff proposes to add as defendants Commissioner Taylor, Deputy Warden Burris, R. Taylor, Profaci, Boone, Kruschel, Oney, and Washington. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a

plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In the present case, Plaintiff does not associate any of his allegations with the foregoing listed individuals. Nor does he make any reference to alleged conduct by these individuals. Hence, it is not clear which Defendants, if any, have personal involvement in Plaintiff's constitutional deprivations.

It also appears that Plaintiff seeks to name Commissioner Taylor and Deputy Warden Burris as defendants based upon their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the

plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

As noted, the proposed amendment contains no allegations against Commissioner Taylor or Deputy Warden Burris. Indeed, the proposed amendment is devoid of any reference that either Commissioner Taylor or Deputy Warden Burris was the "driving force [behind]" the alleged violations or that they were aware of Plaintiff's allegations and remained "deliberately indifferent" to his plight.

The proposed amendments to add Commissioner Taylor, Deputy Warden Burris, R. Taylor, Profaci, Boone, Kruschel, Oney, and Washington fail to state claims upon which relief may be granted, making amendment futile. Accordingly, the Court will deny the motions to amend (D.I. 26, 32) to the extent that they move to add these individuals as defendants.

G.  **Prothonotary**

Plaintiff's proposed amendment found at D.I. 31 alleges that Prothonotary Agnew did not respond to his March 20, 2006, request to the Prothonotary's office. He appears to allege that the failure to respond to his request for materials denied him access to the courts.

Agnew, as a prothonotary, may be entitled to quasi-judicial

immunity. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993); Waits v. McGowan, 516 F.2d 203, 205-206 (3d Cir. 1975); Smith v. Rosenbaum, 460 F.2d 1019 (3d Cir. 1972); Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969); Shipley v. First Federal Sav. and Loan Ass'n of Delaware, 619 F.Supp. 421, 438-39 (D.Del.1985). The proposed amended complaint, however, does not provide sufficient allegations at this time for the Court to determine if quasi-judicial immunity is applicable.

To show a denial of access to the courts, Plaintiff is required to demonstrate that Agnew's alleged actions (or failure to act) "hindered his efforts to pursue a legal claim." See Lewis v. Casey, 518 U.S. 343, 347 (1996). In viewing the proposed amendment to add Agnew (D.I. 31) with Plaintiff's subsequent proposed amendment (D.I. 32) regarding the delay of prison employees to provide him with legal mail, it is evident that the Prothonotary's office did not hinder Plaintiff's efforts to pursue a legal claim in state court. Rather, exhibits submitted by Plaintiff indicate that on February 1, 2006, the new case filing was returned to him as "rejected", with the reasons for rejection, and what was necessary to remedy the problem. Unfortunately, for reasons unknown, Plaintiff did not receive the mailing until April 24, 2006. Additionally, Plaintiff's request on March 20, 2006, merely asked for the case number of his new

-9-

filing.

Based upon Plaintiff's exhibits and allegations, it simply cannot be said that the failure to respond to a request for a case number impeded Plaintiff's efforts to file his state case, particularly in light of the fact that Plaintiff was previously notified of his deficient filing.

Agnew's alleged failure to respond to Plaintiff's request for the civil case number does not implicate a constitutional violation of access to the courts. Therefore, the Court will deny the motion to amend (D.I. 31) as the proposed amendment fails to state a claim upon which relief may be granted.

**H.    Conspiracy**

In Plaintiff's proposed amendments found at D.I. 31 and D.I. 32, he alleges a conspiracy, but provides no other allegations of said conspiracy. For example, Plaintiff alleges "[t]here is a 'conspiracy' and acts of retaliations [sic] in which Plaintiff is suffering from." (D.I. 31 at 1.) He also alleges that he "seeks to amend and joinder of defendant's for each of their continued, deliberate, impairments, preventions, right to access, freedom of speech, conspiracy, and retaliations [sic]." (D.I. 32 at 1.) He also alleges, "this information was with-held from Plaintiff, this is a conspiracy." Id. at 2.

Under the notice-pleading standard, a complaint must include more than "conclusory allegations of concerted action." Abbott

v. Latshaw, 164 F.3d 141, 148 (3d. Cir. 1998). The complaint must also contain at least some facts which could, if proven, permit a reasonable inference of a conspiracy to be drawn. See Evancho v. Fisher, 423 F.3d 347, 363 (3d. Cir. 2005); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). This requirement is established where the complaint sets for a valid legal theory and adequately states the conduct, time, place and persons responsible. Evancho, 423 F.3d at 353.

Plaintiff's proposed amendments refer in general to delays and interference with his legal mail. They do not, however, refer to acts of specific individuals who allegedly acted together to deny Plaintiff access to the courts. Moreover, the proposed amendments lack supporting allegations of an agreement among the various individuals, as well as a basis for alleging the participation of each proposed Defendant.

The proposed amendments to add conspiracy fail to state a claim upon which relief may be granted, making amendment futile. Accordingly, the Court will deny the motions to amend (D.I. 31, 32) to the extent that they move to add a conspiracy claim.

### III. CONCLUSION

THEREFORE, at Wilmington this 19 day of July, 2006, IT IS ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to Plaintiff.

2. The motions to amend complaint (D.I. 26, 38) are **DENIED** to the extent that Plaintiff is not allowed to add as defendants Commissioner Stan Taylor, Deputy Warden Betty Burris Warden, St. Lt. Ramone Taylor, St. Lt. Profaci, Lt. Boone, Sgt. Kruschel, Cpl. Oney, and C/O Washington, and **GRANTED** in all other respects. C/O Ms. Scott is added as a defendant.

3. The motion to amend complaint (D.I. 30) is **GRANTED**. C/O Hansen is added as a defendant.

4. The motion to amend complaint (D.I. 31) is **DENIED**.

5. The motion to amend complaint (D.I. 32) is **DENIED** to the extent that Plaintiff is not allowed to add as defendants Cpl. Oney and St. Lt. Ramone Taylor, and is not allowed to add a conspiracy claim, but is **GRANTED** in all other respects. C/O Mr. Kemp and C/O Ms. D. Tingle are added as defendants.

6. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for the **additional Defendants, C/O Ms. Scott, C/O Hansen, C/O Mr. Kemp, and C/O Ms. D. Tingle** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, Plaintiff shall provide the Court with a copy of the complaint (D.I. 2, 3) and the amended complaints with all attachments (D.I. 11, 26, 30, 32, 38) to be served upon the additional Defendants. Plaintiff is notified**

that the United States Marshal will not serve the complaint and the amended complaints until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide a copy of the complaint and the amended complaints for each additional Defendant and the "U.S. Marshal 285" forms for each Defendant and the attorney general within 120 days from the date of this order may result in the amended complaint being dismissed or the additional Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

7. Upon receipt of the form(s) required by paragraph 6 above, the United States Marshal shall serve a copy of the complaint (D.I. 2, 3), the amended complaints (D.I. 11, 26, 30, 32, 38), the Court's Memorandum and Opinion and Orders (D.I. 9, 10, 18), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendants identified in the 285 forms.

8. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

9.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

10.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

11.  **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

12.  **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE