Deveari C. Bacon
#221242
D.C.C.
1181 Paddock Road
Smyrna, Del. 19977

Case No.: 02-431-JJF;
05-714-JJF;
07-4349.

FILED
DEC 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD/sanrod

Legal Agency's; Etc., All.

December 16, 2007

RE: DENIED ACCESS, RIGHT TO DUE PROCESS, INTERFERENCE, IMPAIRMENT, RETALIATION

To Whom It May Concern;

On 12-10-07 I received from D.C.C.'s "SHU" Law Librarian Mr. Brian Engram a Memo (Exhibit pg. 3) denying Petitioner's attempt to "Prepare His Petition" for the 3d. Circuit Court. The Memo along with submitted Exhibit's clearly proves the following US Constitution violations:

1. Right To Access;
2. Right To Due Process;
3. Right To Privacy;
4. Right To Adequate Law Library (Cases, Books, Etc.).

A. INTERFERNCE IMPAIRMENT

This paralegal has been preventing Petitioner Access To Cases (in a Timely Manner), Civil Suit, and Motion Packages, that falls well below what the Court Deems Adequate. Sine June 13, 2007 unto this Present Date Petitioner has been Deliberately Impaired by Mr. Engrem. See Exhibit's (Request Sheets) 4-8; Also 12-15., In Exh. 12-15 Mr. Engrem would not make or give Total Copy's of Requested Rules, Lawyer Addresses, or Exhibit's. (See Staff Notes), In Exh. 18-20 Mr. Engrem would not make Total Copy's of Requested Documents for the Court's. (See Staff Notes). On November 15, 2007 Petitioner Requested for a Copy of "SHU" Law Library Policy on Copy's and Requests, Mr. Engrem didn't send it. SHU Law Library has not been Meeting the Requirements of what the Court's Deem Adequate.

B. RETALIATION

Petitioner has Civil Claims in US District Courts (for Del.) on both Howard Young and D.C.C.'s Prisons. In Case Number 05-714-JJF Petitioner is Raising "Non-Frivolous" Claims of Denied Access, Prevention, and Impairment to the Court. This Case is Suit Which Claims that D.C.C.'s Officials have

been deliberately preventing petitioner mail to and from the Court., petitioner has also claims of legal mail being opened outside the presence of petitioner with legal documents missing along with a "Gross Act" of Receiving Opened and missing documents that petitioner never ordered from the Court involving petitioner's Criminal Appeal.

On July 18, 2007 (Exh. 6-7) Petitioner wrote D.C.C.'s Legal Administrater Mike Little and Informed Him the problem He's having with SHU Law Librarian. Since this letter, Mr. Engrem has deliberately Withheld Legal documents and has it difficult for Petitioner to Receive Legal Documents. See Exh. 4, Petitioner had to Ask (Request) Another Law Librarian in MHU for Total Documents because Mr. Engrem has not given Total Document; However, Mr. Engrem has stoped other Law Librarians from giving help to Petitioner. See End Note Exh. 4., On Exhibit 12 Petitioner Requested: "Copy of Rehabilitation Act and Federal Rules of Appellant Proc. Rule 22(6)", Mr. Engrem's Reply: "Need more Info."

The Court's Deems this as Impairment, using a "book paging system" (for Requests) involving "segregated Inmate's" making use of "Satellite Library's", the Court Held:

3.

"even when complete ment with a satellite law library and the services of trained inmate legal assistants, must be one that permits an inmate to receive (eng) enough books at a time to ensure that he or she can conduct effective legal research. While courts have not specified an exact number, it is clear that limiting inmates to such meager materials as five books a week is simply not sufficient even when other aids are in place." Abdul-Akbar v. Watson, 775 F. Supp. 735 (D. Del.) ("even with expanded aid, limitation to five books per week 'seriously impairs' inmates abilities to conduct effective legal research").

The SHU/MHU Law Library's gives. - "case(s) law is on loan only! It must be returned to recieve any new case law, which is usually loaned out on a five for five basis." (See Exh. pg. 2 General Request form). Although the "form" states "usually loaned out" they have been "strictly" on a 5 for 5 case bases, these Policy Standards fall well-below even a 5 book Rule. Petitioner's not receiving cases Requested in a fundamental Timing.

