IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DEVEARL BACON,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-714-JJF |
| | ) | |
| **WARDEN CARROLL, et al.,** | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' OPPOSITION TO
PLAINTIFF'S APPLICATION FOR INJUNCTIVE RELIEF**

Defendants Carroll, Sagers, Forbes, Scott, Kemp, Tingle, and Kusheul, by and through their undersigned counsel, hereby oppose Plaintiff's Application for Injunctive Relief. (D.I.110 and 111).[1] In support of their position, Defendants state the following:

1.   On or about December 26, 2007, Plaintiff Devearl Bacon ("Plaintiff"), an inmate incarcerated at the Delaware Correctional Center in Smyrna, Delaware ("DCC") filed a handwritten document addressed to the Court entitled "Emergency." D.I.110. Accompanying this letter was another document, D.I.111, stating that DCC Law Librarian Brian Engrem ("Mr. Engrem") violated Plaintiff's constitutional rights. Given the "Emergency" heading, Defendants now respond to these two filings as a combined application for injunctive relief.

2.   Federal Rule of Civil Procedure Rule 65(a) sets out the standard to bring into play injunctive relief. "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Instant Air Freight Co. v. C.F.*

---

[1] A parallel, identical filing of Plaintiff's petition was made in *Bacon v. Taylor*, 02-431-JJF, as D.I.173 and 174. The response in opposition (substantially similar to the instant reply) has been docketed at D.I.176 in that case.

*Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir.1989) (*quoting Frank's GMC Truck CTR. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The decision to grant or deny a motion for injunctive relief rests with the sound discretion of the district judge. *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 136 (3d Cir. 1978).

      3.      The purpose of injunctive relief is to address a presently existing threat. *Continental Group, Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Therefore, the party seeking an injunction must demonstrate that the threatened injury is immediate.

      4.      In order to grant injunctive relief, the court must be sufficiently satisfied that the party seeking relief has demonstrated: (1) a reasonable probability of success on the merits; (2) immediate and irreparable injury will suffer if relief is denied; (3) a grant of relief will not result in greater harm to the other party; and (4) the public interest will be served by the grant of injunctive relief. *Clear Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998). "All four preliminary injunction factors should favor preliminary relief before injunction will issue." *S & R Corp. v. Jiffy Lube Inter., Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

      5.      Plaintiff claims that he suffers constitutional violations as a result of Mr. Engrem's administration of the DCC law library. One of these claims is an alleged "right to adequate law library." D.I.111. The U.S. Supreme Court has held that an inmate has no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996). To claim violations of the constitutional rights that Plaintiff asserts here (access to the courts), he must allege an actual injury. *Id*.

at 349, 2179. The requirement of actual injury "derives ultimately from the doctrine of standing." *Id*. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense….[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id* at 351, 2180. As set forth at length below, no actual injury has occurred.

6. For injunctive relief, Plaintiff must first show immediate and irreparable injury. Plaintiff has failed to produce any evidence that he has been denied his access to the Courts or that he has suffered adversely as a result of Mr. Engrem. He has failed to demonstrate that Mr. Engrem obstructed his ability to make Court filings.

7. To the contrary, Plaintiff has received substantial assistance from Mr. Engrem when he provided the Plaintiff with state and federal legal forms, making photocopies, notarizing documents and help with other services in the law library from June 2007 to December 2007. *See attached Exhibit A, Affidavit of DCC Law Librarian Brian Engrem.* During this time period, Plaintiff received approximately *5,380 pages of photocopies* for his legal work, free of charge.

8. In his instant petition to the Court, Plaintiff expresses dissatisfaction with the law library's policy of loaning case law to inmates, giving them only five cases at a time. Plaintiff neglects to mention that he received *13 court cases* for his legal research, and has access to additional cases, once he returns the case law that was provided to him on loan from the library. Moreover, Mr. Engrem loaned the Plaintiff other legal materials, e.g., law book chapters and federal rules of procedure. Plaintiff was also given

various court forms, free of charge. Plaintiff's requests for law library services have been fully accommodated to the extent permitted by DOC policy. That notwithstanding, "the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but that they be able to present their grievances to the courts—a more limited capacity that can be produced by a much more limited degree of assistance." *Lewis* at 360, 2184. Clearly, the record does not support that Plaintiff was denied access to legal research or legal assistance at the DCC law library.

