UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVEARL L. BACON ) | |
| Plaintiff ) | |
| ) | Case No. 05-714-JJF ; |
| V. ) | 02-431-JJF |
| ) | |
| WARDEN CARROLL, Etc., All ) | |
| Defendants. ) | |
| ) | |

REPLY TO STATE'S ANSWER TO
PLAINTIFF INJUNCTION RELIEF


FILED
FEB 14 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff asserts the following:

1. Plaintiff requested that Law Librarian make 6 copies of DI. #111 Injunction Relief with its Exhibit's. Mr. Engrem denied to copy the Motion and Exhibit's. The Motion is "Very Legal."

2. Plaintiff dosen't have a copy of DI #111 because Mr. Engrem wouldn't make any even after Plaintiff supplied Law Librarian with the "Certificates of Service(s).", Mr. Engrem sends a Memo denying to make the copies.

   A. Plaintiff prays this Court supply a copy of DI #111 with its Exhibit's, and "Memo" Attachment.

3. Plaintiff first gives a showing (by Exhibit's) of Mr. Engrem's

1.

Impairments and Deliberate Preventions from Request Sheets., Plaintiff secondly Demonstrates that He informed Mr. Engrem of His Preventions and Warned Mr. Engrem "not to read Legal Documents.", Third, Plaintiff gives a Showing of Mr. Engrem Denying Plaintiff's Right to Access and Privacy.

4. Plaintiff has been Prevented and Impaired from raising "Non-Frivolous" Claims Which This Court "is Well Aware of."

Ex parte Hull, 312 U.S. 546 ... "that prison officials cannot impose themselves as barriers between prisoners and the Courts, at least when inmates are seeking Access to Courts to Challenge their Criminal Conviction."; Justice Stevens:

> " Any system that Frustrate(s) the Ability of prisoners to identify,
> " Articulate and present to Courts injuries is suspect, whether or not
> " Actual tangible prejudice is demonstrated in a particular Case."
> Lewis v. Casey, 518 U.S. 343.; "Right of Access is broad enough to include all ... grievances." Bounds v. Smith, 430 U.S. 817; "Actual injury; means los, Rejected or impeded." Myers v. Hundley, 101 F.3d 542.

5. Plaintiff has Demonstrated Mr. Engrem "Tactics" of Impairments And Underminding Retaliation. Plaintiff through "Strenuous Diligence" had and has to work around Mr. Engrem's Acts. If it

2.

wasn't for Plaintiff's experience of "dealing" with D.C.C.'s impairments and denied access Plaintiff may have lost the chance at raising his non-frivolous claims to the Court and under "No Circumstances" should Plaintiff have to "Manoeuver" his way "Strenuously" to gain meaningful access to the Courts., D.C.C.'s Satellite Law Libraries are very inadequate to use, and even more so inadequate to use a "Book Paging System" with little or no way to "explore" through legal books. Plaintiff is in Supermax and has demonstrated how Mr. Engrem "Deliberately" denied Plaintiff cases, requested Federal, Criminal, and Court Rules.

6. Mr. Engrem's Conduct "can not be" the Conduct of "A Trained Legal Assistant (or Paralegal) nor any of the Satellite Law Librarians. To imped or reject a case or to not send "Requested clear materials" which Plaintiff has asked for., Mr. Engrem demonstrates No Integrity. To prolong or withhold cases requested, or limit the inmate to a meanger limit "After" the 3d Circuit Court has ruled against Delaware Prison Law Libraries use of these Book Paging and limited cases and materials System is a clear Constitutional Violation. <u>Abdul-Akbar v. Watson</u>, 775 F.Supp. 735 (D.Del. 1991), 4 F.3d 195 (3d Cir. 1993)(even with expanded aid, limitation to five books per week "seriously impairs inmates abilites to conduct effective legal research").

7. Plaintiff has had a very hard time at receiving cases and legal material from Mr. Engrem even with his "Layman Experience", however, but what of the Inmate(s) who has no type of experience to manoeuver around "Barriers" which D.C.C.'s segregated law libraries has been causing?, An investigation will no doubt reveil "egregious abuse of power and behavior that would "Shock the Conscience." Therefore, "denying standing to the jailhouse lawyer would be to eliminate the right of access to the courts of those inmates, who, because they are not capable of representing themselfs, are most vulnerable to restriction of access." Adams V. James, 784 F.2d 1077... "As long as injury can be proven the state remains under the obligation to make the right of access as meaningful for segregated inmates in the general population." Higgason V. Farley, 83 F.3d 807.; Consequently, Courts have specified that arrangements beyond book paging systems must be made for segregated inmates so that they have access that is of "at least equal caliber" to that provided for the general population. Valentine V. Beyer, 850 F.2d 951 (prison regulations prohibiting inmates in disciplinary confinement from preparing legal documents denied them right to access to the courts; prohibition applied to receiving materials from the law library, the preparation of legal mail, right to personal legal papers, and legal assistance from inmate law clerks),

4.

But see Hadix v. Johnson, 694 F. Supp. 259 (pointing out that, in pratice, satellite libraries are ineffective because of the difficulties in keeping the material in them and in transporting segregated inmates to them).

8. <u>Out of "The Interest of Justice"</u> an investigation of D.C.C.'s law libraries, Inmate(s) Agrievances, and Right to Redress to the Court which is being (or have been) Impaired, Lost, or Violated needs to be conducted and "Brought to the light with Tolerable Clearness." Thaddeus-X v. Blatter, 175 F. 3d 378. Either by this Court or The Higher Courts, to see if these law libraries needs the Correct Trained Staff and Inmate Assistance (Inmates who once worked in these Satellite libraries were fired), to aid Inmates in Supermax.

9. There only is Harm when something has been done, continued to be done, and is hiding from being esposed. The State should be cautioned for such lanuage which gives rise to Suspicion. To state the amount of copies totaled of Plaintiff's "Orders" from the Courts to supply the State and All Parties "Copies" of Non-Frivolous Claims to be served apon the parties over the past 7-8 months is an attempt to over shadow the fact that out of all those different copies of Motions/Exhibit's — never once did Mr. Engrem

5.

seek to charge the Indigent Plaintiff (see Memo SI #111) until Plaintiff sought to redress Mr. Engrem's Violations of Plaintiff's Constitutional Rights. "More than likely" because Mr. Engrem "Cearfully" read Plaintiff's complaint, which he wasn't suppose to do!

WHEREFORE, Plaintiff prays the following:

1. Protection from any further Violations.

2. Investigation Into Adequatcies of D.C.C.'s Law Libraries and Inmates Attempts to Agrieve and Redress Law Library Problems to the Courts; Law Librarians Violations of Inmates Protected Constitutional Rights.

3. Copy of SI #111 and Attachments for future Litigation.

Respectfully Submitted,

Deneal C Bacon #221242
DCC
Smyrna, Del. 19977

Dated: January 23, 2008

6.

# Certificate of Service

I, __Devearl C. Bacon__, hereby certify that I have served a true and correct cop(ies) of the attached: __Reply To State's Answer To Injunction Relief__ upon the following parties/person (s):

TO: Catherine Damavandi
Deputy Attorney General
820 N. French St.
Wilmington, Del.
19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __12__ day of __February__, 2008

IM Beverell L. Bacon
SBI# 221240 UNIT 17-C-U-8
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of Court
US District Court
844 N. King St., Lockbox 18
Wilmington, Del.
19801

Legal Mail