IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON )
    Plaintiff )
     )
V. )     Civ. No. 05-714-JJF
     )
WARDEN CARROLL, Etc., All )
    Defendants )
     )

FILED

APR 1 4 2008

MOTION TO AMEND, ADD, AND JOINDER
OF PERSONS

COMES NOW, Plaintiff Pro-Se in Pursuant to Fed. Civ., P. Rules 15(A); (B); Fed. Civ., P. Rule 19(A) seeks to Add, Amend, AND Joinder of Person. Plaintiff Asserts the following:

## MOTION TO ADD/AMEND

1. When dealing with communications to and from the courts, the right of Access is directly at stake. This is why, in Exparte Hull, 312 US. 546, the landmark opinion establishing the right of Access, the Supreme Court struck down the policy of prison officials to return any document mailed to the courts that was return any document mailed to the courts that was not in "proper form." The Court held that this practice

UNCONSTITUTIONALLY placed officials directly between inmates And the Courts. Id at 549.

2. To ensure noninterference with inmate mail to and from the courts, the same rules that govern inmate mail to and from Attorneys govern. That is, mail to the Courts may be delivered by the inmate to prison officials in sealed envelopes and may not be opened, read, or inspected; mail from Courts can be opened And inspected for contraband, but not read, only in the presence of the inmate. See, Eg., Stone - El v. Fairman, 785 F. Supp. 711 (No legitimate interest opening mail from inmates to judges or court clerks). Castillo v. Cook County Mail Room Dept., 900 F.2d 304.

3. It is worth noting that included in these protections is mail to officials in the executive and legislative branches of government to whom an inmate may appeal for Alleviation of mistreatment. This includes mail to the President and His Appointees, members of Congress, State Governors, And members of that State legislature. See, e.g., 28 CFR § 540.2(c). See Also Stover v. Carlson, 413 F. Supp. 718 (Privileged mail includes mail to prosecutorial authorities, governor, And foreign embassies). See, e.g., McCray v. Sullivan, 509 F.2d 1332.

4. Courts have been willing to tolerate occasional deviations from it which occur when mail is negligently opened, as long as it is not part of a deliberate policy or a systemic breakdown in the enforcement of institutional policy. See, e.g., Jackson v. Mowery, 743 F. Supp. 600 (negligent opening of inmate mail is not actionable). However, intentional opening and reading of mail is clearly prohibited even if the major instigator is a private party. Chinchello v. Fenton, 763 F. Supp 793. Gallipeau v. Berard, 734 F. Supp. 48 (intentional destruction of inmate's legal papers is unconstitutional). Court have been clear, however, that, while mail from the Courts on occasion might negligently be opened, there is no excuse for reading it. See, e.g., Hinderliter v. Hungerford, 814 F. Supp. 66 ("while the inadvertent, negligent opening of legal mail does not violate the Constitution, the Courts have not hesitated to find a violation where the mail has been read or where a policy of opening mail outside inmate presence has been shown"). Proudfoot v. Williams, 803 F. Supp. 1048 (officer violated inmate's right of access to the courts when he opened inmate's legal mail and appeared to read it).

5. Federal Bureau of Prisons requiring that mail entitled

to special treatment have the following legend marked on the front of the envelope: "Special Mail - Open Only in the presence of the inmate," ... the court found that the rule did not impinge greatly on the plaintiff's right of access to courts, since that right is "hardly obstructed by requiring that confidential legal mail be appropriately marked. US v. Stotts, 925 F. 2d 83.

6. Violations of the right to correspond with courts may be difficult to detect, particularly in a worst case scenario where the mail is actually intercepted and destroyed. Blake V. Callahan, 876 F. Supp. 131 (holding that where prisoner could not establish any evidence that his mail was tampered with or any injury or prejudice as a litigant sustained from the alleged tampering, his case was dismissed.) See, e.g., Green V. Falcone, 1990 WL 115617 (Houston applies to late jury demands because the "salient factor" in Houston is that "pro se litigants, especially prisoners, are at a great disadvantage when it comes to following stringent procedural requirements"). Cf. US V. Grana, 864 F. 2d 312 (3d Cir. 1989) (Houston applies to delays in delivering court mail to prisoner as well as to delays in sending mail from prisoner to the court).

4.

7. Plaintiff has demonstrated a "Pattern" thus far that Defendant's Deliberately Destroyed, Impaired, Read Legal Mail, and has Denied Plaintiff the Right to obtain Access to the Courts which has been unconstitutionally restricted by Prison Officials in such a gross manner which Caused Plaintiff Irreparable Damage. Any efforts to Reduce the Damages Plaintiff suffered is and was to late, by that time, harm has Already occurred. Plaintiff is Entitled to Injunctive Relief. Fed. Rules Civ. P, Rules 56, 28 USCA.

8. Unlike civilians who can personally travel to the court to file their Notice of Appeal or can personally deposit them in a mail box, "the pro se prisoner has no choice but to entrust the Notice of Appeal to prison Authorities whom he can not control or supervise and who may have every incentive to delay."

9. Exhibit pg. 1 is a copy of "D.C.C's Rejected Mail Policy" which reads:

"Rejected Mail: Mail shall be Rejected that is deter-
" mined by Mailroom staff to be undeliverable based on
" the possibility that the item(s) may pose a threat to the
" safety, security, and /or orderly operation of DCC,

5.

" that the item(s) is not an authorized item for inmate
" possession, or that the item is of an illegal nature. The
" intended recipient and sender of the mail shall be notified
" that mail has been rejected. The inmate will have five days
" to notify the Institution Mailroom of how to dispose of
" the item (donate to a charitable organization or mail out
" of the Institution at the Inmate's expense) or Appeal
" the Mailroom rejection to the D.C.C. support services
" Manager. Failure of the inmate to act within five days
" will be cause for the item(s) to be disposed of in accordance
" with Institution procedures. "

Plaintiff has not been notified about any Rejected Mail or
notified about any open or destroyed Legal Documents from the
Defendants. There is a Evil Force which Specifically Targetted
Plaintiff's Clearly marked Legal Mail/Documents to the Courts
and Aid ever since Plaintiff's First Artful Attempts to Raise
"Non-Frivolous" Claims Challenging both Criminal and Civil
Actions., Because of these violations Plaintiff suffered "Irre-
parable Damages."

