CA05- 714JJF

Exhibit's To Amend / Joinder

Pages 1- 140



APR 1 4 2008

## INMATE HOUSING RULES FOR MAXIMUM SECURITY

unit staff who shall contact the Law Library.

C. **Delivery of Legal Mail to Inmates**

1. Legal mail is delivered to the inmate in the housing unit. Legal mail is defined as mail between an inmate and attorneys, legal aid services, federal and state courts, the Attorney General's Office (federal or state), elected officials, and/or legal assistance services.

2. The staff member delivering legal mail shall have the inmate sign for said legal mail at the time of delivery. All legal mail shall be opened by the staff member in the presence of the inmate and checked for contraband. Money orders and cashier checks are not permitted to be sent within legal mail.

D. **Rejected Mail**: Mail shall be rejected that is determined by Mailroom staff to be undeliverable based on the possibility that the item(s) may pose a threat to the safety, security, and/or orderly operation of DCC, that the item(s) is not an authorized item for inmate possession, or that the item is of an illegal nature. The intended recipient and sender of the mail shall be notified that the mail has been rejected. The inmate will have five days to notify the Institution Mailroom of how to dispose of the item (donate to a charitable organization or mail out of the Institution at the inmate's expense) or appeal the Mailroom rejection to the DCC Support Services Manager. Failure of the inmate to act within five days will be cause for the item(s) to be disposed of in accordance with Institution procedures.

XI. **VISITING**

A. Inmates are encouraged to receive approved visits. All Maximum Security visits are

15

/

**RESPONSE:** See attached documents.

    3.     Copy of logs for Buildings 24 and 21 for the date of Oct. 3, 2004.

**RESPONSE:** Objection. This Request seeks information not relevant to the claims set forth in the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. Further objection that the disclosure of the requested information would pose a threat to the security of Delaware Correctional Center.

    4.     Copy of original grievance filed by plaintiff dated 10-9-04 # 8099 along with copy of prison's response.

**RESPONSE:** See attached documents.

    5.     Copy of all grievances filed by Jeffrey Fogg #269797 from the dates of Nov. – Jan. 2004-2005.

**RESPONSE:** Objection. This Request seeks production of confidential information protected from discovery by 11 *Del. C.* § 4322. Further objection that this Request seeks information not relevant to the claims set forth in the complaint and is not reasonably calculated to lead to the discovery of admissible evidence.

    6.     A copy of all complaints filed by Mrs. Jeanne P. Meyer to Mail.

**RESPONSE:** There are none.

    7.     A copy of Plaintiff's grievance filed on 9-15-5 along with the prison's response.

**RESPONSE:** Defendants are unable to locate a grievance dated September 15, 2005.

    8.     Copy of all staff members working in Buildings 24 and 22 on January 5, 2006.

**RESPONSE:** C/O D. Connolly, C/O D. Iglesia, C/O R. Weldon, C/O D. Doddato, Sgt.

ORIGINAL

**FORM #584**

**GRIEVANCE FORM**

**FACILITY:** D.C.C

**DATE:** 10-9-4

**GRIEVANT'S NAME:** DEVEARL BACON

**SBI#:** 221242

**CASE#:** 8099

**TIME OF INCIDENT:** 8:35 pm

**HOUSING UNIT:** 21-C-U-6

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

On 10-3-4 I recieved Legal Mail that had
already been open by mail Room. This Legal
Document Also has missing information Which
can seriously harm me while filed my Postconviction
Appeal.

ACTION REQUESTED BY GRIEVANT: To be payed for this Prejudicial
Act.

**GRIEVANT'S SIGNATURE:** _____    **DATE:** Oct 9, 2004

**WAS AN INFORMAL RESOLUTION ACCEPTED?** ____ (YES) ____ (NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

**GRIEVANT'S SIGNATURE:** _____    **DATE:** _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: **INSTITUTION FILE**
    **GRIEVANT**

**RECEIVED**

OCT 2 1 2004

Inmate Grievance Office

April '97 REV

3

(4)

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.    _____Disciplinary Action    _____Parole Decision    _____Classification Action

____✓____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance #_____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

**OCT 2 2 2004**

_____
Inmate Grievance Chairperson

_____
Date

CONFIDENTIAL
Form#: 584 (F&B)
(Reverse Revised July '99)

4

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    1
                        ( as of   09/21/2004 )
```

State of Delaware v.   DEVEARL L BACON                          DOB: 11/27/1959
State's Atty: SEAN P LUGG , Esq.              AKA: DEVERAL BACON
Defense Atty. EDMUND M HILLIS , Esq.               DEVERAL BACON
                                                   DEVEAR L BACON
                                                   DEVIAL L BACON
                                                   MARK WILSON
                                                   LOST BACON
                                                   DAVID JOHNSON


Assigned Judge:

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0006017660 | IN00070367 | PFDCF | NOLP | 06/22/2001 |
| 002 | 0006017660 | IN00070368 | ROB~ | NOLP | 06/22/2001 |
| 003 | 0006017660 | IN00070369 | | NOLP | 06/22/2001 |
| 004 | 0006017660 | IN0007037~ | | NOLP | 06/22/2001 |
| 014 | 0006017660 | IN00~~ | | NOLP | 06/22/2001 |
| 015 | 0006017660 | | | TG | 06/22/2001 |
| 016 | 000601766~ | | | TG | 06/22/2001 |
| 017 | 0006~~ | | | TNG | 06/22/2001 |
| 018 | | | | TNG | 06/22/2001 |
| 019 | | | | TNG | 06/22/2001 |
| 020 | | | | TG | 06/22/2001 |
| 021 | | | | G | 06/22/2001 |
| 022 | | | | ~ | 06/22/2001 |
| 023 | | | | | 06/22/2001 |
| 024 | | | | | 06/22/2001 |
| 025 | | | | | 06/22/2001 |
| 026 | | | | ~P | 06/22/2001 |
| 027 | 0 | | | TG | 06/22/2001 |
| 028 | 0\ | | ~~ | TG | 06/22/2001 |
| 029 | 00 | | ~NG 2ND | NOLP | 06/22/2001 |
| 030 | 00( | | ~GUISE | TG | 06/22/2001 |
| 031 | 000 | | PFDCF | NOLP | 06/22/2001 |
| 032 | 0006 | ~R1 | ROBBERY 1ST | TG | 06/22/2001 |
| 033 | 0006\ | ~/0357R1 | ROBBERY 1ST | TG | 06/22/2001 |
| 034 | 00060 | IN00070358R1 | ROBBERY 1ST | TG | 06/22/2001 |
| 035 | 00060\ ~~ | IN00070359 | DISGUISE | TNG | 06/22/2001 |
| 036 | 0006017660 | IN00071776 | PDWBPP | TNG | 06/22/2001 |

