

# News in Brief:

**Arkansas:** On July 9, 2006, Rebecca Daniel, the former commissary manager at the Miller county jail was charged with sexually assaulting a male prisoner and giving him chewing tobacco. Prosecutors claim Daniel had sex with the prisoner in the back of the commissary and plied him with movies, food and tobacco.

**Belgium:** On September 24, 2006, an unidentified 25 year old prisoner died in jail custody. On the 26th at least 100 North African youths rioted to protest jail conditions and torched stores, police cars and a youth center. At least 30 protestors were arrested.

**Indiana:** On September 28, 200 state Department of Corrections officials announced they had fired two guards and were investigating how Wabash Valley Correctional Facility prisoner Anthony Stockelman, 39, wound up with the words "Katie's Revenge" tattooed on his forehead. Stockelman had been convicted of raping and murdering 10 year old Katln "Katie" Collman in 2005. Pictures of Stockelman and the tattoo have since made it online. He is now in protective custody.

**Louisiana:** On September 21, 2006, Union Parish jail guards James Webb, 23, and Nicholas Wilson, 21, were charged with smuggling an ounce of marijuana into the jail to give to prisoner Percy Franklin who is also charged with marijuana possession.

**Missouri:** On September 19, 2006, the Ste. Genevieve county jail reported that an unspecified number of prisoners had staph infections and had been quarantined and treated.

**New Jersey:** On July 26, 2006, Timberly Gamache, 35, a federal guard at the Federal Correctional Center in Ft. Dix was arrested and charged with providing tobacco and cell phones to Hassan Thomas, a prisoner convicted of drug crimes at the prison. Prison officials set up a sting using a prisoner informant to buy two pounds of tobacco from Gamache for $1,483.00. Gamache later charged the informant $2,800 for a pound of tobacco and a cellphone. Thomas and Gamache are both charged with conspiracy.

**New York:** On July 9, 2006, Marlon Clay, 35, a prisoner at the Erie County Correctional Facility in Alden choked to death in the jail visiting room while attempting to swallow two bags of tobacco given to him by Lisa Howard, a visitor. Howard was arrested and charged with promoting prison contraband.

**New York:** On September 20, 2006, Donald Keegan, 36, a Long Island landscaper employed by Suffolk County, was charged in Suffolk county supreme court with planning to murder four convicted sex offenders living near his home by setting their home on fire. An undercover cop befriended Keegan who told him, on audio and video tape, that he was planning to murder the sex offenders. In his conversations with police Keegan also expressed his dislike for Blacks, Native Americans and welfare recipients. The sex offenders were also booted from their residence by police who claimed it was too close to a school.

**Oklahoma:** On July 25, 2006, the Cornell Corrections operated Great Plains Correctional Facility in Hinton was placed on lockdown after a fight between 25-30 prisoners left five prisoners injured.

**Oregon:** On September 20, 2006, state police arrested James Price, 34, a guard at the state women's prison in Wilsonville on charges of raping at least one woman prisoner at the facility.

**Virginia:** On July 25, 2006, former Department of Corrections Lieutenant Bobby Brown, 56, was sentenced to six months in jail after of having consensual sex with Sheron Montrey while she was a prisoner at the jail and impregnating her.

**Wisconsin:** On September 19, 2006, Eric Hunt, a guard at the Wisconsin Secure Program Facility in Boscobel was charged in Grant County with hitting and abusing prisoner Jorel Norwood while Norwood was handcuffed. 

**FOUNDATION FOR INNOCENCE**

New Address: P.O. Box 1033
Maui, Hawaii. 96790
email: innocencehawaii2002@yahoo.com

### NOTICE

Are you innocent of the crime for which you were convicted?
Were you rendered ineffective assistance of counsel
that resulted in being convicted?
If you answer YES to either of the above questions,
write for an assessment form. SASE is requested.

If any person has not received their assessment form response
please notify us at new address.

## PRISON WIZARD, INC.

➢ **Comprehensive new prisoner services company run by former prisoners and their families. We offer great service at a reasonable price.**
➢ **Quality picture copying at unbelievably low prices.**
➢ **Fast typing and copying services.**
➢ **We will help sell your artwork on our website and on ebay.**
➢ **Internet and legal research services. We will help locate your friends too. We can print song lyrics or sports schedules for you.**
➢ **Gift and book buying services. Send us what you need for a quote.**
➢ **Our unique and effective PEN PAL PROGRAM is now available. You will see how our match based program is different. We will work hard to match you with the right person. Sign up now and get noticed.**

**TRY US. WE ARE DIFFERENT AND BETTER THAN THE REST. NO GAMES. NO SCAMS. GREAT SERVICE. WEBSITE: www.prisonwizard.com**

**Send SASE to: Prison Wizard, Inc., P.O. Box 421526, Indianapolis, IN 46242**

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District *OF* DE/AWARE |
|---|---|

| Name (under which you were convicted): DEVEARL L. BACON | Docket or Case No.: 0006017660 |
|---|---|

| Place of Confinement: D.C.C. (SMYRNA, DEL.) | Prisoner No.: 221242 |
|---|---|

Petitioner (include the name under which you were convicted)      Respondent (authorized person having custody of petitioner)

DEVEARL L. BACON        v. WARDEN CARROLL

The Attorney General of the State of    DE/AWARE

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    SUPREME COURT OF DE/AWARE

    (b) Criminal docket or case number (if you know): 453, 2005  #ID. 0006017660

2. (a) Date of the judgment of conviction (if you know): JUNE 19, 2001
    (b) Date of sentencing: July 20, 2001

3. Length of sentence: 38 YEARS

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Robbery 1st
    (5 Counts) ; PFDCF (2 Counts) ; Carjack. 1st (1 Coun) ;
    P&WBPP (2 counts) ; Aggr. Menacing (2 Counts) ;
    Disguise (2 Counts).

6. (a) What was your plea? (Check one)

    (1)    Not guilty ☑           (3)    Nolo contendere (no contest) ☐

    (2)    Guilty ☐               (4)    Insanity plea ☐

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
    charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☑      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?

    Yes ☑  No ☐

9. If you did appeal, answer the following:

   (a) Name of court: _SupREME CourT of DElAWARE_

   (b) Docket or case number (if you know): _369, 2001_

   (c) Result: _AFFIRMED_

   (d) Date of result (if you know): _July 1, 2002_

   (e) Citation to the case (if you know): _BACON V. STATE, 801 A. 2d 10 (Del. 2002)_

   (f) Grounds raised: _AmENdmENt without GRANd JuRy ApROVAl_

   (g) Did you seek further review by a higher state court?   Yes ☐  No ☑

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

   (h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐  No ☑

    If yes, answer the following:

    (1) Docket or case number (if you know): _____



Page *18*

Therefore, petitioner asks that the Court grant the following relief: *REVERSE AND REMAND to DELAWARE STATE Court's AND determine where to proceed from there.*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *August 17, 2006* (month, date, year).

Executed (signed) on *August 17, 2006* (date).



Signature of Petitioner

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(76)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON )
  PETITIONER )
 )
  V. )
 ) CASE NO.
WARDEN CARROLL )
DELAWARE CORRECTIONS ; ) EVIDENTIARY HEARING REQUEST
CARL DANBERG ATTORNEY )
GENERAL OF DELAWARE )
  RESPONDENTS . )
 )

MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS .

COMENOW, the Petitioner DEVEARL L. BACON PRO-SE moves this
Honorable Court to REVERSE / VACATE His Conviction on the
charges of Robbery 1st (5 counts) ; FFDCF (2 counts); CARjack.
1st (1 count) ; PBWBPP (2 counts) ; Aggr. Menacing (2 counts);
disguise (2 counts).

This is the Petitioner's MEMORANDUM OF LAW in support of
His Request For Relief .

I. 76

(77)

DEVEARL L. BACON
#221242
21-A-L-3

MENTAL HEALTH
D.C.C.

Aug. 11, 2006

MR. OR MRS. ;

ON JUNE 21, 2006 I LOST MY APPEAL. IT IS BECAUSE
of our PREVENTIONS AND UNSEEN EVILS THAT I'M HAVING PROBLEMS
WITH MY LOST CASE.

