```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON,                :
                                 :
          Plaintiff,             :
                                 :
     v.                          :    C.A. No. 02-431-JJF
                                 :
ST. LT. R. TAYLOR, et al.,       :
                                 :
          Defendants.            :

DEVEARL L. BACON,                :
                                 :
          Plaintiff,             :
                                 :
     v.                          :    C.A. No. 05-714-JJF
                                 :
WARDEN CARROLL, et al.,          :
                                 :
          Defendants.            :
```

                    **MEMORANDUM OPINION & ORDER**

The plaintiff, Devearl L. Bacon ("Bacon"), an inmate housed at the Delaware Correctional Center ("D.C.C."), filed two letters on December 26, 2007 concerning law library access and copying services. (C.A. No. 02-431, D.I. 173 & 174; C.A. No. 05-714, D.I. 110 & 111.) The Court construes these letters as a motion for preliminary injunction. For the reasons discussed below, Plaintiff's Motion will be granted in part and denied in part.

I.  **Background**

By his motion, Plaintiff contends that Defendants have violated his constitutional right of access to the courts by denying him adequate law library services. (D.I. 174.) Specifically, Plaintiff alleges that D.C.C. law librarian ("the librarian") has refused to make copies of certain litigation

documents and library policies, and has "deliberately withheld legal documents" from Plaintiff.  (Id.)  Plaintiff attaches to his Motion various library memos and handwritten notes on copy requests from the librarian granting or denying requested copies. (D.I. 174-2.)  Among the document not copied is Plaintiff's December 26, 2007 letter, which the Court construes a Motion for Preliminary Injunction.  The majority of the handwritten responses on Plaintiff's copy requests indicate that copies were made, though some indicate denials, such as "not available," and "? need more info."  (Id.)  By memo dated 12/7/07, the librarian informed Plaintiff that his request for copies of his case file is denied because, after contacting the court, there is "no additional documentation required." (Id.)  Plaintiff contends this action by the librarian both denies Plaintiff's right of access to the courts and invades his right to privacy. (D.I. 174.)

In response, Defendants contend that the record clearly does not support Plaintiff's claim that he was denied access to legal research or legal assistance.  The librarian provided Plaintiff with state and federal legal forms, notary services, and approximately 5,380 pages of photocopies for Plaintiff.  (D.I. 176, Exh. A - Engrem Affidavit.)  Defendants contend that Plaintiff's request for law library services have been fully accommodated to the extent permitted by Department of Corrections

2

("DOC") policy, as evinced by Plaintiff receiving thirteen court cases, with access to more on revolving loan basis. (D.I. 176.) As a matter of DOC policy, Plaintiff's copy request for "nonlegal" documents, such as the library loan policy, were denied.[1] Plaintiff has the ability to make any photocopies he desires at his cost, at a rate of $.25 per page. Lastly, in response to Plaintiff's invasion of privacy claim, Defendants contend that the librarian referred to a Court directive entered on the court docket, which was a matter of public record. (Id.)

## II. Discussion

When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997)(citations omitted). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights," Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp.,

---

[1] As Plaintiff's December 26, 2007 letter to the Court is construed as a motion, it is "legal" and should be copied under DOC policy. Thus the Court will grant Plaintiff's Motion with respect to this letter, C.A. 05-714, D.I. 111.

3

409 F.2d 614, 618 (3d Cir. 1969)).

The first prong requires an analysis of Plaintiff's substantive complaint, which in this case is the alleged constitutional violation arising from inadequate law library services. As there is no "abstract, freestanding right to a law library or legal assistance," a plaintiff must allege an actual injury, such as a complaint dismissed for deficiencies an adequate library would have remedied, to make out an actionable claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). The case precedent cited by Plaintiff, Abdul-Akbar v. Watson, 775 F. Supp. 735, 754 (D. Del. 1991), which states that "no actual injury need be proven" to establish an access to the courts claim, is no longer good law following the Supreme Court's ruling in Lewis. The record evidence shows no actual injury. Indeed, the librarian's 12/7/07 memo displays an attentiveness to what Plaintiff required so as to avoid actual injury. Plaintiff has thus failed to demonstrate a likelihood of success on the merits.

Turning to the second prong, the Court concludes that denying Plaintiff's requested relief will not result in irreparable harm.² Plaintiff primarily requests investigation

---

²Plaintiff requests the following relief:

1. Protection from being violated any further.
2. Full name of clerk (or official) who Mr. Engrem contacted.
3. Investigation on SHU Law Librarian Brian Engrem to see if he mets [sic] constitutional requirements to have the job.
4. Investigation to see if any other D.C.C.'s Inmates has

into the adequacy of the library services. As the Court finds no constitutional defect in the DOC library and photocopy policies, and no substantial departure from those policies by The librarian, an investigation is not warranted by an immediate risk.

The Court further concludes that prong three is inapplicable and prong four weighs in favor of Defendants. Absent a showing of constitutional harm, such as an actual injury resulting from inadequate library services, granting Plaintiff's requested relief would be a waste of governmental resources, and not in the public interest.

Lastly, with respect to Plaintiff's right of privacy claim, the Court concludes that Plaintiff has not made any showing of a constitutional violation. Plaintiff has no privacy interest in a public court record.

---

    problems redress [sic] on Mr. Engrem.
5. Any other agency or information that can aid petitioner with problem.
(D.I. 174.)

5

## III. Conclusion

Accordingly, for the reasons discussed above, the Court will deny Plaintiff's request for preliminary injunctive.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's request for preliminary injunction (C.A. No. 02-431, D.I. 173 & 174; C.A. No. 05-714, D.I. 110 & 111) is **GRANTED in part**, insofar as Defendants are instructed to provide Plaintiff with one copy of docket item one-hundred eleven (111)(C.A. No. 05-714), and **DENIED in part**, insofar as the remainder of Plaintiff's requested remedies are denied.

April 25, 2008

_____
UNITED STATES DISTRICT JUDGE