IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVEARL BACON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-714-JJF |
| | ) | |
| WARDEN CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PETER FORBES' RESPONSE TO
PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Defendant Lt. Peter Forbes ("Answering Defendant") hereby responds to Plaintiff's Interrogatories:

**<u>GENERAL OBJECTIONS</u>**

1. Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5.      Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendant but will not be produced.

6.      Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.      Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## **RESPONSES**

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follow:

12.     On April 5, 2006 were you working 4-12 pm?

**RESPONSE:** Yes.

      A.     Was St. Lt. Ramone [sic] Taylor working?

**RESPONSE:** This Interrogatory is not directed to the Answering Defendant; therefore, no response is required.

13.     On April 24, 2006 were you working 4-12 pm?

**RESPONSE:** Yes.

      A.     Was St. Lt. Ramone [sic] Taylor working?

**RESPONSE:** This Interrogatory is not directed to the Answering Defendant; therefore, no response is required.

14. From January 5, 2006 to January 21, 2006 how many days did you work out of these 16 days?

**RESPONSE:** According to leave applications, six (6) days.

    A. Which days of the 16 did you work?

**RESPONSE:** Sunday through Thursday – off Friday and Saturday.

    B. Did St. Lt. Ramone [sic] Taylor work on any of these days?

**RESPONSE:** This Interrogatory is not directed to the Answering Defendant; therefore, no response is required.

15. From February 3, 2006 to April 24, 2006 how many days did you work out of these 2 months, 2 weeks?

**RESPONSE:** Approximately 53 days according to Leave Application and days off.

    A. Which days did you work?

**RESPONSE:** Sunday through Thursday – off on Friday and Saturday and vacation, February 5 -12, 2006.

    B. Did St. Lt. Ramone [sic]Taylor work on any of these days?

**RESPONSE:** This Interrogatory is not directed to the Answering Defendant; therefore, no response is required.

16. How far was your office to a grievance [sic] box in building 24?

**RESPONSE:** 15 to 20 yards.

    A. Did you have keys to a grievance [sic]?

**RESPONSE**: No. Only the Grievance officer has keys to the box.

17. Do you know what right to access to the court means?

**RESPONSE:** This Interrogatory seeks a legal conclusion to which no response is required.

A. If your answer is yes explain what it means?

**RESPONSE:** See Response to Interrogatory No. 15.

18. Did you order any staff member to hold or not give legal mail to inmate Devearl Bacon?

**RESPONSE:** No.

19. Is it possible that after legal mail leaves your area that another staff member can deliberately hold or prevent an inmate from receiving legal mail on the day he's suppose to?

**RESPONSE:** Objection. This Interrogatory is argumentative and seeks a legal conclusion.

           **DEPARTMENT OF JUSTICE**
           **STATE OF DELAWARE**

           /s/ Catherine Damavandi
           Catherine Damavandi (ID # 3823)
           Deputy Attorney General
           Delaware Department of Justice
           Carvel State Office Building
           820 N. French Street, 6th Floor
           Wilmington, DE 19801
           Catherine.Damavandi@state.de.us
           (302) 577-8400

Dated: May 5, 2008            Attorney for Defendant

## *CERTIFICATE OF SERVICE*

I hereby certify that on May 5, 2008, I electronically filed *Defendant Peter Forbes' Response to Plaintiff's Third Set of Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on May 5, 2008, I have mailed by United States Postal Service, the document to the following non-registered party:

Devearl Bacon, Inmate
SBI#221242
Delaware Correctional Institution
1181 Paddock Road
Smyrna, DE 19977

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                /s/ Catherine Damavandi_____
                Catherine Damavandi (ID # 3823)
                Deputy Attorney General
                State of Delaware
                Department of Justice
                820 N. French Street, 6th Floor
                Wilmington, DE 19801
                (302) 577-8400
                Attorney for Defendants