```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE


DEVEARL L. BACON,                 :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :   Civil Action No. 05-714 JJF
                                  :
WARDEN CARROLL, et al.,           :
                                  :
     Defendants.                  :
```

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's Motion for Preliminary Injunction (D.I. 98) and Plaintiff's Motion to Reconsider Amend Joinder (D.I. 108), which the Court will construe as a Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion to Amend/Joinder of Persons.  For the reasons discussed, both Motions will be denied.

1.   **Plaintiff's Motion for Preliminary Injunction**

Plaintiff, a prisoner incarcerated at the Delaware Correction Center ("DCC") moves the Court for a preliminary injunction (D.I. 98).  Plaintiff contends that Defendants have adversely impacted his ability to pursue an unrelated state court action by mishandling his legal correspondence, thus violating his First and Fourteenth Amendment Rights.  Accordingly, Plaintiff moves the Court to order DCC's Warden Carroll to free Plaintiff from custody, and to make "these evils a public notification."  (D.I. 98 at 9.)

When considering a motion for a preliminary injunction, the

Court determines: (1) the likelihood of success on the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir.2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations omitted).

The factual allegations set forth by Plaintiff in support of his motion occurred between the years 2004 - 2006. Plaintiff has not adduced any evidence that tends to suggest that his current access to the courts is restricted, and on the basis of the record, the Court finds that Plaintiff has failed to demonstrate irreparable harm to justify injunctive relief. Accordingly, the Court will deny Plaintiff's Motion for Preliminary Injunction (D.I. 98).

2.  **Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion to Amend/Joinder of Persons**

By his Motion, Plaintiff contends that reconsideration of the Court's Memorandum Order (D.I. 39), which denied Plaintiff's Motion to Amend/Joinder of Persons (D.I. 31), is necessary to "correct a clear error of law or fact, or to prevent manifest injustice." (D.I. 108 at 1.) Plaintiff contends that the Court misunderstood the "gist" of Plaintiff's argument, that "the Prothonotary, for reasons unknown, blocked Plaintiff's path to

the Court," and accordingly, he should be allowed to amend his complaint to add Sharon Agnew as a Defendant (D.I. 108 at 3.).

As a general rule, motions for reconsideration should be rarely granted. The purpose of granting motions for reconsideration is to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest injustice. However, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result.

Plaintiff has failed to adduce any evidence in support of his Motion for Reconsideration that was not previously considered by the Court when it issued its Memorandum Order, and nothing in Plaintiff's filing persuades the Court that this issue should be revisited.  Accordingly, the Court will deny Plaintiff's Plaintiff's Motion to Reconsider (D.I. 108).

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction (D.I. 98) is **DENIED**, and Plaintiff's Motion to Reconsider Amend Joinder (D.I. 108) is **DENIED**.

May 12, 2008
DATE

UNITED STATES DISTRICT JUDGE

3