IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DEALAWE

DEUEARL C. BACON )
    Plaintiff )
    V. )      Civ. No 05-714-JJF
     )
WARDEN CARROLL, Etc., All )
    Defendants. )

RECEIVED
MAY 29 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

REPLY TO DEFENDANT'S

ANSWER (DI#132)

Plaintiff Reply's to Defendant's Answer DI#132 to Plaintiff's Motion to Amend, Add And Joinder (DI#118) And Assert the following :

1. This Motion should be granted so that Plaintiff can Investigate And Bring To Light the Evil forces within which Caused Plaintiff Irreparable Damage. "Denied Access is A Damage in Itself."

2. The Plaintiff, the following Pattern, has been Demonstrated:

A. That At every Level (from September 2004 to this Present Date) of Challenging His Conviction He was

1.

Moved to Maximum Security where He had to mail His Legal Document through Correctional Officers And Also intrust His Legal Requests through Correctional Staff while having to Utilize Inadequate "Book Paging System" from Law Library.

B. At Every Appellant Remedy An Evil Force Caused Deliberate Impairment and Prevention to Plaintiff's Right to Access from September 2004 to this Present Date.

C. Defendant's Deliberately Impaired And Prevented Plaintiff from Receiving Outside help from Mrs. Jeanne P. Meyer, Jeffery Fogg (Inmate), And Legal Agency.

D. Each Incident was Agrieved, However, After Plaintiff sought to Utilize D.C.C.'s 4.4 Grievance "Under" Emergency Remedies was Never Heared nor Addressed Under thee Emergency Procedure or Policy.

E. Corporal Lise M. Merson was Responsible to pick up Grievances And is the Chairperson who Also Ruled on Plaintiff's Grievances. An Outside Evil was Aware

2.

of Plaintiff's Challenges of Conviction to The Court, this had to be Sean Lugg.

3. From the First Incident October 3, 2004 up until Corporal Oney's (of D.C.C.'s Mail which Plaintiff had sought to Amend as a Defendant) visit October 31, 2006 (see Exh. pg. 52) the Prison was aware of Plaintiff's Grievances which they Failed to Address under Its Grievance Procedural Policy.

4. Plaintiff <u>Never Admitted</u> to not Cooperatting when Requesting D.C.C. to Investigate under Grievance Filed April 5, 2006. Plaint First: Sought to Utilize Emergency Agrievance (see Exh. pg. 47), Second: Grievance Board Never Addressed the Agrievance as an Emergency Agrievance or weather it was Not, Third: D.C.C. did Not seek to Investigate the April 4, 2006 Incident until after Plaintiff filed His Appeal Filed In The US District Court. Defendant's opened the Documents from Express Legal Service (Hawaii) and Destroyed Important Documents inside which Caused Plaintiff to send His Application (seeking the Legal Aid from Its Service) to the Wrong Address.

The Law Librarian Brian Engrem "did Not" give Plaintiff Copy's of Exhibit's Pages: 8, 9, 61-71 And 72. Each involving the Incident Agrieved April 5, 2006. Plaintiff "once more" Request This Honorable Court to Aid Him to receive Copy's of these Exhibit Pages so that All Parties can have Copy's of these "Very Legal Exhibit's."

On October 31, 2006 Corporal Oney (of D.C.C.'s Mail Room) Asked Plaintiff: "What's Plaintiff's problem", And Plaintiff answered:

" I've been having problems with receiving and
" Sending Out legal Mail And Documents. I just
" Sent my Appeal to the US District Court Last Month."

5. Plaintiff Never refused D.C.C's Investigation And Asserts that the Statements which the Grievance Board reported Are "False And Altered" (Exh. pgs 50-54). Plaintiff stated:

" My Appeal was Already in the US. District Court."

Once Corporal Oney Seen Plaintiff (In Maximum Security) on October 31, 2006 "well over" the 150 days within which Any Agrievance is suppose to be Addressed by 9.4 Grievance Procedure Policy. (Exh. 52) Plaintiff However, filed the Agrievance April 5, 2006 As An

4.

Emergency Agrievance. The Emergency Agrievance under D.C.C.'s 4.4 Grievance Procedure was suppose to be Addressed Within One Calender Day of being received or denied as not have merit to Trigger Grievance to be Emergency Agrievance. Your Honor The Prison or Grievance Board followed <u>Neither</u> of Its Procedure Policy's.

