IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVEARL L. BACON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-714-JJF |
| | : | |
| WARDEN CARROLL, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

**I.   Background**

Plaintiff Devearl L. Bacon ("Plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), formerly known as the Delaware Correctional Center ("DCC"), filed his Complaint and amendments pursuant to 42 U.S.C. § 1983 alleging violations of the First and Fourteenth Amendments to the United States Constitution.  (D.I. 2, 3, 26, 30, 32, 38.) Pending before the Court are Plaintiff's Motion To Compel and Motion To Amend, Add, And Joinder Of Persons.  (D.I. 117, 118.)

**II.  MOTION TO COMPEL**

On September 10, 2007, Plaintiff served a third set of interrogatories upon Defendants Warden Carroll ("Carroll"), Lt. Forbes ("Forbes"), C/O Kemp ("Kemp"), C/O Tingle ("Tingle"), Sgt. Kuscheul ("Kuscheul"), and C/O Scott ("Scott") (collectively "Defendants").  (D.I. 90, 91, 92, 93, 94, 97.)  Defendants did not timely answer the interrogatories, and on April 14, 2008, Plaintiff filed a Motion To Compel.  Defendants filed their

Response on April 21, 2008, concurrent with a Motion For Extension Of Time to file answers to the interrogatories within thirty days. (D.I. 119, 120.) An extension was granted, and Defendants were given until May 19, 2008, to answer the third set of interrogatories. (D.I. 122.) Defendants Carroll, Forbes, Kemp, Kuscheul, and Tingle answered the interrogatories on May 5, 2008. (D.I. 125, 126, 127, 128, 129.) The record reflects that Scott did not answer the third set of the interrogatories despite the extension of time.

Defendants ask the Court to deny the Motion on the grounds that Plaintiff did not make a good faith effort to obtain answers to the interrogatories as required by Fed. R. Civ. P. 37(a)(2)(A) This section of the Rule refers to Rule 26(a) initial disclosures and requires that when filing a discovery motion, the movant certify that he has in good faith conferred or attempted to confer with the opposing party to obtain the discovery at issue.

The Court makes several observations. First, Rule 37 was amended effective December 1, 2007, and renumbered. The correct sections of Rule 37 are found Fed. Civ. P. 37(a)(1) and 37(a)(3)(A). Second, pro se, incarcerated individuals are specifically exempted from the requirements of Rule 26. See Fed. R. Civ. P. 26(a)(1)(B)(iv) (an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision is exempt from initial disclosures.) Third,

Defendants' position that Plaintiff was required to made a good faith effort or attempt to confer with them for failing to provide discovery pursuant to Fed. R. Civ. P. 37 fails to take account of this Court's Local Rules. Local Rule 7.1.1, "Pleadings and Motions," provides that "every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with opposing party on the matters set forth in the motion," "except for civil cases involving pro se parties." Inasmuch as Plaintiff proceeds pro se, pursuant to the Local Rules he was not required to comply with the good faith certification requirement.

For the above reasons, the Court will grant Plaintiff's Motion to Compel to the extent that he seeks to compel Scott to answer the third set of interrogatories. Scott has waived objections to the third set of interrogatories by failing to timely object. See Fed. R. Civ. P. 33(b)(4).

## II.  MOTION TO AMEND

### A.  Standard

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third

Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993).

Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).

**B. Discussion**

Plaintiff entitles his Motion as one to amend and for joinder, but in reality he seeks to amend. (D.I. 118.) The

-4-

Motion refers to a number of individuals and is a rehash of various previous filings by Plaintiff. The Motion never advises the Court of the individuals Plaintiff seeks to add as Defendants, but focuses on the "evil forces" inside and outside the prison. It is evident in reading the Motion that Plaintiff proposes to amend based upon the DCC prison grievance procedure. Following Defendants' objection to the Motion, Plaintiff filed a Reply that clarifies, "both Corporal Lise M. Merson and Deputy Attorney General Sean Lugg, Esq. should be joined and Plaintiff's litigation language amended." (D.I. 133, Conclusion at 7.)

