IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
DEVEARL L. BACON,              :
                               :
        Plaintiff,             :
                               :
    v.                         :   Civ. Action No. 05-714-JJF
                               :
WARDEN CARROLL, et al.,        :
                               :
        Defendants.            :
```

**MEMORANDUM ORDER**

**I. BACKGROUND**

Plaintiff, Devearl Bacon, who proceeds pro se, is an inmate housed at the James T. Vaughn Correctional Center, Smyrna, Delaware. On June 12, 2009, the Court granted Defendants' Motion For Summary Judgment and denied as moot Plaintiff's Motion For Preliminary Injunction. (D.I. 162, 163, 164.) Plaintiff filed a "Rehearing En Banc" which the Court construes as a Motion For Reconsideration of the June 12, 2009 Order. (D.I. 169.) Defendants oppose the Motion. (D.I. 170.)

**II. STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

**III. DISCUSSION**

Plaintiff contends there is a need to "correct error, law, and the facts" which he "asserted for review to prevent manifest injustice." (D.I. 169.) He argues there is a driving force that continues to deny him the right to access/due process. Plaintiff further argues that the Court should have granted him injunctive

relief as to reversal of his conviction and investigation of the adequacy of the prison law library.[1] He contends that he should be allowed to amend, apparently so that he may conduct additional discovery.

Plaintiff does not meet the standard for reconsideration as he provides no valid reason for the Court to reconsider its June 12, 2009 Opinion and Order. He merely reargues issues previously raised. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his Motion will be denied.

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is **DENIED**. (D.I. 169.)

9-30-09
DATE

UNITED STATES DISTRICT JUDGE

---

[1] After granting Defendants' Motion For Summary Judgment, the Court denied as moot Plaintiff's Motion For Injunctive Relief. The Court could not have granted Plaintiff the injunctive relief he sought. His sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973).

3