Mr. Engram is aware of his preventions and impairments and is "one" of the causes of "Evil Force" behind the seen of preventing Petitioner from "artfully raising Non-Frivolous claims to the court."

C. RIGHT TO THE COURT, DENIED ACCESS, RIGHT TO PRIVACY

4

On July 15, 2007 Petitioner sent Request form to Mr. Engrem in Paragraph 2 Petitioner asserted: (Exh. pg. 8)

" I've been sending for Copies and Cases which have
" been prolonged. Law Library you are sending legal
" works of mine back with 'Specific Request' of personal
" Case Numbers. I have 'not given' you permission to
" read my Legal Work with details."

At the Staff "Note" Mr. Engrem places His Initials, I however placed:

" CC: Warden Carroll.
    Hon. Judge Joseph J. Farnan
    Andrew A. Lundgren, Esq.
    File.

On November 6, 2007 Petitioner filed Notice of Appeal to the 3rd Cir. Court during which Petitioner Also (stated) started preparing Opening Brief (with Appendix) for The Court's Review., With the Gross and Serious problems with Mail To And From the Court, Also the problems SHU Law Librarian Petitioner Proceeds with Caution to prepare Petition. On Exh. pg. 16 "has been forced to use Case Numbers" when Requesting Copy's; Petitioner asked SHU Law Librarian:

" What ever happen to my request for 11:1 – 11:15 (Access
" to The Court) out of Federal Rights for Prisoners Vol. 2

5.

"If there is a Reason why I'm not Receiving this
"Information, can you please state it."

SHU Law Librarian stated: "You will get it staff shortage."

With this in mind and with Law Librarian Reading and knowing my every Attempt to Raise Artful Non-Frivolous Claims Petitioner uses Diligence to Prepare for Next Remedy and Procedure Requirement in Appellant Remedies.

The SHU and MHU Law Library's have no staff (enought) to Adequately help Prepare copy's and Request's in a Timely Manner. D.C.C. has "Fired" Inmates who use to work in these "Satellite Library's, and with Mr. Engrem's Deliberate Preventions, Invasion of Privacy, and Denying Petitioner Right to Access, Petitioner "Has To" Prepare His Petition so He can Timely met Deadlines to the Court.

SHU Law Librarian Reading Petitioner's Legal documents, Denying Petitioner from Asserting His Constitutional Rights, and Grossly Asserts in Memo dated December 7, 2007: (Exh. pg. 3)

" Your photo copy Request for the Third Circuit Court of
" Appeals is denied. In your Request, you identify
" number 07-4349 with the third circuit on this date, I
" contacted the court (the court) this case. The Court
" informed me that there is no additional documentation,
" Required at this time. When they inform you of Required
" documentation you may let me know. I am Returning

6

"your entire request to you."

This Law Librarian is not only reading my Legal Documents but Ironically is trying to "Dictate" how and when I'm suppose to Assert my Constitutional Rights to the Court! I "Did Not Give" Mr. Engrem Permission to Read "Any" of my Legal Documents, see Exh. pg 8, He's Denying me Right To The Court while I'm Also trying to Prepare Both Informal / and Application for COA in The 3d Circuit Court., He's Invading my Right To Privacy, I should not, And do not have to Explain To Any Law Librarian or US Citizen How or When I Utilize My Right To Access as long as I'm not Braking Any Law or Braking Prison Policy!, Mr. Engrem is "Riding Recklessly Across the Constitutional Waters In A Speed Boat."

On December 6, 2007 Petitioner Received Notice from 3rd Cir. Ct. (Exh pgs. 22-34)., The Attorney's Appearance form were due 12-13-07. State's Attorney Ms. Elizabeth McFarlan, Esq. filed Her Appearance And Petitioner Received it (Exh. 35). The 3rd Cir. Ct. sent "Information for Pro-Se (ig) Litigants" (Exh. 29-34). On Exh. pg 32 "Time Requirements" for Briefs and Appendix, The Information given to Pro-Se Litigant states:

"Briefs: The Clerk's Office will inform you of the time "Requirements applicable in your case in a briefing "letter. In the typical civil appeal, Appellant's brief

7.