      9.      However, Plaintiff did make law library requests for photocopies that were not granted. When this occurred, Plaintiff's requests were returned to him with an explanation of the reason why the tasks were not completed (i.e., because they were deemed nonlegal requests). These written explanations have been included in Plaintiff's exhibits to his petition. As an inmate, Plaintiff has the prerogative to make any photocopies he desires at his own expense, at the cost of 25¢ per page. Plaintiff apparently elected not to do this.

      10.     In his application for injunctive relief, Plaintiff refers to his request to copy the record for his appeal in *Bacon v. Carroll, Court of Appeals Docket #07-4349* as evidence of Mr. Engrem's interference with Plaintiff's access to the Courts. The violation allegedly occurred when Mr. Engrem advised Plaintiff that the Third Circuit did not require any copies of the record. *See D.I.110, Exhibit, page 2*. This Court directive was entered on the dockets of both the U.S. Court of Appeals for the Third Circuit and the U.S. District Court on December 3, 2007. *See Exhibit A, Attachments 2 and 3*. While Plaintiff believes his right to privacy was infringed when Mr. Engrem verified this fact, <u>the Court's docket is a matter of public record</u>. To the extent that Plaintiff refers to

imminent filing deadlines for briefs in his appeal, the Legal Division of the Third Circuit advised the Plaintiff by letter that his "case will be submitted to a panel of this Court for a decision on the issuance of certificate of appealability." *See Exhibit A, Attachment 2 (Third Circuit Docket Sheet), and Exhibit B, Plaintiff's Notice of Appeal to the Third Circuit in Bacon v. Carroll, 06-519-JJF*. In other words, the Third Circuit has yet to determine whether they have jurisdiction over Plaintiff's appeal, so no impending deadlines loom ahead for this Plaintiff. Thus, he cannot show the likelihood of success on the merits for claims that Mr. Engrem or the DCC violated his constitutional rights.

11. To succeed, Plaintiff must also demonstrate the second factor necessary for injunctive relief, that the threatened injury is immediate and clearly shown. *Acierno v. New Castle County*, 40 F.3d 645 (3d Cir. 1994). Plaintiff has failed to make any showing that he faces immediate and irreparable harm as a result of Mr. Engrem's actions. His requested relief, stated on page 10 of D.I.111, calls for future investigation of the matter, rather than shelter from an immediate threat.

12. Nor has the Plaintiff met his burden for the third factor of injunctive relief, showing how granting the requested relief will not create a greater harm to Mr. Engrem or the DCC. The investigations requested by the Plaintiff are frivolous. Subjecting the Department of Correction and Mr. Engrem to such investigations would be a grave harm.

13. Lastly, the Plaintiff has not demonstrated how granting his requested relief is in the public interest. Prison regulations are related to a legitimate penological interest, and thus favor the public interest. Plaintiff's requested relief favors him alone. A prisoner does not have the right to initiate an investigation of the DCC law library because he disagrees with Department of Correction policies.

WHEREFORE, based upon the reasons set forth above, Defendants contend that the Plaintiff has not demonstrated an adequate showing to warrant the extraordinary relief that he is requesting. Accordingly, Defendants respectfully request that the Court deny Plaintiff's application for injunctive relief.

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**

        /s/ Catherine Damavandi
        Catherine Damavandi, I.D. No. 3823
        Deputy Attorney General
        820 North French Street, 6th Floor
        Wilmington, Delaware 19801
        (302) 577-8400
        Catherine.Damavandi@state.de.us
        Attorney for Defendants

DATE: January 16, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVEARL BACON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-714-JJF |
| | ) | |
| WARDEN CARROLL, et al., | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this ____ day of _____, 2008, upon consideration of Plaintiff's Application for Injunction and the Response of Defendants Carroll, Sagers, Forbes, Scott, Kemp, Tingle, and Kusheul, IT IS HEREBY ORDERED that Plaintiff's Application for Injunctive Relief is DENIED.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DEVEARL BACON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | C. A. No. 05-714-JJF |
| | ) | |
| **WARDEN CARROLL, et al.,** | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2008 I electronically filed *Defendants' Opposition to Plaintiff's Application for Injunctive Relief* with the Clerk of Court using CM/ECF. I hereby certify that on January 16, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant:

>Devearl L. Bacon, SBI#221242
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

>/s/ Catherine Damavandi
>Deputy Attorney General, ID #3823
>Department of Justice
>820 N. French Street, 6th Floor
>Wilmington, DE 19801
>(302) 577-8400
>Catherine.Damavandi@state.de.us
>Attorney for Defendants