## MOTION TO AMEND/JOINDER OF PERSON

RIGHT TO REDRESS :

10. A request for Production of Documents was served apon the Defendant's; In Exhibit pg. 2 the Defendant's responded to Discovery Request #7:

#7. A copy of Plaintiff's grievance filed on 9-15-05 along with the prison's Response.

Response: Defendant's are unable to locate a grievance dated September 15, 2005.

Plaintiff has Sought to Redress The Issues Involved in Grievance filed dated September 15, 2005 since October 9, 2004., On October 9, 2004 (Exh. pgs. 3 & 4) Plaintiff filed Agrievance Stated:

" On 10-3-04 I Received Legal Mail that had Already
" been open by mail room. This Legal Document also
" has missing information which can seriously harm
" me while Filen my Post-Conviction Appeal. "

In that Agrievance (case #8099) Plaintiff in "Action Requested by Grievant" Requested:

"To be payed for this Prejudicial Act."

7.

The Grievance Board Response to Plaintiff Agrievance:

" Request. Requests are not processed through the
" procedure. Please correspond with the appropriate
" office to secure the information that is requested."

The Destroyed Legal Documents was given to Plaintiff from
Defendant Sgt. Kuschel (Exh. 5-7). Plaintiff sought Aid from
Law Librarian Ms. Maria Lyons (Exh. 8-9) with no light of the
Evil that caused that Gross Prejudicial Act.

The Grievance Board Chairperson who signed to this Response
was "Corporal Lise M. Merson", dated October 22, 2004. Agrievance
was filed 10-9-04, Received 10-21-04, And Responded to
10-22-04.

11. Plaintiff filed 42 U.S.C. § 1983 suit for the Incident
Involving the Missing, Opening, and Reading of Legal
Document After Corporal Lise M. Merson's Response (Exh. pgs.
28-29), However, on April 22, 2005 Plaintiff filed to dismiss
the Suit (Exh. pg. 30) because this Incident may have been a
Mistake. On April 27, 2005 This Court Granted Plaintiff's

8.

REQUEST AND DISMISSED THE CASE "WITHOUT PREJUDICE." Id At 2 (Exh. pgs. 28-29).

12. CORPORAL LISE M. MERSON HAS BEEN AN AGRIEVANCE BOARD CHAIRPERSON SINCE "PRO SE" FIRST "ATTEMPTS TO CHALLENGE HIS CRIMINAL CONVICTION" ON September 17, 2004, SEE Exh. pgs. 10-27., (Plaintiff filed AGRIEVANCE dated (S) October 9, 2004 while being housed in Unit 21-C-U-6)

"Building 21" is A Medium High Maximum Security Housen unit where INMATES (At that time) had to hand AGRIEVANCES to CORRECTIONAL Officers who would then place AGRIEVANCES inside AGRIEVANCE Box (which At that time WAS NOT locAted on Housen Unit AREAS.) CORPORAL LISE M. MERSON is AND WAS RESPONSIBLE to to PICK up INMATE AGRIEVANCES from AGRIEVANCE BOXES.

13. ON October 22, 2004 The State Responded to Plaintiff's Rule 61 Post-Conviction Appeal (Exh. pg. 25); JANUARY 10, 2005 Plaintiff Replied to State's Response To Post-ConvictoN (Exh. pg. 26), HOWEVER, Plaintiff filed Reply To State's ANSWER "Without" Grounds 1 AND 2. (Exh. pg. 31); There is A Evil force that CAUSED 3RD AND 4th PARTIES (INMATE Jeffrey Fogg (who was Also housed

9

IN Building 21-C-U-1 At the time Plaintiff Filed Post-Conviction
And Reply), And MRS. JEANNE P. Meyer), from helping Plaintiff Artfully
Raise "Non-Frivolous" Claims to The Court. See Exh. pg. 31-33. An
Evil Force Deliberately Impaired and Prevented 3rd And 4th
Parties "Legal Arguments" from being sent out And to Its
Destination for over A period of 3 months!. (Dec. 04 - March 05)
These Incidents were Also Agrieved by Inmate Jeffrey Fogg.

On July 31, 2005 Plaintiff Prayed the Court Accepted the
Amended Grounds 1 And 2 Arguments (Exh. 32-E 35), the Court Granted
the Amended Grounds (Exh. 27). Between August 29, 2005 through
September 14, 2005 Hon. Judge Susan C. Delfesco (Superior Court) tryed
to send Plaintiff's Opinion Denying Plaintiff's Application for Post-
Conviction (Exh pgs. 36-37) Which was sent From D.C.C. Back to The
Court, Twice. Plaintiff has Also Demonstrated how this Denied Right
To The Court Caused Irreparable Damage.

14. On September 14, 2005 Plaintiff Received "Hand-Delivery
Verification Form" from D.C.C.'s Counselor's Ms. Cindy A. Atallian,
Ms. Jayme Jackson, And Lt. Thomas Seacord "Verifying" that
Plaintiff Received A Copy of Denied Opinion And Copies of Both
Returned Court Legal Mail Envelopes Which An Evil Force has

DENIED Plaintiff The Right To RECEIVE CAUSING IRREPARABLE HARM. (Exh. 36-37)

15. FROM First moments Plaintiff sought The Right To Challenge His Conviction September 17, 2004 AN Evil Force has Placed Their(s) Efforts of Denying Plaintiff's Right To Access And Help Him Raise Non-Frivolous Claims. This Occured From October 3, 2004 to September 14, 2005 A Pattern of Abruse of Power has been Demonstrated And No Doubt, Shockingly Gross. Exhibit's 3-9 Demonstrates that AN Evil Force Caused someone Other then Plaintiff to send "Something OR Contact" Deputy Attorney General Mr. Sean Lugg (Exh. pg. 7, ARROW & MESSAGE) who was the Prosecuter At Plaintiff's Trial (And on Appea) Directly After Plaintiff's Application for Post-Conviction was Received by the Prothonotary.

Plaintiff NEVER Requested Any Court Docket Sheet, And there was Missing Documents "TORN" from the Legal Documents Plaintiff Received From Sgt. Kuschel on October 3, 2004. The Question is, what was OR Is Their Evil Attentions?, Was Deputy Attorney General Sean Lugg the Evil Force?, Could As well be, the Reason being: "it is Not common for AN Pro Se INmate to Raise

11.