```
     Event
No.  Date          Event                      Judge
---------------------------------------------------------------------------
1    07/06/2000
       CASE ACCEPTED IN SUPERIOR COURT.
```

*(handwritten annotations: "you have to send this out your self malion", "7", "A", "7.")*



D overall Bacon
21

RECEIVED
OCT 03 2004
Delaware Correctional Center

⑤

## Incoming Legal/Certified Mail Log Sheet

Date 10-3-04   Prepared By: _____   Unit 21

| Name | Firm Name | Condition of Mail | Comments | Signature |
|---|---|---|---|---|
| ▓▓▓ | ▓▓▓ | Opened in presence of inmate | | ▓▓▓ |
| | | Rec'd in Unit Open Condition | | |
| ▓▓▓ | ▓▓▓ | Opened in presence of inmate | | ▓▓▓ |
| | | Rec'd in Unit Open Condition | | |
| Deveral Bacon | Superior Wilmle | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |
| | | Opened in presence of inmate | | |
| | | Rec'd in Unit Open Condition | | |

Legal Mail Received By _____
Officer's Signature

Form# 265( Rev 04/02) 2 pt NCR

A-10 5



### SUPERIOR COURT
OF THE
### STATE OF DELAWARE

**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY COURT HOUSE
500 N. KING STREET
LOWER LEVEL 1, SUITE 500
WILMINGTON, DE 19801-3746
(302) 255-0800

JUDGMENT DEPARTMENT
500 N. KING STREET
1ST FLOOR, SUITE 1500
WILMINGTON, DE 19801-3704
(302) 255-0556

TO:     Sean Lugg
        Department of Justice

FROM:   Angela M. Hairston, Criminal Deputy

DATE:   Septemebr 21, 2004

RE:     State of Delaware v. Devearl L. Bacon
        Case I.D.# 0006017660
        Cr.A.  IN00-07-1666R1, 1667R1, 1668R1, 1671R1, 1672R1
               1673R1,IN00-07-0347R1, 0348R1, 0349R1, 0351R1
               0352R1, 0356R1, 0357R1, 0358R1

The enclosed motion for postconviction relief was filed by the defendant in

the above captioned case on September 17, 2004. The State is not required to

file a response unless ordered, pursuant to Super.Ct.Crim.R 61(c)(4) and 61

(f)(1).

Thank you very much.

cc:     file

*10*





IN THE SUPERIOR COURT OF THE STATE OF DELAWARE    #47

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) Cr. A. No. ___-___-___ |
| V. | ) |
| | ) I.D. No. _00060177660_ |
| DEVEARL L. BACON, | ) In 00-07-1666 R1, 1667 R1, 1671 R1, 1672 |
| Date of Birth: 11/27/69 | ) 1673 R1, 0347 R1, 0348 R1, 0349 R1 |
| SBI Number: 221242 | ) 0351 R1, 0352 R1, 0356 R1, 0357 R1 |
| Movant. | ) 0358 R1 |

MOTION FOR POSTCONVICTION RELIEF

1.   The Court imposed Movant's sentence on the following date: <u>July 20, 2001</u>

2.   The Judge who imposed the sentence was: <u>Hon. Susan C. Del Pesco</u>

3.   Offense(s) for which Movant was sentenced and length of sentence(s):
     <u>Case No.'s</u>
     Robbery 1st - IN00070348 - years 4 level 5
     Robbery 1st - IN00070349 - years 4 level 5
     Robbery 1st - IN00070356 - years 4 level 5
     Robbery 1st - IN00070357 - years 4 level 5
     Robbery 1st - IN00070358 - years 4 level 5
     PFDCF -      IN00070347 - years 5 level 5
     PFDCF -      IN00071671 - years 5 level 5
     Carjacking 1st - IN00071666 - years 2 level 5
     PDWBPP -  IN00071667 - years 1 level 5
     PDWBPP -  IN00071672 - years 1 level 5
     AGGR. Menacing - IN00070352 - 1 year level 3 probation
     AGGR. Menacing - IN00070351 - 1 year level 3 probation
     Disguise -    IN00070354 - 1 year level 3 probation
     Disguise -    IN00071673 - 1 year level 3 probation

                                    **Total: 34 years**

BY ___
FILED ___
TIME ___
DATE 9/17/04

4.  Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgments(s) under attack of this motion? Yes (✓) No ( )
    If your answer if "Yes", give the following information:

    VOP_____

    Date sentence(s) imposed: 6-23-2000

    Length of sentence(s): 4 years 3 months Level 5

5.  What was the basis for the judgment(s) of conviction?
    ( ) Plea of guilty
    ( ) Plea of guilty without admission of guilt ("Robinson Plea")
    ( ) Plea of nolo contendere
    (✓) Verdict of jury
    ( ) Finding of Judge (non-jury trial)

6.  Judge who accepted plea or presided at trial: Richard S. Gebelein or Susan Del Pesco

7.  Did you take the witness stand and testify? ( )No Trial   ( )Yes   (✓)No

8.  Did you appeal from the judgment of conviction?   (✓)Yes   ( )No
    If your answer if "Yes", give the following information:
        Case Number of Appeal: No. 369, 2001

        Date of Court's final order or opinion: July 1, 2002

9.  Other than a direct appeal from the judgment(s) of conviction, have you filed any other Motions or Petitions seeking relief from the judgment(s) in state or federal court?
    ( )Yes   (✓)No   How many?_____
    If your answer if "Yes", give the following information as to each:
        Nature of proceeding(s):_____

        _____

        Grounds raised:_____

        _____
        Was there an evidentiary hearing?   ( )Yes   ( )No
        Case Number of proceeding(s)?_____
        Date(s) of court's final order(s) or opinions:_____
        Did you appeal the result(s)?:_____

2


10.  Give the name of each attorney who represented you at the following stages of the
     proceedings relating to the judgment(s) under attack in this motion:
     At plea of guilty or trial: <u>Edmund M. Hillis</u>

     On Appeal: <u>Edmund M. Hillis</u>

     In any postconviction proceeding: _____

11.  State every ground on which you claim that your rights were violated. If you fail to set
     forth all grounds in this motion, you may be barred from raising additional grounds at a
     later date. You must state facts in support of the ground(s) which you claim. For your
     information, the following is a list of frequently raised grounds for relief (you may also
     raise grounds that are not listed here): double jeopardy, illegal detention, arrest, or search
     and seizure, coerced confession or guilty plea; uninformed waiver of the right to counsel,
     to remain silent, or to speedy trial, denial of the right to confront witnesses, to subpoena
     witnesses, to testify, to ineffective assistance of counsel, suppression of favorable
     evidence, or unfulfilled pleas agreement.

**Ground One:** <u>Prejudicial Joinder of (prior crimes evidence) PDWPP Offenses Violated Due</u>

<u>Process, and Caused Irreparable Damage Prejudicing Defendant's Right to a Fair Trial. Defense</u>

<u>Counsel was ineffective for failure to identify this issue: Pre-trial, during Trial and raised on Direct</u>

<u>Appeal. The Trial Court should have split these offenses *sua-sponte*, or at least suggested a</u>

<u>pretrial hearing.</u>

**NOTE: A "MEMORANDUM OF GROUNDS AND FACTS FOR POSTCONVICTION**

**RELIEF" IS ATTACHED FOR ALL 6 GROUNDS.**

**Ground Two:** <u>Prejudicial Joinder of Charges Committed at Four Separate and Distinct Times</u>

<u>and Locations Severely Prejudiced Defendant's Right to a Fair Trial. Defense Counsel was</u>

<u>ineffective for failure to identify this issue: Pre-trial, during Trial and on Direct Appeal. Trial</u>

<u>Counsel *sua-sponte* should have at least suggested a hearing regarding the joinder of all these</u>

<u>offenses, pretrial.</u>

**Ground Three:** <u>Ineffective Counsel for Failure to Object to Introduction of Prior Bad Acts, or</u>

Request a Hearing. This evidence caused irreparable prejudice.

**Ground Four:** In Court Identification of Defendant by State Witness Dawn Smith Violated

Defendant's Right to a Fair Trial, when there was no "independent origin" for this "in court"

identification. Defense counsel was ineffective for his failure to raise this issue on Direct Appeal.

**Ground Five:** Ineffective Assistance of Counsel For Failure to Raise the Amendment to

Defendants Indictment Counsel Argued Prior to Trial. Defendant is prejudiced because he would

have had a more favorable review on Direct Appeal.

**Ground Six:** Prosecutorial Misconduct; Ineffective Assistance of Counsel for Failure to Identify

and Raise this Discovery Violation concerning a videotape made of Defendant's statement at

police station, either during trial or on Direct Appeal.

If any of the grounds listed above were not previously raised, state briefly what grounds were not raised, and give your answer(s) for not doing so: Grounds 1, 2, 3, 4, 5, 6, these Grounds were not raised because Defense Counsel Edmund M. Hillis failed to identify these errors both at pretrial, during trial and failed to identify them on direct appeal after a review of the transcripts.

Wherefore, Movant asks that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare the truth of the above under penalty of perjury.

September  /4  , 2004
Date Signed

/s/ Devearl L. Bacon
Devearl L. Bacon
Pro-Se
(Signature of Movant)

4

/4

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | C.A. No. | _____ |
| V. | ) | | |
| | ) | I.D. No. | _____ |
| DEVEARL L. BACON, | ) | | |
| | ) | | |
| MOVANT. | ) | | |

MEMORANDUM OF GROUNDS AND FACTS
FOR POSTCONVICTION RELIEF

**Ground One:** Prejudicial Joinder of (prior crimes evidence) PDWPP
Offenses Violated Due Process, and Caused Irreparable Damage
Prejudicing Defendant's Right to a Fair Trial.
**Ground Two:** Prejudicial Joinder of Charges Committed at Four
Separate and Distinct Times and Locations Severely Prejudiced
Defendant's Right to a Fair Trial.
**Ground Three:** Ineffective Counsel for Failure to Object to
Introduction of Prior Bad Acts, or Request a Hearing (404) under
*DeShields v. State. Del. Supr. 706 A.2d 502.*
**Ground Four:** In Court Identification of Defendant by State
Witness Dawn Smith Violated Defendant's Right to a Fair Trial,
when there was no "independent origin" for this "in court"
identification.  Defense counsel was ineffective for his failure
to raise this issue on Direct Appeal.
**Ground Five:** Ineffective Assistance of Counsel For Failure to
Raise the Amendment to Defendants Indictment Counsel Argued Prior
to Trial.  Defendant is prejudiced because he would have had a
more favorable review on Direct Appeal.
**Ground Six:** Prosecutorial Misconduct; Ineffective Assistance of
Counsel for Failure to Identify and Raise this *Super.Ct.*
*Crim.Rule 16(a)(d)* Discovery Violation concerning a videotape
made of Defendant's statement at police station, either during
trial or on Direct Appeal.

/s/ Devearl L. Bacon
DEVEARL L. BACON
Pro-Se

Dated: September _14_, 2004

-1-



Ground One: A reversible error was committed by trial court and defense counsel for not objecting when the trial court permitted the joinder of the three (3) counts of Possession of Deadly Weapon by a Person Prohibited (hereafter known as "PDWPP") to the other 15 counts.  These charges require the disclosure of a defendant's prior convictions as a necessary element of the offense.  Charges that require disclosure of a defendant's prior criminal record such as PDWPP or escape after convictions require separate trials because of "inherent prejudice."  Consideration of judicial economy does not offset prejudicial effect.  This was a prejudicial joinder and it is well-established procedure to have separate trials regarding these offenses.  This is a clear violation of defendant's Due Process Rights as guaranteed under the 6th and 14th Amendments of the U.S. Constitution.  Trial counsel was ineffective for failure to move for severance before trial, object at trial, and identify issue or raise on direct appeal.