I NEED SOMEONE TO TELL ME WHAT IS WRONG AND OTHER
HELPFUL INFORMATION.

THANK YOU,
Devearl L. Bacon

77

78

DEVEARL L. BACON
#221242
21-A-L-3

Mental Health
D.C.C.

Sept 6, 2006

Ms. ;

Good-Day., Can you come talk to me And let me know About the stress I'm having with the "Issue's" involved with losing my case.

It is prayed that you can come talk "Any time in the Afternoon". Some days back here can get ruff over night, waking up at 8:40 Am without notice is "Almost" A sin.

Thank you,
Devearl L. Bacon



**Discovery Documents**

<u>1:05-cv-00714-JJF Bacon v. Carroll et al</u>

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Kelly, Eileen on 4/9/2007 at 9:36 AM EDT and filed on 4/9/2007

| | |
|---|---|
| **Case Name:** | Bacon v. Carroll et al |
| **Case Number:** | <u>1:05-cv-714</u> |
| **Filer:** | Carroll |
| **Document Number:** | <u>76</u> |

**Docket Text:**
ANSWER to Interrogatories from Devearl Bacon by Carroll. (Attachments: # (1) Verification Form of Defendant Thomas Carroll)(Kelly, Eileen)

**1:05-cv-714 Notice has been electronically mailed to:**

Eileen Kelly    eileen.kelly@state.de.us

**1:05-cv-714 Notice has been delivered by other means to:**

Devearl L. Bacon
SBI #221242
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/9/2007] [FileNumber=369425-0]
[6c7163e739422cfca1b25e38c6f2ef04205e915a3f171c036da086e0caa21da5a3d28
14ee8c903d83c2ad7e58305c2b4b78b6dfec58af213b55a04740de427f1]]
**Document description:** Verification Form of Defendant Thomas Carroll
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/9/2007] [FileNumber=369425-1]
[8e9e28b6a9739b72241a2d755824fa04f1f3d3db1667b8ef518c5de3daad15f86f6a8

*79*



fcfda0413f51dd209e7ef362afae43f673df981db0d46eca460490b8fb0]]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DEVEARL BACON,

    Plaintiff,

  v.

WARDEN CARROLL, et al.,

    Defendants.

)
)
)
)
)
)
)
)
)

C. A. No. 05-714-JJF

## DEFENDANT WARDEN TOM CARROLL'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Warden Tom Carroll ("Answering Defendant") hereby responds to Plaintiff's Interrogatories:

## GENERAL OBJECTIONS

1.  Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.  Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.  Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.  Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.



5.    Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendant but will not be produced.

6.    Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.    Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

6.    What is the function of DOC 4.4. Grievance Policy?

**RESPONSE:** The purpose of the grievance policy is to set forth guidelines for inmate grievances in order to reduce tension and effectively resolve grievances within the facility.

7.    What is the meaning of "Emergency Grievance?"

**RESPONSE:** An emergency grievance is an issue that concerns matters which under regular time limits would subject the inmate to a substantial risk of personal, physical or psychological harm.



8.    Who hears emergency grievances?

**RESPONSE:** An emergency grievance is addressed by the Inmate Grievance Chair.

9.    How long is an emergency grievance ruled upon?

**RESPONSE:** The Inmate Grievance Chair is to respond to an emergency grievance within one calendar day.

11.[1]    What happens to emergency grievance after it is ruled upon?

**RESPONSE:** Grievance paperwork is maintained in the inmate's grievance file.


                              STATE OF DELAWARE
                              DEPARTMENT OF JUSTICE

                              /s/ Eileen Kelly
                              Eileen Kelly, I.D. #2884
                              Deputy Attorney General
                              Carvel State Office Building
                              820 North French Street, 6th Floor
                              Wilmington, Delaware 19801
                              eileen.kelly@state.de.us
                              (302) 577-8400
Date: April 9, 2007          Attorney for Defendant
                              Tom Carroll

---

[1]    There is no Interrogatory number 10.



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DEVEARL BACON,                          )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     C. A. No. 05-714-JJF
                                        )
WARDEN CARROLL, et al.,                 )
                                        )
          Defendants.                   )


VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses

to Plaintiff's Second Set of Interrogatories are true and correct.

_____
Thomas Carroll

84

## *CERTIFICATE OF SERVICE*

I hereby certify that on April 9, 2007 I electronically filed *Defendant Tom*

*Carroll's Response to Plaintiff's Second Set of Interrogatories* with the Clerk of Court

using CM/ECF. I hereby certify that on, April 9, 2007, I have mailed by United States

Postal Service, the document to the following non-registered parties on the attached

service list.

/s/ Eileen Kelly
Deputy Attorney General, #2884
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

(86)

IN THE US DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON           )
      Plaintiff            )
                           )
      V.                   )        CASE NO. 05-714-JJF
                           )
WARDEN CARROLL, ET AL. ,   )
      Defendants.          )
                           )

PLAINTIFF'S THIRD SET OF
INTERROGATORIES DIRECTED
TO WARDEN CARROLL

The Plaintiff Pro-Se, hereby request that you answer
fully in writing, and under Oath the Interrogatories within
30 days:

10. Does the Warden Hear a Emergency Grievance?

* 12. Has an "Agrievance" ever been received and Heard
     on the same day?

13. In the SHU Buildings where are the Agrievance
    Located?

    A. Where are they located in the MHU?

14. When a Agrievance is picked up, when is

(87) picked up from Agrievance box?

A. Is there any "Scheduling Memo" placed by Agrievance box?

15. Have you ever heard or seen any of Inmate Deveari Bacon's Agrievances?

A. If so which Agrievance (date and number)?

16. Dose your office have its own 'Received' stamp?

17. How long does it take for an Inmate In-house letter mailed to your office take to recieve?

18. Has Delaware D.O.C. been Ordered, Sanctioned, or Agreed to Improve it's Agrievance Procedures?

A. Has D.C.C. been Ordered to Improve its Agrievance Procedures?

87



## Certificate of Service

I, _Deveaul Bacon_, hereby certify that I have served a true
and correct cop(ies) of the attached: _Warden Carroll's_
_Interrogatories_ upon the following
parties/person (s):

TO: _Ms Elieen Kelly_          TO: _____
_Deputy Attorney General_      _____
_820 N. French St._            _____
_Wilmington, Del._             _____
_19801_                        _____

TO: _____        TO: _____
_____            _____
_____            _____
_____            _____
_____            _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _6_ day of _September_, 200**7**

88

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DEVEARL BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 05-714-JJF |
| | ) |
| WARDEN CARROLL, et al., | ) TRIAL BY JURY DEMANDED |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO ENLARGE TIME**

Pursuant to Federal Rule of Civil Procedure 6(b), Defendants Thomas Carroll, Peter J. Forbes, Jr., Raina Scott, Dawn Tingle, Ernest Kemp and William Kuschel ("Defendants"), by the undersigned counsel, hereby move to enlarge the time within which they must respond to Plaintiff's Interrogatories and in support thereof state as follows:

1.     Plaintiff's Third Sets of Interrogatories directed to Defendants Carroll, Forbes, Kemp, Tingle and Scott were filed on September 10, 2007. [D.I. 90, 91, 92, 93, 97]. His First Set of Interrogatories directed to Defendant Kuschel was filed on September 10, 2007. [D.I. 94].

2.     Undersigned counsel is currently in the process of changing work assignments, and this case will be transferred to another Deputy Attorney General. In addition, the paralegal assigned to the Corrections Unit at the Department of Justice has taken a leave of absence from the office for the month of September. This paralegal assists with preparation of discovery responses.

3.     Given the current staffing circumstances at the Department of Justice, Defendants respectfully request an extension until December 14, 2007 to respond to Plaintiff's outstanding Interrogatories.