6. The Only thing Corporal Oney And those involved with April 5, 2006 Incident was trying to receive Plaintiffs' "JOHN HANDCOCK" to "Resolve" the Incident, See Exhibit Page 52 ; Carroll Powell's Refering:

"Please investigate, Respond to grievance and " Capture inmate signature if informal Resolution is " Accepted."

See Also Carroll Powell's Report (Exh. 52) stating:

"10-31-06 Cpl. Oney took grievance report to inmate " Bacon he refused to sign and stated that the grievance " is still in court proceedings."

Mr. Powell's Report is dated 10-12-06, how can He Refer to Corporal Oney's Report dated 10-31-06 Nineteen days Afterwards (Exh. pg 52), then have Betty Burris (Deputy Warden) comment date reported 10-26-06 ? It Demonstrates that this "Computer Saved" Report was

5.

Cleared, then Changed, HOWEVER, the mistakes are Clear.

7. Plaintiff's Agrievance dated April 5, 2006, Exhibit page 47 has to be "signed twice" in Order to be Resolved. That's the only Reason Corporal Oney visit Plaintiff as well as the Grievance Board. Your Honor, how could Plaintiff sign to resolve this Incident when He sent Application to the Agency's WRONG Address And had Already filed Writ of Habeas Corpus in District Court a Month Before Corporal Oney Visited me. My Aim to seek the Agency's Legal Help was Prevented by the Prison, the Destroyed documents may have Indicated the Change of Address which was in the Legal News Artical that Law Librarian Refused to make a Copy of. The Agrievance should have been Addressed well before Corporal Oney's Visit over the 150 day And Emergency 4.4 Grievance Policy Procedures. The April 5, 2006 Agrievance was collected by Corporal Lise M. Merson, D.C.C.'s Agrievance Chairperson.

Plaintiff Has Constitutionally Exhasulted His Claims, the Burden Of Proof is However, the Defendant's. Denied Access is a Constitutional End in Itself.

<u>CONCLUSION</u>

6.

Plaintiff has demonstrated the pattern of deliberate Impairments stating at the first moment of Utilizing His 14th US. Const. Amend. Right of Attacking His Criminal Conviction on the Date of September 17, 2004 and from the First Denied Access on October 3, 2004. Each Incident was Agrieved. Plaintiff has sought to narrow down the Evil Causer through Litigational Remedies Under US. 1983 Suit. The Defendant's Deliberately Caused Damages and Prevented Plaintiff from Access to The Court and Legal Aim or Help. To state that the Plaintiff Refused D.C.C.'s Help nor was any of these False and Altered Statements Documents (which the Prison produced) was Signed with Plaintiff's Signature on Them.

Both Corporal Lise M. Merson and Deputy Attorney General Sean Lugg, Esq. should be Joinded and Plaintiff's Litigation Lanuage Amended.

At this moment Plaintiff has suffered from Evil Causes of Impairments and Gross Abuse of Power. This Case is unlike no other of all the Denied Access and Opening of Legal Document Cases Plaintiff has Researched there is none that Shadows the Spell Cast Apon Me.

7.

Plaintiff thus Prays This Honorable Court level off The Playing Field because of the Evil I have Suffered from. Only the Court or An Angel can help Balance this Unfair Weight of Injustice.

WHEREFORE, Plaintiff Prays His Motion is Granted.

Respectfully Submitted

Devearl L. Bacon

Dcc

Dated: May 27, 2008

8.

# **Certificate of Service**

I, _Severr[ C. Bacon_ , hereby certify that I have served a true
and correct cop(ies) of the attached: _Reply to ED Defendant's_
_Answer._ _____ upon the following

parties/person (s):

TO: _Catherine Damavandi, Esq_ TO: _____
_Deputy Attorney General_ _____
_820 N. French St._ _____
_W. Imington, Del._ _____
_19801_ _____

TO: _____     TO: _____
_____     _____
_____     _____
_____     _____
_____     _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __27__ day of __May__ , 200 __8__
_____

I/M Seveall C. Bacon
SBI# 261262 UNIT 21-B-11-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

1980155919 C012

Clerk of Court
US District Court
844 N. King St.
Wilmington Del.
19801

Legal Mail

UNITED STATES POSTAGE
$ 00.59⁰
MAILED FROM ZIP CODE 19977
02 1A
0004608975
MAY 28 2008