### 1. Grievances

Plaintiff's Motion is replete with references to the actions or inactions of grievance board chairperson Lise Merson ("Merson") in responding or ruling upon Plaintiff's grievances. The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, 204 Fed. Appx. 155, 157 (3d Cir. 2006).

Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F.Supp.2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, 138 Fed. Appx. 414, 416 (3d Cir. 2005)

(citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir. 1995); see also Burnside v. Moser, 138 Fed. Appx. at 416 (failure of prison counselor to timely provide inmate with prison appeals form was simple negligence that does not rise to the level of a constitutional deprivation); Samuel v. Snyder, Civ. No. 01-722-SLR, 2002 WL 31207190, at *3 (D. Del. Sept. 27, 2002) (dismissing as frivolous inmate's claim that he did not receive a response to his appeal, but instead received an order imposing the sanction that he wished to appeal on the grounds that inmates have no protected liberty or property interests in Department of Correction procedures). Similarly, the failure to investigate a grievance does not raise a constitutional issue. Hurley v. Blevins, Civ. No. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were denied, not properly processed, investigated, or that the grievance process is inadequate. Plaintiff's proposed amendment alleging unconstitutional conduct relating to grievances filed by him fails to state a claim upon which relief may be granted. There is futility of amendment and, therefore,

the Court will deny Plaintiff's Motion to add Lise M. Merson as a Defendant.

### 2. Prosecutor

Plaintiff also proposes to add as a Defendant Delaware Deputy Attorney General Sean Lugg ("Lugg").[1] Plaintiff alleges that "an evil force caused someone . . . to send 'something or contact'" Lugg "directly after Plaintiff's application for post-conviction was received by the Prothonotary." (D.I. 118. ¶ 15.) Plaintiff references a criminal docket sheet from the Superior Court that lists Lugg as the State of Delaware's attorney. (D.I. 118, ex. 7.) Plaintiff alleges that he never requested a court docket sheet and there were missing documents "torn" from legal documents Plaintiff received from Defendant Kuscheul. Plaintiff questions whether Lugg is the "evil force."

Initially, the Court notes that the allegations are nonsensical. Having said that, it is evident from the allegations that Lugg is entitled to prosecutorial immunity. "Prosecutorial immunity embodies the 'right not to stand trial,' <u>Odd v. Malone</u>, 538 F.3d 202, 207 (3d Cir. 2008) (citations omitted). In determining whether Lugg is entitled to absolute immunity, the Court views the allegations to determine if Lugg was functioning as the state's advocate when performing the

---

[1] Lugg was the deputy attorney who prosecuted Plaintiff and represented the State of Delaware during Plaintiff's criminal appeal. (D.I. 118, ¶ 15.)

-7-

actions in question. Id. (citations omitted) The Court looks to "the nature of the function performed, not the identity of the actor who performed it." Id. (citations omitted). Under the functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. Id. (citations omitted). Therefore, absolute immunity "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." Id. (citations omitted).

Here, Plaintiff merely alleges that Lugg was the prosecutor at Plaintiff's criminal trial as well as the State's attorney when the case was appealed. These are clearly acts occurring during a judicial proceeding, and acts that required advocacy on the party of Lugg. Because Lugg is entitled to absolute immunity, Plaintiff's proposed amendment is futile. Therefore, the Court will deny the Motion To Amend to add Lugg as a defendant.

### III. CONCLUSION

IT IS ORDERED that:

1. The Clerk of the Court shall cause a copy of this Order to be mailed to Plaintiff.

2. The Motion To Compel is **GRANTED** in part. Scott shall answer the third set of interrogatories within **thirty days** of the

date of this Order.  (D.I. 117.)

    3.  The Motion To Amend is **DENIED**.  (D.I. 118.)

    October 21, 2008  
        DATE                       UNITED STATES DISTRICT JUDGE