" is due 40 days after the Record is Received by
" the Clerk."...

The Clerk of 3rd Cir. Ct. Received the Record December 3, 2007, 40 days from that Date is January 12, 2008 (give or take Holiday Mailing Rule).

In Exhibit pg. 33 (Number of Copy's) it states:

" <u>Briefs</u>: Unless you are proceeding in forma pauperis
" or have been granted leave to file fewer copies, you
" must file ten copies (total) of a formal or informal brief.
" 3rd Cir. LAR 31.1. If you are proceeding in forma pauperis,
" you may file four copies. You must serve the brief on each
" opposing party and file a certificate of service. FRAP 31(6)."

" <u>Appendix</u>: A minimum of four copies of the Appendix
" must be filed and served. You must also file certificate
" of service. FRAP 30(A)(3); LAR: 30."

From Reading these Instructions Petitioner must have 4 copies of Brief, 4 copies of Appendix (filing in forma pauperis) for just the 3rd Cir. Ct., Along with serving Respondents, plus a copy for Petitioner, which brings the total to 6 of Brief and Appendix, to wit: "More-than-Likely" will have a Due Date around about January 12, 2008.

In Exhibit's pgs 9-10, on July 15, 2007 Petitioner wrote Mr. Engrem, and on Exh. pg. 10 asserted:

8

" Law Librarian you are impairing me from the Court
" Let me remind you :
" ... 'What is required; Rather, is that the State take
" some Affirmative Action in each case to ensure that
" the way to the courthouse is clear.'"

The Court's have Held:

" Like communications with Attorneys; communication
" with Courts Receive greater protection from interference
" than ordinary inmate correspondence.'...'challenge
" Him from preventing or send petitions to court.' Lewis
" v. Casey; Dahler v. US. 259 F.3d 763."

Mr. Engrem wants Petitioner to contact Him on a Protected Privacy Right to and from The Court (See Exh. 37, Denied Access).; The Court has Held:

" That is, mail to the courts maybe delivered by the inmate
" to prison officials in sealed envelopes and may not be
" opened, read, or inspected, mail from court can be opened
" and inspected for contraband, but not read, only in the
" presence of the inmate. Stone-El v. Fairman, 785 F. Supp.
" 711 (N.D.Ill. 1991); (no legitimate interest in opening mail
" from inmates to judges or court clerks); These Rights
" extend to all prisoners, including inmates in punitive
" segregation. McCray v. Sullivan, 509 F.2d 1332."

This is a clear Constitutional Violation(s) and an Invasion of Petitioner's Privacy. The "Segregational SHU Law Library" never gave Petitioner a copy of policy (after Petitioner's request, Exh. 21), thus causen atypical hardship on Petitioner where other inmates under the same condition are not. US. Const. 8.

WHEREFORE, Petitioner ask US Dept. of Justice, 3rd Cir. Ct., Hon. Judge Joseph J. Farnan, and Office of Disciplinary Counsel for the following:

1. Protection from being violated any further.
2. Full name of Clerk (or Official)(s) who Mr. Engrem contacted.
3. Investigation on SHU Law Librarian Brian Engrem to see if he mets Constitutional Requirements to have the Job.
4. Investigation to see if any other D.C.C.'s Inmates has problems redress on Mr. Engrem.
5. Any other Agency or Information that can aid Petitioner with problem.

Devearl L Bacon
Pro-Se
D.C.C.

cc: US Dept. of Justice
3rd Cir. Ct.
Hon. Judge Joseph J. Farnan
Office of Disciplinary Counsel
Ms. Elizabeth McFarlan, Esq. (Deputy Attorney Gen.)
Ms. Catherine Damavandi (Deputy Attorney Gen.)

10


# Certificate of Service

I, _____, hereby certify that I have served a true

and correct cop(ies) of the attached: _____

_____ upon the following

parties/person (s):

TO: Ms Elizabeth McFarlan, Esq.   TO: _____
Deputy Attorney General            _____
820 N. French St.                  _____
Wilmington, Del. 19801             _____

TO: Ms. Catherine Damavandi, Esq.  TO: _____
Deputy Attorney General            _____
820 N. French St.                  _____
Wilmington, Del. 19801             _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _____ day of _____, 200__