Non-Frivolous Claims to the Court Adequately And Typed by Computer." The Application (Exhibit pgs. 10-24) more-than-likely caused someone to take Extra Steps to prevent Plaintiff from from Adequately Raisen Claims to the Court and to Keep A "Watchful Eye" on how or where Plaintiff was receiving the "Typed Litigation." Plaintiff was housed in Building 21-C-U-6, Inmates Housed in these Buildings (SHU/MHU) don't have "Any" Access to No computers or Typewritters. Inmates Also have to Hand Requested Legal Materials to I/o's to Mail To Law Libraries And back under the use of an "Book Paging System." Casey, 518 US. 351... protection of an inmates freedom to Engage in protected communication is A Constitutional End in itself." ; ... "interference with protected communications, strips those protected communications of their confidentiality, And Accordingly Impinges upon the inmates Right to freedom of speech". Wolf v. McDonnell, 418 US. 539.

16. Plaintiff thus far has demonstrated the pattern of His Right to Access And Freedom of Speech being Prejudicially Impaired And Denied. Like the Incident involving Destroyed Legal Documents on October 3, 2004 Plaintiff Also Agrieved the

Incident of September 14, 2005 (See Exh. pgs. 38 And 39)
However, Defendants Claim: "Defendants Are unable to locate
A grievance dated September 15, 2005. (Exh. pg 2)

## RETALIATION / RIGHT TO REDRESS

17. On September 14, 2005 Plaintiff Received "Hand-Delivery
Verification Form" Order. by Del. Superior Court's Hon. Judge Susan
C. Delfesco (Respectfully) ; On September 15, 2005 Plaintiff filed
Two Seperate Emergency Agrievance's (Exh. pgs. 38 And 39) which
Defendants Are "unable to locate". In the "First" September 15,
2005 Agrievance (Exh. 38) Plaintiff Asserted:

" On Sept. 17, 2004 I filed for Post-Conviction Appeal.
" On About Oct. 3, 2004 I received Legal Mail with
" ORDER Missing.

" On About Jan. 2, 2005 A 3rd party was helping me with
" Appeal, sent from Prison my 1st + 2nd grounds for my
" Appeal, However this Mail was held by D.C.C. Prison
" for 3 months then finally mailed . "

Plaintiff's Action Requested stated:
" For the Stress I've Suffered for delays in my

" Appeal Along with Denied Access to the Court, I

" Ask to be paid damages. "

In the "Second" September 14, 2005 Agrievance (Exh. pg-39) filed Plaintiff Asserted:

" On Sept. 6, 2005 Hon. Judge Susan Delfesco sent me

" A copy of my Post-Conviction Appeal Decision, S.C.C.

" Prison has sent it back twice to Judge".

" On Sept. 14, 2005 I was called out of cell by C/o too talk

" to Counselor Ms. Attlian, Counselor Ms. Brittinham (Jayme

" Jackson), and Lt. Seacord. They handed me a 'Hand-

" Delivery Verification' to be signed by each of use to

" prove that I received A copy of my Post-Conviction

" Decision. This Document Also Prove Forgery. "

Plaintiff's Action Requested stated:

" The Prison has Denied me 'Access' to The Court. I

" Need to be paid for mental stress that I've been

" going throug. "

18. Both Agrievances dated September 15, 2005 were filed by Plaintiff while Plaintiff was housed in MHU Housing Unit 22-B-U-2 In this Housing Unit's Inmates can take there Agrievances directly to "Agrievance Box" without having to Entrust Correctional

14.

Officers to do it for them. Plaintiff Personally took Both September 15, 2005 Agrievances to Agrievance Box., Agrievance Boxes for MHU Buildings are Both Located in Building 24 outside Dinning Hall's A and B. (Directly Across the MHU Law Library).

19. Corporal Lise M. Merson was responsible for collecting Agrievances placed in these Agrievance Boxes whom Also (which Plaintiff so far demonstrates) has been Aware of Plaintiff's Attempts to Challenge His Criminal Conviction, And Plaintiff's Attempts to Redress Agrievances which Corporal Lise M. Merson Deliberately Impaired, Prevented, And Denied Plaintiff's Right to Redress His Agrievances "Out of The Evil, Retaliation." October 15, 2005 Plaintiff wrote Agrievance Board (Exh. pg. 40) As A follow up to Agrievance filed on September 15, 2005, Plaintiff Asserted:

" I filed Agrievance on Legal Mail Issues. The Grievance
" was filed As An Emergency Grievance And wasn't heard.

" I want to Appeal your "Policy on Emergency Grievances."

20. In Agrievance filed October 7, 2004 (Destroyed / Missing Documents) Corporal Lise M. Merson Responded October 22, 2004 (received Oct. 21, 2004):

15.

" Requests are not processed through the grievance

" procedure. Please correspond with the appropriate

" office to secure the information that is requested."

A. Plaintiff never recieved an Appeal form to Redress Agrievance.

B. Corporal Lise M. Merson didn't provide Plaintiff with the necessary information to Contact "the appropriate office So that Plaintiff could Redress His Agrievance.

21. On January 30, 2006 Plaintiff filed Agrievance (Exh. pgs 41-42, Case # 23326). In Agrievance Plaintiff stated:

" On 1-5-06 I trusted c/o Ms. R. Scott (4pm-12) to mail
' Legal Mail with 5 stamps Already on the Envelope.
" On 1-26-06 I received information from the Location to
' wit: this mail was sent. This party informed me that they
" received my out going mail on 1-23-06, 18 days later. (See Exh. 44-4
" This mail that I sent out on 1-5-06 was for Legal Works
" that was 'deadlined' 1-30-06.

Plaintiff's Action Request stated:
" Ever since I've filed my 'Pro Se' Post-Conviction
' Appeal 'Cowards' have been stopping All And ANy
" out going + incoming mail. Pay me for my Mental Pain.

16.

At this point of "Deliberate Impairments" Plaintiff has been stress out and has sought Mental Health Counseling.

22. Plaintiff placed Agrievance dated 1-30-06 (Case #23326) in Agrievance Box which Corporal Lise M. Merson collected. This Agrievance was Received Feb. 1, 2006 (Exh. pg. 41) and responded Feb. 2, 2006 (Exh. 42)., Someone other than Corporal Merson responded and asserted:

A. "Vulgar/Abusiver or Threatening Language. The language
    " that is unacceptable has been highlighted. The grievance
    " may be Resubmitted omitting this language."

B. "Request. Requests are not processed through the grievance
    " procedure. Please Correspond with appropriate office to
    " secure the information that is requested."