Facts: The PDWPP counts were joined to the other fifteen counts derived from three separate and distinct sets of charges.  The evidence presented to support the elements of these PDWPPs is necessary by conveying to the jury the defendant's prior convictions (or there is no evidence to support a PDWPP charge) and criminal record and status as a prisoner.  Past convictions of defendant exposed to the jury is "inherently prejudicial."

16



None of these three charges has a direct relationship to the other offenses and can be proven without reference to the remaining offenses. The evidence admissible in these PDWPP counts is clearly not admissible on any of the other counts, and the effect of this evidence prejudiced the defendant unfairly. The defendant's right to a fair and impartial trial, and proper determination of his guilt or innocence of each crime charged required that they should have tried this set of PDWPP charges separately and apart from the distinct and independent charges of the other counts. This was a close case to begin with. The evidence of these crimes probably heavily influenced the jurors to imply a general criminal disposition of the defendant, and probably had been a determining factor finding guilt on "most" of the other charges, based also on the "cumulative effect." This was a reversible error.

Ground Two: A reversible error was committed by trial court and defense counsel for not objecting in allowing the State to present a joint trial containing eighteen counts stemming from four separate locations. This permitted the jury to cumulate the evidence, and was free to infer a general criminal disposition of the defendant. As a result, the defendant was convicted of most of the counts charged. The cumulations of the separate incidents of Star·Liquors, (two incidents) the 7-Eleven Store and at a vehicle in Wilmington in which the PDWPP charges stemmed violated

-3-

/7

defendant's *6ᵗʰ, and 14th Amendments of the U.S. Constitution*.
Trial counsel was ineffective for failure to move for severance
of these charges, failing to object at trial, failure to identify
and raise these claims on direct appeal.

Facts: All eighteen counts levied against defendant were joined
in a joint trial.  Defendant was inevitably prejudiced and this
prevented him from receiving a fair trial.  The danger arising
from the cumulative effect of the evidence of the other charges
on the minds of the jurors was too great to tolerate a not guilty
finding on all these charges.

There was nothing contained in the indictments from the Star
Liquors incident that are in any way connected to the 7-Eleven
store incident as part of a common scheme or plan.  Nothing in
the 7-Eleven indictments is alleged to be part of a common scheme
or plan relating to Star Liquors incident.  Nothing in the three
PDWPPs is contained regarding either incident.  Consequently, the
defendant has a right to a fair and impartial trial and proper
determination of guilt and innocence of each crime charged
required that the sets of charges concerning Star Liquors
incident including the separate car jacking incident.  These
should have been tried separately, and apart from the distinct,
and independent charges based on the second Star Liquors
attempted robbery, the independent 7-Eleven Store offenses, and
the independent three PDWPPs counts.  Each set of charges arose

-4-

/8

out of a separate occurrence. There was not a positive accurate identification made of the perpetrator(s) at any robbery location. In fact, the State offered car jacking evidence at the Star Liquors, to prove existence of that (car jacking) crime by using the 7-Eleven store evidence. This was error because it presupposes that the same perpetrator kept the proceeds of that crime, the car, and used it in an unrelated crime a day later. This is cumulative evidence. The witness the state offered had many different descriptions as to the weight, height and even skin tone of the perpetrator(s). The crucial factor here to be considered is whether evidence of one crime would be admissible in the trial of another. The cumulative effect of all the evidence offered to prove these eighteen counts had a dramatic effect upon defendant's guilt or innocence of the 7-Eleven charges, the Star Liquors charges concerning the first incident and car jacking. The evidence used for the three PDWPPs must have had a dramatic influence upon defendant's guilt or innocence of both 7-Eleven and the Star Liquors incidents.

Ground Three: Defense Counsel was ineffective when he failed to object to State's introduction of evidence of prior bad acts in violation of *D.R.E. 401 through 404(a) and (b)*. This evidence was introduced without DeShields[1] analysis to determine relevance, to balance the prejudcical effects, and/or any

---

[1]*DeShields v. State, Del. Supr. 706 A.2d 502 (1998)*



instruction to the jury as to how to use this evidence, and "which case" to use it in. This evidence caused irreparable injury and prejudiced defendant's case particularly when defendant purposely choose not to take the witness stand to keep any prior bad acts, crimes or prior incarceration from the jury. This violated Defendant's Due Process right guaranteed under the 6th and the 14th Amendment of the U.S. Constitution.

Facts: State witnesses introduced evidence, either direct or circumstantial evidence that defendant was a convicted prisoner. The first evidence is that of his escape after conviction from the Prison House Plummer Center; the second, the fact he was held as a prisoner at the Plummer Center; the third, the detective described defendant's demeanor as "an attitude" clearly a "bad act," circumstantial evidence of prior experience as a criminal. This would also include the statement regarding the 25-year defendant though he might receive. As this evidence was introduced without any memorial, no other witnesses other than one detective, and the failure to provide defense with the videotape, legally the best evidence of this interrogation. Because of the closeness of this case, a shadow is cast over the reliability of this evidence. Especially when, if provided to defense, these prior bad acts and crimes could have been kept from the jury pursuant to lawful court procedure rules, and kept the integrity of this evidence intact.

$Z0$



Ground Four: State's witness, Dawn Smith's "in court
identification" of Defendant violated his Due Process Rights
under the *14th Amendment of the U.S. Constitution.* Failure of
trial counsel to raise this on appeal is ineffective assistance
of counsel, in violation of the *6th Amendment of the U.S.
Constitution.*

Facts: The State's star witness, Dawn Smith's, in court
identification irreparably prejudiced defendant under all the
circumstances. There "was no independent origin" for an in court
identification because; (a) this witness had never seen the
defendant before the incident; (b) this witness had no
opportunity for an accurate identification because the
perpetrator was wearing "a mask" the entire time of her
observation; (c) the witness "failed to identify the defendant"
in a photo array right after the incident in an array of photos
that included the defendant; (d) no other witnesses made a
positive accurate identification of defendant; (e) there were no
finger prints found "at the scene of this incident[2]" of
defendant; (f) each witness at the Star Liquors scene gave
"different" descriptions of the perpetrator; (g) this case was a
close case and depended on an accurate identification of the
perpetrator.  Reliability is the linchpin in determining the
admissibility of identification testimony, the witness receiving

---

[2]Nor were fingerprints of Defendant found at any of the robbery scenes
for that matter.

-7-

Z.1


descriptions from the investigating detectives are not reliable
because it is not an "independent origin."

**AMENDMENT ISSUE**

Ground Five: The Amendment of Defendants Indictment of Robbery of
"car keys and car" to an (undetermined amount) of "U.S. Currency"
effectively altered the substance of one element of the offense,
because the defendant was not "fully informed" of the nature of
the charges as guaranteed by *Art. 1 sec. 7 of Del. Constitution*
and the *6th Amendment of the U.S. Constitution.*  Defense counsel
was ineffective for failure to raise this issue on direct appeal.
Facts: *Superior Court Criminal Rules 7(c)* requires that the
offense charged shall be "precise" and "definite, certain and
unambiguous."  The nature and description of an instrument taken
is an essential element of Robbery I.  The prejudice results here
because, U.S. Currency was taken from three separate businesses
and nine individuals over a period of a couple days.  Defendant
was charged with an "open" or "general" indictment.  The jury was
left with the opportunity to convict defendant whether he had
"one cent" or "one thousand dollars."  There was not even a
description of denominations.  This is reversible error, because
any amount of U.S. Currency found on defendant could be found a
fruit of the accusation, even if the defendant had his own pocket
change.  This would also allow defendant to be convicted of the
proceeds of another robbery in the other remaining counts, and/or

-8-



defendant's very own pocket change.

Ground Six: The State's failure to disclose the videotape made of defendant's police station statement is a violation of *Superior Court Criminal Rule 16(a)(d)*, and *14ᵗʰ Amendment of the U.S. Constitution* Due Process, especially when, defendant made a discovery request. Trial counsel was ineffective for failure to identify this issue and raise it on appeal, this violated his *6ᵗʰ Amendment to the U.S. Constitution* rights as well.

Facts: Detectives videotaped the defendant's oral interview with arresting officers. Defendant had a right to assume that everything demanded was under *Rule 16* discovery request. The videotape is the best evidence of defendant's statement. The defendant was prejudiced thereby because a detective testified without any memorial or sanctioned whatsoever, as to the defendant's "demeanor." Failure to provide the videotape also allowed testifying detective to bring in evidence the defendant was just released from prison house Plummer Center, evidence that under *D.R.E. 401 through 404* et. Seq. is not relevant, and is highly prejudicial. A detective made other claims that were highly prejudicial to defendant including escape after conviction from Plummer Center; defendant hadn't slept in three days, and he believed he would do 25 years. Specifically, the unreliability of detectives testimony is at issue considering the complete lack of any handwritten notes, and there were no other police