4.      Because there is no scheduling order in place in this matter, the progress of the

litigation will not be adversely impacted by the extension.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to

Enlarge Time.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor.
Wilmington, DE 19801
eileen.kelly@state.de.us
(302) 577-8400
Attorney for Defendants

Dated:  September 20, 2007

90



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DEVEARL BACON,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )     C. A. No. 05-714-JJF
                                        )
WARDEN CARROLL, et al.,                 )     TRIAL BY JURY DEMANDED
                                        )
            Defendants.                 )

## 7.1.1 CERTIFICATE OF COUNSEL

Undersigned counsel hereby certifies, pursuant to Local Rule 7.1.1, that:

1.  Plaintiff Devearl Bacon is currently incarcerated and it is not practical

for undersigned counsel to communicate with him concerning Defendants' Motion to Enlarge

Time.

2.  Therefore, undersigned counsel assumes that the Motion is opposed.

> **STATE OF DELAWARE**
> **DEPARTMENT OF JUSTICE**
>
> /s/ Eileen Kelly
> Eileen Kelly, I.D. No. 2884
> Deputy Attorney General
> Carvel State Office Building
> 820 North French Street, 6th fl.
> Wilmington, DE 19801
> eileen.kelly@state.de.us
> (302) 577-8400
> Attorney for Defendants

Dated:  September 20, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DEVEARL BACON,

       Plaintiff,

      v.

WARDEN CARROLL, et al.,

       Defendants.

)
)
)
)
)
)
)
)
)

C. A. No. 05-714-JJF

TRIAL BY JURY DEMANDED

## O R D E R

**IT IS SO ORDERED,** this _____ _____day of _____ _____, 2007, that Defendants'

Motion to Enlarge Time is hereby **GRANTED**, and their Responses to Plaintiff's Interrogatories are

due **December 14, 2007.**

_____

United States District Judge

92



## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2007, I electronically filed *Defendants' Motion to Enlarge Time* with the Clerk of Court using CM/ECF. I hereby certify that on September 20, 2007, I have mailed by United States Postal Service, the document to the following non-registered party: Devearl Bacon.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us



## Motions

1:05-cv-00714-JJF Bacon v. Carroll et al

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Kelly, Eileen on 9/20/2007 at 10:22 AM EDT and filed on 9/20/2007

**Case Name:** Bacon v. Carroll et al
**Case Number:** 1:05-cv-714
**Filer:** C/O Scott
Forbes
Carroll
C/O Kemp
D. Tingle
Sgt. Kusheul

**Document Number:** 99

**Docket Text:**
MOTION for Extension of Time to File Response/Reply *(Motion to Enlarge Time to Respond to Plaintiff's Interrogatories)* - filed by C/O Scott, C/O Kemp, D. Tingle, Sgt. Kusheul, Carroll, Forbes. (Kelly, Eileen)

**1:05-cv-714 Notice has been electronically mailed to:**

Eileen Kelly    eileen.kelly@state.de.us

**1:05-cv-714 Notice has been delivered by other means to:**

Devearl L. Bacon
SBI #221242
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/20/2007] [FileNumber=447139-0]
[1dad0aaef9c35eebe7547c6c020df8d398d8d1b0a5ab03570cc012bd26ff65a67399

94



79bc05e0c9945f4d52f0bf8b31eac76a758f5335a5139489ce7970ef362d]]

(96)

Original

FORM #584

### GRIEVANCE FORM

FACILITY: S.C.C.                                DATE: April 25, 2006

GRIEVANT'S NAME: Severel L. Bacon    SBI#: 221242

CASE#: 39263                                    TIME OF INCIDENT: 10:40 pm

HOUSING UNIT: 22-B-U-2

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

On 4-24-06 C/o's Mr. Kemp and C/o Ms. D. Tingle handed
me Legal Mail From Superior Court. The information that was
inside the "box" was dated Feb. 1, 2006 with regards to serious
civil claims.

Thee above matter are the cause of Impairments, Preventions,
Denied Access, And Conspiracy's.

ACTION REQUESTED BY GRIEVANT: Need Copy of Recieved Signed Legal
Mail Sheet that I signed so I can show U.S. District Court
the "Comment" I placed on the sheet as an Exhibit.

GRIEVANT'S SIGNATURE:                          DATE: April 25, 2006

WAS AN INFORMAL RESOLUTION ACCEPTED?          _____(YES)  _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

RECEIVED

April '97 REV

APR 27 2006

96

(97)

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed. _____ Disciplinary Action _____ Parole Decision _____ Classification Action

___✓___ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____ .

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

WRITE T. SALISM, SUPPORT SERVICES MANAGER.

_____
Inmate Grievance Chairperson

5-15-05
Date

---

Form#: 584 (F&B)
(Reverse Revised July '99)

97

(98)

Copy

DEVEARL L. BACON
#221242
22-B-U-2

Support Service Manager
S.C.C.

May 19, 2006

Sir;

On Grievance #39263 (Legal Mail Issue) I was reffered to you About my Legal Mail problems.

I need an investigation as to what's happening with my Legal Mail which I been having problems recieving and sending.

My Grievances Are being turned down I need to exhusted my Remedies. This is an Appeal.



SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE ☑  KENT ☐  SUSSEX ☐

Civil Action Number: _____

Civil Case Code: _____

Civil Case Type: CPEN, CMAL

(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)

Caption:

Name and Status of Party filing document:

Document Type: (e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM)

Non-Arbitration ☐           eFile ☐

(CERTIFICATE OF VALUE MAY BE REQUIRED)

Arbitration ☐  Mediation ☐  Neutral Assessment ☐

DEFENDANT (CHECK ONE)  ACCEPT ☐  REJECT ☐

JURY DEMAND  YES ☑  No ☐

TRACK ASSIGNMENT REQUESTED (CHECK ONE)

EXPEDITED ☐  STANDARD ☑  COMPLEX ☐

ATTORNEY NAME(S):

ATTORNEY ID(S):

FIRM NAME:

ADDRESS:

TELEPHONE NUMBER:

FAX NUMBER:

E-MAIL ADDRESS:

IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS

EXPLAIN THE RELATIONSHIP(S):

OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:

(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.)

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9.17.03

SSSuperior Court
Office of the Prothonotary
500 N. King Street, Suite 500
Wilmington, DE 19801-3746
020310

"Official Business, Penalty for Private Use $300"

RECEIVED

2006

Delaware Correctional Center

Delaware Correctional Center

Devearl L. Bacon
SBI #221242 MHU Bldg. 22
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Delaware Correctional Center

100



*102*

*168*

# IN THE SUPERIOR COURT OF DELAWARE
## NEW CASTLE COUNTY

## NOTICE OF NON-CONFORMING DOCUMENTS

New Castle County Superior Court
New Castle County Courthouse
500 N. King Street, Suite 500
Wilmington, DE 19801- 3746

☒ **Document Rejected**

☐ **Document held -**
    **pending corrected filing**

DATE: 2/1/06

TO: Deveorl L. Bacon

CASE NUMBER: ——————— CAPTION: Bacon vs. Carroll etal

DOCUMENT TITLE:

The Court has received the document indicated below. The document is being rejected and returned to you undocketed for the reasons checked. If you have any questions please contact: _Front Counter_ at 255- _0748_ .

| TYPE OF PLEADING | | |
|---|---|---|
| X  NEW CASE | | MOTION |
|    WRIT | | RESPONSE TO MOTION |
|    PETITION FOR FORMA PAUPERIS | | ANSWER TO COMPLAINT |
|    OTHER: | | |

| REASON FOR REJECTION | | |
|---|---|---|
| X  ~~WRONG COURT~~ Need Summons | | NEEDS: CIVIL ACTION NUMBER |
|    NEEDS: CHECK - AMT. | | NEEDS: SIGNATURE ON CHECK |
| X  NEEDS: PRAECIPE | | NEEDS: ORIGINAL SIGNATURE ON PLEADING |
| X  NEEDS: FORM 30 INTERROGATORIES | | NEEDS: ADDITIONAL COPIES |
|    NEEDS: CASE INFORMATION STATEMENT - CIS | | NEEDS: FINANCIAL STATEMENT |
|    NEEDS: PETITION AND ORDER FOR NEXT OF FRIEND | | NEEDS: MOTION & ORDER FOR SPECIAL PROCESS SERVER |
|    NEEDS  MOTION TIME & DATE | | INCORRECT MOTION TIME & DATE |
| • DEADLINE PASSED: MOTION REQUIRED TO BE FILED 10 DAYS PRIOR TO HEARING DATE | | • DEADLINE PASSED: RESPONSE REQUIRED TO BE FILED 4 DAYS PRIOR TO HEARING DATE |
|    EXCEEDS 4 PAGE LIMIT | | NO SERVICE OR AFFIDAVIT OF MAILING |
| X  ~~WRONG WRITS~~ Need CIS with all the information | | Filing needs to be bound appropriately. (Rule 13 (b)) |
| X  OTHER Non-Ash cases need a certificate of Value stating the case is over ☒ One hundred thousand dollars. | | |

• YOUR PLEADING WAS REJECTED AFTER SERVICE WAS DONE ON THE OTHER PARTY. IT IS YOUR OBLIGATION TO INFORM OPPOSING COUNSEL THAT PLEADING WAS REJECTED.