C. " 4.4 is not a Court of Law and Can not award money for
    " alleged mental damages."

Plaintiff was never "informed" on who to contact with Regards to Agrievance Board Chairperson Response: "Please Correspond with the Appropriate office to secure the information that is Requested."

On February 8, 2006 Plaintiff Replyed to Response of Agrievance

Dated 1-30-06 (Respone Feb. 2, 2006). Plaintiff wrote: (Exh pg. 43)

" On 1-30-06 I filed Grievance (Legal Mail Issue).
" Case #23326 was Denied but I wasn't served an
" Appeal Sheet.

" I'm Appealing Decision of Feb. 2, 2006. "

Plaintiff never received an "Appeal Form" for Case #23326 nor any other Agrievance. Plaintiff was Denied the Right To Redress His Agrievance. "Prisoners have a constitutional Right to seek Redress of grievances as part of their Right of Access to Courts." Booth v. King, 346 F. Supp. 2d 751; Bounds v. Smith, 430 US 817.

23. From October 3, 2004 through February 2, 2006 a Pattern of Evil has caused, that while plaintiff was being Deliberately Impaired and Denied Access to the Court And Right to Legal Aid, plaintiff's Attempts to Redress the Prejudicial Damage suffered up to this point was also Impaired and Denied, out of Retaliation.

24. On April 5, 2006 Plaintiff filed an Emergency Agrievance, Case #33383. In the Agrievance (Exh. pgs. 47-56) Plaintiff Asserts:

" On 4-4-06 I received 'Opened Legal Mail'. This

18.

" WAS OPENED without ME AS A WITNESS to the OPENNING
" OF this Document from Legal 'Services L.L.C., HAWAII.
" Movant dosen't know if there is Inportant documents
" missing At such a 'CRITICAL' moment ., Movant is in
" Appeal Stages of a 38 year sentence." My
" Consitutional Rights have been Violated for the past
" 3 1/2 years on a 'Consistent Basis."

Plaintiff's Action Requested stated:
    " An Investigation needs to be given "ASAP" so
    " that Movant Can find out who's Responsible for
    " these impairments."

Exhibit 48 and 49 is the Response to Plaintiff's Agrievance
filed April 5, 2006., "For An Explained Reason" Plaintiff will
Demonstrate the (Case) Cause for this Response from Corporal Lise
M. Merson. The Response was dated 7-17-06, 3 months After
Plaintiff Filed this "Emergency Agrievance."

25. Corporal Lise M. Merson was at first going to give Her usual
Response to Plaintiff Agrievance: " Please Correspond with Appropriate
office to secure the information that is Requested." However, the
Response changed from hand written to Computer/Typed. Corporal

19

Lise M. Merson Also took longer to respond. Here's the Reason for the Different Response, Deliberate Impairment, Denied Right To Redress, And Retaliation:

A. An Investigation (Exh pgs. 57-60) was held by US Department of Justice (D.C.) On Delaware 5 Prison's. Mr. Wan J. Kim from March 7, 2006 through December 29, 2006., Mr. Kim write's:
(Exh. pg. 57, 2nd pargh.)

    " On March 7, 2006, we notified you of our intent to conduct
    " an investigation of these facilities pursuant to the Civil
    " Rights of Institutionalized Persons Act ('CRIPA'), 42 U.S.C.
    " § 1997, which gives the Department of Justice Authority
    " to seek Remedies for Any pattern And practice of conduct
    " that violates the Constitutional or federal rights of
    " incarcerated persons. "

Mr. Kim gives His findings, And at pg. 4, 3rd pargh. (Exh. pg. 59)
Mr. Kim Asserts:

    " Our investigation Revealed that the medical Care provided
    " at the facilities falls below the standard of care
    " constitutionally Required in the following Areas, All of
    " which were Also identified by the State As deficient:
    " intake; medication Administration And Management;

" NURSING SICK CALL; PROVIDER SICK CALL; SCHEDULING,

" TRACKING; AND FOLLOW-UP ON OUTSIDE CONSULTS;

" MONITORING AND TREATMENT OF COMMUNICABLE DISEASES;

" MONITORING AND TREATMENT OF CHRONIC DISEASES; MEDICAL

" RECORDS DOCUMENTATION; SCHEDULING; INFIRMARY CARE;

" CONTINUITY OF CARE FOLLOWING HOSPITALIZATIONS; GRIEVANCES. . .

Although Mr. Kim's REPORT WAS CENTERED AROUND Medical Rights, both AGRIEVANCES AND Medical AGRIEVANCES begins At IGC BOARD LEVEL. The STATE PRISON'S WERE All ON ALERT About US DEPARTMENT OF JUSTICE INVESTIGATION FROM AROUND About MARCH 6, 2007 through November 2006 AND SO, CORPORAL MERSON IMpAIRED, RETALIATED, AND DENIED PLAINTIFF'S Right TO REDRESS, HOWEVER, IN A DIFFERENT WAY.

B. Plaintiff filed AGRIEVANCE dated APRIL 5, 2006 AS AN EMERGENCY AGRIEVANCE., D.C.C. 4.4 Policy ON EMERGENCY AGRIEVANCE STATES:

" ISSUES that CONCERN substantiAl Risk OF PERSONAL, physical

" OR psychological INMATE INJURY shAll be AddRessed immediately

" by the WARDEN/WARDEN'S DESIGNEE. A COPY OF the GRIEVANCE

" shAll be SENT to the IGC UPON RECEIPT by the WARDEN/

" WARDEN'S DESIGNEE. And the WARDEN/WARDEN'S DESIGNEE

" shAll RESPOND withIN ONE CALENDAR dAy. GRIEVANT APPEALS OF

" the WARDEN/WARDEN'S DESIGEE decisiON will be decided by

" the Bureau Chief of Prisons within one calendar day
" upon Receipt of the emergency Appeal. Note: If the
" Warden/Warden's Designee should determine that the
" grievance does not meet the emergency criteria, the
" grievance shall be returned to the inmate for processing
" through the normal IGP process step. "

26. By the time Warden/Warden's Designee makes any type Decision Plaintiff has Already Suffered an Irreparable Damage:

A. Plaintiff had just Filed Opening Brief Del. Supe. Ct. Rule 35(A) after Losing Post-Conviction in Superior Court. (Case No. 453, 2005)

B. Plaintiff Received Answer to Opening Brief from the State then filed a Reply.

C. The Delaware Supreme Court Affirmed Superior Courts Decision June 21, 2006.

27. Plaintiff Received Open Legal Application/Document on April 4, 2006 (Exh. pgs. 61-71) And in Emergency Agrievance (Exh. 47) stated:
(2nd pargh)
" Movant dosen't Know if there is Inportant Documents
" missing at such a 'critical' moment., Movant is in
" Appeal Stages of a 38 year sentence

A. The Action Plaintiff Requested was at a Critical Stage of

22.