-9-

23

witnesses that witnessed these alleged statements made by
defendant.   When a discovery violation prejudices substantial
rights of a defendant, his conviction must be reversed.   Had the
defendant been provided the videotape he could have had access to
the "best evidence" of his statement and made appropriate
pretrial suppressions and exclusions IN LIMINE of the evidence of
prior bad acts, and the jury would be able to properly weight and
balance defendant's statement in a fair light.   This is favorable
evidence under *Brady v. Maryland*.

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE | : |
| | : |
| | : I.D. No. 0006017660 |
| | : |
| DEVEARL BACON, | : |
| | : |
| Defendant. | |

## STATE'S RESPONSE TO DEFENDANT'S MOTION FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR COURT CRIMINAL RULE 61

By motion dated September 14, 2004, defendant moves this Court for Postconviction Relief. The State respectfully offers this response in opposition to defendant's claim for relief.

### PROCEDURAL HISTORY

Defendant, Devearl Bacon, was charged by indictment with twenty-four criminal offenses alleging a pattern of criminal behavior committed between June 21, 2000 and June 22, 2000. Counts I through V charged crimes committed at a Gulf Station located within the City of Wilmington on June 21, 2000. Counts VI through XIV charged crimes committed at the Star Liquor Store on New Castle Avenue on June 21, 2000. Counts XV through XVII charged crimes committed at the same Star Liquor Store on June 22, 2000. Finally, Counts XIX through XIV charged crimes committed at the 7-11 on DuPont Highway. Due to the similarity of offenses as well as the fact that the offenses comprised a common scheme or plan occurring over a two day time period, the offenses were joined at indictment and remained joined for trial.[1]

---

[1] Super. Ct. Crim. Rule 8.



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) C.A. No. 0006017660 |
| V. | ) |
| | ) C.A. IN Nos.   00070347 et seq. |
| DEVEARL BACON, | ) 0007161666 et seq. |
| | ) |
| DEFENDANT. | ) |

### DEFENDANT'S REPLY TO THE STATES RESPONSE TO DEFENDANT'S
### MOTION FOR POST-CONVICTION RELIEF UNDER RULE 61

This is the Defendant's reply to the State's Response opposing Defendant's claims. This case has a
complicated history. The claims are both factually and legally complex. While the Defendant understands, the State is
entitled to benefit of all inferences that reasonably may be drawn from proven facts by an orderly and logical deductive
process, where findings of fact are "contrary to the record" are not "facts," as such.

Defendant, having carefully reviewed the record, finds it necessary to shed some light upon the several
misrepresentations and mischaracterizations of material fact State Attorney Lugg has cast upon the facts of this case
regarding its "Procedural History" and "Fact" sections of the State's Response. Some of the States facts are
inaccurate.

The State's case was, as still is weak.[1]  Because of this weakness, throughout the pretrial and trial stages, the
Defendant's rights were "watered down," by bad decisions of his counsel and questionable actions by the State
Attorney. The common thread an experienced eye sees throughout the Defendant's case is that of "the ends justify the
means."

### PROCEDURAL HISTORY

Defendant was originally indicted on 24 separate and distinct criminal offenses that alleged he violated

---

[1]The first 5 counts of the indictments were dropped for lack of evidence against Defendant and, Counts 15 through 17 were lost at
trial for lack of evidence against Defendant.

1

26



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | IN 00-07-1666-1667R1, |
| | : | 1671-1673-R1; and |
| v. | : | IN 00-07-0347-0349-R1 |
| | : | 0351-0352-R1, 0356-0358-R1 |
| DEVEARL L. BACON. | : | 0358-R1 – ID 0006017560 |
| | : | |
| Defendant. | : | |

# OPINION

*Upon Consideration of:*
*Defendant's Motion for Postconviction Relief - DENIED;*

*Defendant's Motion for Enlargement of Time*
*to File Reply to State's Answer - GRANTED; and*

*Defendant's Motion to File Amended Reply to State's Answer - GRANTED.*

Submitted: July 27, 2005
Decided: August 29, 2005





IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON,                  )
                                   )
          Plaintiff,               )
                                   )
     v.                            ) Civ. No. 05-011-JJF
                                   )
WARDEN CARROLL, and CAPTAIN        )
SAGERS,                            )
                                   )
          Defendants.              )

**ORDER**

WHEREAS, plaintiff, Devearl L. Bacon, SBI #221242, is a
prisoner incarcerated at the Delaware Correctional Center in
Smyrna, Delaware, and on January 11, 2005, plaintiff filed a
complaint under 42 U.S.C. § 1983;

WHEREAS, on February 2, 2005, this Court granted the
plaintiff leave to proceed in forma pauperis assessed $6.20 as an
initial partial filing fee, and ordered the plaintiff to file an
authorization form within thirty (30) days from the date the
order was sent or the case would be dismissed without prejudice
(D.I. 4);

WHEREAS, on February 14, 2005, the plaintiff filed the
authorization form (D.I. 5);

WHEREAS, on April 22, 2005, the plaintiff filed a
motion to voluntarily dismiss his complaint pursuant to Fed. R.
Civ. Pro.  41(a) (D.I. 6);

THEREFORE, at Wilmington this 27 day of April,
2005, IT IS ORDERED that the plaintiff's motion is GRANTED.    The
complaint shall be DISMISSED WITHOUT PREJUDICE.

_____
United States District Judge

2

27

(30)

IN THE U.S. DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON )
                 )        Original
                 )
    Plaintiff    )
                 )
    V.           )        Civ. No. 05-011-JJF
                 )
WARDEN CARROLL, AND )
                 )
CAPTAIN SAGERS,  )
                 )
    Defendants.  )

## Motion to Dismiss

Apon Reason, Plaintiff seeks to have this
above action dismiss totally.

April 18, 2005                    Cordially,

                                  Devearl L Bacon

soon as he entered. (See 6-19-01 T.T. pgs. 25-27, 38, 46, 48-49; 55, 60-61, 65-66; 74) This robber also placed the gun barrel end directly to the forehead of the clerk, and, the right side of the temple of a customer.

In the 7-11 robbery, at the first sign of the noncompliance to his demands no shots are fired. The robber here was nervous, the gun being held sideways, and didn't stay still. Also, different was that this robber "didn't directly face [ ] it at us" as testified. This robber's request, (and how many different ways are there really to tell someone "gimme the loot") was different, he says, "give me all the money," and cusses at the clerks. (See 6-20-01 T.T. pgs. 47, 49-52, 60, 63, 70, 81.) And, he didn't rob any customers.

The contrasting facts are clear. The actual use of the gun firing off shots. The ordering of everybody on the floor. Placing the end of the gun barrel and sticking it to each victim's head. A calmness in his demeanor, no nervousness in his voice. The Star Liquors job was pulled-off by a professional bandit. Clearly, the tempo that he was in complete control of that robbery is evident down to the accommodation of a get away car.

Whereas, at 7-11, we have a nervous bandit, hand shaking as he holds the gun, he holds it sideways and never points it directly at any of the clerks despite their boldness in approaching him. He loses his cool, gets angry and cusses the clerks rather than being calm. He did not rob any customers either.

The character of these two robbers is probably about as different as could be if you have a gun and a robber performing a robbery at one of these convenience type stores. Moreover, these types of stores are particularly vulnerable to this kind of crime. They are usually staffed with one or two female clerks, and are natural targets for both professional and non professional bandits.

*Handwritten Grounds 1 & 2 lost in Delaware Correctional Center mail—will forward if received*

Ground Three:

Defendant incorporates the "Procedural History," the "Facts" sections above, as well as the pertinent facts and arguments surrounding Counsel's stipulation to defendant's status on the PDWPP counts that this Court relied on in its determination to deny Defendant's Motion for a Mistrial concerning the State's introduction of evidence that defendant

32

31

(32)

Devearl Bacon
221242 Unit 21-C-U-6, DCC
1181 Paddock Road
Smyrna DE 19977


April 11, 2005


The Honorable Susan C. Del Pesco
Superior Court
500 N. King Street
Wilmington, DE 19801

> Re:    Argument for Ground One and Argument for Ground Two for the insertion in Defendant's
> Reply to the States Response to Defendant's Motion for Post-Conviction Relief Under Rule
> 61 filed on January 10, 2205.

Dear Judge Del Pesco:

I would like to clarify the reason for the tardiness of Argument One and Argument Two. You will note by the attached envelope that the Arguments were mailed by Jeffrey Fogg on January 2, 2005. Jeffrey is the inmate who helped me write my Reply. After grievances were filed and much searching, someone discovered in an office the sealed envelope ready for mailing laying on top of a filing cabinet with papers on top of that. Therefore the envelope with the arguments did not get mailed to Mrs. Meyer who was doing the typing for me. Mrs. Meyer called your law clerk and explained what happened and she said just to mail the two arguments when received.

Also attached are the Exhibits A-E which were also enclosed in the envelope with the Arguments.

Mrs. Meyer's husband was in the hospital at the time she received the Arguments on March 17, 2005, that is why the additional delay in getting them to you.

Many thanks for your patience and consideration in this matter.

Respectfully submitted,


Devearl Bacon
Pro-se


32


The Honorable Susan C. Del Pesco
April 11, 2005
Argument for Ground One and Argument for Ground Two for the insertion in Defendant's Reply to the
States Response to Defendant's Motion for Post-Conviction Relief Under Rule 61 filed on January 10, 2205.
Page 2


Enclosures
cc:      Prothonotary
         Edmund M. Hillis, Esquire
         Sean P. Lugg



INM: JEFFREY FOGG