Is this a new case as amended if amended it needs

REVISED 10/18/02

(103)

*169*

# IN THE SUPERIOR COURT OF DELAWARE
# NEW CASTLE COUNTY

## NOTICE OF NON-CONFORMING DOCUMENTS

New Castle County Superior Court    ☒ Document Rejected
New Castle County Courthouse
500 N. King Street, Suite 500       ☐ Document held -
Wilmington, DE 19801- 3746             pending corrected filing

DATE: 2/1/06

TO: Dexearl L. Bacon

CASE NUMBER:_____CAPTION:_____

DOCUMENT TITLE:

The Court has received the document indicated below.  The document is being rejected and returned to you
undocketed for the reasons checked.  If you have any questions please contact:_____at
255-_____.

| TYPE OF PLEADING | | |
| --- | --- | --- |
| NEW CASE | | MOTION |
| WRIT | | RESPONSE TO MOTION |
| PETITION FOR FORMA PAUPERIS | | ANSWER TO COMPLAINT |
| OTHER: | | |

| REASON FOR REJECTION | | |
| --- | --- | --- |
| WRONG COURT | | NEEDS: CIVIL ACTION NUMBER |
| NEEDS: CHECK - AMT: | | NEEDS: SIGNATURE ON CHECK |
| NEEDS: PRAECIPE | | NEEDS: ORIGINAL SIGNATURE ON PLEADING |
| NEEDS: FORM 30 INTERROGATORIES | ☒ | NEEDS: ADDITIONAL COPIES ( COPY  Gorepoct |
| NEEDS: CASE INFORMATION STATEMENT - CIS | | NEEDS: FINANCIAL STATEMENT  de Pendant |
| NEEDS: PETITION AND ORDER FOR NEXT OF FRIEND | | NEEDS: MOTION & ORDER FOR SPECIAL PROCESS SERVER |
| NEEDS  MOTION TIME & DATE | | INCORRECT MOTION TIME & DATE |
| * DEADLINE PASSED: MOTION REQUIRED TO BE FILED 10 DAYS PRIOR TO HEARING DATE | | * DEADLINE PASSED: RESPONSE REQUIRED TO BE FILED 4 DAYS PRIOR TO HEARING DATE |
| EXCEEDS 4 PAGE LIMIT | | NO SERVICE OR AFFIDAVIT OF MAILING |
| WRONG WRITS | | Filing needs to be bound appropriately. (Rule 13 (b)) |
| ☒ OTHER Addresses of all the defendants need to be  on the praecipe  need to include the Attorney | | |

*103*

* YOUR PLEADING WAS REJECTED AFTER SERVICE WAS DONE ON THE OTHER PARTY.  IT IS YOUR OBLIGATION TO INFORM
OPPOSING    COUNSEL THAT PLEADING WAS REJECTED.                    Generals Office



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVEARL L. BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-714-JJF |
| | ) |
| WARDEN CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

## I.   Background

Plaintiff Devearl L. Bacon, a prisoner incarcerated at the

Delaware Correctional Center ("DCC"), filed a complaint pursuant

to 42 U.S.C. § 1983 alleging violations of his First Amendment

right to freedom of speech and his Fourteenth Amendment right to

access the courts.  (D.I. 2, 3.)  Plaintiff filed an amended

complaint that rearranged the order of the paragraphs and added

"prejudice" language to the complaint.  (D.I. 11.)  On February

24, 2006, Defendants filed their answer to the complaint.  (D.I.

21.)  Since that time, Plaintiff has filed five additional

motions to amend the complaint.  (D.I. 26, 30, 31, 32, 38.)

## II.   ANALYSIS

### A.   Standard

"After amending once or after an answer has been filed, the

plaintiff may amend only with leave of the court or the written

consent of the opposing party, but 'leave shall be freely given

when justice so requires.'"  Shane v. Fauver, 213 F.3d 113, 115



(3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third
Circuit has adopted a liberal approach to the amendment of
pleadings to ensure that "a particular claim will be decided on
the merits rather than on technicalities." Dole v. Arco Chemical
Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).
Amendment, however, is not automatic. See Dover Steel Co., Inc.
v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D.Pa.
1993).

    Leave to amend should be granted absent a showing of "undue
delay, bad faith or dilatory motive on the part of the movant,
repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party by virtue of the
allowance of the amendment, futility of amendment, etc." Foman
v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford,
226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs
when the complaint, as amended, does not state a claim upon which
relief can be granted. See In re Burlington Coat Factory Sec.
Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed
amendment "is frivolous or advances a claim or defense that is
legally insufficient on its face, the court may deny leave to
amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133
F.R.D. 463, 469 (D.N.J. 1990).

    **B.    Motions to Amend - D.I. 26, 38**

    The motions to amend filed March 13, 2006, and June 29,

-2-



2006, respectively, seek to add defendants and to amend the complaint. (D.I. 26, 38.) Plaintiff alleges that Defendants are retaliating against him, and that he is being prevented and impaired from filing legal documents in a state post-conviction appeal. Plaintiff wishes to add as defendants Commissioner Stan Taylor ("Commissioner Taylor"), Deputy Warden Betty Burris ("Deputy Warden Burris"), St. Lt. Ramone Taylor ("R. Taylor"), St. Lt. Profaci ("Profaci"), Lt. Boone ("Boone"), Sgt. Kruschel ("Kruschel"), Cpl. Oney ("Oney"), C/O Ms. Scott ("Scott"), and C/O Washington ("Washington").

The gist of the amendments is that the DCC staff denied Plaintiff access to the courts due to delay in receiving the opinion of Superior Court Judge Susan C. Del Pesco. The opinion was issued on August 29, 2005, but Plaintiff alleges that he did not receive it until September 14, 2005. (D.I. 26 at 4.) Plaintiff also refers to delay when on January 5, 2006, he entrusted Scott to mail his legal mail to a typist, but the typist did not receive the mail until January 23, 2006. (D.I. 26 at 2, 12.) He alleges that when he questioned Scott, "who or where did she place the documents", Scott replied that the "document was handed to Build. 24 staff." (D.I. 26 at 3.) Plaintiff alleges that as a result of the foregoing delays, he lost preparation time, and was not able to file a "finished opening brief", but had to file a brief that was partly

-3-



4

handwritten and partly typed.  He alleges he suffered in not
having the chance to fully litigate his claim and that
irreparable harm is evidenced by the Delaware Supreme Court's
denial of his request for postconviction relief.  Exhibits
attached to the motion indicate that Plaintiff's opening brief
was timely filed with the Supreme Court of Delaware on June 20,
2006.  Exhibits filed with the motion also indicate that
Plaintiff filed a motion to replace the handwritten pages.

Defendants responded to the motion to amend, taking no
position regarding the addition of Scott, but objecting to the
addition of the remaining individuals.  More specifically,
Defendants object to the addition of Commissioner Taylor, Deputy
Warden Burris, R. Taylor, Profaci, Boone, Kruschel, Oney, and
Washington arguing that the proposed amendment offers no
allegations as to these individuals.  Defendants also argue that
it is inappropriate to add Commissioner Taylor and Deputy Warden
Burris based upon their supervisory positions because liability
cannot be imposed under § 1983 on a respondeat superior theory.
Plaintiff responds that he can show through discovery that
retaliatory actions were taken by Building 24 staff, but does not
indicate if any of the proposed defendants work in Building 24.
(D.I. 29.)  Nor does Plaintiff provide the names of Building 24
staff members.