Plaintiff's Challenging His Conviction at Appellant Stages. This is indeed an "Emergency Situation" which caused : "Plaintiff both Psychological and Physical Injury." See Exhibit pgs. 77 and 78 (Letter's to Mental Health).

B. Corporal Lise M. Merson collected Agrievance dated April 5, 2006 and gave "Grievance Report" on July 17, 2006. It took over 3 months for any type "so-called" Report to be filed which Plaintiff never was given a copy of. The Grievance Report (Exh. pgs. 48, 49, and 52) Corporal Merson sent to Ms. Tonya Smith never Surfaced until "After Hearing that was Held December 4, 2006, 8 months after Incident. See Exh. pg. 54 (at 4 of 6).

C. On 10-31-06 Corproal Oney of D.C.C. Mail Room Came to decuss Plaintiff's Problem, Plaintiff stated :

"My Appeal has already been filed in the Court. The Agency I tryed to get to help me hasn't made any Contact."

28. Plaintiff filled out Application., See Exhibit pages 61 - 71 for the "Foundation For Innocence, Honolulu Hawaii." This Agency has helped Del. Inmates in the M.H.U. and SHU. Buildings with Positive Results. The Agency's Address was passed to Plaintiff, Plaintiff filled out the Application and sent it to the Agency

ON About the Second weekend of April 2006", However, Plaintiff NEVER RECEIVED AN ANSWER to His Application.

A. The Foundation For Innocence had "moved" to A New Location., See Exhibit pg. 72. The Agency stated in Its Add (Prison Legal News November 2006 Issue):

" If ANY person has Not received their assessment from " response please Notify us At New Address.

B. It was to late to seek out Any Assessment because by the time the Artical was placed in November's "2006." Prison Legal News Magizane Plaintiff had already filed Application for 28 U.S.C. § 2254 Writ of Habeas Corpus (Case No. 06-519-JJF) And Memorandum on August 17, 2006, Pro Se. See Exh. pg. 73-76.

29. The Pattern has been Demonstrated of AN Evil driving Force Causing Plaintiff's Right To Access And Redress to be Violated. Once these Evil Forces found out About Plaintiff seeking Aid from the Foundation For Innocence they Opened, Read, And Taken the Information About the Agency's New Location. This is in the same Manner As the Incident Dated October 3, 2004.

A. With No information About Agency's New location Not being

24

KNOWN to Plaintiff these Evil Forces had a Great Advantage.

B. Plaintiff "seeking Legal Aid" sends Application to a Agency that has changed Locations.

C. The Evil Forces knew Plaintiff's every Attempts at Challenging His Criminal Conviction from Their Destroying, Impairing and Denying Plaintiff Rights to Redress "Each Violation" And Caused Corporal Lise M. Merson to "Delite in Their Evil."

30. In Exhibit 52, Informal Resolution at date of Report 7/11/2006, Corporal Lise M. Merson types a message: (at 20f6)

" Reason for Reffexxing: Ms. Smith,

" This grievance has reached the 150 day warning. Please
" investigate, meet with the inmate and resolve if
" possible. Thank You,

" Cpl. Merson ".

Plaintiff never met Ms. Tonya Smith, it is on this same Report page (Exh. 52 at 20f6) that on 10-12-06 Mr. Carroll fowell Report s: (2nd parag.)

" 10-31-06 Cpl. Oney took grievance Report to [Plaintiff] inmate
" Bacon he Refused to sign And stated that the grievance
" is still in court proceedings.

25.

A. Plaintiff never met Ms. Tonya Smith from any time from Cpl. Lise M. Merson's Report 9-11-06 .

B. Mr. Powell gives a Report 10-12-06 , but refers to a future (Perfect (verb)) Report 10-31-06, how is that possible ?

C. The Next Report (same Exh. pg. 52, at 2 of 6) dated 10-26-06 and places the investigator Name Betty Burris. (Deputy Attorney General)

Your Honor, you have mixed dates and times, how can Mr. Powell refer to an Investigation He "so-called" Reported 10-12-06 to a "so-called" Report 10-31-06 ; Then have another Investigator (Ms. Burris) Report 10-26-06 and Mr. Powell refer to a date "beyond" Ms. Burris Report of 10-26-06 .

31. On 10-31-06 Corporal Oney came to Plaintiff (while Plaintiff was placed at a Higher Security Unit 21-A-L-3) and asked "what's Plaintiff problem", Plaintiff answered :

" I've been having problems with Receiving and Sending "out Legal Mail and documents. I just sent my Appeal to "the US District Court Last Month."

The Evil Forces Already Knew that Plaintiff filed Writ of Habeas Corpus on August 17, 2006, the Evil Driving Forces Also Knew that Plaintiff Attempts to Redress the Incident Involving Foundation For INNOCENCE Issue was Impaired.

The Pattern has been Demonstrated that "ANY" of Plaintiff's Attempts to Artfully Challenge, Redress; And Raise Non-Frivolous Claims to the Court was Impaired or Grossly Denied. There has been an Evil Force Denying Plaintiff's Constitutional Rights, even when Plaintiff tryed to Use the Emergency Agrievance which Plaintiff thought would Resolve And Stop these Evils, However All the Defendant's Played Their "Individual Role" in this Evil Ploy.

32. IN DI #76 Plaintiff Second Set of Interrogatories Directed towards Warden Thomas Carroll (Exh. pgs. 79-85), At questions #'s 6-11 on April 9, 2007 Warden Answered:

#6. (Q): What is the function of Doc 4.4 Grievance Policy?

(A): The purpose of the grievance policy is to set forth guidelines for inmate grievances in order to reduce tension and effectively resolve grievances within the facility.

#7. (Q): What is the meaning of Emergency Grievance?

(A) : An Emergency grievance is an issue that concerns matters which under regular time limits would subject the inmate to a substantial risk of personal, physical or psychological harm.