SBI# 269799   UNIT: 17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

AUG 31, 2005

J.P. NEVER
119 E DELAWARE Commuter
MIDDLETOWN, DE 19977

34

YOUR  FILE  COPY

Devearl Bacon
221242   DCC
1181 Paddock Road
Smyrna DE 19977

July  *31*  , 2005
[date]

PROTHONOTARY
Criminal Division
Superior Court
500 N. King Street
Wilmington, DE 19801

Re:    Response Requested

Dear Sir:

Did the Prothonotary's office receive the Defendant's Reply to the States
Response to Defendant's Motion for Post-Conviction Relief Under Rule 61 that I filed in
**April 2005** and **was it accepted by the Court?**  I have not heard anything and I would
appreciate knowing.

Enclosed is a self-addressed stamped envelope for your reply.

Thanking you in advance for your time and response in this matter.



Yours truly,

/s/
Devearl Bacon
Pro-se

Enclosure

35

HAND-DELIVERY VERIFICATION

By my signature listed below, I certify that on Wednesday, September 14, 2005, I

received a copy of an Opinion regarding case numbers IN 00-07-01666-1667R1,

1671-1673-R1; and IN 00-07-0347-0349-R1, 0351-0352-R1, 0356-0358-R1

0358-R1 – ID 0006017660 from Judge Susan C. Del Pesco decided upon on

August 29, 2005. The opinion consisted of 13 pages including one sheet of

copies of envelopes regarding non-delivery of opinion.

Devereal L. Bacon

Staff Witness - Cindy Atallian
Master Correctional Counselor

Staff Witness - Thomas Seacord
Lieutenant

$\text{Evean} / L. Bacon$

(Print name)

Cindy Atallian
(Print name)

Thomas J Seacord
(Print name)







POSTAGE DUE

mail

RTS
RETURN TO SENDER

Devearl L. Bacon, ID 0006017660
Delaware Correctional Center
1811 Paddock Rd

A □ INSUFFICIENT ADDRESS
O □ ATTEMPTED NOT KNOWN
C □ NO SUCH NUMBER/STREET     OTHER
S □ NO DELIVERABLE AS ADDRESSED
□ UNABLE TO FORWARD

19801-3733  12

SUPERIOR COURT OF THE STATE OF DELAWARE
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
020310

OFFICIAL BUSINESS, PENALTY FOR PRIVATE USE $300

RECEIVED
SEP 0 6 2005
JUDGE DEL PESO'S OFFICE

STATE MAIL

N2TO

SUPERIOR COURT OF THE STATE OF DELAWARE
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
020310

OFFICIAL BUSINESS, PENALTY FOR PRIVATE USE $300



Devearl L. Bacon, ID 0006017660
Delaware Correctional Center
1811 Paddock Rd.
P.O. Box 500
Smyrna, DE 19877
N440

Screened by:
Delaware Capitol
Police

JUDGE DEL PESO'S OFFICE

RECEIVED
SEP 1 3 2005

37

③⑧

COPY

FORM #584

GRIEVANCE FORM

FACILITY: J.C.C.

DATE: 9-15-5

GRIEVANT'S NAME: SEVEARL BACON

SBI#: 22/242

CASE#:_____

TIME OF INCIDENT:_____

HOUSING UNIT: 22-B-U-2

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

On Sept. 6, 2005 Hon. Judge Susan Delfesco sent me a copy of my Post-Conviction Appeal decision, D.C.C. Prison has sent it back twice to Judge.

On Sept. 14, 2005 I was called out of cell by C/o too talk to Counselor Ms. Attian. Counselor Ms. Brittinham, And Lt. Seacord. They handed me a "Hand-Delivery Verification" to be signed by each of us to prove that I recieved a copy of my Post-Conviction decision. This documents Also Prove "Forgery"

ACTION REQUESTED BY GRIEVANT: The Prison has Denid me "Access" To The Court. I need to be paid for mental stress that I've been going through.

GRIEVANT'S SIGNATURE:_____

DATE: Sept. 15, 2005

WAS AN INFORMAL RESOLUTION ACCEPTED?_____(YES) _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____                DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

38

FORM #584

## GRIEVANCE FORM

FACILITY: S.C.C.

DATE: 9-15-5

GRIEVANT'S NAME: SEVEAR/ BACON

SBI#: 22/242

CASE#:_____

TIME OF INCIDENT:_____

HOUSING UNIT: 22 - B-U-2

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

On Sept. 17, 2004 I filed for Post-Conviction Appeal.

On About Oct. 3, 2004 I recieved Legal Mail with Order Missing.

On About Jan. 2, 2005 A 3rd PARTY WAS helping me with Appeal, sent from Prison my 1st + 2nd arounds for my Appeal. However this mail was held by S.C.C. Prison for 3 months then finally mailed.

ACTION REQUESTED BY GRIEVANT: For the Stress I've Suffered for delay's in my Appeal along with Denied Access to the Court, I ask to be. PAid dAmAgES.

GRIEVANT'S SIGNATURE:_____  DATE: Sept 15, 2005

WAS AN INFORMAL RESOLUTION ACCEPTED?  ____(YES)  ____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____  DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

39

Copy

DEVEARL L. BACON
#221242
22-B-U-2

GRIEVANCE BOARD
D.C.C.

Oct. 15, 2005

Board;

I filed A GRIEVANCE ON LEGAL MAIL ISSUES. THIS GRIEVANCE WAS filed AS AN EMERGENCY GRIEVANCE AND WASN'T heard.

I WANT to Appeal your "Policy" ON EMERGENCY GRIEVANCES.



DEVEARL L. BACON

40

(41)

Original

**FORM #584**

**GRIEVANCE FORM**

FACILITY: $\mathcal{J}.\mathcal{C}.\mathcal{C}.$

DATE: 1-30-6

GRIEVANT'S NAME: JEVEAR L. BACON

SBI#: 221242

CASE#: 23326

TIME OF INCIDENT: 1-26-6

HOUSING UNIT: 22-B-U-2

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

On 1-5-6 I trusted C/o Ms. Scott (4pm-12) to mail legal mail with 5 stamps Already on the ENVAlope.

On 1-26-6 I recieved information from the location to wit: this mail was sent. This party informed me that they recieved my out going mail on 1-23-6, 18 daies later.

This mail that I sent out on 1-5-6 was for legal works that was "Deadlined" 1-30-6.

ACTION REQUESTED BY GRIEVANT: Ever since I've filed for my "Pro-se" Post-Conviction Appeal "Cowards" have been stopping All And Any out going & incoming mail. Pay me for my Mental pain.

GRIEVANT'S SIGNATURE: _____ DATE: 1-30-6

WAS AN INFORMAL RESOLUTION ACCEPTED? _____ (YES) _____ (NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____ DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

RECEIVED

FEB 0 1 2006

Inmate Grievance Office

41

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

✓  **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed. _____ Disciplinary Action _____ Parole Decision _____ Classification Action

✓  **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance #_____ .

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

*4.4 is not a Court of law and Cannot award money for alleged Metal damages.*

Inmate Grievance Chairperson

FEB 0 2 2006

Date

43

Copy

DEVEARL L. BACON
#221242
22-B-U-2

GRIEVANCE BOARD
D.L.C.

Feb 8, 2006

Board;

On 1-30-06 I filed Grievance (Legal Mail Issue).
Case #23326 was Denied but I wasn't served an Appeal
Sheet.

I Appeal decision on Feb 2, 2006.



DEVEARL L. BACON

43



(45)

IN THE NAME OF THE LORD

1-5-6

RECEIVED
JAN 2 3 2006

Mrs. Meyer;

It is prayed _____ and yours five we are in good health, happiest of spirits.

Mrs. Meyer, back in Dec. I filed for a EXTENTION because at that moment I knew I'd better get as much time that I could to put the Brief in. — The Court gave me until January 30, 2006 and no more time after that.

My guess is:

THE LORD IS US IS TUFF that He WISH HAVE me to carry this upon my back, it would have been nice to have those other hand-written works that you sent me

45-



*Jeanne Meyer*
*119 E Delaware Canal Ct, Middletown, DE 19709*

1/30/06

Devearl Bacon
221242 Unit 22 B U 2
1181 Paddock Road
Smyrna DE 19977

Re:    Mail Room Problems
       Typing your Reply

Dear Devearl:

Received your letter. I hope the court takes the typed pages in place of the handwritten. You did it right, at least the way I see it.

Regarding the mail room. I am glad you included with your filing that you are still having problems so the JUDGE is aware of it. I am still stamping in the envelopes that I receive. Thanks for putting the date on your letter and the outside of the envelope. That is evidence when I make the case against the DCC mail room. It is getting to be ridiculous that it takes them 2-3 weeks to get something sent out from the time you give it to them. Last year I received an envelope that took 2 ½ months! They are fooling with FEDERAL MAIL! And, they are guilty!! That's okay though, I'm still saving all the envelopes so I have EVIDENCE the guards or the mail room people are messing with the mail!

I am typing for my son and I had some questions on his rough draft, so I sent it back with the typed copy so I could ask him some questions on his writing and footnotes. They sent it back to me and said *Refused, I/M to I/M not authorized.* It wasn't inmate to inmate, it was the draft that Jeff sent me and I needed some clarification on his writing. They are so stupid and I can't deal with stupid people!!!!!!!!!!!!!!!!!

Still very busy working on the other documents(deadline 3/4/06.) So if you send me what needs to be typed, I will try and get it done. Hopefully, it will be after 3/4. I'm not planning any vacation right now, so we should be okay time wise.

Blessings to you!

                            Mrs. Meyer

                            Mrs. Meyer

(47)

~ CMERGENCY AGRIEVANCE

**FORM #584**

**GRIEVANCE FORM**

**FACILITY:** D.C.C.

**DATE:** April 5, 2006

**GRIEVANT'S NAME:** Sevean/ L. Bacon

**SBI#:** 221242

**CASE#:**

**TIME OF INCIDENT:** 7:35 pm

**HOUSING UNIT:** 22-B-U-2

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

On 4-4-06 I recieved "Openned Legal Mail". This Mail
was openned without me as a witness to the openning of this
Document from Legal "Services C.L.C., Hawaii.

Movant dosen't know if there is Inportant Documents Missing
At such a "critical" moment., Movant is in Appeal Stages of
a 38 year sentence.

My Constitutional Rights have been Violated for the past
3 1/2 years on a "Consistent basis".

ACTION REQUESTED BY GRIEVANT: An Investigation needs to be given ASAP
So that Movant can find out who's responsible for these
impairments.

**GRIEVANT'S SIGNATURE:**

**DATE:** April 5, 2006

WAS AN INFORMAL RESOLUTION ACCEPTED?    ____(YES)    ____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

47



DCC  Delaware Correctional Center                    Date:07/17/2006
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : BACON, DEVEAR L | SBI# : 00221242 | Institution : DCC |
| Grievance # : 33383 | Grievance Date : 04/05/2006 | Category : Individual |
| Status : Unresolved | Resolution Status : | Resol. Date : |
| Grievance Type: Mail | Incident Date : 04/04/2006 | Incident Time : |
| IGC : Merson, Lise M | Housing Location : Bldg 21, Lower, Tier A, Cell 3, Top | |

## OFFENDER GRIEVANCE DETAILS

Description of Complaint: Inmate claims: On 4-4-06 I received "open legal mail". This mail was open without me as a witness to the opening of this document from legal "services L. L. C., Hawaii".
Movant doesn't know if there is important documents missing at such a "critical" moment. , movant is in appeal stages of a 38 year sentence.
My constitutional rights have been violated for the past 3 1/2  years on a "consistent basis"

Remedy Requested    : An investigation needs to be given ASAP so that movant can find out who's responsible for these impairments.

## INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| Medical Grievance : NO | Date Received by Medical Unit : |
| Investigation Sent : | Investigation Sent To : Smith, Tonya |
| Grievance Amount : | |

**Page 1 of 2**

07/18/2006   14:09   13026596687   LEGAL SERVICES   PAGE   08/10

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 07/17/2006

## INFORMAL RESOLUTION

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** BACON, DEVEAR L | **SBI#** : 00221242 | **Institution** : DCC |
| **Grievance #** : 33383 | **Grievance Date** : 04/05/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Mail | **Incident Date** : 04/04/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 21, Lower, Tier A, Cell 3, Top | |

### INFORMAL RESOLUTION

**Investigator Name** : Smith, Tonya                     Date of Report 04/24/2006

**Investigation Report :**

**Reason for Referring:**

Offender's Signature:_____

Date            :_____

Witness (Officer)   :_____

**Page 2 of 2**

49

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 03/16/2007

## GRIEVANCE INFORMATION - WARDEN

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : BACON, DEVEAR L | SBI# : 00221242 | Institution : DCC |
| Grievance # : 33383 | Grievance Date : 04/05/2006 | Category : Individual |
| Status : Unresolved | Resolution Status : | Inmate Status : |
| Grievance Type: Mail | Incident Date : 04/04/2006 | Incident Time : |
| IGC : Merson, Lise M | Housing Location : Bldg 21, Lower, Tier A, Cell 3, Top | |

### REFERRED TO

Due Date :                   Referred to:            Name:

Type of Information Requested :

### DECISION

Date Received     : 12/11/2006

Decision Date      : 03/16/2007          Vote : Deny

Comments            : Denied. Inm. Bacon refused to participate in the grievance process. However, the grievance was
investigated with no proof being determined to support Inm. Bacon's allegations.

cc IGC
    Inmate

## Inmate Copy

_Elizabeth Burris_
**WARDEN / WARDEN'S DESIGNEE SIGNATURE**

3/16/07
**DATE**

I WISH TO APPEAL THIS TO THE BUREAU GRIEVANCE OFFICER (B.G.O.)        YES:_____        NO:_____

**GRIEVANT'S SIGNATURE**

**DATE**

**I.G.C. SIGNATURE**

**DATE**

MAR 1 9 2007



**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

**Date:** 03/20/2007

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** BACON, DEVEAR L | **SBI#** : 00221242 | **Institution** : DCC |
| **Grievance #** : 33383 | **Grievance Date** : 04/05/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status :** | **Resol. Date** : |
| **Grievance Type:** Mail | **Incident Date** : 04/04/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 21, Lower, Tier A, Cell 3, Top | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims: On 4-4-06 I received "open legal mail". This mail was open without me as a witness to the opening of this document from legal "services L. L. C., Hawaii".
Movant doesn't know if there is Important documents missing at such a "critical" moment. , movant is in appeal stages of a 38 year sentence.
My constitutional rights have been violated for the past 3 1/2 years on a "consistent basis"

**Remedy Requested** : An investigation needs to be given ASAP so that movant can find out who's responsible for these impairments.

## INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Smith, Tonya |
| **Grievance Amount :** | |



**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

**Date:** 03/20/2007

---

# INFORMAL RESOLUTION

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** BACON, DEVEAR L | **SBI#** : 00221242 | **Institution** : DCC |
| **Grievance #** : 33383 | **Grievance Date** : 04/05/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Mail | **Incident Date** : 04/04/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 21, Lower, Tier A, Cell 3, Top | |

## INFORMAL RESOLUTION

**Investigator Name** : Smith, Tonya                    **Date of Report** 04/24/2006

**Investigation Report :**

**Reason for Referring:**

---

**Investigator Name** : Smith, Tonya                    **Date of Report** 09/11/2006

**Investigation Report :**

**Reason for Referring:** Ms. Smith,
        This grievance has reached the 150 day warning. Please investigate, meet with the inmate and resolve if possible. Thank you,
        Cpl. Merson

---

**Investigator Name** : Powell, Carroll                    **Date of Report** 10/12/2006

**Investigation Report :** It is DCC policy that Legal Mail is delivered to the building unopened.  Inmate Bacon needs to provide the envelope in question for further investigation.

10/31/06 Cpl. Oney took grievance report to inmate Bacon he refused to sign and stated that the grievance is still in court proceedings.

**Reason for Referring:** Please investigate, respond to grievance and capture inmate signature if informal resolution is accepted.

---

**Investigator Name** : Burris, Betty                    **Date of Report** 10/26/2006

**Investigation Report :**

**Reason for Referring:** As per your instructions.

---

**Investigator Name** : McCreanor, Michael                    **Date of Report** 11/30/2006

**Investigation Report :**

**Reason for Referring:** hold a hearing

---

52

53.

## INFORMAL RESOLUTION

### OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** BACON, DEVEAR L | **SBI#** : 00221242 | **Institution** : DCC |
| **Grievance #** : 33383 | **Grievance Date** : 04/05/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Mail | **Incident Date** : 04/04/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 21, Lower, Tier A, Cell 3, Top | |

**Offender's Signature:** _____

**Date** : _____

**Witness (Officer)** : _____

## GRIEVANCE INFORMATION - IGC

### OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** BACON, DEVEAR L | **SBI#** : 00221242 | **Institution** : DCC |
| **Grievance #** : 33383 | **Grievance Date** : 04/05/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status :** | **Inmate Status :** |
| **Grievance Type:** Mail | **Incident Date** : 04/04/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 21, Lower, Tier A, Cell 3, Top | |

### IGC

**Medical Provider:**  **Date Assigned**

**Comments:**

[ ] **Forward to MGC**        [ ] **Forward to Medical Provider**   [ ] **Warden Notified**

[x] **Forward to RGC**        **Date Forwarded to MGC :**   11/01/2006

[ ] **Offender Signature Captured**   **Date Offender Signed** :

53

(54).

**DCC  Delaware Correctional Center**
Smyrna Landing Road
**SMYRNA DE, 19977**
Phone No. 302-653-9261

**Date:** 03/20/2007

# GRIEVANCE INFORMATION - RGC

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** BACON, DEVEAR L | **SBI#** : 00221242 | **Institution** : DCC |
| **Grievance #** : 33383 | **Grievance Date** : 04/05/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status :** | **Inmate Status :** |
| **Grievance Type:** Mail | **Incident Date** : 04/04/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 21, Lower, Tier A, Cell 3, Top | |

## RGC

**Date Received** : 11/01/2006          **Date of Recommendation:** 12/11/2006

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| Inmate | 00333101 | BROKENBROUGH, RORY L | Uphold |
| Inmate | 00367132 | STEVENS, RANDY W | Uphold |
| Staff | | Kramer, William | Deny |
| Staff | | Merson, Lise M | Deny |

### VOTE COUNT

| Uphold : 2 | Deny : 3 | Abstain : 0 |
|---|---|---|

### TIE BREAKER

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| Staff | | McCreanor, Michael | Deny |

### RECOMMENDATION

Hearing held 4 December 2006.
Deny: I/M will not discuss grievance. Claims it is in the hands of court. Investigation could not be conducted because I/M refused to cooperate. I/M admitted he did not cooperate in investigation.

54

(35)

**DCC Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/20/2007

## GRIEVANCE INFORMATION - WARDEN

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : BACON, DEVEAR L | **SBI#** : 00221242 | **Institution** : DCC |
| **Grievance #** : 33383 | **Grievance Date** : 04/05/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status** : | **Inmate Status** : |
| **Grievance Type:** Mail | **Incident Date** : 04/04/2006 | **Incident Time** : |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg 21, Lower, Tier A, Cell 3, Top | |

### REFERRED TO

**Due Date :**           **Referred to:**           **Name:**

**Type of Information Requested :**

### DECISION

**Date Received** : 12/11/2006

**Decision Date** : 03/16/2007          **Vote** : Deny

**Comments** : Denied.  Inm. Bacon refused to participate in the grievance process.  However, the grievance was investigated with no proof being determined to support Inm. Bacon's allegations.

                cc IGC
                    Inmate

**WARDEN / WARDEN'S DESIGNEE SIGNATURE**                    **DATE**

**I WISH TO APPEAL THIS TO THE BUREAU GRIEVANCE OFFICER (B.G.O.)**    **YES:**_____    **NO:**_____

**GRIEVANT'S SIGNATURE**                                    **DATE**

**I.G.C. SIGNATURE**                                        **DATE**

55

(56)

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

**Date:** 03/20/2007

56



57

December 29, 2006


The Honorable Ruth Ann Minner
Governor of Delaware
Tatnall Building
William Penn Street, 2nd Fl.
Dover, DE  19901

RE:   Investigation of Delaware Correctional Center, Symrna,
      Delaware; Howard R. Young Correctional Institution,
      Wilmington, Delaware; Sussex Correctional Institution,
      Georgetown, Delaware; John L. Webb Correctional
      Facility, Wilmington, Delaware; and Delores J. Baylor
      Women's Correctional Institution, New Castle, Delaware

Dear Governor Minner:

     I am writing to report the findings of the Civil Rights
Division's investigation of conditions and practices at the
following five Delaware Department of Correction ("DOC")
facilities:  the Delaware Correctional Center ("DCC"), the
Howard R. Young Correctional Institution ("HRYCI"), the Sussex
Correctional Institution ("SCI"), the John L. Webb Correctional
Facility ("Webb"), and the Delores J. Baylor Women's Correctional
Institution ("BWCI").

     On March 7, 2006, we notified you of our intent to conduct
an investigation of these facilities pursuant to the Civil Rights
of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997,
which gives the Department of Justice authority to seek remedies
for any pattern and practice of conduct that violates the
constitutional or federal rights of incarcerated persons.  We
informed you that our investigation would focus on medical and
mental health care.

     We note that the State has cooperated thoroughly with our
investigation and, under the leadership of DOC Commissioner
Stanley W. Taylor, Jr., has unequivocally indicated its clear
desire to improve medical and mental health care services at the