-4-

## C.    Motion to Amend - D.I. 30

Plaintiff moves to amend the complaint to add C/O Hansen as a defendant.  Plaintiff alleges that on April 4, 2006, he received "opened legal mail" from Hansen, and he did not witness the opening of his mail.

## D.    Motion to Amend - D.I. 31

Plaintiff moves to amend the complaint to add Prothonotary Sharon D. Agnew ("Agnew") as a defendant.  The proposed amendment alleges a conspiracy and acts of retaliation.    More particularly, Plaintiff alleges that during the week of January 17, 2006, he mailed for filing a civil suit in the Superior Court for New Castle County, Delaware.  Plaintiff alleges that when 60 days had passed and he had received no notification from the court, he sent a request for materials from Agnew.  (D.I. 31, Ex. B.)  The request is dated March 20, 2006.  Plaintiff alleges that he never received a response to his request.

Plaintiff also alleges that during the week of April 10, 2006, he sought assistance from Maria Lyons who advised him that responses to e-mails sent to the Prothonotary's Office indicated that "nobody seem[ed] to know" the whereabouts of his civil suit. (D.I. 31 at 3.)

## E.    Motion to Amend - D.I. 32

This motion to amend contains allegations related to the motion to amend filed at D.I. 31.  Plaintiff moves to add as

-5-

defendants C/O Mr. Kemp ("Kemp"), C/O Ms. D. Tingle ("Tingle"), Oney from the mailroom, and R. Taylor.

Plaintiff alleges that on April 24, 2006, he received a box of legal materials from Kemp and Tingle which contained the lawsuit he mailed for filing during the week of January 17, 2006. (D.I. 32 at 2.) A "Notice of Non-Conforming Documents" from the Superior Court of Delaware, New Castle County, dated February 1, 2006, was included with the returned documents. (D.I. 32, Ex. B.) Plaintiff alleges that the stamped date on the envelope showing the date the documents were received by DCC is written over, making the actual receipt date illegible. (D.I. 32, Ex. A.)

Plaintiff alleges that there was a conspiracy to withhold his legal mail, and that due to the delay, he missed the limitation period deadline.

## F.   Personal Involvement

Plaintiff proposes to add as defendants Commissioner Taylor, Deputy Warden Burris, R. Taylor, Profaci, Boone, Kruschel, Oney, and Washington. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a

-6-

/09

plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

In the present case, Plaintiff does not associate any of his allegations with the foregoing listed individuals.  Nor does he make any reference to alleged conduct by these individuals.  Hence, it is not clear which Defendants, if any, have personal involvement in Plaintiff's constitutional deprivations.

It also appears that Plaintiff seeks to name Commissioner Taylor and Deputy Warden Burris as defendants based upon their supervisory positions.  As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'"  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the

-7-



plaintiff.  Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir.
1989); see also City of Canton v. Harris, 489 U.S. 378 (1989);
Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786,
128 Fed.Appx. 240 (3d. Cir. 2005).

    As noted, the proposed amendment contains no allegations
against Commissioner Taylor or Deputy Warden Burris.  Indeed, the
proposed amendment is devoid of any reference that either
Commissioner Taylor or Deputy Warden Burris was the "driving
force [behind]" the alleged violations or that they were aware of
Plaintiff's allegations and remained "deliberately indifferent"
to his plight.

    The proposed amendments to add Commissioner Taylor, Deputy
Warden Burris, R. Taylor, Profaci, Boone, Kruschel, Oney, and
Washington fail to state claims upon which relief may be granted,
making amendment futile.  Accordingly, the Court will deny the
motions to amend (D.I. 26, 32) to the extent that they move to
add these individuals as defendants.

### G.   Prothonotary

    Plaintiff's proposed amendment found at D.I. 31 alleges that
Prothonotary Agnew did not respond to his March 20, 2006, request
to the Prothonotary's office.  He appears to allege that the
failure to respond to his request for materials denied him access
to the courts.

    Agnew, as a prothonotary, may be entitled to quasi-judicial

-8-

immunity.  See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993); Waits v. McGowan, 516 F.2d 203, 205-206 (3d Cir. 1975); Smith v. Rosenbaum, 460 F.2d 1019 (3d Cir. 1972); Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969); Shipley v. First Federal Sav. and Loan Ass'n of Delaware, 619 F.Supp. 421, 438-39 (D.Del.1985).  The proposed amended complaint, however, does not provide sufficient allegations at this time for the Court to determine if quasi-judicial immunity is applicable.

To show a denial of access to the courts, Plaintiff is required to demonstrate that Agnew's alleged actions (or failure to act) "hindered his efforts to pursue a legal claim."  See Lewis v. Casey, 518 U.S. 343, 347 (1996).  In viewing the proposed amendment to add Agnew (D.I. 31) with Plaintiff's subsequent proposed amendment (D.I. 32) regarding the delay of prison employees to provide him with legal mail, it is evident that the Prothonotary's office did not hinder Plaintiff's efforts to pursue a legal claim in state court.  Rather, exhibits submitted by Plaintiff indicate that on February 1, 2006, the new case filing was returned to him as "rejected", with the reasons for rejection, and what was necessary to remedy the problem. Unfortunately, for reasons unknown, Plaintiff did not receive the mailing until April 24, 2006.  Additionally, Plaintiff's request on March 20, 2006, merely asked for the case number of his new

-9-



*/o*

filing.

Based upon Plaintiff's exhibits and allegations, it simply
cannot be said that the failure to respond to a request for a
case number impeded Plaintiff's efforts to file his state case,
particularly in light of the fact that Plaintiff was previously
notified of his deficient filing.

Agnew's alleged failure to respond to Plaintiff's request
for the civil case number does not implicate a constitutional
violation of access to the courts.  Therefore, the Court will
deny the motion to amend (D.I. 31) as the proposed amendment
fails to state a claim upon which relief may be granted.

## H.    Conspiracy

In Plaintiff's proposed amendments found at D.I. 31 and D.I.
32, he alleges a conspiracy, but provides no other allegations of
said conspiracy.  For example, Plaintiff alleges "[t]here is a
'conspiracy' and acts of retaliations [sic] in which Plaintiff is
suffering from."  (D.I. 31 at 1.)  He also alleges that he "seeks
to amend and joinder of defendant's for each of their continued,
deliberate, impairments, preventions, right to access, freedom of
speech, conspiracy, and retaliations [sic]."  (D.I. 32 at 1.)  He
also alleges, "this information was with-held from Plaintiff,
this is a conspiracy."  Id. at 2.

Under the notice-pleading standard, a complaint must include
more than "conclusory allegations of concerted action."  Abbott

-10-

*//3*

v. Latshaw, 164 F.3d 141, 148 (3d. Cir. 1998). The complaint
must also contain at least some facts which could, if proven,
permit a reasonable inference of a conspiracy to be drawn. See
Evancho v. Fisher, 423 F.3d 347, 363 (3d. Cir. 2005); Langford v.
City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). This
requirement is established where the complaint sets for a valid
legal theory and adequately states the conduct, time, place and
persons responsible. Evancho, 423 F.3d at 353.

Plaintiff's proposed amendments refer in general to delays
and interference with his legal mail. They do not, however,
refer to acts of specific individuals who allegedly acted
together to deny Plaintiff access to the courts. Moreover, the
proposed amendments lack supporting allegations of an agreement
among the various individuals, as well as a basis for alleging
the participation of each proposed Defendant.

The proposed amendments to add conspiracy fail to state a
claim upon which relief may be granted, making amendment futile.
Accordingly, the Court will deny the motions to amend (D.I. 31,
32) to the extent that they move to add a conspiracy claim.

### III. CONCLUSION

THEREFORE, at Wilmington this $\underline{19}$ day of July, 2006, IT IS
ORDERED that:

1.    The clerk of the court shall cause a copy of this order
to be mailed to Plaintiff.

-11-

2. The motions to amend complaint (D.I. 26, 38) are **DENIED** to the extent that Plaintiff is not allowed to add as defendants Commissioner Stan Taylor, Deputy Warden Betty Burris Warden, St. Lt. Ramone Taylor, St. Lt. Profaci, Lt. Boone, Sgt. Kruschel, Cpl. Oney, and C/O Washington, and **GRANTED** in all other respects. C/O Ms. Scott is added as a defendant.