All up unto the point October 31, 2006 none of "reduce tensions, effectively resolved grievances, or under time limits stop the from being esposed to physical and psychological harm has been rendered to plaintiff from the first start of Evil October 3, 2004. Warden Carroll goes on to answer questions 8 through 11:

#  8. (Q): Who hears emergency grievances?

(A): An Emergency grievance is addressed by the Inmate Grievance Chair.

#  9. (Q): How long is an emergency grievance ruled upon?

(A) : The Inmate Grievance Chair is to respond to an Emergency grievance within One calendar day.

#  10. (Question #10 was not asked on the 2nd set of Interrogatories Directed at Warden Carroll, However plaintiff "has been" trying to ask Question #10 on the 3rd set Directed at Warden Carroll).

28.

"11. (Q): What happens to emergency grievance after it is Ruled Apon?

(A): Grievance paperwork is maintained in the inmate's grievance file.

33. Warden Carroll's answer to Question #8 clearly shows error, the Warden answered: "An Emergency grievance is addressed by the Inmate Grievance Chair.", However 4.4 Agrievance Policy on Emergency Grievances States:

"Issues that concern substantial risk of personal, physical
" or psychological inmate injury shall be addressed immediately
" by the Warden/Warden's Designee ... .

In the Third Set of Interrogatories Directed To Warden Carroll Plaintiff asks: (Exh. pgs. 86-88, Question #10)

#10.(Q). Does the Warden Hear A Emergency Grievance?

The Defense realize the Warden's Error and so, does not answer Plaintiff's 3rd Set of Interrogatories Plaintiff Directed Towards the Defendant's on September 6, 2007, and thus does the following:
A. Defendant's Motion To Enlarge Time., The Defendant's States:
"1. Plaintiff's Third Set of Interrogatories directed to

" Defendant's Carroll, Forbes, Kempt, Tingle And Scott
" were filed on September 10, 2007 [Д.I. 90, 91, 92, 93, 97].
" His First Set of Interrogatories directed to defendant
" Kuschel was filed on September 10, 2007. [D.I. 94].

"2. Undersigned counsel is currently in the process of
" changing work assignments, And this case will be
" transferred to another deputy Attorney General. In
" Addition, the paralegal assigned to the Corrections
" Unit At the Department of Justice has taken a leave
" of Absence from the office for the Month of September.
" This paralegal Assists with preparation of discovery
" Responses. See Exhibit pages 89-90.

"3. Given the current staffing circumstances at the
" department of Justice, Defendants respectfully request
" an Extension until December 14, 2007 to Respond to
" Plaintiff's outstanding Interrogatories.

B. Plaintiff did not contest the Motion To Enlarge Time.

C. On About 2nd Week of October 2007 deputy Attorney General
Ms. Catherine Damavandi Replaced deputy Attorney General Ms.
Eileen Kelly, Respectfully.

30.

D. Since Ms. Damavandi has represented Defendant's She has Answered to Plaintiff Motion's of Injunctions, However, has not Answered to Plaintiff's 3rd and 1st Set of Interrogatories Directed At the Defendants which the Plaintiff "Compels This Court" that Defendants Answer the Serious Non-Frivolous Questions of Redress Agrievances/ Access To The Courts.

34. Your Honor lets "RECAP" Corporal Lise M. Merson's And the "IGC's Board" Pattern of Denying Plaintiff Right to Redress and Preventions/Impairments:

A. Exhibit pgs. 3-4, filed Agrievance Dated 10-7-04, Received 10-21-04, Responded to 10-22-04, IGC "Chairperson", Corporal Lise M. Merson.

B. Exhibit pgs. 38-39, filed "Emergency Agrievances", Defendant's Stated: "Can not locate"., Corporal Lise M. Merson was Responsible to Collect these "Missing" Agrievances.

C. Exhibit pgs. 41-42, filed 1-30-06, Received February 1, 2006, Responded to February 2, 2006 by an Unlegable IGC Chairperson, However, Corporal Lise M. Merson was Reasponsible to Collect Agrievance.

31

D. Exhibit pg. 47, filed "Emergency Agrievance" dated
April 5, 2006; Exhibit's pgs. 48-49 gives an Agrievance
Report from Corporal Lise M. Merson (who collected
Agrievance from Agrievance Box) on reported 7-17-06.

E. None of Plaintiff's Emergency Agrievane's were heard
or responded to by Emergency Agrievance Policy., D.C.C's
4.4 Emergency Agrievance goes on to state:

"... A copy of the grievance [Emergency Agrievance] shall
"be sent to the ISC upon receipt by the Warden/Warden's
"Designee. And the Warden/Warden's Designee shall
"Respond within One Calendar day. Grievant Appeals of the
"Warden/Warden's Designee decision will be decided by the
"Bureau Chief of Prisons within one Calendar day upon
"Receipt of the emergency Appeal. Note: If the Warden/
"Warden's Designee should determine that the grievance
"does not meet the emergency criteria, the grievance shall
"be returned to the inmate for processing through the
"normal IGP process.

F. Exhibit pg. 52 at 2of6 Deputy Betty Burris gives a Report
10-20-06. As to Plaintiff's Emergency Agrievance dated
April 5, 2006 well After Plaintiff files Writ Of Habeas Corpus
in The District Court August 17, 2006; And well After Corporal
Lise M. Merson's "Received Date" 7-10-06, And Her

Informal Letter (at 2 of 6,) to Ms. Tonya Smith, 7-11-06. Deputy Warden Betty Burris then Signs Decision 3-16-07. Plaintiff was never informed either that this Aggrievance did or did not meet the Criteria as an Emergency Aggrievance.

35. The Ploy has been demonstrated, an Evil Force caused Plaintiff to Suffer the Right to Redress Aggrievances., Any of the Incidents which He sought to Redress through Its Remedies was Denied. Any Attempts that Plaintiff used as an "Hand-Written" Appeal was never Answered to nor has D.C.C. followed Any of Its Aggrievance Policy's:

". . . the Court reasoned that state procedural rules should "not be Able to prevent A federal Court from Remedying a harm "that Congress sought to prevent. The Requirement that "Plaintiff's first opportunity to Resolve discrimination "Complaints, and individuals should not be penalized if "States decline, for whatever Reason, to take Advantage of "these opportunities." Oscar Mayer, 441 US At 761

36. Plaintiff gave the Prison Officials "Sufficient notice for them to Address His Concerns through the Grievance Process." D.C.C. Lost and never Heard Plaintiff's Aggrievances nor was Plaintiff given the opportunity to Appeal Decisions made on Aggrievances filed even After Requested to utalize Redress Remedies.