facilities.  From the outset of our investigation, the State has
been proactive in evaluating the conditions at the facilities.

- 2 -

Indeed, the State retained its own expert consultants, Dr. Ronald Shansky and Dr. Roberta Stellman, to evaluate medical and mental health care services, respectively, at DCC, HRYCI, SCI, Webb, and BWCI in July and September 2006. Following these evaluations, the State shared the results of its internal evaluations with us.

The State's experts identified systemic deficiencies in medical and mental health care at four of the five facilities: DCC, HRYCI, SCI, and BWCI (hereinafter, "the facilities"). These findings were presented to the Department of Justice in oral and written presentations by Fried, Frank, Harris, Shriver & Jacobson, outside counsel for the State. To facilitate our investigation, the State agreed to stipulate to the accuracy of these factual findings. Given the State's complete cooperation with our investigation, the unsolicited disclosure of its comprehensive internal audit of medical and mental health care services, and the State's stipulation, we elected to limit our expert tours to a representative subset of the facilities.

Department of Justice staff toured the five facilities on June 22, 2006, July 17-19, 2006 and August 14-16, 2006. We conducted additional tours of HRYCI, Webb and BWCI, accompanied by expert consultants in the fields of medicine, mental health care, and suicide prevention on October 4-6, 2006, October 23-25, 2006, and November 15-17, 2006. During these tours, we reviewed a wide variety of State and facility documents, including policies, procedures, and medical and mental health records relating to the care and treatment of inmates. We interviewed prison administrators, professionals, staff and inmates at each facility. In keeping with our pledge of transparency and to provide technical assistance where appropriate regarding our investigatory findings, we conveyed our preliminary findings to certain State and facility administrators and staff during verbal exit presentations at the close of each of our on-site visits. As detailed below, our investigative findings mirrored those of the State's experts.

We commend the administrators and staff of the five facilities we toured for their helpful and professional conduct throughout the course of the investigation. In particular, facility personnel cooperated fully and expeditiously with our document requests.

We are confident that our work with the State will continue in the same cooperative manner we have enjoyed throughout our investigation. However, consistent with our statutory obligation under CRIPA, we set forth below the findings of our investigation, the facts supporting them, including those facts

stipulated to by the State, and the minimum remedial steps that are necessary to address the deficiencies we have identified. As described below, we conclude that inmates confined at the facilities suffer harm or are placed at the risk of harm from constitutional deficiencies in certain aspects of the medical and mental health care services, including suicide prevention. Notwithstanding the foregoing, we are pleased to report that we find no constitutional deficiencies at Webb.

## I.  BACKGROUND

Delaware is one of six states that house both pre-trial detainees and sentenced prisoners in a single unified system, although detainees and prisoners are not housed together. Medical and mental health care services at the facilities are provided through a contract with a private vendor. DCC is located in Smyrna, Delaware, and houses approximately 2,500 male inmates, including both pre-trial detainees and sentenced prisoners. DCC also contains the Security Housing Unit ("SHU"), which houses inmates with disciplinary problems or who otherwise require the maximum level of security. DCC also contains the State's death row. HRYCI is located in Wilmington, Delaware. The facility houses approximately 1800 males, both pre-trial detainees and sentenced inmates. SCI is located in Georgetown, Delaware, and houses approximately 1200 male inmates, including a 100-bed boot camp. BWCI is located in New Castle, Delaware, and houses approximately 400 female pre-trial detainees and sentenced inmates at all security levels. Webb is located in Wilmington, Delaware, and houses approximately 80 minimum security male inmates.

## II.  FINDINGS

### A.  MEDICAL CARE

Under CRIPA, the Department of Justice has authority to investigate violations of the constitutional rights of inmates in prisons, and pre-trial detainees in jails. The rights of sentenced inmates fall under the Eighth Amendment, which prohibits the imposition of cruel and unusual punishment. Under the Eighth Amendment, jails must provide humane conditions of confinement, which include adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Failure to provide adequate care to address the serious medical needs of inmates can constitute deliberate indifference, a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 27 (1976). The responsibility to provide adequate medical care includes mental health care.



- 4 -

Tillery v. Owens, 907 F.2d 418 (3d Cir. 1990). Failure to
protect a suicidal prisoner from self-harm can also amount to a
constitutional violation. Inmates of Allegheny County v. Pierce,
612 F.2d 754, 763 (3d Cir. 1979); Colburn v. Upper Darby
Township, 838 F.2d 663 (3d Cir. 1988). The responsibility to
protect inmates from harm includes the possibility of future harm
as well as present harm. Helling v. McKinney, 509 U.S. 25, 33
(1993); Tillery, 907 F.2d at 426.

  With regard to pre-trial detainees, the Fourteenth Amendment
prohibits imposing conditions or practices on detainees not
reasonably related to the legitimate governmental objectives of
safety, order, and security. Bell v. Wolfish, 441 U.S. 420
(1979). The Third Circuit has opined that the protections
afforded to pre-trial detainees are at least as great as those
afforded to sentenced prisoners. Hubbard v. Taylor, 399 F.3d
150, 166-167 (3d Cir. 2005) (pre-trial detainees claims of
constitutional violations to be analyzed under Fourteenth
Amendment).

     Our investigation revealed that the medical care provided at
the facilities falls below the standard of care constitutionally
required in the following areas, all of which were also
identified by the State as deficient: intake; medication
administration and management; nursing sick call; provider sick
call; scheduling, tracking, and follow-up on outside consults;
monitoring and treatment of communicable diseases; monitoring and
treatment of chronic diseases; medical records documentation;
scheduling; infirmary care; continuity of care following
hospitalizations; grievances; and patient confidentiality. In
addition, we found that care for patients with acute medical
urgencies was also constitutionally inadequate.

     **1. Sick Call**

     The State's expert found that sick call is not being
regularly conducted at the facilities and that sick call
"no-shows" (inmates who do not appear for their scheduled medical
appointments) are not tracked. Our investigation confirmed that
there are inadequate sick call systems in place which directly
interferes with inmates' access to care for their serious medical
needs. Specifically, the systems are deficient in scheduling
appointments, and tracking no-shows. For example, the inadequate
scheduling system at HRYCI resulted in only seven of the
representative sample of 14 patients scheduled for sick call on
one day being seen. In addition, we found that inmates who
missed sick call were not tracked and, as a consequence, often
not rescheduled. The sick call process for inmates' requiring





ASSESSMENT FORM

# **PLEASE TYPE**

## FOUNDATION FOR INNOCENCE

Express Legal Services, L.L.C.
1050 Bishop Street, #508
Honolulu, Hawaii. 96813
Ph/Fax (808) 247-0780
Email: innocencehawaii2002@yahoo.com

*The questions below are designed to help us decide whether we will be able to help you seek release from prison on the ground you were innocent of the crime for which you were convicted, or rendered ineffective assistance of counsel where your constitutional rights were violated. You should understand that in order to prove your innocence, there must be a good possibility of locating new evidence that was either not available, or was overlooked, or was not presented by you or your attorney at the time of trial or on appeal. Preferably, the new evidence should be in the form of physical evidence, but other evidence, such as eyewitness, or victim, or witness recantation, may also suffice. We are currently assessing cases nationwide.*

Name: _____ Institution Number: _____ Date of Birth: _____
Prison:_____Address:_____
SSN#:_____Race:_____ Inmate Counselor Name: _____

PART I.   INTRODUCTORY INFORMATION

1. Date sentenced: _____Length of sentence(s): _____. Expected release date: _____

2. Offense(s) for which you were convicted: _____
_____
_____

3. Date of crime: _____ Date of Arrest: _____Place of conviction:_____

4. Do you claim to be innocent as to all the above offenses? _____ If not, which charges are you

innocent of? _____

5. What is your first language? _____. What is your highest grade level completed?_____

6. Did your case go to trial, or did you plead guilty, no contest, or Alford?_____

7. If you had multiple trials, how many? _____ and, what was the reason for the outcome of each

trial?_____
_____

8. Have you filed an appeal? ____(Yes) ____(No) If Yes, describe the status of your appeal:
_____
_____

1



9.  Have you pursued a Habeas Corpus or Post Conviction Petition on the State level?

(Yes)_____ (No) _____ If "Yes" describe current status: _____

_____

_____

10.  Have you pursued a Habeas Corpus on the Federal level? _____ (Yes) _____ (No)

If "Yes" describe current status:_____

_____

11.  Are you currently represented by counsel? If so, please provide the Name, Address and Phone

Number of your current counsel:_____

_____

12.  If you are no longer represented by counsel, please provide the Name, Address and Telephone

Number of your last attorney, and describe what your last attorney helped you with (Trial, Appeal,

etc.)_____

_____

_____

13.  List the issues that were raised in your appeal, and give the <u>date</u> of the <u>final decision</u> from the

appeals court:_____

_____

_____

_____

_____

_____

_____ Date of decision: _____

PART II.  INSTRUCTIONS: Please answer, as fully as you can, all of the questions that apply to your
case. The more information we have, the better we can assess your case.

14.  Briefly Describe the Prosecution's Theory of Your Case at Trial: _____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____