3. The motion to amend complaint (D.I. 30) is **GRANTED**. C/O Hansen is added as a defendant.

4. The motion to amend complaint (D.I. 31) is **DENIED**.

5. The motion to amend complaint (D.I. 32) is **DENIED** to the extent that Plaintiff is not allowed to add as defendants Cpl. Oney and St. Lt. Ramone Taylor, and is not allowed to add a conspiracy claim, but is **GRANTED** in all other respects. C/O Mr. Kemp and C/O Ms. D. Tingle are added as defendants.

6. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for the **additional Defendants, C/O Ms. Scott, C/O Hansen, C/O Mr. Kemp, and C/O Ms. D. Tingle** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, Plaintiff shall provide the Court with a copy of the complaint (D.I. 2, 3) and the amended complaints with all attachments (D.I. 11, 26, 30, 32, 38) to be served upon the additional Defendants. Plaintiff is notified**

-12-

that the United States Marshal will not serve the complaint and the amended complaints until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide a copy of the complaint and the amended complaints for each additional Defendant and the "U.S. Marshal 285" forms for each Defendant and the attorney general within 120 days from the date of this order may result in the amended complaint being dismissed or the additional Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

7.    Upon receipt of the form(s) required by paragraph 6 above, the United States Marshal shall serve a copy of the complaint (D.I. 2, 3), the amended complaints (D.I. 11, 26, 30, 32, 38), the Court's Memorandum and Opinion and Orders (D.I. 9, 10, 18), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendants identified in the 285 forms.

8.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

-13-

116

9.   Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

10.   No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

11.   **NOTE: *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place.**  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

12.   **NOTE: *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

-14-



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
DELAWARE CORRECTIONAL CENTER
**OFFICE OF THE INMATE GRIEVANCE CHAIRPERSON**
1181 Paddock Road
SMYRNA, DELAWARE 19977

**MEMORANDUM**

To:     Inmate     Bacon, Devearl     00221242                    23

From:   Corporal L. M. Merson, I. G. C.

Date:   Friday, May 28, 2004

Re:     Representative Nomination

---

You have been nominated for the position of Inmate Grievance Representative. Please
Check one of the following, sign, date and return this form by Tuesday, June 01, 2004 @
0700. Put form in your building grievance box.

Thank You.

_____ I **accept** the nomination for Inmate Grievance Representative and if Voted into the

Position I will serve.

_____ I **do not accept** the nomination for Inmate Grievance Representative and do not

wish to be on the voting ballot.

Signature                                          Date

cc:  File

**GRIEVANCE FORM**

(19)

FACILITY: _S.C.C._    DATE: _6 - 3 - 04_

GRIEVANT'S NAME: _EVEAR / L. BACON_    SBI#: _221242_

CASE#:_____    TIME OF INCIDENT _____

HOUSING UNIT: _23 - A - U - 7_.

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_For Not having an adequate Grievance System_
_the prison has denied the Inmates due process_
_Rights_

ACTION REQUESTED BY GRIEVANT: _Compensate S.H.U. & M.H.U._
_Inmates for there lost of there Rights_

GRIEVANT'S SIGNATURE: _____    DATE: _June 3, 2004_

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

119

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

DEVEARL BACON,

        Plaintiff,

       v.                        C. A. No. 05-714-JJF

WARDEN CARROLL, et al.,

        Defendants.

### DEFENDANTS CARROLL AND FORBES' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND STAY OF CLASSIFICATION

Defendants Warden Thomas Carroll and Lt. Peter J. Forbes, Jr. hereby oppose Plaintiff's Motion for Protective Order and Stay of Classification [D.I. 19], and, in support thereof, state as follows:

1.     In this *pro se* prisoner civil rights action, Plaintiff claims that Defendants adversely impacted his ability to pursue an unrelated state court action by mishandling his legal correspondence. Plaintiff is currently incarcerated at the Delaware Correctional Center ("DCC") and was incarcerated at DCC during the time period relevant to this action.

2.     Plaintiff claims that he is at a "critical" stage of the state court proceeding. He anticipates that when he goes through the classification process this month, he will be transferred to a higher security housing unit. He alleges that, when he is transferred, his possessions will be taken from him to be inventoried and transferred separately. He further alleges that his legal paperwork will not be returned to him for 8 – 15 days. He also suggests that his paperwork might not be returned to him at all.



level and housing assignment. Generally, an inmate with a higher point level will be classified to a higher security level. *Id.* The classification process ensures that inmates that pose a greater risk to the safety and security of the institution, staff and other inmates are housed at an appropriate security level. *Id.*

11.    In the event that the classification results in an inmate's assignment to a different housing unit, as part of his transfer, his personal property is collected and inventoried. *See* Little Affidavit attached hereto as Exhibit B. If an inmate is moved to a higher security level, he may not be able to have certain items in his new housing unit. However, an inmate is permitted to have his legal paperwork. After the property has been inventoried, with any impermissible items separated from the other property, the property is transferred to the inmate. The entire process takes approximately one week. *Id.*

12.    In Plaintiff's case, his classification meeting has not been scheduled yet. *See* Exhibit A. The classification process will begin with that meeting, but will also go through several subsequent levels of approval. There has been no determination at this point that Plaintiff will be classified to a higher security level or that he will be moved to a different housing unit. The classification process will take several weeks. *Id.* In the event that Plaintiff is moved to a different housing unit, he will receive his legal paperwork in approximately one week. *See* Exhibit B.

13.    Plaintiff's claim that his discipline from 2002 will impact his current classification process is incorrect. That discipline, and any associated points, will not be considered during his classification this month. *Id.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DEVEARL BACON,

          Plaintiff,

    v.

WARDEN CARROLL, et al.,

          Defendants.

)
)
)
)
)
)
)
)
)

C. A. No. 05-714-JJF

## <u>AFFIDAVIT OF MICHAEL LITTLE</u>

I, Michael Little, having been duly sworn according to law, depose and state as follows:

1.     I make this Affidavit based upon personal information.

2.     I am employed by the State of Delaware's Department of Correction as the Legal Services Administrator at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

3.     If an inmate is transferred to a different housing unit, as part of his transfer, his personal property is collected and inventoried. If an inmate is moved to a higher security level, he may not be able to have certain items in his new housing unit. However, an inmate is permitted to have his legal paperwork.

4.     After the property has been inventoried, with any impermissible items separated from the other property, the property, including any legal paperwork, is transferred to the inmate. The entire process takes approximately one week. *Id.*

(23)

/s/ Michael Little
Michael Little

**SWORN AND SUBSCRIBED** before me this _____ day of March, 2006.

Notary

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

DEVEARL BACON,                       )
                                     )
        Plaintiff,               )
                                     )
    v.                               )    C. A. No. 05-714-JJF
                                     )
WARDEN CARROLL, et al.,              )
                                     )
        Defendants.              )

## AFFIDAVIT OF CINDY ATALLIAN

    I, Cindy Atallian, having been duly sworn according to law, depose and state as follows:

    1.    I make this Affidavit based upon personal information.

    2.    I am employed by the State of Delaware's Department of Correction as a

Correctional Counselor at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

    3.    DCC's classification process is based, in part, on a system whereby an inmate is

assigned a certain number of points. Inmates receive points for various categories of

information. For example, the severity of the offense for which the inmate has been incarcerated

is considered as is the inmate's prison disciplinary history.

    4.    The inmate's points play a role in his classification, that is, his security

level and housing assignment. Generally, an inmate with a higher point level will be classified to

a higher security level.

    5.    One of the goals of the classification process is to identify inmates that

pose a greater risk to the safety and security of the institution, staff and other inmates and then

assign them to the appropriate security level.



6.      The classification process involves a number steps, including a meeting with the inmate, and several subsequent levels of approval. The classification process takes several weeks to complete.

7.      As of the date of this Affidavit, Devearl Bacon's classification meeting has not been scheduled, although it should take place during the month of March 2006. At this time, there has been no determination that Mr. Bacon will be classified to a higher security level or assigned to a different housing unit.