". . . failure of department of corrections to Advise inmate

that he could Appeal the examiner's rejection of his complaint
regarding prison disciplinary hearing estopped department
from claiming that inmate failed to exhaust his Administrative
Remedies. L'Minggio v. Gamble, 263 Wis 2d 55 (2003).


Plaintiff has Constitutional Exhausted His Claims of Denied Access And
Right to Redress for Each Incident Involving Plaintiff's Attempts to Artfully
Raise And seek Legal Aid to Challenge His Criminal Conviction, "Denied
Access is An Constitutional End In Itself," Therefore Plaintiff's Notice
to D.C.C.'s Officials was Clearly Sufficient to Exhaust Any Redress
Remedies, And because of Deliberate Preventions And Retaliation Makes
Any of Plaintiff's Attempts To Redress Agrievances Futile. The Court
held in Sim v. Apfel, 530 US 103, 107 S.Ct. 1080 :

> ... "A Social Security case, the Supreme Court ruled that
> even when a party is required to exhaust Administrative
> Remedies, the plaintiff is not necessarily required to
> exhaust each specific issue that he or she intends to
> bring to federal court. See Id. At 112, 120 (O'Connor, J., concurring).
> Rather, the desirability of a court imposing a requirement
> of issue exhaustion depends on the degree to which the
> Analogy to normal *735 Adversarial litigation Applies in
> A particular Administrative proceeding." Id. At 109,
> Applying the Reasoning of Sims to the problem solving mechanism
> of an inmate grievance procedure ; A court might well conclude
> that the process is "inquisitorial rather than Adversarial, id.
> At 111, 120, And thus that a court should not impose an issue
> exhaustion requirement on top of the PLRA's general Exhaustion."

37. Plaintiff has demonstrated that because of Defendants And A Driving Evil Force Caused Plaintiff to lose His Criminal Appeal. The Damage these Evil's Caused is Irreparable. Plaintiff is entitled to Injunctive Relief. Fed. Rules Civ. Proc. Rule 56, 28 USCA.

38. On April 25, 2006 Plaintiff filed Agrievance for Another Denied Access To The Court Incident that occured January 27, 2006 (see Exh. pg. 99, recieved Notice Prothonotary) through April 24, 2006. In Agrievance (Exh. pg. 96) Plaintiff Asserts:

" On 4-24-06 c/o's Mr. Kemp And Ms. D. Tingle handed me
" Legal Mail from Superior Court. The information that was
" inside the 'Box' Feb. 1, 2006 (Exh. pgs. 100-103) with Regards
" to serious civil claims.

" These Above matter Are the cause of Impairments, Preventions,
" Denied Access, And Conspiracy's

In the Action Request Plaintiff Requested:
" Need copy of Recieved signed Legal Mail Sheet that
" I signed so I Can show US district Court the
" Comment I placed on the Sheet As An Exhibit.

A. Plaintiff filed Civil Suit in the Superior Court (del.) in the Month of January 2006. The Reason plaintiff Received His

Rejected Civil Complaint is because of His inquirement to D.C.C.'s MHU Law Library Ms. Marla Lyons (who sent Civil Suit out in A Box) in the Months of March And April As to why Plaintiff hasn't Received an Case Number for the Suit.

B. Exhibit pgs. 102-103, The Court Returns Civil Suit in States Reason in "Notice of Non-Conforming Documents" form, However this forum was dated Feb. 1, 2006, Plaintiff didn't Receive His Rejected Civil Suit until April 24, 2006.

C. The Non-Conforming Sheets (Exh. pgs. 102, 103) Original "Ink" was Freshly written And Plaintiff Requested this Hon. Court To Run an Investigation as to the Authentresity of the Non-Conforming Sheet ($\Delta I^{\#}$ 31-32, Case No. 05-714-JJF) because there was "No way" the "Ink" could be so Freshly written from Feb. 1, 2006 And Plaintiff Receive the Sheet on the Night of April 24, 2006 from C/o's Ms. Tingle And Mr. Kemp (Defendants).

D. This Court (Respectfully) stated: (Exh. pg. 112, At 9 Memorandum Order)

"Unfortunately, for reasons unknown, Plaintiff did not "Receive the Mailing until April 24, 2006. Additionally, " Plaintiff's Request on March 20, 2006, merely Asked

36.

" for the case number of his new filing."

E. There are two evil (or three) driving forces at work which has grossly caused plaintiff to lose the chances at challenging both his criminal conviction and his conditions of confindment. One force from inside the prison, the other force(s) from outside the prison.

F. Plaintiff lost his chance at raising the civil suit at superior court and at the district court. The district court denied this civil suit as for not having enought merets to raise constitutional violations, however if it was for the evil forces plaintiff wouldn't have been forced to raise the civil suit in federal court, and could have "settled" the case before trial at the superior court level.

39. Plaintiff suffered irreparable damage because of these outside and inside forces regarding the incident on April 24, 2006. The grievance (exh-pgs. 96 and 97) filed on April 25, 2006, case #39263 was received April 27, 2006 and responded to May 15, 2006. An unknown ISC chairperson response stated:

" Request. Requests are not processed through the grievance
" procedure. Please correspond with the appropriate office to
" secure the information that is requested.
" Write to Smith, Support Services Manager."

37.

Plaintiff receives the usual response but is told to write "T. Smith
Support Services Manager"; And on May 19, 2006 (Exh. 98) Plaintiff
writes:

   " Sir ;
   " On Grievance #39263 (Legal Mail Issue) I was reffered to
   " you about my Legal Mail problems.

   " I need an investigation as to what's happening with my Legal
   " Mail which I been having problems Receiving And Sending.
   " My Grievances are being turned down I need to exhaust my
   " remedies. This is an Appeal
                                                    Signed.

Plaintiff never received a response or any help to his problems
Demonstrating the Prison was in no way trying to "Ease tenisons or Resolove
Problems" over the Tedeious Period of Time. Both Outside And Inside
Force "Ends Justified Their Means", Plaintiff Suffered at the Hands of
Their Deliberate Evil.

## RETALIATION

40. During the Period of 2002 through 2004 Plaintiff filed Agrievances;
On May 28, 2004 Corporal Lise M. Merson, (I.G.C. Board) Wrote Plaintiff
(Exh. 118) And states:

   " You have been nominated for the position of Inmate

38.