15. Briefly Describe the Defense's Theory of Your Case at Trial: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

16. Please summarize the facts of your case. *What was the crime?  What happened?  What was your involvement in the crime?*  Explain why you are <u>Innocent</u> and why you believe you were wrongly convicted.

_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## PART III.   THE FACTS OF YOUR ARREST

1.  Did the police interview you before or after you were arrested?  (Yes) _____ (No)_____.

If Yes, How many times and how long were you interviewed? _____ _____ _____ _____

_____

2.  When was the first time you spoke with your attorney? _____.

3.  Did you give a recorded statement/Confession? (Yes) ____ (No) ____ (Video)____ (Audio) ____.

4.  Was it a written statement?  (Yes) _____ (No) _____.

5.  If Yes, did you sign it?  (Yes) _____ (No) _____.

6.  Explain why you gave a statement, and briefly describe what you told the police? _____

_____
_____
_____
_____

4



7. Name(s) of victim(s): _____

8. Did any alleged victim(s) identify you? Yes _____ No _____ If Yes, who, when and where?

*(Example: At the scene of the crime, line up, in court, etc.)* _____

9. Did you know the victim(s)? If yes, how? _____

_____

10. Did anyone else identify you? _____

11. Were others charged in connection with this crime? Yes _____ No _____

Name(s): _____ same trial _____ separate trial _____ "took a deal" _____

Name(s): _____ same trial _____ separate trial _____ "took a deal" _____

12. How did you become a suspect? _____

_____

_____

13. Why do you think the "victim(s)" made complaints against you? _____

_____

_____

14. Do you have an alibi that proves you could not have committed the crime you were convicted
of? (Yes) _____ (No) _____ If Yes, what is it? _____

_____

_____

15. Do you have some way to prove the alibi? (Yes) _____ (No) _____ If Yes, how? _____

_____

_____

16. Is your case one of mistaken identity? _____

17. Did you tell your attorney you were innocent? _____

18. Did you refuse to accept a plea agreement? (Yes) _____ (No) _____

If Yes, what was the agreement you refused to accept? Why? _____

_____

19. If you accepted the Plea Agreement, what did your attorney say to you to make you decide that
a plea was in your best interest? _____

5



## PART IV.   PHYSICAL AND /OR BIOLOGICAL EVIDENCE .

*INSTRUCTIONS: Please answer, as fully as you can, all of the questions that apply to evidence:*

1.  Was any <u>physical</u> evidence recovered during the investigation of your case? (Yes) ___(No)___
What evidence was recovered? _____
_____
_____

2.  Was any <u>biological</u> evidence recovered during the investigation of your case? (Yes) ___(No)___
*(For example: hair, blood, vaginal swabs, anal swabs, or saliva)* (Yes) ____(No) ____ If "Yes" what
samples were obtained? _____

3.  Was any testing done on the evidence? (Yes) _____(No) _____ What kind of testing was done?
*(For example, blood group typing [A,B,O], hair or fiber comparisons, DNA testing {RFLP, PCR], etc)*
_____

4.  Who arranged to have the testing done?   Prosecution _____ Defense _____

5.  Do you have a report of the test results?  (Yes) _____ (No) _____ If yes, please send us a copy.
If no, what were the results? _____

6.  What evidence was introduced at trial? _____
_____
_____

7.  Were the results of the tests used at trial?  (Yes) _____ (No) _____ If not, why not? _____
_____
_____

8.  Who actually <u>did</u> the test? (Name, address, telephone) _____
_____
_____

9.  Was a second test done?  (Yes) _____ (No) _____

10.  Who arranged to have the second test done?   Prosecution _____ Defense _____

11.  Was testing done on <u>all</u> of the physical/biological evidence recovered during the investigation
of your case? (Yes) _____ (No) _____ If <u>NO</u>, what was <u>not</u> tested? _____



12. Were the results of the tests used on <u>appeal</u> or on <u>post-conviction</u>?  (Yes) _____ (No) _____

13. Was a 'Motion To Preserve Evidence' filed by your attorney?  (Yes) _____ (No) _____

14. Is the evidence still available?  (Yes) _____ (No) _____

15. What is the location of the evidence? _____

## PART V.  THE FACTS OF YOUR TRIAL

1. Did you testify? (Yes) _____ (No) _____ If no, why didn't you testify? _____

_____

_____

2. Did any of the alleged victim(s) testify? (Yes) _____ (No) _____ If Yes, list their names, present whereabouts (if known) and any information that might help us locate them: _____

_____

_____

3. What kind of Expert(s) testified for the Prosecution? (Include names, addresses & phone numbers if known) _____

_____

_____

4. What kind of Expert(s) testified for the Defense? (Include names, addresses & phone numbers if known) _____

5. Who else testified at your trial?  Prosecution: _____

_____

_____

Defense: _____

_____

_____

6. Did any police informants or snitches testify against you at your trial? _____

7. Did any informant or snitch claim to have learned any information from you about your case <u>before</u> or <u>after</u> your arrest? _____

8. Did anybody testify against you in exchange for a promise of leniency in their own case? _____

_____



9. Please briefly describe the makeup of your jury: What was the predominant race & gender of the jury? How long did they deliberate? Other facts we should know about your jury? _____

_____

_____

_____

_____

_____

## PART VI.   CASE MATERIALS

*(Check those documents you can make available to us. Please do NOT send anything until we specifically request it.)*

1.  Hearing Transcript(s)            _____

2.  Trial Transcript(s)              _____

3.  Police report(s)                 _____

4.  Laboratory report(s)             _____

5.  Appellate Briefs:

    Appellant (defense)              _____

    Respondent (prosecution)         _____

6.  Secondary Appellate Briefs:

    Appellant (defense)              _____

    Respondent (prosecution)         _____

7.  Post-Conviction Briefs:
    Appellant (defense)              _____

    Respondent (prosecution)         _____

## PART VII   CHILD SEXUAL ABUSE CASES

1.  How many children accused you of sexually abusing them?_____ _____

2.  For each child, list the age at time of alleged abuse, gender, and your relationship to each child:

Child 1 : _____

Child 2 : _____

3.  How old are the children now? _____

8



4. Who did the children tell about the abuse? _____

5. Were the children's first complaints against you taped?  (Yes) _____   (No) _____

6. Were the tapes used during your trial? (Yes) _____ (No) _____ If not, why not? _____
_____

7. Why do you think the children made complaints about you? _____
_____
_____
_____
_____

8. Was the Department of Social Services (DSS) involved?  (Yes) _____   ( No) _____

9. Did your attorney interview the children before your trial?  (Yes) _____   ( No) _____

10. Did any of the children testify against you? (Yes) _____  ( No) _____

11. What did they say? _____
_____
_____
_____
_____

12. Were the medical reports used at trial?  (Yes) _____   ( No) _____

13. Did either the prosecution or the defense use the children's psychological reports at trial?

(Yes) _____   ( No) _____   If the results were NOT used, why not? _____
_____

14. Have the children accused other people, were those people convicted? _____

15. Have any of the children recanted their statements?  (Yes) _____   ( No) _____

PART VIII.  ABOUT YOU

1. Please provide the names, addresses and phone numbers of family and friends who have
information regarding your case? _____
_____
_____
_____



2    Summarize any new evidence that exists in your case that would lead to proof of innocence.

*"New evidence" can include, among other things, newly found evidence, a key witness who has recently recanted his/her testimony, or even evidence in existence at the time of your trial that can now be subjected to new scientific testing or analysis for results not available at your trial.*

_____

_____

_____

_____

_____

_____

_____

## IMPORTANT: READ BEFORE SIGNING

By signing below, I authorize the Foundation For Innocence to assign one or more Paralegals, forensic analysts, investigators and attorneys to investigate my case. This includes, but is not limited to, authorizing correspondence and/or telephone calls to prior counsel, prosecutors, or witnesses.

I authorize any and all entities and persons, including my former attorney(s), investigator(s), and appellate programs who worked on my case, to release to the Foundation For Innocence or to its staff or representatives, any and all records, files, reports, and information of any kind related to me or to any criminal case involving me, including police reports, witness statements, post-conviction pleadings, and correctional records, pre-sentencing reports and other documents in prison social services and legal files, legal papers, court documents, medical records, laboratory analyses, probation reports, attorney files and records, and any other information necessary to the Program's work on my behalf.

I fully understand that there may be statutes, rules, and regulations that protect the confidentiality of some of the records, files, reports and information covered by this release; it is my specific intent to waive the protection of all such statutes, rules and regulations so that confidential information can be shared with the Foundation for Innocence.

By my signature below, I represent that this waiver is voluntary and given without any reservation. This authorization is effective until revoked by the undersigned in writing.

Signature: _____ Date: _____

NOTE: Please return this form within 30 days, with the required $25.00 review fee. (Money Order and/or Check) should be made out to Express Legal Services L.L.C.
*PLEASE DO NOT SEND TRANSCRIPTS OR OTHER DOCUMENTS UNTIL REQUESTED*



# FOUNDATION FOR INNOCENCE

Express Legal Services, L.L.C.
1050 Bishop Street, #508
Honolulu, Hawaii. 96813
Ph/Fax (808) 247-0780
Email: innocencehawaii2004\yahoo.com

## CONSENT FOR RELEASE OF INFORMATION

I, _____ _____ _____, hereby authorize any and all entities and

persons, including my former attorney(s) _____ _____

_____

_____

_____

to release to Foundation For Innocence / Express Legal Services, or to its staff, any and all records, files, reports, and information of any kind related to me or to any criminal case involving me.

I fully understand that there may be statutes, rules, and regulations that protect the confidentiality of some of the records, files, reports and information covered by this release; it is my specific intent to waive the protection of all such statutes, rules and regulations. By my signature below, I represent that this waiver is voluntary and given without any reservation.

Signed this _____ day of _____, 2005.

_____

Signature

11