8.      Mr. Bacon received a discipline and accompanying points for an incident which occurred in 2002 at Howard R. Young Correctional Institution. However, that discipline and any associated points will not be considered during his classification in March 2006.

/s/ Cindy Atallian
Cindy Atallian

**SWORN AND SUBSCRIBED** before me this _____ day of March, 2006.

_____
Notary

/ 2 5

DEVEARL E. BACON
# 221242
18-C-L-7

Mike Little
Legal Administrator

JUNE 17, 2007

Mr. Little;

I was not given All my Legal Work After Major Holman gave Lt. Boone And Sgt. Cain thee okay to have my deadline Legal Work.

I don't have:
1. Enought Paper (my paper is in personal)
2. I don't have my Brown Envelopes Which I need to send my Legal Work out to US Supr. Ct. And to Law Library to make Copies.

I'm At A "Disadvantage" to Adequately Raise My Legal Iusse's in A Timely Matter

Cordially,

cc: Mrs. Attlian
File

Devearl L. Bacon

126

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: S.C.C.      DATE: 9-12-07

GRIEVANT'S NAME: DEVEARL BACON      SBI#: 221242

CASE#:_____      TIME OF INCIDENT:_____

HOUSING UNIT: 17-C-U-8

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

On 9-6-07 I was handed a Discovery Request from Law Suit. I couldn't Answer or Respond to All the Defendant's Request Because "I have missing Law documents."

On 7-27-07 I received my Legal Work After being transfered from 21-A-C-3 to 18-C-C-4 on 7-13-07.

On 7-27-07 About 1:00pm I was moved (day I received Legal Work) from 18-C-U-6 to 17-C-U-8. I did not know my "Specific" Legal Work Was And still is missing.

ACTION REQUESTED BY GRIEVANT: Need list of All Staff Members (Lt.'s, Sgt.'s, Etc.) working in Builds 24, 21, 17 And 18 on 7-13-07. I Need list of All Staff Members working in Builds. 17 And 18 (Lt.'s, Etc.) on 7-27-07. I Need my Legal Work Back that was taken. Need An Investigation, And this matter made a Public Intrest.

GRIEVANT'S SIGNATURE: _____ DATE: Sep 12, 2007

WAS AN INFORMAL RESOLUTION ACCEPTED? _____(YES) _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____ DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

**April '97 REV**

(128)

IN THE US DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON )
     Plaintiff )
     V.       .)      Civil Action No. 05-714-JJF
      )
WARDEN CARROLL, Etc., All )
     Defendants )

## REQUEST FOR RECOPY TO DEFENDANT'S ANSWER TO DISCOVERY

Plaintiff's Request "Another" Copy of Defendant's Answer To Plaintiff's Request for Discovery. In Support for Re-Copy Plaintiff Asserts the following:

1. On June 16, 2006 Plaintiff Filed Discovery Request D.I # 35 On Defendant's.

2. Defendant's Answer D.I #40 Around About 1st Week of July 2006.

3. On June 13, 2006 Plaintiff was moved from MHU Build. 21-A-L-3 to SHU 18-C-L-7. When Inmate is Moved

128

(129) from or to another building, Inmate's Property is taken and Inventoried, then "Returned" in seven days. (See Letter from Counsel Ms. Cindy Atllian and Legal Administrator Mike Little (also Defense Counsel Ms. Kelly, Esq) "Agreement" Apon this Property / Legal Documents Issue. Exhibit A).

4. Plaintiff's Property was not Returned until June 27, 2007 (14 days after movement). See Inventory Sheet Exhibit B dated 6-13-07 by C/o William Adams, However "Record of Transfer of Property" has no Date or Time and Sgt. Roger Raney just Places "1200" under C/o Adams Name.

5. On July 5, 2007 the following week Plaintiff was Asked to send out items which He could not have by Sgt. Roger Raney. (Exh B-2)

6. On About 1st Week of September 2007 Plaintiff was served 1st Set of Interrogatories &I #88. At Question #4:

Q.4. "Identify All persons whom you intend to Call as Witnesses At trial, excluding Expert witnesses."

A. At (Answer #2) : "I was moved from last location and A-lot of my legal work has been taken by D.C.C. Staff on June 13, 2007."

129

(130)

7. Plaintiff is At A "DisAdvantage" With Legal Documents missing And hAs Filed Agrievance Which hAs Not been Answered

8. After An Agreement by Defense and StAff Plaintiff didn't Receive Legal Documents in 7 dAys And After An inspection has found out "that Key Documents" Are missing.

WHEREFORE, Plaintiff Prays Defendant's Supply Plaintiff Another Copy of D.I #40 "Answer To Discovery" And Prays This Court Investigate "This Life-Line To The Court Incident."

Deveart L Bacon
#221242
D.C.C
Smyrna, del 19977

Dated, September 30, 2007

130

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DEVEARL BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 02-431-JJF |
| v. | ) |
| | ) |
| ST. LT. R. TAYLOR, LT. MS. FARMER, | ) |
| and C/O MS. MCCOMB, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER AND STAY OF CLASSIFICATION**

Defendants Staff Lt. Taylor, Lt. Farmer and Correctional Officer McComb,

hereby oppose Plaintiff's Motion for Protective Order and Stay of Classification [D.I.

103], and, in support thereof, state as follows:

1.    In this *pro se* prisoner civil rights action, Plaintiff claims that, in 2002,

Defendants retaliated against him in response to his preparation of a draft lawsuit. At the

time of the events relevant to this action, Plaintiff was incarcerated at the Howard R.

Young Correctional Institution ("HRYCI"). He is currently incarcerated at the Delaware

Correctional Center ("DCC").

2.    Plaintiff claims that he is currently at a "critical" stage of an unrelated

state court proceeding. He anticipates that when he goes through the classification

process this month at DCC, he will be transferred to a higher security housing unit. He

alleges that, when he is transferred, his possessions will be taken from him to be

inventoried and transferred separately. He further alleges that his legal paperwork will

not be returned to him for 8 – 15 days. He also suggests that his paperwork might not be

132

(133)

11.     In the event that the classification results in an inmate's assignment to a
different housing unit, as part of his transfer, his personal property is collected and
inventoried. *See* Little Affidavit attached hereto as Exhibit B. If an inmate is moved to a
higher security level, he may not be able to have certain items in his new housing unit.
However, an inmate is permitted to have his legal paperwork. After the property has
been inventoried, with any impermissible items separated from the other property, the
property is transferred to the inmate. The entire process takes approximately one week.
*Id.*

12.     In Plaintiff's case, his classification meeting has not been scheduled yet.
*See* Exhibit A. The classification process will begin with that meeting, but will also go
through several subsequent levels of approval. There has been no determination at this
point that Plaintiff will be classified to a higher security level or that he will be moved to
a different housing unit. The classification process will take several weeks. *Id.* In the
event that Plaintiff is moved to a different housing unit, he will receive his legal
paperwork in approximately one week. *See* Exhibit B.

13.     Plaintiff's claim that his discipline from 2002 will impact his current
classification process is incorrect. That discipline, and any associated points, will not be
considered during his classification this month. *Id.*

14.     In this case, the four factors to be considered in evaluating a request for
injunctive relief do not favor the granting of Plaintiff's Motion.

15.     With respect to the first factor, that plaintiff is likely to succeed on the
merits, the subject of this Motion does not even arise from Plaintiff's cause of action. To
the extent that Plaintiff is complaining about a change in his classification status, the

(34)

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

DEVEARL BACON,                          )
                                        )
                Plaintiff,              )
                                        )    C.A. No. 02-431-JJF
        v.                              )
                                        )
ST. LT. R. TAYLOR, LT. MS. FARMER,      )
and C/O MS. MCCOMB,                     )
                                        )
                Defendants.             )

## AFFIDAVIT OF CINDY ATALLIAN

I, Cindy Atallian, having been duly sworn according to law, depose and state as follows:

1.      I make this Affidavit based upon personal information.

2.      I am employed by the State of Delaware's Department of Correction as a

Correctional Counselor at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

3.      DCC's classification process is based, in part, on a system whereby an inmate is

assigned a certain number of points. Inmates receive points for various categories of

information. For example, the severity of the offense for which the inmate has been incarcerated

is considered as is the inmate's prison disciplinary history.