" GRIEVANCE REPRESENTATIVE. Please Check one of the
" following; sign, date And return this form by Tuesday;
" JUNE 1, 2004 0700 . Put form in your building grievance
" box.

A. Plaintiff did Not Accept Corporal Merson's offer And
filed grievance for not Never having " RGC Board." The
RGC Board works As Recommenders to the Warden/
Warden's Designee on Inmates Agrievance Hearings.

The 4.4 Policy on RGC members states:

" Inmate RGC members And two inmate Alternates
" Shall serve for A term of six months. Staff RGC
" members serve At the discretion of the Warden/
" Warden's Designee. One staff member shall be from
" Treatment And one from Security. "

B. From the moment Plaintiff's Arriveral At D.C.C. MHU/SHU
Buildings the Prison NEVER had RGC Board, However, decided
to form An RGC Board once their I.G.C. couldn't No longer
Cover up or deny Inmates the Right To Redress Agrievances.

C. Corporal Lise M. Merson As A Result of Plaintiff's Agrievance
File June 3, 2004 began to use Her Position of the " First "
Agrievance Board (I.G.C) to Her Advantage As well As Her

Position to Collect Agrievance.

Plaintiff has demonstrated that there are Two (or Three) Evil Driving forces which Denied Plaintiff Rights To Access And Redress Agrievances. In Order for these Issues to be Resoloved in the Court of Law the following Individuals must be Amended And Added As Joinder of Person to be Sued in Their Individual Capasity :

1. Corporal (ise. M. Merson (D.C.C. Prison, Smyrna)

2. Mr. Sean (ugg, Esq., Deputy Attorney General (Wil., Del).

PERJURY

41. Plaintiff filed an Motion to Stay/Protective Order DI # 19. The main Reason for Plaintiff filing Motion are :

A. Plaintiff was at a "Critical" Stage of Appellant Stages of Challenging His Criminal Convictions.

B. When Plaintiff gets Classified He would be moved to A High Security Level And His Legal Documents would be taken for inventory And would not be Returned 8-15 days. Plaintiff Also Expressed His Fears that He may lose Legal Documents And may not Receive Legal Documents at All (See Exh. pgs 120-125).

40.

C. Defendant's Answered Plaintiff's Motion (Exh. pgs. 121-125) and (At pg-4) Asserts the following :

" In Plaintiff's Case, (pargh #12) his classification meeting
" has not been scheduled yet 'See Exhibit A'. The classification
" process will begin with that meeting, but will also go
" through several levels of approval. There has been no
" determination at this point that Plaintiff will be classified
" to a higher security level or that he will be moved to a
" different housing unit. The classification process will
" take several weeks. Id. In the event that Plaintiff is
" moved to a different housing unit, he will receive his
" legal paperwork in approximately one week. See 'Exhibit
" B .'

42. Defendants supplied in Answer to Plaintiff's Motion to Stay/ Protection Order Two Affidavit's from Counselor Cindy Atallian And Mike Little, D.C.C.'s Legal Administrator (Exh. pgs. 122 -125). Mr Little Asserts in His Affidavit :

(At pargh. 3 and 4)

" (Exh. pg. 122) 3. If an inmate is transferred to a different
" housing unit, as part of his transfer, his personal property
" is collected and inventoried. If an inmate is moved to a
" higher security level, he may not be able to have certain

41

" items in his New housing unit. However, An inmate
" is permitted to have his legal paperwork.

" 4. After the property has been inventoried, with any
" impermissible items separated from the other property,
" including any legal paperwork, is transferred to the
" inmate. The entire process takes approximately one week. Id. "

A. There is a Chilling Pattern that's develops; Every time Since
Plaintiff filed His Post·Conviction Rule 61 in Del. Superior Ct.,
At "Each" Appellant Level Plaintiff faced, the Plaintiff
was Always moved in "A Higher Security Level", And Not
because of a write-up or bad conduct, but because of A
"New" so-called Classification Policy, which Plaintiff Never seen.
Plaintiff was moved to these Higher Security Levels where
He had to use "Inadequate Book paging Systems" through
"Inadequate Satalite Law Library's."

43. On June 16, 2006. Plaintiff filed Discovery Request #I #35 on
Defendant's; Defendant's Answered #I #40 Around About 1st week of
July 2006; On June 13, 2007 Plaintiff was moved from MHU Build. 21 A-L-
3 to SHU 18-C-L-7. When Plaintiff was moved His Legal Property was
taken And Inventoried, However Plaintiff did not Receive His Legal
Documents Which was stated in Mr. Littles Affidavit.

42.

A. Plaintiff property was not returned until June 27, 2007, (See Inventory Sheet, Exh. pgs 139-140) dated 6-13-07 by c/o William Adams, However "Record of Transfer of Property" has no date or Time, And Sgt. Roger Raney just places "1200" under c/o Adams Name.

B. On July 5, 2007 Plaintiff was ask to send out items which He could not have, by Sgt. Roger Raney (Exh. pg. 140).

C. On About 1st week of September 2007 Plaintiff was served 1st set of Interrogatories DI #88., At Question #4 :

   4. (Q): "Identify All persons whom you intend to call "As witnesses At trial, Excluding expert witnesses."

      (A): (#2), I was moved from last location And A-lot of "my legal work has been taken by S.C.C. Staff on "June 13, 2007."

D. Plaintiff was At A Disadvantage with legal documents missing And has filed Agrievance And wrote Mr. Mike Little And there Was Not An Response to Either.

Because of An Evil force Plaintiff suffered from the Deliberate destruction of legal document And was cause to "Request For

43.

Another Copy of Defendant's Answer to Plaintiff's Discovery "
DI #40. (See Exh. 128-140) - Plaintiff's Legal Documents was not
Recovered.

This is an Demonstration of Perjury, Plaintiff Prays This Court
Apply Appropreit Interpertations to what this Pro-Se Layman has
Raised.

### Conclusion

WHEREFORE, Plaintiff Prays this Court Adds, Amends, And Joinder of Persons.

Deverll L Bacon
Dec
Smyrna, Del. 19977

Dated: April 7, 2008

44.

## Certificate of Service

I, _Deveaurl L. Bacon_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion To Amend, Add, And Joinder of Persons_ upon the following parties/person (s):

TO: _Catherine C. Damavandi, Esq._     TO: _____

_Deputy Attorney General_

_820 N. French St._

_Wilmington, Del._

_19801_

TO: _____     TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this ___7___ day of _____, 200_8_