4.      The inmate's points play a role in his classification, that is, his security

level and housing assignment. Generally, an inmate with a higher point level will be classified to

a higher security level.

5.      One of the goals of the classification process is to identify inmates that

pose a greater risk to the safety and security of the institution, staff and other inmates and then

assign them to the appropriate security level.

6.    The classification process involves a number steps, including a meeting with the inmate, and several subsequent levels of approval. The classification process takes several weeks to complete.

7.    As of the date of this Affidavit, Devearl Bacon's classification meeting has not been scheduled, although it should take place during the month of March 2006. At this time, there has been no determination that Mr. Bacon will be classified to a higher security level or assigned to a different housing unit.

8.    Mr. Bacon received a discipline and accompanying points for an incident which occurred in 2002 at Howard R. Young Correctional Institution. However, that discipline and any associated points will not be considered during his classification in March 2006.

/s/ Cindy Atallian
Cindy Atallian

**SWORN AND SUBSCRIBED** before me this _____ day of March, 2006.

_____
Notary

/35



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DEVEARL BACON,                          )
                                        )
            Plaintiff,                  )
                                        )    C.A. No. 02-431-JJF
        v.                              )
                                        )
ST. LT. R. TAYLOR, LT. MS. FARMER,      )
and C/O MS. MCCOMB,                     )
                                        )
            Defendants.                 )

## AFFIDAVIT OF MICHAEL LITTLE

I, Michael Little, having been duly sworn according to law, depose and state as follows:

1.      I make this Affidavit based upon personal information.

2.      I am employed by the State of Delaware's Department of Correction as the Legal Services Administrator at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

3.      If an inmate is transferred to a different housing unit, as part of his transfer, his personal property is collected and inventoried. If an inmate is moved to a higher security level, he may not be able to have certain items in his new housing unit. However, an inmate is permitted to have his legal paperwork.

4.      After the property has been inventoried, with any impermissible items separated from the other property, the property, including any legal paperwork, is transferred to the inmate. The entire process takes approximately one week. *Id.*

*136*

/s/ Michael Little
Michael Little

**SWORN AND SUBSCRIBED** before me this _____ day of March, 2006.

_____
Notary

138

Exhibit B

3) (Property)

I, 3, 6 Boxes

(139)

## INMATE ACQUIRED OR CONFISCATED PROPERTY

INMATE NAME: Deval Brown　　　　　SBI #: 00221242
HOUSING UNIT: MHU 21　HL3　DATE: 6-13-07　TIME: 1300　Page ___ of ___

| ITEM# | ITEM | DESCRIPTION/MAKE, MODEL & SERIAL # | SP/PP | QTY | Condition P/F/G |
|---|---|---|---|---|---|
| 1 | Legal Mail | Yellow Envelopes Bibles | P/P | 8 | P |
| 2 | Legal Mail | White Envelopes w/stack of paper | P/P | 2 | P |
| 3 | Hat | White | S/P | 1 | Poor |
| 4 | Watch | ACQUA | P/P | 1 | Poor |
| 5 | Chap Stick | Lip Balm | P/P | 1 | Poor |
| 6 | Cream | Athlete's Foot | P/P | 2 | Poor |
| 7 | Cream | Acetonide | P/P | 1 | Poor |
| 8 | Cream | Bacitracin Zinc Ointment | P/P | 1 | Poor |
| 9 | Bowl w/ Lid | white & clear | P/P | 1 | Poor |
| 10 | Book | E.A. Wallis Budge | P/P | 1 | Poor |
| 11 | Radio w/ batteries | Panasonic ShKw003 | P/P | 1 | Poor |
| 12 | Pills | Multiple Vitamin Plus | P/P | 1 | Poor |
| 13 | Sulfur 8 | Hair | P/P | 1 | Poor |
| 14 | Deodorant | Speed Stick Aqua sport | P/P | 1 | Poor |
| 15 | Coaster | Black | P/P | 1 | Poor |
| 16 | Cup | Clear | P/P | 1 | Poor |
| 17 | Tooth paste | Colgate | P/P | 1 | Poor |
| 18 | Shampoo | Orange VO5 | P/P | 1 | Poor |
| 19 | Conditioner | Orange VO5 | P/P | 1 | Poor |
| 20 | Lotion | Aloe with Cucumber | P/P | 1 | Poor |
| 21 | Cream | lipid recorin | P/P | 1 | Poor |
| 22 | Soap | Dove 1 | P/P | 1 | Poor |
| 23 | Pen | Bic | P/P | 1 | Poor |
| 24 | Glass w/Case | Brown | P/P | 1 | Poor |
| 25 | Deodorant | Speed Stick (fresh) | P/P | 1 | Poor |

William Adams　　　8-11
Officer Inventorying Property Name (Print Clearly)　Shift　　Officer Inventorying Property Signature

_____
Supervisor Reviewing Documentation (Print Clearly)　Shift　　Supervisor Reviewing Documentation Signature
Roger Kane,　　　　　12-8

### RECORD OF TRANSFER OF PROPERTY

_____ on _____ at _____ by _____ within _____
(Person Transferring Property)　(Date)　(Time)　(Person Receiving Property)　(Unit)

_____ on _____ at _____ by _____ within _____
(Person Transferring Property)　(Date)　(Time)　(Person Receiving Property)　(Unit)

_____ on _____ at _____ by _____ within _____
(Person Transferring Property)　(Date)　(Time)　(Person Receiving Property)　(Unit)

Form 537-A(Revised 11/08/06)　**SP= State Property　**PP= Personal Property

129

(140)

DELAWARE CORRECTIONAL CENTER
SMYRNA, DELAWARE

Unauthorized: [  ]

Excessive: [  ]

REMOVAL OF PERSONAL ITEMS

INMATE NAME: _____  DATE:_____
(Please Print)

SBI#: _____  UNIT: _____

I wish to have my personal belongings removed from the Delaware Correctional Center in the following manner as listed below: (Please check one and initial).

_____1.  I authorize the following person to pick up any items. This person will provide identification and sign a receipt for all items received. If the items are not picked up in 30 days after signing this form, I authorize the institution to dispose of the personal items at the departments discretion.

NAME:_____  ADDRESS:_____
(STREET or P.O. BOX)

DATE ITEMS WILL BE PICKED UP._____  _____
(CITY/TOWN)  (STATE)  (ZIP)

_____2.  I authorize the item(s)to be sent to the following address at my expense.

NAME:_____  ADDRESS:_____
(STREET or P.O. BOX)

I WANT THE ITEM(S) INSURED: YES____ NO____  _____
(CITY/TOWN)  (STATE)  (ZIP)

_____3.  I authorize the institution to donate my personal items to a charitable organization.

I, _____, do hereby remise, release and forever discharge
(Print Inmate's Name)

for myself, my successors, assigns, heirs, executors, and administators, the Delaware Correctional Center, the Department of Corrections, and the State of Delaware, their officers, agents, servants, successors, and assigns, of and from all manner of actions, suits, debts, dues, accounts, bonds, contracts, agreements, claims, and demands whatsoever; in law or in equity which I have not, ever had, or may have concerning the handling of my personal property in storage at the Delaware Correctional Center, and it's disposal by the method I have selected as listed above.

X_____  , WITNESS:_____
(Inmate's Signature)

DATE:_____  DATE:_____

FORM #: 208 (3-part)
Revised: 7/95

140

## Certificate of Service

I, _Devearl L. Bacon_, hereby certify that I have served a true and correct cop(ies) of the attached: _Exhibit's To Motion To Amend, Add And Joinder, Pages 1 - 140_ upon the following parties/person (s):

TO: _Catherine C. Damavandi, Esq._
_Deputy Attorney General_
_820 N. French Street_
_Wilmington, Del._
_19801_

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE  19977.

On this ___7___ day of ___April___, 200_



FM: DEVEARL L BACON
SBI# 221242   UNIT 21-B-U-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.
York

Clerk of Court
U.S. District Ct.
844 N. King St. Lockbox 18
Wilmington Del
19801

Legal Mail